D. Maimon Kirschenbaum
Josef Nussbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiff, proposed*
*FLSA Collective Plaintiffs, and proposed*
*Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------x

**PAVLE ZIVKOVIC, on behalf of himself**
**and others similarly situated,**

               **Plaintiff,**

      **v.**

**LAURA CHRISTY LLC d/b/a**
**VALBELLA, LAURA CHRISTY**
**MIDTOWN LLC, DAVID**
**GHATANFARD, and GENCO LUCA,**

           **Defendants.**
-----------------------------------------------------x

**INDEX NO.**

**COMPLAINT**

**FLSA COLLECTIVE ACTION**
**AND RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself and all others similarly situated, allege as follows:

**JURISDICTION AND VENUE**

1.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.    Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3.    Defendant Laura Christy LLC is a New York corporation. Defendant Laura Christy LLC operates Valbella located in downtown Manhattan on 421 West 13th Street, New York, NY 10014.

4.    Defendant Laura Christy Midtown LLC is a New York corporation. Defendant Laura Christy Midtown LLC operates Valbella located in midtown Manhattan on 11 East 53rd Street, New York, NY 10022.

5.    Upon information and belief, Defendants Laura Christy LLC and Laura Christy Midtown LLC each has an annual gross volume of sales in excess of $500,000.

6.    Defendant David Ghatanfard is the owner and operator of Laura Christy LLC, Laura Christy Midtown LLC and the Valbella location managed by each ("Valbella").

7.    Defendant Ghatanfard has the power to hire and fire Valbella employees.

8.    Defendant Ghatanfard is actively involved in managing the restaurant's operations.  For example, Defendant Ghatanfard oversaw the floor, disciplined employees and managed the restaurant's finances.

9.    Upon information and belief, Defendant Ghatanfard is an employer of Plaintiff and those similarly situated under the FLSA and New York Labor Law.

10.    Defendant Genco Luca is the executive chef at Valbella in midtown.

11.    All Defendants are hereinafter collectively referred to as "Defendants."

12.     Plaintiff Pavle Zivkovic was employed by Defendants at both the downtown and midtown Valbella locations as a server between approximately February 2012 and the present.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13.     Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants at any New York location on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

14.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them for all hours worked and proper overtime pay. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

15.     The First and Second Claims for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

16.     Plaintiff brings the state law Claims for Relief (Third, Fourth, Fifth, Sixth, and Seventh Claims for Relief) pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons employed by Defendants at any New York location on

or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

17.     All said persons, including Plaintiff, are referred to herein as the "Class."  The Class members are readily ascertainable.  The number and identity of the Class members are determinable from the records of Defendants.  The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said F.R.C.P. 23.

18.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are more than fifty (50) members of the Class.

19.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.  All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, overtime compensation, and New York's "spread of hours" premium.  Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member.  Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

20.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

21.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In

addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

22.    Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

23.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)    Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law.

b)    At what common rate, or rates subject to common methods of calculation, was and is Defendants required to pay Plaintiff and the Class members for their work.

c)    What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Plaintiff and the Class members at all.

d)    Whether Defendants paid Plaintiff and the Class members the federal and state minimum wage for all hours worked.

e)    Whether Defendants properly compensated Plaintiff and Class members for overtime.

6

f)      Whether Defendants paid employees New York's "spread of hours" premium when their workdays exceeded 10 hours.

g) Whether Defendants provided proper notice to employees under New York Labor Law § 195.

## FACTS

### Wage and Hour Violations

24.     Plaintiff's Consent to Sue form is attached hereto as Exhibit A.

25.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

26.     Defendants knew that nonpayment of minimum wage and nonpayment of overtime would economically injure Plaintiff and FLSA Collective Plaintiffs and violated federal and state laws.

27.     Plaintiff typically works well over 40 hours.

28.     For example, Plaintiff often works four double shifts at the midtown location and 2 dinner shifts at the downtown location

29.     Double shifts typically begin at about 11 a.m. and end later than 11 p.m..

30.     Dinner shifts typically start at about 4 p.m. and end later than 11 p.m.

31.     Defendants pay Plaintiff for less than his hours worked, usually for less than 40 hours at the midtown location, in order to avoid paying him for overtime.

32.     Defendants also pay Plaintiff with two separate checks from two separate entities for his respective hours worked downtown and midtown.  This way, even though the cumulative hours paid are more than 40, they are paid at Plaintiff's "regular" rate.

33.    The precise amount of the hours worked by Plaintiff will be more easily estimated after a review of Plaintiff's payroll records, which Defendants are required to maintain under federal and state law and will be required to produce pursuant to discovery in this action.

34.    For the hours that Defendants do in fact pay, Plaintiff is paid the "tip credit" minimum wage under the NYLL, and until 2016, the FLSA.

