# JOSEPH & KIRSCHENBAUM LLP

Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas Buzzard

32 Broadway, Suite 601
New York, NY 10004
Phone 212) 688-5640
Fax (212) 688-2548
www.jk-llp.com

October 17, 2017

**VIA ECF**

Honorable Gregory H. Woods
Southern District of New York
United States District Court
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Zivkovic v. Laura Christy LLC, et al*, 17 CV 553 (GHW)(GWG)

Dear Judge Woods,

We represent Plaintiff Pavle Zivkovic and all opt-in Plaintiffs ("Plaintiffs") in the above-referenced matter. We write in response to Defendants Laura Christy Midtown LLC, David Ghatanfard, and Genco Luca's ("Defendants") counsels' letter to the Court yesterday. We are happy to discuss the issues raised in Defendants' letter in a conference call with the Court. As set forth below, Defendants intentionally avoided working with us to address the issues raised, in an attempt to create a vague yet inflammatory inference that someone on Plaintiffs' end engaged in some sort of misconduct. However, Defendants' Counsel's "shoot first and aim later" tactics are transparent inasmuch as their quizzical letter does not articulate what relief they seek, let alone what Plaintiffs' position is on the matter. In reality, Plaintiffs' counsel are as concerned as Defendants' counsel by the issue raised with the Celmeta form. Plaintiffs' counsel are equally concerned—if not stunned— that Defendants' Counsel demonstrably violated the "no contact rule " by communicating with an individual that, at least on paper, was clearly represented by counsel, as set forth below.

Defendants' counsel first brought the issue of Arden Celmeta's opt-in form to mine and Mr. Kirschenbaum's attention on September 19, 2017. That day, Mr. Kirschenbaum and I had a lengthy conversation with Defendants' counsel in which we informed them that—until that point—we had no knowledge of the circumstances surrounding a possible forgery of Celmeta's opt-in form. We simply received the form in the mail and filed it, as expected. We informed Defendants that we would reach out to Mr. Celmeta and that, if instructed by him to withdraw the form, we would do so. Defendants' counsel stated that they needed to discuss the issue further among themselves and would get back to us with proposed next steps. Plaintiffs suggested, that after next call, the Parties would submit a joint letter to the Court. Defendants'

counsel did not object to this suggestion and stated that, in any event, they would confer with Plaintiffs' counsel with respect to any relief they might intend to request prior to contacting the Court.

On that same call, Mr. Kirschenbaum asked Defendants' counsel whether they had communicated directly with Mr. Celmeta whom, to the best of Defendants' counsel knowledge, was clearly a represented party. (In fact, the affidavit executed by Mr. Celmeta is notarized by Mr. Comer.) Rule 4.2(a) of the New York State Rules of Professional Conduct provides that:

> In representing a client, a lawyer shall not communicate or cause another to communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the prior consent of the other lawyer or is authorized to do so by law.

To be sure, neither Mr. Comer nor Mr. Spielberg sought mine or Mr. Kirschenbaum's permission to talk to Mr. Celmeta.  Put simply, Defendants' Counsel had no right to consult with Mr. Celmeta before speaking to us and at least determining whether or not we represent him.  While we respectfully avoid outright accusing Defendants and their counsel of pressuring Mr. Celmeta to withdraw an actual opt-in form, we may never know what really happened, because Mr. Celmeta has already expressed his desire to now withdraw from the lawsuit.  The fear of such undue pressure precisely is the simple basis for the textbook ethical rule that an attorney, such as Defendants' counsel, is forbidden from talking with a represented party without his counsel's consent.

Defendants' counsels' communication with represented parties is especially troubling considering that once they withdraw, Messrs. Celmeta and Shonar will become the third and fourth out of eleven opt-in Plaintiffs to revoke their consents to join days after filing them.  In Plaintiffs' counsels experience prosecuting Fair Labor Standards Act collective actions, it is highly unusual for even one individual to withdraw a consent to join.

Since September 19th, we have been waiting to hear back from Defendants about this issue, and we confirmed with Mr. Celmeta that we would be withdrawing his opt-in form.  We never heard from them again until they filed their letter with the Court yesterday.  In any event, it is unclear what additional relief Defendants seek.  To the extent Defendants are truly concerned about the authenticity of the other opt-in Plaintiffs' forms, Defendants' counsel are free to ascertain that information at the opt-ins' depositions which have already been noticed.

Finally, with respect to Defendants' allegations about Mr. Shonar's opt-in form and letter revoking said form, Defendants' letter to the Court is the first our firm has heard of this issue.  Notably, Defendants provide no explanation as to how they were privy to the information they allege concerning Mr. Shonar.  In any event, our firm has not received any such letter and would assuredly withdraw the form if Mr. Shonar in fact revoked his consent.[1]

---

[1] In fact, as discussed above, our firm has already withdrawn consent to join forms of two individuals who opted-in to the lawsuit and then requested that their consent be withdrawn.  We were similarly waiting to hear from Defendants before withdrawing the Celmeta consent, which we made clear to Defendants and Mr. Celmeta we would withdraw.

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

   /s/*Josef Nussbaum*
D. Maimon Kirschenbaum
Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640

cc: All Counsel of Record (via ECF)