

225 Broadway, Suite 1405
New York, New York 10007
T: (212) 385 0066  F: (212) 385 2117
www.dsblawny.com

William J. Dealy (1946–2012)
Milo Silberstein
Marc D. Braverman
Laurence J. Lebowitz

Maria Louisa Bianco
Amanda E. Maguire
Sonali Setia

Jack Weinberg
Of Counsel

July 5, 2018

**VIA ECF**

The Hon. Gregory H. Woods
500 Pearl Street
New York, NY 10007

    Re: **Pavle Zivkovic v. Laura Christy LLC d/b/a Valbella et al.**
       **S.D.N.Y. Case No. 17-CV-00553**

Dear Judge Woods:

  As you are aware, this firm represents Laura Christy LLC d/b/a Valbella ("Valbella Meatpacking") in connection with the above referenced matter. We write on behalf of Valbella Meatpacking and Laura Christy Midtown LLC ("Valbella Midtown")(collectively referred to herein as "Defendants") in response to Plaintiffs' request for a pre-motion conference regarding Plaintiffs' proposed motion for class certification.  Defendants' position on Plaintiffs' anticipated motion is set forth below.

  As a threshold matter, Pavle Zivkovic is not a proper class representative because his interests are in conflict with potential members of the class.  Specifically, Valbella Midtown has asserted a counterclaim alleging, *inter alia,* that Mr. Zivkovic stole tips from his fellow tipped employees.   In this regard, Defendants are in possession of a sworn declaration from a former manager of Valbella Midtown stating that Mr. Zivkovic stole tips.  As such, he is adverse to the exact class that he now seeks to represent.

  Furthermore, Plaintiffs' application refers to Defendants collectively as "Valbella" and makes blanket allegations in reference to both restaurants.  However, Valbella Meatpacking and Valbella Midtown are separate and distinct legal entities that operate independently of one another and maintain separate management.  Accordingly, the policies of each restaurant and their respective implementation of those policies are wholly separate.

During the relevant time period, Valbella Meatpacking and Valbella Midtown each had different managers who implemented different policies. Valbella Midtown and Valbella Meatpacking will demonstrate that their wage and hour policies varied depending on the manager at the time. Accordingly, Plaintiffs' application for class certification will fail because Plaintiffs will be unable to demonstrate that Valbella Meatpacking and Valbella Midtown had a "common scheme or plan".

Plaintiffs argue that the Court should apply a liberal construction of Rule 23. However, it is essential that the class members have 'suffered the same injury'. *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 350 (2011). Specifically, "[w]hat matters to class certification ... is not the raising of common 'questions'–even in droves—but, rather the capacity of a classwide proceeding to generate common answers .... Dissimilarities within the proposed class are what have the potential to impede the generation of common answers." *Jianmin Jin v. Shanghai Original, Inc.,* 16CV5633ARRJO, 2018 WL 1597389, at *9 (E.D.N.Y. Apr. 2, 2018). Here, Plaintiffs have alleged various violations of the New York Labor Law ("NYLL") and the Fair Labor Standards Act ("FLSA"). However, as aforementioned, Valbella Midtown and Valbella Meatpacking implemented different policies and procedures and therefore will have varying "answers" even if the Plaintiffs can raise common "questions".

Additionally, Plaintiffs have alleged that they were subjected to same wage and hour violations, but their individual testimony tells a different story. Each of the individual Opt-In Plaintiffs cited to completely different facts and circumstances giving rise to the allegation that Valbella Meatpacking and Valbella Midtown violated the NYLL and FLSA. The individual Opt-In Plaintiffs gave different and sometimes conflicting descriptions regarding Defendants' payroll practices. For example, one Opt-In Plaintiff alleged that he was paid in cash for some shifts worked at Valbella Meatpacking and is owed overtime, while another Opt-In Plaintiff testified that she was required to sign out and then continue to work off the clock for additional hours at Valbella Midtown. While Plaintiffs may have similar allegations as to the types of violations of the NYLL and FLSA alleged to have been committed by the Defendants, the individual claims in this lawsuit do not meet the requirements of typicality. To establish typicality, Plaintiffs must allege that "defendants committed the same wrongful acts in the same manner against all members of the class, they establish necessary typicality." *Iglesias-Mendoza v. La Bell Farm, Inc.,* 239 F.R.D. 363, 371 (S.D.N.Y. 2007)(alteration in original) (quoting *Bolanos v. Norwegian Cruise Lines Ltd.*, 212 F.R.D. 144, 155 (S.D.N.Y. 2002)). Plaintiffs can neither establish the same wrongful acts nor that these acts were committed in the same manner. Accordingly, Plaintiffs cannot meet the typicality requirement for class certification.

For the reasons set forth herein, it is respectfully submitted that Plaintiffs' proposed motion for class certification will fail.

> Respectfully Submitted,
>
> DEALY SILBERSTEIN &
> BRAVERMAN, LLP
>
>
> /s/ *Milo Silberstein*
> Milo Silberstein

MS/mlb