

225 Broadway, Suite 1405
New York, New York 10007
T: (212) 385 0066   F: (212) 385 2117
www.dsblawny.com

William J. Dealy (1946–2012)
Milo Silberstein
Marc D. Braverman
Laurence J. Lebowitz

Maria Louisa Bianco
Amanda E. Maguire
Sonali Setia

Jack Weinberg
Of Counsel

July 5, 2018

**VIA ECF**

The Hon. Gregory H. Woods
500 Pearl Street
New York, NY 10007

        Re:    <u>Pavle Zivkovic v. Laura Christy LLC d/b/a Valbella et al.</u>
                 S.D.N.Y. Case No. 17-CV-00553

Dear Judge Woods:

      As you are aware, this firm represents Laura Christy LLC d/b/a Valbella ("Valbella Meatpacking") in connection with the above referenced matter. We write on behalf of Valbella Meatpacking and Laura Christy Midtown LLC ("Valbella Midtown")(collectively referred to herein as "Defendants") in response to Plaintiffs' request for a pre-motion conference regarding Plaintiffs' proposed motion for partial summary judgment. As detailed herein, there are material facts in dispute with respect to the issues that Plaintiffs contend are ripe for summary judgment. Accordingly, Defendants respectfully submit that the proposed motion will fail on all accounts.

1. **<u>Defendants Do Not Constitute a Single Integrated Enterprise</u>**

      Courts in this district have applied both the "joint employer" test which evaluates the totality of the circumstances based upon 'economic reality' and the "single integrated enterprise" test which focuses on (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership to determine whether multiple entities should be treated as a single employer for FLSA purposes.

      Contrary to Plaintiffs' contention, Defendants are two separate and distinct legal entities. In this regard, the restaurants operate independently, and have their own management, staff, and payroll. At all relevant times, the restaurants had their own payroll and scheduling policies, which were implemented by management of each restaurant. Indeed, the documents produced during discovery show that Valbella Meatpacking and Valbella Midtown had different protocols in place with respect to scheduling and payroll.

Plaintiffs anticipated motion appear to hinge solely on the restaurants have common ownership and a common purpose. However, as noted by Your Honor in *Chen v. 2425 Broadway Chao Restaurant, LLC et al,* "[a]lthough allegations of common ownership and common purpose are relevant, they are not sufficient on their own under either [the 'joint employer' or the 'single integrated enterprise'] test." 2017 WL 2600051 at *7, SDNY Case No. 16-CV-5735-GHW (June 15, 2017). Accordingly, Defendants submit that Plaintiffs' motion for summary judgment on the issue of whether Defendants are a single integrated enterprise will fail.

## 2. Defendants Paid Overtime at the Rate of Time and One Half

Plaintiffs contend that "for some portions of time" Defendants failed to pay Plaintiffs time and one half for all hours worked in excess of forty. This is demonstrably untrue. Indeed, the overwhelming majority of payroll records demonstrate that the payroll practice of both restaurants was to pay overtime at the rate of time and a half. The evidence will also demonstrate that certain payments at the straight time rate were actually bonuses and not wages due for time worked as Plaintiffs argue. Accordingly, Plaintiffs motion for summary judgment on the issue of overtime will fail.

## 3. Spread of Hours Pay

Valbella Meatpacking and Valbella Midtown do not routinely schedule employees for shifts that exceed a ten-hour spread. While Plaintiffs have contended that any time a server works a lunch and dinner shift his or her shift will exceed ten hours, that is not necessarily the case. For example, customarily during the dinner shift, a closing server is assigned, and the rest of the serving staff is sent home earlier in the evening. If a server had worked the lunch service on that day, he or she would not be assigned to be the closing server. With respect to Valbella Midtown, the dinner service typically ends early in the evening, meaning that often even a server who had worked both lunch and dinner service may not have worked a shift that exceeded a ten-hour spread. With respect to Valbella Meatpacking, there is not a big lunch service and there is typically one server. If that one server also worked the dinner service, it is likely that he or she would not be the closing server for the evening. Accordingly, Plaintiffs will be unable to prove Defendants failed to pay spread of hours pay as a matter of law and summary judgment on that claim should not be granted.

## 4. Defendants Provided Wage Notices

Plaintiffs allege that Defendants never provided the notice required by New York Labor Law ("NYLL") § 195. However, Defendants provided copies of wage notices distributed to employees during discovery in this action. Additionally, during all relevant times, Defendants utilized a payroll service, either Paychex or ADP which generated weekly wage statements. These weekly payroll statements which reflected their tip credit hourly rate, overtime worked, if any, as well as their tips for the week. Accordingly, Plaintiffs claim for summary judgment based upon Defendants' failure to provide wage notices will fail.

Further, assuming *arguendo*, that Defendants failed to provide the requisite notices pursuant to NYLL § 195, Plaintiffs always made more than minimum wage and Plaintiffs have suffered no damages. Specifically, as articulated in by the Court in *Ahmed v. Morgans Hotel Group Management, LLC,* 54 Misc.3d 1220(A)(NY Cty. 2017):

Labor Law was recently amended to protect employers from a mere technical violation of the notice provisions, and that provides a complete defense to his minimum wage claim. Labor Law § 198(1-b) and (1-d) provide that, when an individual is not provided with the requisite notice, the employer will not be liable where the employee was always paid an amount equal to or above the minimum wage throughout his employment. In other words, if the employee suffered no actual injury as a result of not being given the notice, there is no liability.

Here, Plaintiffs will be unable to demonstrate that they suffered any actual injury from the alleged failure to provide requisite notices, as they were always paid an amount equal or above the minimum wage. Accordingly, Plaintiffs are not entitled to summary judgment on those claims.

## 5. **Defendants Were Not Required to Provide Written Notice of the Tip Credit**

Plaintiffs allege that Valbella Midtown and Valbella Meatpacking did not provide Plaintiffs with a written notice of the tip credit. Defendants dispute this allegation in its entirety and submit that there is a material issue of fact as to whether proper notice was provided. In this regard, Plaintiffs acknowledged during their depositions that they were aware that they were being paid the tip credit minimum wage and that a portion of their wages were made up of tips. Further, in connection with their opposition to Plaintiffs' motion, Valbella Midtown and Valbella Meatpacking will demonstrate that management of each restaurant explained the tip credit minimum wage to its employees.

Furthermore, recent New York state caselaw has held that the affirmative defense provided by NYLL§ 198 discussed above applies to the requirement that notice of the tip credit be made in writing. *See Ahmed, supra.* Further, in a recent case in the Western District of New York entitled *Ashley Hicks v. T.L. Cannon Management Corp. et al,* No. 13-cv-06455 (W.D.N.Y. March 13, 2018), 2018 WL 2440732 at *7, the Court held:

> § 198 Affirmative Defense is applicable to Plaintiffs' Wage Notice and Pay Statement Claims and that, if Defendants are ultimately able to show that they otherwise paid all wages due to Plaintiffs, they will not be liable for future damages.

The *Hicks* court also found that that the affirmative defense to NYLL § 198 is remedial and was intended to have retroactive effect. *Supra* at *7. In light of the foregoing, Defendants submit that Plaintiffs' motion on the issue of the tip notice will fail.

## 6. **Conclusion**

For the foregoing reasons, Defendants submit that because there are material facts in dispute, Plaintiffs' motion for summary judgment will fail.

Respectfully Submitted,

DEALY SILBERSTEIN & BRAVERMAN, LLP

/s/ *Milo Silberstein*
Milo Silberstein

MS/mlb

3