UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PAVLE ZIVKOVIC, on behalf of himself
and others similarly situated,

                  Plaintiff,                      17-cv-00553-GHW

      -against-

LAURA CHRISTY LLC d/b/a VALBELLA,
LAURA CHRISTY MIDTOWN LLC, DAVID
GHATANFARD, and GENCO LUCA,

                 Defendants.
------------------------------------------------------------X

## <u>MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT</u>

DEALY SILBERSTEIN
& BRAVERMAN, LLP
Milo Silberstein
Maria Louisa Bianco
225 Broadway Suite 1405
New York, NY 10006
(212) 385-0066
*Attorneys for Defendant*
*Laura Christy LLC*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ iii

PRELIMINARY STATEMENT…………………………………………………………….1

FACTS……………………………………………………………………………………….2

      A. DISPUTED MATERIAL FACTS……………………………………………………2

      B. UNDISPUTED MATERIAL FACTS………………………………………………3

SUMMARY JUDGMENT STANDARD………………………………………………...4

ARGUMENT………………………………………………………………………………..4

      I.      Valbella Meatpacking and Valbella Midtown Are Not a Single Integrated Enterprise ………………………………………………………………………4

            A.      Valbella Meatpacking and Valbella Midtown Are Operated Independently…………………………………………………………………..5

                  i.      Valbella Meatpacking and Valbella Midtown Have Individual Identities……………………………………………………………….5

                  ii.      Valbella Meatpacking and Valbella Midtown Do Not Share Employees……………………………………………………………6

                  iii.      Valbella Meatpacking and Valbella Midtown have Separate Management…………………………………………………………7

                  iv.      Valbella Meatpacking and Valbella Midtown have Separate Equipment and Inventory…………………………………………….8

            B.      Valbella Meatpacking and Valbella Midtown Do Not Have a Centralized Control of Labor Relations…………………………………………………..8

            C.      Valbella Meatpacking and Valbella Midtown Have Separate Management…………………………………………………………..11

                  D.      Valbella Meatpacking and Valbella Midtown Have Common Ownership…………………………………………………………..11

CONCLUSION…………………………………………………………………………..11

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.,*
477 U.S. 242, 248 (1986) ................................................................................................. 7

*Apolinar v. R.J. Rest., LLC,*
2016 WL 2903278 (S.D.N.Y. May 18, 2016) ................................................................ 8

*Camara v. Kenner*
2018 WL 1596195  (S.D.N.Y. Mar. 29, 2018) ............................................................... 7

*Chen v. TYT E. Corp.,*
2012 WL 5871617 (S.D.N.Y. Mar. 21, 2012) ...................................................... 11,14

*Jianjun Chen v. 2425 Broadway Chao Rest, LLC,*
2017 WL 2600051 (S.D.N.Y. June 15, 2017) ............................................................... 8

*Juarez v. 449 Restaurant, Inc.,*
 29 Fed.Supp.3d 363 (S.D.N.Y. 2014) ............................................................................ 8

*Khereed v. West 12th Street Restaurant Group LLC,*
2016 WL 590233 (S.D.N.Y. Feb. 2, 2016) ................................................................. 11

*Marin v. APU Foods Corp.,*
2018 WL 1462236, (E.D.N.Y. Feb. 26, 2018) ............................................................ 11

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,*
475 U.S. 574 (1986) ......................................................................................................... 7

*Murray v. Miner,*
74 F.3d 402 (2d Cir. 1996) ........................................................................................... 11

*United States v. Diebold, Inc.,*
369 U.S. 654 (1992) ......................................................................................................... 7

*Velez v. Novartis Pharmaceuticals Corp.*
244 F.R.D. 243 (S.D.N.Y. 2007) ..................................................................... 9, 12,13


**Statutes**

Fed. R. Civ. P. 56(c) ....................................................................................................... 7