35.    Defendants are/were not entitled to utilize the tip credits set forth the FLSA and New York Labor Law, because they did not give Plaintiff the appropriate notice of the tip credit, including but not limited to the notices required by N.Y. Lab. Law § 195;

36.    Defendant do not pay Plaintiff New York's "spread of hours" premium at the full New York minimum wage rate for days that Plaintiff works double shifts.

37.    Defendants never provided Plaintiff with the notices required by New York Labor Law § 195, such as annual notice regarding pay rates.

38.    In addition, Plaintiff's paystubs do not include all hours worked and Plaintiff's overtime rate.

39.    Plaintiff's paystubs do not make any mention of the "tip credit."

40.    Defendants committed the foregoing acts against Plaintiff, the FLSA Collective Plaintiffs, and the Class Members.

### Discrimination

41.    Plaintiff is of Montenegrin descent.

42.    In or about August of 2015, Val Bella hired Defendant Luca as executive chef at the midtown location.

43.    Defendant Luca committed and continues to commit horrifying discrimination against Plaintiff on the basis of his national origin.

44.     For example, Defendant Luca (almost daily) refers to Plaintiff as a "fucking Motenegrin."

45.     Defendant Luca often threatened Plaintiff violently, stating that Defendant Luca would "chop [Plaintiff's] Mentenegrin head off," and "fuck [Plaintiff's] Montenegrin mother."

46.     Plaintiff complained about Defendant Luca's behavior several times to Carlos Montoya, general manager, and Defendant Ghatanfard.  Mr. Montoya and Mr. Ghatanfard did nothing to stop the discrimination, and it in fact got significantly worse over time.

47.     On or about January 12, 2017, Defendant Luca accosted Plaintiff yelling repeatedly that he would "cut his head off," and calling him a "fucking Montenegrin."

48.     Defendant Luca punched Plaintiff in the stomach hard in front several service team members.

49.     Instead of disciplining Mr. Luca, general manager instructed Plaintiff to take a few days off.

50.     Defendant Luca continues to be employed at Valbella.

51.     As a result of Defendants' intentional discrimination, Plaintiff suffered, and continues to suffer, severe emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, humiliation and anguish.

### FIRST CLAIM FOR RELIEF
**(FLSA Minimum Wage Violations, 29 U.S.C. §§ 201, *et seq.***
**Brought by Plaintiff on Behalf of Himself**
**and the FLSA Collective Plaintiffs against Defendants Laura**
**Christy LLC, Laura Christy Midtown LLC and David Ghatanfard)**

52.     Plaintiff, on behalf of himself and other FLSA Collective Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

53.    At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.  At all relevant times, Defendants have employed, "employee[s]," including Plaintiff.

54.    Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the federal minimum wage for each hour worked.

55.    Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs seek damages in the amount of their unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(FLSA Overtime Violations, 29 U.S.C. § 201, *et seq.***
**Brought by Plaintiff on Behalf of Himself**
**and the FLSA Collective Plaintiffs against Defendants Laura**
**Christy LLC, Laura Christy Midtown LLC and David Ghatanfard)**

56.    Plaintiff, on behalf of himself and other FLSA Collective Plaintiffs, realleges and incorporate by reference all previous paragraphs.

57.    Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs worked in excess of forty (40) hours per workweek.

58.    At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Class members that appropriate overtime rate for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

59.     At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the FLSA Collective Plaintiffs at the required overtime rates for hours worked in excess of forty (40) hours per workweek.

60.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CLAIM FOR RELIEF**
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.***
**Brought by Plaintiff on Behalf of Himself and the Class**
**against Defendants Laura Christy LLC,**
**Laura Christy Midtown LLC and David Ghatanfard)**

61.     Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

62.     Defendants knowingly paid Plaintiff and the Class less than the New York State minimum wage.

63.     Defendants did not pay Plaintiff and the Class the New York minimum wage for all hours worked.

64.     Defendants' failure to pay Plaintiff and the Class the New York minimum wage was willful.

65.     As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**FOURTH CLAIM FOR RELIEF**
**(New York Overtime Violations,**
N.Y. Lab. L. § 650 *et seq.*, N.Y. Comp. Codes R. & **Regs. Tit. 12, § 146-1.4**
**Brought by Plaintiff on Behalf of Himself and the Class**
**against Defendants Laura Christy LLC,**
**Laura Christy Midtown LLC and David Ghatanfard)**

66.     Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all previous paragraphs.

67.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying proper overtime wages for all hours worked in excess of forty (40) hours in any workweek.

68.     Throughout the Class Period, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the Class at the required overtime rate for hours worked in excess of forty (40) hours per workweek.