Defendant Laura Christy LLC ("Valbella Meatpacking"), joined by Defendants Laura Christy Midtown LLC ("Valbella Midtown"), David Ghatanfard and Genco Luca (collectively, the "Defendants"), respectfully submits this Memorandum of Law in Opposition to Plaintiff Pavle Zivkovic and Opt-In Plaintiffs' Yulia Boyodjan, Vojislav Knezevic, Fernando Marin and Ricardo Sanchez's ("Plaintiffs")[1] Motion for Partial Summary Judgment ("Motion") pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Plaintiffs' moving papers are littered with mischaracterizations and exaggerations of testimony in an attempt to establish that Valbella Meatpacking and Valbella Midtown operate as a single integrated enterprise.  However, as detailed herein, Plaintiffs' fail to establish a single integrated enterprise as a matter of law.  Plaintiffs' Motion should fail for three (3) reasons.

First, there are numerous material facts in dispute.

Second, there are numerous material facts that Plaintiffs' have ignored which demonstrate that Valbella Meatpacking and Valbella Midtown do not operate as a single integrated enterprise including, *inter alia*:

- Valbella Meatpacking and Valbella Midtown are separate corporate entities;

- Valbella Meatpacking and Valbella Midtown file taxes separately;

- Valbella Meatpacking and Valbella Midtown maintain separate payrolls; and

---

[1] Notably, the Motion for Summary Judgment is made on behalf of only five (5) the seven (7) remaining Plaintiffs in this litigation.  There is no mention of Diana Martha Michos or Alejandra Rendon and for that reason Defendants are unsure if those Opt-In Plaintiffs remain Plaintiffs in this case.  No dismissal has been filed as required if these Plaintiffs have chosen not to remain in the case.  Notably, in this matter, a total of fourteen (14) former employees of Valbella Meatpacking and Valbella Midtown allegedly filed consents to join this lawsuit. However, during the pendency of this action, seven (7) of those Plaintiffs, *i.e.* fifty (50%) percent, voluntarily advised Plaintiffs' attorneys that they no longer wanted to be a part of this case and withdrew their consents.

- Valbella Meatpacking and Valbella Midtown maintain separate bank accounts;

- The two restaurants have separate management and staff; and

- The individuals primarily responsible for hiring, firing and scheduling are the managers and each restaurant has separate management.

Third, Plaintiffs have failed to establish as a matter of law that Valbella Meatpacking and Valbella Midtown operate as a single integrated enterprise.  Specifically, Plaintiffs have failed to establish (1) interrelation of operations; (2) centralized control of labor relations; and (3) common management.  In light of the foregoing and, because the Court is required to resolve all ambiguities in favor of Defendants, it is respectfully submitted that Plaintiffs' Motion should be denied.

## **FACTS**

### A. **DISPUTED MATERIAL FACTS**

The following material facts are in dispute:

- Valbella Meatpacking and Valbella Midtown share management employees. Defendants' Response to Plaintiffs' 56.1 Statement ¶ 55.[2]

- Valbella Midtown and Valbella Meatpacking share food-service employees. 56.1 Response ¶ 38.

- The management of either Valbella location regularly instructs food-service employees to report to the other Valbella location. 56.1 Response ¶ 46.

- Vojislav Knezevic worked at Valbella Meatpacking. 56.1 Response ¶ 40.

- Yulia Boyodjan worked at Valbella Meatpacking. 56.1 Response ¶ 41.

- Fernando Marin worked at Valbella Meatpacking. 56.1 Response ¶ 43.

---

[2] References to Defendants' Response to Plaintiffs' 56.1 Statement are hereinafter referred to as "56.1 Response"

- Mr. Ghatanfard runs the operation of both Valbella Midtown and Valbella Meatpacking. 56.1 Response ¶ 14.

For a complete list of disputed material facts, Defendants respectfully refer the Court to Defendants' Counter-56.1 Statement of Undisputed Facts.

**B. UNDISPUTED MATERIAL FACTS**

The following material facts are undisputed and demonstrate that Valbella Meatpacking and Valbella Midtown operate independently.

- Valbella Meatpacking and Valbella Midtown are separate corporate entities.  56.1 Response ¶ 73.

- Valbella Meatpacking and Valbella Midtown have separate managers. 56.1 Response ¶ 75.