69.     As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**FIFTH CLAIM FOR RELIEF**
**(New York Spread of Hours Violations,**
**N.Y. Lab. L. § 650 *et seq.*, and N.Y. Comp. Code R. &**
**Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 2011)**
**Brought by Plaintiff on Behalf of Himself and the Class**
**against Defendants Laura Christy LLC,**
**Laura Christy Midtown LLC and David Ghatanfard)**

70.     Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

71.     Plaintiff and the Class members regularly had workdays that lasted more than ten (10) hours.

72.     Defendants willfully and intentionally failed to compensate Plaintiff and Class members one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, as required by New York law.

As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**SIXTH CLAIM FOR RELIEF**
**(New York Notice Requirements,**
**N.Y. Lab. L. §§195, 198**
**Brought by Plaintiff on Behalf of Himself and the Class**
**against Defendants Laura Christy LLC,**
**Laura Christy Midtown LLC and David Ghatanfard)**

73.     Plaintiff, on behalf of himself and the members of the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

74.     Defendants did not provide Plaintiff and the members of the Class with the notices required by N.Y. Lab. Law § 195.  For example, Defendants did not give Plaintiff or members of the Class any annual notices regarding their pay rates, and the paystubs for Plaintiff and members of the Class did not reflect all the hours they worked or their overtime rate.

As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**SEVENTH CLAIM FOR RELIEF**
**(New York Notice Requirements,**
**N.Y. Lab. L. §§195, 198**
**Brought by Plaintiff on Behalf of Himself and the Class**
**against Defendants Laura Christy LLC,**
**Laura Christy Midtown LLC and David Ghatanfard)**

75.     Plaintiff, on behalf of himself and the members of the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

76.     Defendants did not provide Plaintiff and the members of the Class with the notices required by N.Y. Lab. Law § 195.  For example, the paystubs for Plaintiff and members of the Class did not reflect all the hours they worked.

77.     As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**EIGHTH CLAIM FOR RELIEF**
**(New York State Human Rights Law ("NYSHRL"),**
**N.Y. Exec. L. §§ 290 *et seq*. – National Origin Discrimination**
**Brought by Plaintiff Individually against All Defendants)**

78.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

79.     In violation of the NYSHRL, Defendants intentionally discriminated against Plaintiff on the basis of his national origin.

80.     Defendants' discrimination was sufficiently severe and pervasive so as to affect the terms of Plaintiff's employment.

81.     As a direct and proximate consequence of Defendants' discrimination against Plaintiff, he has suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to, emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, humiliation and anguish.

82.     As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to: damages for lost wages, emotional distress, punitive damages, post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## NINTH CLAIM FOR RELIEF
**(New York City Human Rights Law ("NYCHRL")**
**N.Y. Admin. L. §§ 8-101 *et seq.***
**Brought by Plaintiff Individually against All Defendants)**

83.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

84.     In violation of the NYCHRL, Defendants discriminated against and/or aided/abetted discrimination against  Plaintiff on the basis of his national origin.

85.     As a direct and proximate consequence of Defendants' discrimination against Plaintiff, he has suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to, emotional distress and physical pain and suffering.

86.     Defendants' conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiff's statutorily-protected civil rights.

87.     As a result of Defendants' unlawful conduct, Plaintiff is entitled to damages, including but not limited to damages for lost wages, emotional distress, punitive damages, post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## TENTH CLAIM FOR RELIEF
**(Common Law Battery**
**Brought by Plaintiff Individually against All Defendants)**

88.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.            ,,

89.     Defendant Luca intentionally struck Plaintiff without his consent.

90.     Defendant Luca intentional striking of Plaintiff constituted offensive bodily contact.

91.     The remaining Defendants are liable under the doctrine of *respondeat superior*.

92.     As a result of Defendants' unlawful conduct, Plaintiff are entitled to compensatory damages, including but not limited to damages for emotional distress, physical injuries, and medical treatment; punitive damages; and such other legal and equitable relief as this Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A.     Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.     Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

C.     Designation of this action as a class action pursuant to F.R.C.P. 23.

D.     Designation of Plaintiff as Representative of the Class.

E.    An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F.    Penalties available under applicable laws;

G.    Costs of action incurred herein, including expert fees;

H.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

I.    Pre-Judgment and post-judgment interest, as provided by law; and

J.    Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
        January 25, 2017

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: _____
D. Maimon Kirschenbaum
Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Named Plaintiff, proposed
FLSA Collective Plaintiffs, and proposed
Class*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to a jury trial.

17

# EXHIBIT A

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by **Valbella** and/or related entities and/or individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

PAVLE ZIVKOVIC
Full Legal Name (Print)

Signature

1-17-2017
Date