- Valbella Meatpacking and Valbella Midtown have separate employees. 56.1 Response ¶ 88.

- Valbella Meatpacking and Valbella Midtown file taxes separately. 56.1 Response ¶ 92.

- Valbella Meatpacking and Valbella Midtown have separate payroll. 56.1 Response ¶ 93.

- Valbella Meatpacking and Valbella Midtown have separate schedules. 56.1 Response ¶ 88.

- Valbella Midtown opened almost a decade after Valbella Meatpacking and its owners sought to capitalize on the success of Valbella Meatpacking by using the same name. 56.1 Response ¶ 71-72.

For a complete list of undisputed facts, Defendants respectfully refer the Court to Defendants' Counter-56.1 Statement of Undisputed Facts.

3

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "there is no genuine issue as to any material fact…and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A fact is material if it "*might affect the outcome of the suit under the governing law.*"  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  When deciding a motion for summary judgment, "a court must resolve all ambiguities and draw all reasonable inferences against the moving party."  *Camara v. Kenner,* 2018 WL 1596195 at *4 (S.D.N.Y. Mar. 29, 2018); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587-88 (1986)(citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1992)).  Further, "summary judgment is improper if there is *any* evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party. *Id.*

## ARGUMENT

**I.     Valbella Meatpacking and Valbella Midtown Are Not a Single Integrated Enterprise**

Plaintiffs have argued that the Court should utilize the "single integrated enterprise" test to determine whether Valbella Meatpacking and Valbella Midtown should be treated as a single employer for FLSA purposes.[3]  Legally distinct entities can be held liable as a single employer only when it is established that those entities are a single integrated enterprise.  *Camara, supra* at 8.  Under this standard, courts consider "(1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control."  *Juarez v. 449 Restaurant, Inc.,* 29 Fed.Supp.3d 363, 367 (S.D.N.Y. 2014).  As further detailed herein, Plaintiffs have failed to establish each prong of the "single integrated enterprise" test

---

[3] Although the Second Circuit Court of Appeals has yet to apply the "single integrated enterprise" rule to FLSA liability (*see Camara v. Kenner 2018 WL 1596195* at *8 (S.D.N.Y. Mar. 29, 2018), Plaintiffs' Motion only addresses the "single integrated enterprise" test.  Accordingly, Defendants have only addressed the same.

necessary to demonstrate to the Court that Valbella Meatpacking and Valbella Midtown should be treated as a single employer as a matter of law.  Accordingly, Plaintiffs' motion should be denied.

**A.  <u>Valbella Meatpacking and Valbella Midtown Are Operated Independently</u>**

Valbella Meatpacking and Valbella Midtown operate independently.  56.1 Response ¶ 74. Valbella Meatpacking and Valbella Midtown are separate corporate entities.  56.1 Response ¶ 73.  Valbella Meatpacking and Valbella Midtown file taxes separately. 56.1 Response ¶ 92.

**i.      Valbella Meatpacking and Valbella Midtown Have Individual Identities**

Plaintiffs contend that Valbella Meatpacking and Valbella Midtown share a corporate identity.  Defendants do not dispute that both Valbella Meatpacking and Valbella Midtown share a common business purpose in the operation of high end Italian restaurants.  That being said, that fact on its own is insufficient to demonstrate an interrelation of operations.  Courts in this District have held that "[a]lthough allegations of common ownership and common purpose are relevant, they are not sufficient on their own." *Jianjun Chen v. 2425 Broadway Chao Rest, LLC*, 16-CV-5735 (GHW), 2017 WL 2600051 at *6 (S.D.N.Y. June 15, 2017). *See Apolinar v. R.J. Rest., LLC,* No. 15-cv-8655 (KBF), 2016 WL 2903278, at *4 (S.D.N.Y. May 18, 2016).

However, Defendants do dispute the following facts relied upon by Plaintiffs in their motion:

Valbella Meatpacking and Valbella Midtown have separate menus.  56.1 Response ¶ 63. While Plaintiffs identify overlapping menu items, there are also many completely unrelated high-end Italian restaurants that have overlapping menu items. 56.1 Response ¶ 63.  Significantly, Valbella Meatpacking and Valbella Midtown have separate chefs.  56.1 Response ¶ 94. The

chefs are integral to selecting menu items and creating the different daily specials that both

Valbella Meatpacking and Valbella Midtown are known for. 56.1 Response ¶ 94.

While Valbella Meatpacking and Valbella Midtown use the same website portal, each

restaurant has a different link which provides separate contact information for event planning

with different event planners and separate contact information to make reservations.   56.1

Response ¶ 9. Owner David Ghatanfard testified that Valbella Meatpacking and Valbella

Midtown share a website to save money.  56.1 Response ¶ 9. It is well settled that while evidence

of shared services (such as a website host in this instance) show that two companies are closely-

affiliated companies, it does not show control over conditions of employment required for a

single employer determination.  *See Velez v. Novartis Pharmaceuticals Corp.*. 244 F.R.D. 243,

252 (S.D.N.Y. 2007).

### ii.  Valbella Meatpacking and Valbella Midtown Do Not Share Employees

Plaintiffs allege that Valbella Meatpacking and Valbella Midtown share employees.

However, Valbella Meatpacking and Valbella Midtown have separate staffs.  56.1 Response ¶

38.  Valbella Meatpacking's corporate representative testified that the waitstaff are scheduled to

work at the one (1) location by which they are employed.  56.1 Response ¶ 88.  On a rare

occasion, if there was a staffing shortage at one restaurant, employees have been instructed to go

to the other restaurant to fill in.  56.1 Response ¶ 46-7.  Owner David Ghatanfard testified that he

personally never sent an employee from one (1) restaurant to work at the other restaurant.  56.1

Response ¶ 47.  One (1) manager from Valbella Meatpacking stated that it was not common for

her to send employees to Valbella Midtown.  56.1 Response ¶ 47.  Of the seven (7) Plaintiffs, the

payroll records of Valbella Meatpacking and Valbella Midtown reveal that only Mr. Zivkovic worked at both restaurants simultaneously on any kind of regular basis.  56.1 Response ¶ 89.[4]

During the relevant time period, there have been a few individuals over the years who worked simultaneously at both restaurants, at their own behest, to make additional money.  56.1 Response ¶ 96. Specifically, Pavle Zivkovic went to Mr. Ghatanfard begged to be permitted to work weekends at Valbella Meatpacking when he was off at Valbella Midtown so he could make more money.  56.1 Response ¶ 39.

### iii.   Valbella Meatpacking and Valbella Midtown have Separate Management

Plaintiffs argue that the two (2) restaurants share management employees.  This is simply incorrect.  In fact, Valbella Meatpacking and Valbella Midtown do not share management employees.  56.1 Response ¶ 75.  Each restaurant has had always had separate management employees.  56.1 Response ¶ 75.  On one (1) occasion for a few weeks, Lindsay Heuschneider, former manager of Valbella Meatpacking, worked at Valbella Midtown due to a staffing coverage issue after the manager at Valbella Midtown was terminated.  56.1 Response ¶ 58.

Throughout Plaintiffs' Motion, they have cherry-picked testimony that described an exception, not the rule.  Defendants contend that there is overwhelming evidence that the restaurants do not share management employees and Plaintiffs cannot use one (1) brief exception to establish *as a matter of law* that the restaurants share management employees.

---

[4] While Plaintiff Vojislav Knezevic testified at his deposition that he worked at Valbella Meatpacking and Valbella Midtown, he was never on the payroll at Valbella Meatpacking and there is no evidence other than his contention at his deposition that he worked at Valbella Meatpacking.

### iv.  Valbella Meatpacking and Valbella Midtown have Separate Equipment and Inventory

Plaintiffs contend that the restaurants share food supplies.  Valbella Meatpacking and Valbella Midtown have separate equipment and inventory.  56.1 Response ¶ 87.  Valbella Meatpacking's corporate representative testified that it does not share kitchen equipment, tables, chairs or any other equipment.  56.1 Response ¶ 61.  There have been occasions where one restaurant may have leant supplies to the other.  56.1 Response ¶ 61-2.  However, Mr. Ghatanfard testified that he has leant supplies to other restaurants in the community in which he has no ownership stake when they were in need as well. 56.1 Response ¶ 61-2.

### B.  **Valbella Meatpacking and Valbella Midtown Do Not Have a Centralized Control of Labor Relations**

Plaintiffs have failed to establish that Valbella Meatpacking and Valbella Midtown have a centralized control of labor relations.  Caselaw in this District has held that centralized control of labor relations is the most significant prong in the "single integrated enterprise" test.

> While the determination of employer status depends on the totality of the circumstances, "control of labor relations is the central concern." *Chen v. TYT E. Corp.*, 2012 WL 5871617, at *3 (S.D.N.Y. Mar. 21, 2012). Control of labor relations is central because it reflects "the policy underlying the single employer doctrine [of] the fairness of imposing liability for labor infractions where two nominally independent entities do not act under an arm's length relationship." *Id.* (quoting *Murray v. Miner*, 74 F.3d 402, 405 (2d Cir. 1996)).  *Marin v. APU Foods Corp.*, 17-CV-3224, 2018 WL 1462236, at *2 (E.D.N.Y. Feb. 26, 2018), report and recommendation adopted, 17-CV-3224, 2018 WL 1459488 (E.D.N.Y. Mar. 23, 2018).

Centralized control of labor relations requires that employment decisions for separate entities are made together.  Caselaw has held that a single integrated enterprise is not established as a matter of law where even though there is common ownership and management there "is no evidence that the two restaurants adopted common employment policies, administered a common payroll, mingled finances or premises, or were held out to the public as the same business."

8

*Khereed v. West 12th Street Restaurant Group LLC,* 2016 WL 590233 (S.D.N.Y. Feb. 2, 2016). Courts in this District have held that to show a single integrated enterprise, plaintiffs must demonstrate how the corporation that they did not work for had any control or supervision over their employment. *Camara, supra* at 9. More specifically, plaintiffs need to demonstrate that the location that they did not work for had input into employment decisions and human resources decisions at the location where they did work. *Id.*

Here, testimony from both the Plaintiffs and Defendants demonstrates that the managers made decisions relating to Plaintiffs' employment. 56.1 Response ¶ 14, 81-86. Valbella Meatpacking and Valbella Midtown have separate management. 56.1 Response ¶ 55. Other than the brief period described above involving Ms. Heuschneider, Valbella Meatpacking and Valbella Midtown have always had separate managers who are responsible for running each respective restaurant. 56.1 Response ¶ 55, 58. Managers are responsible for hiring, firing, scheduling and overseeing the staff on a day to day basis. 56.1 Response ¶ 86. There is no coordination between the managers of Valbella Meatpacking and Valbella Midtown when it comes to policies and procedures. 56.1 Response ¶ 84. Consequently, Plaintiffs cannot establish as a matter of law that Valbella Meatpacking and Valbella Midtown have a centralized control of labor relations.

Additionally, Plaintiffs cite to the fact that Valbella Meatpacking and Valbella Midtown share a Director of Operations, Laura DeMarco, and an outside accountant, Milton Pirsos, CPA, as evidence of a centralized control of labor relations. However, caselaw in this District has held that separate work done for two (2) related companies, paid for by each separate company, by an employee does not establish anything about whether one (1) corporation controls the conditions

of employment at the other corporation.  *See Velez v. Novartis Pharmaceuticals Corp.,* 244

F.R.D. 243, 252 (S.D.N.Y. 2007).

 While Ms. DeMarco, Director of Operations, performs certain job responsibilities for

both restaurants, she completes this work separately and is paid by each entity for that work.

56.1 Response ¶ 33.  Ms. DeMarco is responsible for accounting, bookkeeping and limited

payroll duties, because both Valbella Meatpacking and Valbella Midtown utilize a payroll

service.  56.1 Response ¶ 33.  Ms. DeMarco's separate work for Valbella Meatpacking and

Valbella Midtown is akin to a shared bookkeeper.  *See Lopez v. Acme American Environmental*

*Co., Inc.,* 2012 WL 6062501 (S.D.N.Y. Dec. 6, 2012) (holding a common bookkeeper that is

paid by separate entities for separate work does not establish a single employer).  Ms. DeMarco

performs separate bookkeeping and payroll duties for each restaurant.  56.1 Response ¶ 30.

Further, as Ms. DeMarco testified at her deposition, she has only assumed payroll responsibilities

for Valbella Midtown recently.  56.1 Response ¶ 33.  Ms. DeMarco has very little interaction

with the waitstaff at Valbella Meatpacking and Valbella Midtown.  56.1 Response ¶ 78.  Ms.

DeMarco has no hiring, firing or discipline power over any of the Plaintiffs and her work

performed for each restaurant is separate and thus does not establish a centralized control of

labor relations.  56.1 Response ¶ 79.

 With regard to Valbella Meatpacking and Valbella Midtown's use of the same outside

accountant, this fact does not establish a centralized control of labor relations.  In *Velez, supra,*

the plaintiffs argued that defendants' use of the same auditors was evidence of centralized

control of labor relations.  *Velez, supra* at 253.  The Court held that this argument was not

compelling as any number of unrelated companies use the same auditors without being affiliated

in any way.  *Id.* The same logic applies in the instant case. When Mr. Ghatanfard opened

Valbella Midtown, he had already been using Mr. Pirsos as the accountant for Valbella

Meatpacking and decided to use him for Valbella Midtown because he knew he did a good job.

56.1 Response ¶ 90.  Mr. Pirsos has numerous other clients in the hospitality industry for which

he performs similar work, that have no relationship to either Valbella Meatpacking or Valbella

Midtown.  56.1 Response ¶ 90.  The books and records of Valbella Meatpacking and Valbella

Midtown are separately maintained by Mr. Pirsos.  56.1 Response ¶ 91.  Again, the fact that

Valbella Meatpacking and Valbella Midtown use the same outside accountant does not establish

that the two (2) separate entities have a centralized control of labor relations.

    **C.**      **Valbella Meatpacking and Valbella Midtown Have Separate Management**

As described herein, Valbella Meatpacking and Valbella Midtown have separate

managers.  56.1 Response ¶ 55.  Managers are responsible for the personnel decisions and the

day-to-day operation of each restaurant.  56.1 Response ¶ 86.  Managers at Valbella Separate

managers at Valbella Meatpacking and Valbella Midtown separately policies, schedules and

other operational decisions. 56.1 Response ¶ 84-86.

    **D.**      **Valbella Meatpacking and Valbella Midtown Have Common Ownership**

It is not disputed that Valbella Midtown and Valbella Meatpacking have common

ownership.  56.1 Response ¶ 5-8.  However, it is well settled that common ownership is

insufficient to establish a "single integrated enterprise."  *See Chen, supra* at 6.

## CONCLUSION

Based upon the foregoing, Plaintiffs' Motion should be denied because there are

material issues of fact in dispute and Plaintiffs' Motion ignores material facts which show that

Valbella Meatpacking and Valbella Midtown are operated independently and do not operate as a

single employer.  Further, as the Court is required to take into consideration the totality of the

circumstances in the light most favorable to Defendants, Plaintiffs' cannot establish as a matter of law that Valbella Meatpacking and Valbella Midtown operate as a single integrated enterprise.  Based upon the foregoing, Defendants respectfully request that the Court deny Plaintiffs' Motion for Partial Summary Judgment and grant Defendants such further relief as this Court deems just and proper.

Dated:  New York, New York
            September 14, 2018

                                        Respectfully Submitted,

                                        DEALY SILBERSTEIN
                                        & BRAVERMAN, LLP

                                        By:_____/s Milo Silberstein_____
                                               Milo Silberstein
                                        *Attorneys for Defendant Laura Christy LLC*
                                        *d/b/a Valbella*
                                        225 Broadway Suite 1405
                                        New York, NY 10007
                                        (212) 385-0066

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on September 14, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.


_____*/s Milo Silberstein*_____
Milo Silberstein