UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAVLE ZIVKOVIC, on behalf of himself and others similarly situated, | |
| Plaintiff, | |
| v. | 17-CV-00553 (GHW) |
| LAURA CHRISTY LLC d/b/a VALBELLA, LAURA CHRISTY MIDTOWN LLC, DAVID GHATANFARD, and GENCO LUCA, | |
| Defendants. | |

## [PROPOSED] JOINT PRETRIAL ORDER

    Pursuant to the Court's November 10, 2021 Order (Dkt. No. 248) and Rule 5.A. of the Court's Individual Rules of Practice in Civil Cases, Plaintiff Pavle Zivkovic and Opt-in Plaintiffs Yulia Boyodjan, Vojislav Knezevic, Fernando Marin and Ricardo Sanchez (hereinafter "Plaintiffs" or the "Class Representatives") who act as representatives of two Fed. R. Civ. P. Rule 23 Subclasses (the "Valbella Meatpacking Subclass" and the "Valbella Midtown Subclass," and collectively, the "Subclasses"), and Defendants Laura Christy LLC d/b/a Valbella ("Valbella Meatpacking"), Laura Christy Midtown LLC d/b/a Valbella ("Valbella Midtown"), David Ghatanfard, and Genco Luca (collectively, or "Defendants," and together with the Class Representatives, collectively, the "Parties") hereby submit this Joint Pretrial Order as follows:

| I.     Full caption of the action |
|---|

*Zivkovic, v. Laura Christy LLC, et al,* 17 CV 00553 (GHW) (S.D.N.Y.)

| II.     Trial counsel |
|---|

**For Plaintiff, Opt-in Plaintiffs and the Fed. R. Civ. P. Rule 23 Subclasses:**

JOSEPH & KIRSCHENBAUM LLP

D. Maimon Kirschenbaum
Josef Nussbaum
Lucas Buzzard
32 Broadway, Suite 601
New York, NY 10004

**For Defendant Laura Christy LLC:**

DEALY, SILBERSTEIN & BRAVERMAN, LLP

Milo Silberstein
Maria Louisa Bianco
Amanda E. Maguire
225 Broadway, Suite 1405
New York, NY 10007

Tel: (212) 688-5640
Fax: (212) 688-2548
maimon@jk-llp.com
jnussbaum@jk-llp.com
lucas@jk-llp.com

Tel: (212) 385-0066
Fax: (212) 385-2117
msilberstein@dsblawny.com
mbianco@dsblawny.com
amaguire@dsblawny.com

**For Defendant Laura Christy Midtown LLC:**

HAROLD, SALANT, STRASSFIELD & SPIELBERG

Leonard I. Spielberg
81 Main St, Suite 205
White Plains, NY 10601
Tel: (914) 683-2500
Fax: (914) 683-1279
lenspielberg@gmail.com

**For Defendants David Ghatanfard and Genco Luca:**

NEAL S. COMER, ATTORNEY AT LAW

Neal S. Comer
81 Main St, Suite 205
White Plains, NY 10601
Tel: (914) 683-5400
Fax: (914) 683-1279
comeresq@aol.com

| III. | Subject Matter Jurisdiction |
|------|------------------------------|

This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Defendants do not contest jurisdiction.

| IV. | Brief summary of each party's claims and defenses remaining for trial |
|-----|------------------------------------------------------------------------|

**A. Plaintiffs**

1) Plaintiffs' remaining claims to be decided prior to trial are as follows:

**a. NYLL § 198 affirmative defense is not available for tip credit violations**

Plaintiffs seek a pretrial ruling that the affirmative defense available under the § 198 of the New York Labor Law ("NYLL") for violations of claims under NYLL §§ 195(1) and 195(3) is not available for violations of the tip credit requirements of the New York State Hospitality Industry Wage Order ("Hospitality Wage Order"). N.Y. Comp. Codes R. & Regs., tit. 12, ("NYCRR") § 146-1.4. (*See* Plaintiffs' pretrial memorandum of law/motion in limine on this issue.)

2) Plaintiffs' remaining claims to be decided at trial are as follows:

**a. Whether Defendants unlawfully took a tip credit from Subclass Members' wages**

Plaintiffs seek a finding that Defendants were not entitled to pay Subclass Members pursuant to a tip credit as Defendants did not meet the statutory perquisites necessary to apply such credits. Specifically, Defendants did not provide Subclass Members with the requisite written notices (a) upon hire, and (b) every time Subclass Members hourly wage rate changed. The NYLL sets minimum hourly rates of pay for all employees. *See* NYLL § 652.1. The NYLL also permits employers to deviate from the statutory minimum wage for "tipped employees" and pay less than the minimum wage by taking a "tip credit." NYCRR § 146-1.3. Under the New York law, "[a]n employer may take a credit towards the basic minimum hourly rate if a service employee or food service worker receives enough tips and if the employee has been notified of the tip credit as required in section 146-2.2" of the Hospitality Wage Order. *Id.*

Section 146-2.2 of the Hospitality Wage Order requires employers to "give each employee written notice of the employee's regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday." The notice shall also state that "extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate." *Id.* § 146-2.2(a). Such written notice is required "prior to the start of employment" and "prior to any change in the employee's hourly rates of pay." Id. § 146-2.2(a), (b). Moreover, once an employer has provided written notice of this tip credit, the employer must obtain "acknowledgement of receipt signed by the employee," and that signed acknowledgement must "be kept on file for six years." *Id.* § 146-2.2(c). *See* Transcript of Court's Order on Plaintiffs' motion for partial summary judgment dated October 18, 2019 (attached hereto as "Exhibit A") at pg. 9 ("I expect to instruct the jury that written notice is necessary in order for an employer to take advantage of the tip credit under the NYLL."), *see also, e.g., Rios et al v. Louya Corp. d/b/a Jacques Brasserie et al*, 14 CV 6800 (attached hereto as "Exhibit B") (bench trial decision finding that defendants failed to carry their burden on this issue where plaintiff testified credibly that he never received a written notice when he was hired, and defendants failed to provide evidence that such notices were ever provided to employees)(Woods J.).

**b. Whether Defendants unlawfully failed to pay Subclass Members' appropriate overtime hourly rates**

Plaintiffs seek a finding that Defendants consistently failed to pay Subclass Members the proper overtime rates on occasions that Subclass Members were paid for more than 40 hours in a week because Defendants miscalculated the tip credit overtime rate. Section 146-1.4 of the Hospitality Wage Order provides that:

> When an employer is taking a credit toward the basic minimum hourly rate […], the overtime rate shall be the employee's regular rate of pay before subtracting any tip credit, multiplied by 1½, minus the tip credit. It is a violation of the overtime requirement for an employer to subtract the tip credit first and then multiply the reduced rate by one and one half.

**c. Whether Defendants unlawfully failed to pay Subclass Members "spread of hours" pay**

Under the Hospitality Wage Order, "[o]n each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay at the basic minimum hourly rate" NYCRR § 146-1.6. "The spread of hours is the length of the interval between the beginning and end of an employee's workday. The spread of hours for any day includes working time plus time off for meals plus intervals off duty." *Id.* Plaintiffs seek a finding that Defendants did not pay Subclass Members spread of hours pay on the occasions that their workdays spanned more than ten hours.

**d. Whether Subclass Members are entitled to statutory penalties for Defendants' failure to provide Subclass Members with a notice upon hire that met the requirements of NYLL § 195(1)**

NYLL § 195(1) requires employers to provide employees with a notice at the time of hire that states, among other things, the employee's rate of pay, regular pay cycle and rate of overtime pay. NYLL §§ 195, 198. Plaintiffs seek a finding that Defendants violated this "notice" requirement by failing to provide all Subclass Members with the required notice.

**e. Whether Subclass Members are entitled to statutory penalties for Defendants' failure to provide Subclass Members with wages statements that met the requirements of NYLL § 195(3)**

NYLL § 195(1) requires employers to provide employees with wage statements together with the employees' earnings that states, among other categories of information, any allowances or deductions the employer is taking from the employees' wages. NYLL §§ 195, 198. Plaintiffs seek a finding that Defendants violated this wage statement requirements by failing to inform Subclass Members of the allowances (*i.e.*, the tip credit) Defendants were taking from Subclass Members wages.

**f. Whether Defendants Laura Christy LLC and Laura Christy Midtown LLC are a single integrated enterprise under the FLSA and NYLL**

Plaintiffs seek a finding that Defendants Laura Christy LLC and Laura Christy Midtown LLC are a single integrated enterprise and thus jointly responsible for any violations of the FLSA and/or NYLL that occurred at either entity. *See* 29 U.S.C. § 203(d), (g); N.Y. Lab. Law § 190(3); *Lihli Fashions Corp. v. NLRB*, 80 F.3d 743, 747 (2d Cir. 1996) ("single employer status depends on all the circumstances of the case and is characterized by absence of an arm's length relationship found among unintegrated companies.")(citation omitted).

**g. Whether Defendant Ghatanfard is liable as Subclass Members' employer under the FLSA and NYLL**

Plaintiffs seek a finding that Defendant Ghatanfard was the Subclass Members' employer

for the purposes of the FLSA and NYLL. The Second Circuit has identified two considerations to provide guidance as to whether a defendant qualifies as an employer under the FLSA (and NYLL). *Irizarry*, 722 F.3d at 104. First, the factfinder must consider evidence as to the individual defendant's "authority over management, supervision, and oversight of [a company's affairs] in general," *i.e.*, the individual's "operational control." *Irizarry*, 722 F.3d at 107, 111 (alteration in original). The second inquiry is as to evidence of the defendant's "direct control" over the plaintiff employees. *Id.* at 722 F.3d at 111. In this stage, the Court considers: "[W]hether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter v. Duchess Community College,* 735 F.2d 8, 12 (2d Cir. 1984). No factor is dispositive, rather each factor's impact on the analysis must be considered under the totality of the circumstances. *See Irizarry*, 722 F.3d. at 116; *see also, e.g., Jianjun Chen*, 2019 U.S. Dist. LEXIS 43893, at **20-23 (Woods J.).

> **h.  Whether Defendants discriminated against Plaintiff on the basis of his national origin in violation of N.Y. Exec. L. §§ 290 *et seq*. and N.Y. Admin. L. §§ 8-101 *et seq*;**

Plaintiff Zivkovic seeks a verdict that Defendant Genco Luca discriminated against him on the basis of his national origin in violation of the New York City Human Rights Law by attacking and harassing Plaintiff because of his national origin. *See* N.Y.C. Admin. Code § 8-107(1)(a).

> **i.  Whether Defendant Luca committed common law battery against Plaintiff Zivkovic;**

Plaintiff Zivkovic seeks a finding that Defendant Genco Luca committed battery against him. A person who intentionally touches another person, without that person's consent, and causes an offensive bodily contact commits a battery and is liable for all damages resulting from their act. *See, e.g., Walia v. Vivek Purmasir & Assocs., Inc.*, 160 F. Supp. 2d 380, 393-94 (E.D.N.Y. 2000) ("The elements of a civil battery [under New York law] are: (1) bodily contact, which is (2) harmful or offensive in nature, and (3) made with intent.") (citations omitted). Here all these elements are met and thus Plaintiff seeks a verdict for damages from Mr. Luca.

> **j.  Whether Defendants are responsible for Defendant Luca's actions under the doctrine of *respondeat superior.***

New York State law imposes *respondeat superior* liability on employers for their employees' intentional torts—whereby the employer is responsible for the employee's actions—if the tortfeasor was acting within the scope of his employment. *Buck v. Zwelling,* 272 A.D.2d 895, 707 N.Y.S.2d 281, 282 (N.Y. App. Div. 2000). An employee's conduct is within the scope of his employment if the employer could have reasonably foreseen the employee's tortious conduct. *Helbig v. City of New York,* 212 A.D.2d 506, 622 N.Y.S.2d 316, 318 (N.Y. App. Div. 1995).. Here, plaintiff will prove that the battery was taken by the restaurant's executive chef within the scope of his employment in that capacity and as a result Plaintiff's employers, Defendants Laura Christy Midtown LLC and David Ghatanfard, are also responsible for the tort.

## B. Defendants

### a. The affirmative defenses available pursuant to NYLL § 198 provides a complete defense to Plaintiffs' tip credit, wage notice and wage statement claims.

Defendants submit that the affirmative defenses available pursuant to NYLL § 198 provide a complete defense to Plaintiffs' tip credit, wage statement and wage notice claims. The New York Labor Law provides "it shall be an affirmative defense that…the employer made complete and timely payment of all wages pursuant to this article." *See* NYLL § 198 (1-b). Courts have found that the NYLL 198 (1-b) applies to minimum wage claims for violations of §§ 146-1.3 and 146-2.2 (the claim that an employer cannot take advantage of the tip credit minimum wage for failure to provide the required written notice). *See Marin v. Apple-Metro, Inc.,* 2020 WL 6157011 at *6, Case No. 13-cv-1417 (CLP)(S.D.N.Y. 2020). *See also Hicks v. T.L. Cannon Mgmt. Corp.,* No. 13-CV-06455 (EAW), 2018 WL 2440732, at *7 (W.D.N.Y. Mar. 13, 2018). *See also* Defendants' Pre-Trial Memorandum of Law.

### b. David Ghatanfard is not an employer within the meaning of the NYLL

Defendants will demonstrate that David Ghatanfard is not an employer within the meaning of the NYLL or FLSA. *See Irizarry v. Catsimatidis,* 722 F.3d 99 (2d Cir. 2013).

### c. Actual notice of the tip credit is the only requirement to take the tip credit

The New York State Department of Labor ("NYSDOL") has stated that only actual notice (not written notice) of the trip credit is required by 12 NYCRR §§ 146-1.3 to take the tip credit. *See* March 4, 2015, Pico Ben-Amotz, in his capacity as the General Counsel to the New York Department of Labor ("NYDOL") issued a letter to the Hon. Joseph D. Morelle, Majority Leader of the New York State Assembly ("Opinion Letter"). The Opinion Letter reflects the policy of the NYSDOL and it should be afforded deference. *See Carvente-Avila v. Chaya Mushkah Rest.,* 2016 WL 3221141 (S.D.N.Y. Mar. 1, 2016); *Marin v. Apple-Metro, Inc.,* 2020 WL 6157011 at *7, 13-CV-1417 (S.D.N.Y. 2020)

### d. Defendants acted in good faith at all times.

Defendants acted in good faith and had a reasonable belief that their conduct did not violate the NYLL. *See* NYLL § 198(1)(1-a).

### e. Valbella Midtown is not Responsible for Genco Luca's alleged discrimination

Under the NYSHRL, "liability for an employee's discriminatory conduct may not be imputed to an employer unless the employer became a party to it by encouraging, condoning or approving it." *Olivieri v. Waldbaum, Inc.*, No. 12-CV-1195 SLT MDG, 2013 WL 5507141, at *5 (E.D.N.Y. Sept. 30, 2013).

**f. Valbella Midtown and David Ghatanfard are not responsible for Genco Luca's alleged actions under a theory of respondeat superior.**

The New York Court of Appeals has set forth five factors for determining whether tortious acts have been committed within the scope of employment: "[1] the connection between the time, place and occasion for the act, [2] the history of the relationship between employer and employee as spelled out in actual practice, [3] whether the act is one commonly done by such an employee, [4] the extent of departure from normal methods of performance, [and][5] whether the specific act was one that the employer could reasonably have anticipated." *Olivieri v. Waldbaum, Inc.*, No. 12-CV-1195 SLT MDG, 2013 WL 5507141, at *5 (E.D.N.Y. Sept. 30, 2013). "[A]n employer is not liable for torts committed by the employee for personal motives unrelated to the furtherance of the employer's business." *Swarna v. Al–Awadi*, 622 F.3d 123, 144 (2d Cir. 2010).

| V. | Estimated Number of Trial Days; Jury Trial |
|---|---|

This case is to be tried by a jury. The Parties estimate the trial should last 5-8 days.

| VI. | Trial By Magistrate Judge |
|---|---|

The Parties do not consent to a trial by a magistrate judge.

| VII. | Stipulations |
|---|---|

The Parties hereby to the following facts:

1) Without waiving any arguments about jurisdiction, the Parties agreed that for the purposes of trial, only Plaintiffs' New York Labor Law wage and hour claims will be tried.
2) The names of the Subclass Members who worked as tipped food service employees at Valbella Meatpacking as well as the total number of hours they worked at the tipped minimum wage in each year between January 25, 2011 and December 3, 2018 is included in the list attached hereto as "Exhibit C."
3) The names of the Subclass Members who worked as tipped food service employees at Valbella Midtown as well as the total number of hours they worked at the tipped minimum wage in each year between January 25, 2011 and December 3, 2018 is included in the list attached hereto as "Exhibit D."
4) The Parties stipulate to the admissibility of exhibits J-1 to J-80 as Defendants' authentic payroll records.

## VIII. Trial Witnesses; Whether Testifying In-Person or by Deposition; Summary Of Each Witness's Testimony

The Parties anticipate that all of the listed witnesses will appear and testify in person and strongly prefer that they testify in person. If, however, the situation with the COVID-19 pandemic does not abate prior to the trial date, the Parties would request a conference with the Court to discuss the possibility and logistics of an arrangement under which those witnesses who would be required to travel and/or quarantine in order to appear in person be permitted to testify via video. All Parties reserve their rights to object to and advance arguments about such an arrangement.

### A. Plaintiffs' Witnesses

Plaintiffs reserve the right to call any of Defendant's witnesses and to call any additional witnesses for rebuttal as may be permitted by the Court. Subject to the foregoing, Plaintiffs intend to call the following as witnesses in this matter:

1. Pavle Zivkovic – in-person – testimony concerning Defendants' pay practices, operations, discrimination claims and battery claims.
2. Ricardo Sanchez – in-person – testimony concerning Defendants' pay practices and operations.
3. Julia Thea (Boyadjan) – in-person – testimony concerning Defendants' pay practices and operations.
4. Vojislav Knezevic – in-person – testimony concerning Defendants' pay practices and operations.
5. Fernando Marin – in-person – testimony concerning Defendants' pay practices and operations.
6. Alejandra Rendon – in-person – testimony concerning Defendants' pay practices and operations.
7. Diana Michos – in-person – testimony concerning Defendants' pay practices and operations.
8. Law clerk from Joseph & Kirschenbaum LLP – in-person – testimony concerning summaries of payroll records prepared for trial.
9. David Ghatanfard – in-person – testimony concerning Defendants' pay practices, operations, discrimination claims and battery claims.
10. Lindsay Heuschneider – in-person – testimony concerning Defendants' pay practices and operations.
11. Milton J. Pirsos – in-person – testimony concerning Defendants' pay practices and operations.
12. Laura Demarco – in-person – testimony concerning Defendants' pay practices and operations.

### B. Defendants' Witnesses

Defendants reserve the right to call any of Plaintiffs' witnesses and to call any additional witnesses for rebuttal as may be permitted by the Court. Subject to the foregoing, Defendants intend to call the following as witnesses in this matter:

| | Witness Name | Description of Testimony | Objection |
|---|---|---|---|
| 1 | Laura Demarco | In-person – testimony concerning Valbella Meatpacking and Valbella Midtown's pay practices and operations | |
| 2 | Valerie Malfetano | In-person – testimony concerning Valbella Meatpacking and Valbella Midtown's pay practices and operations | |
| 3 | Lindsey Heuschneider | In-person – testimony concerning Valbella Meatpacking and Valbella Midtown's pay practices and operations | |
| 4 | Milton J. Pirsos | In-person – testimony concerning Defendant's pay practices and operations | |
| 5 | David Ghatanfard | In-person – testimony concerning Valbella Meatpacking and Valbella Midtown's pay practices and operations | |
| 6 | Arben Buqaj | In-person – testimony concerning Valbella Midtown's pay practices and operations | Pursuant to Fed. R. Civ. P. Rule 26, Plaintiffs object to this witness as the witness was not disclosed in any Defendant's initial disclosures. *See* motion in limine. |
| 7 | Denis Koka | In-person – testimony concerning Valbella Meatpacking's pay practices and operations | Pursuant to Fed. R. Civ. P. Rule 26, Plaintiffs object to this witness as the witness was not disclosed in any Defendant's initial disclosures. *See* motion in limine. |
| 8 | Ashley Caputo | In-person – testimony concerning Valbella Meatpacking's pay practices and operations | Pursuant to Fed. R. Civ. P. Rule 26, Plaintiffs object to this witness as the witness was not disclosed in any Defendant's initial disclosures. *See* motion in limine. |
| 9 | Jesus Espinoza | In-person – testimony concerning Valbella Meatpacking's pay | Pursuant to Fed. R. Civ. P. Rule 26, Plaintiffs object to this witness as the witness was not |

| | | practices and operations | disclosed in any Defendant's initial disclosures. *See* motion in limine. |
|---|---|---|---|
| 10 | Fabian Frrokaj | In-person – testimony concerning Valbella Meatpacking and Valbella Midtown's pay practices and operations, as well as about Pavle Zivkovic's allegations of discrimination and battery. | Pursuant to Fed. R. Civ. P. Rule 26, Plaintiffs object to this witness as the witness was not disclosed in any Defendant's initial disclosures. *See* motion in limine. |
| 11 | Morgan Finegan | In-person – testimony concerning Valbella Meatpacking's pay practices and operations | |
| 12 | Ismet Jasaraj | In-person – testimony concerning Valbella Meatpacking's pay practices and operations | Pursuant to Fed. R. Civ. P. Rule 26, Plaintiffs object to this witness as the witness was not disclosed in any Defendant's initial disclosures. *See* motion in limine. |
| 13 | Liza Halilaj | In-person – testimony concerning Valbella Meatpacking and Valbella Midtown's pay practices and operations | Pursuant to Fed. R. Civ. P. Rule 26, Plaintiffs object to this witness as the witness was not disclosed in any Defendant's initial disclosures. *See* motion in limine. |
| 14 | Daniel Brand | In-person – testimony concerning Valbella Midtown's pay practices and operations | Pursuant to Fed. R. Civ. P. Rule 26, Plaintiffs object to this witness as the witness was not disclosed in any Defendant's initial disclosures. *See* motion in limine. |
| 15 | Juan Garcia | In-person – testimony concerning Valbella Meatpacking's pay practices and operations | Pursuant to Fed. R. Civ. P. Rule 26, Plaintiffs object to this witness as the witness was not disclosed in any Defendant's initial disclosures. *See* motion in limine. |
| 16 | Anelito Antonelli | In-person – testimony concerning Valbella Meatpacking's pay practices and operations | Pursuant to Fed. R. Civ. P. Rule 26, Plaintiffs object to this witness as the witness was not disclosed in any Defendant's initial disclosures. *See* motion in |

| | | | limine. |
|---|---|---|---|
| 17 | Leonara Halilaj | In-person – testimony concerning Valbella Midtown's pay practices and operations | Pursuant to Fed. R. Civ. P. Rule 26, Plaintiffs object to this witness as the witness was not disclosed in any Defendant's initial disclosures. *See* motion in limine. |
| 18 | Carina Lazzaro | In-person – testimony concerning Valbella Meatpacking's pay practices and operations | Pursuant to Fed. R. Civ. P. Rule 26, Plaintiffs object to this witness as the witness was not disclosed in any Defendant's initial disclosures. *See* motion in limine. |
| 19 | Luis Orellana | In-person – testimony concerning Valbella Midtown's pay practices and operations | Pursuant to Fed. R. Civ. P. Rule 26, Plaintiffs object to this witness as the witness was not disclosed in any Defendant's initial disclosures. *See* motion in limine. |
| 20 | Blina Sheholli | In-person – testimony concerning Valbella Meatpacking's pay practices and operations | Pursuant to Fed. R. Civ. P. Rule 26, Plaintiffs object to this witness as the witness was not disclosed in any Defendant's initial disclosures. *See* motion in limine. |
| 21 | Kreshnik Narkaj | In-person – testimony concerning Valbella Meatpacking's pay practices and operations | Pursuant to Fed. R. Civ. P. Rule 26, Plaintiffs object to this witness as the witness was not disclosed in any Defendant's initial disclosures. *See* motion in limine. |
| 22 | Oscar Zarate | In-person – testimony concerning Valbella Midtown's pay practices and operations | Pursuant to Fed. R. Civ. P. Rule 26, Plaintiffs object to this witness as the witness was not disclosed in any Defendant's initial disclosures. *See* motion in limine. |
| 23 | Christian Sanchez | In-person – testimony concerning Valbella Midtown's pay practices and operations | Pursuant to Fed. R. Civ. P. Rule 26, Plaintiffs object to this witness as the witness was not disclosed in any Defendant's |

| | | | initial disclosures. *See* motion in limine. |
|---|---|---|---|
| 24 | Elton Olli | In-person – testimony concerning Valbella Midtown's pay practices and operations and Pavle Zivkovic's allegations of discrimination and battery | Pursuant to Fed. R. Civ. P. Rule 26, Plaintiffs object to this witness as the witness was not disclosed in any Defendant's initial disclosures. *See* motion in limine. |
| 25 | Petrit Lala | In-person – testimony concerning Valbella Meatpacking's pay practices and operations | Pursuant to Fed. R. Civ. P. Rule 26, Plaintiffs object to this witness as the witness was not disclosed in any Defendant's initial disclosures. *See* motion in limine. |
| 26 | Mikel Paska | In-person – testimony concerning Valbella Meatpacking's pay practices and operations | Pursuant to Fed. R. Civ. P. Rule 26, Plaintiffs object to this witness as the witness was not disclosed in any Defendant's initial disclosures. *See* motion in limine. |
| 27 | Elio Papa | In-person – testimony concerning Valbella Meatpacking and Valbella Midtown's pay practices and operations | Pursuant to Fed. R. Civ. P. Rule 26, Plaintiffs object to this witness as the witness was not disclosed in any Defendant's initial disclosures. *See* motion in limine. |
| 28 | Armando Romero | In-person – testimony concerning Valbella Meatpacking's pay practices and operations | Pursuant to Fed. R. Civ. P. Rule 26, Plaintiffs object to this witness as the witness was not disclosed in any Defendant's initial disclosures. *See* motion in limine. |
| 29 | Guillermo Garcia | In-person – testimony concerning Valbella Meatpacking's pay practices and operations | Pursuant to Fed. R. Civ. P. Rule 26, Plaintiffs object to this witness as the witness was not disclosed in any Defendant's initial disclosures. *See* motion in limine. |
| 30 | Berkim Frrokaj | In-person – testimony concerning Valbella Meatpacking and Valbella Midtown's pay practices and | Pursuant to Fed. R. Civ. P. Rule 26, Plaintiffs object to this witness as the witness was not |

| | | operations | disclosed in any Defendant's initial disclosures. *See* motion in limine. |
|---|---|---|---|
| 31 | Ekrem Xhemajli | In-person – testimony concerning Valbella Meatpacking's pay practices and operations | Pursuant to Fed. R. Civ. P. Rule 26, Plaintiffs object to this witness as the witness was not disclosed in any Defendant's initial disclosures. *See* motion in limine. |
| 32 | Israel Arellano | In-person – testimony concerning Valbella Meatpacking's pay practices and operations | Pursuant to Fed. R. Civ. P. Rule 26, Plaintiffs object to this witness as the witness was not disclosed in any Defendant's initial disclosures. *See* motion in limine. |
| 33 | Ivi Shano | In-person – testimony concerning Valbella Meatpacking's pay practices and operations | Pursuant to Fed. R. Civ. P. Rule 26, Plaintiffs object to this witness as the witness was not disclosed in any Defendant's initial disclosures. *See* motion in limine. |
| 34 | Ertis Pashako | In-person – testimony concerning Valbella Midtown's pay practices and operations | Pursuant to Fed. R. Civ. P. Rule 26, Plaintiffs object to this witness as the witness was not disclosed in any Defendant's initial disclosures. *See* motion in limine. |
| 35 | Florence Pashako | In-person – testimony concerning Valbella Midtown's pay practices and operations, as well as Pavle Zivkovic's discrimination and battery claims | Pursuant to Fed. R. Civ. P. Rule 26, Plaintiffs object to this witness as the witness was not disclosed in any Defendant's initial disclosures. *See* motion in limine. |
| 36 | Fikret Uslu | In-person – testimony concerning Valbella Meatpacking's pay practices and operations | Pursuant to Fed. R. Civ. P. Rule 26, Plaintiffs object to this witness as the witness was not disclosed in any Defendant's initial disclosures. *See* motion in limine. |
| 37 | Danielle Brown | In-person – testimony concerning Valbella Meatpacking's pay | Pursuant to Fed. R. Civ. P. Rule 26, Plaintiffs object to this |

| | | practices and operations | witness as the witness was not disclosed in any Defendant's initial disclosures. *See* motion in limine. |
|---|---|---|---|
| 38 | Jose Sarmiento | In-person – testimony concerning Valbella Midtown's pay practices and operations | Pursuant to Fed. R. Civ. P. Rule 26, Plaintiffs object to this witness as the witness was not disclosed in any Defendant's initial disclosures. *See* motion in limine. |
| 39 | Paola Rosa | In-person – testimony concerning Valbella Midtown's pay practices and operations | Pursuant to Fed. R. Civ. P. Rule 26, Plaintiffs object to this witness as the witness was not disclosed in any Defendant's initial disclosures. *See* motion in limine. |
| 40 | Jose Fernandez | In-person – testimony concerning Valbella Midtown's pay practices and operations | Pursuant to Fed. R. Civ. P. Rule 26, Plaintiffs object to this witness as the witness was not disclosed in any Defendant's initial disclosures. *See* motion in limine. |
| 41 | Aram Kharachaturian | In-person – testimony concerning Valbella Meatpacking's pay practices and operations | |
| 42 | Gianna Izzo | In-person – testimony concerning Valbella Meatpacking and Valbella Midtown's pay practices and operations | Pursuant to Fed. R. Civ. P. Rule 26, Plaintiffs object to this witness as the witness was not disclosed in any Defendant's initial disclosures. *See* motion in limine. |
| 43 | Elva Chiu | In-person – testimony concerning Valbella Meatpacking's pay practices and operations | |
| 44 | Dariana Acvedo | In-person – testimony concerning Valbella Midtown's pay practices and operations | Pursuant to Fed. R. Civ. P. Rule 26, Plaintiffs object to this witness as the witness was not disclosed in any Defendant's initial disclosures. *See* motion in limine. |
| 45 | Daniel Nino | In-person – testimony concerning | Pursuant to Fed. R. Civ. P. Rule |

| | | Valbella Midtown's pay practices and operations | 26, Plaintiffs object to this witness as the witness was not disclosed in any Defendant's initial disclosures. *See* motion in limine. |
|---|---|---|---|
| 46 | Adrijana Lukacevic | In-person – testimony concerning Valbella Midtown's pay practices and operations | Pursuant to Fed. R. Civ. P. Rule 26, Plaintiffs object to this witness as the witness was not disclosed in any Defendant's initial disclosures. *See* motion in limine. |
| 47 | Genco Luca | In-person – testimony concerning Pavle Zivkovic's alleged discrimination claims and battery claims | |
| 48 | Nicole Tavakoli | In-person – testimony concerning Pavle Zivkovic's alleged discrimination and battery claims | Pursuant to Fed. R. Civ. P. Rule 26, Plaintiffs object to this witness as the witness was not disclosed in any Defendant's initial disclosures. *See* motion in limine. |
| 49 | Tiffany Mercado | In-person – testimony concerning Pavle Zivkovic's alleged discrimination and battery claims | Pursuant to Fed. R. Civ. P. Rule 26, Plaintiffs object to this witness as the witness was not disclosed in any Defendant's initial disclosures. *See* motion in limine. |
| 50 | Rogelio Ramos | In-person – testimony concerning Pavle Zivkovic's alleged discrimination and battery claims | Pursuant to Fed. R. Civ. P. Rule 26, Plaintiffs object to this witness as the witness was not disclosed in any Defendant's initial disclosures. *See* motion in limine. |
| 51 | Arget Dalipi | In-person – testimony concerning Pavle Zivkovic's alleged discrimination and battery claims | Pursuant to Fed. R. Civ. P. Rule 26, Plaintiffs object to this witness as the witness was not disclosed in any Defendant's initial disclosures. *See* motion in limine. |
| 52 | Raul Franco | In-person – testimony concerning Pavle Zivkovic's alleged | Pursuant to Fed. R. Civ. P. Rule 26, Plaintiffs object to this |

| | | discrimination and battery claims | witness as the witness was not disclosed in any Defendant's initial disclosures. *See* motion in limine. |
|---|---|---|---|
| 53 | Hadi Alvian | In-person -testimony concerning Valbella Midtown's pay practices and operations | |

<br>

## IX.    Deposition Designations

### A.    Plaintiffs' Designations

| | |
|---|---|
| Deposition of Lindsay Heuschneider | 11:18-12:17; 25:14-27:25; 28:8-29:13; 35:9-36:14; 37:5-11; 50:20-52:11; 66:6-22; 74:5-76:8; 76:9-82:13; 86:7-86:20; 103:11-22; 109:11-22; 120:21-122:23; 124:8-125:15; 127:5-22; 155:12-158:13;162:20-163:10. |
| Deposition of David Ghatanfard | 35:8-37:24; 77:14-78:7; 105:16-22; 117:3-120:14; 132:25-135:7. |
| Deposition of Laura Demarco | 10:14-14:10; 22:24-27:16; 29:10-33:5; 35:19-38:12; 43:21-49:11; 55:3-9; 64:6-65:19. |
| Deposition of Milton J. Pirsos | 16:13-18:11; 19:12-20:10; 33:24-34:12; 37:9-16; 41:18-42:12; 59:18-60:10; 62:12-18; 89:20-91:21. |

Plaintiffs reserve the right to use deposition testimony for impeachment purposes.

### B.    Defendants' Designations

Defendants have no deposition designations.  Defendants reserve the right to use deposition testimony for impeachment purposes.

## X.    Trial Exhibits

Set forth below are lists of the Parties' proposed joint exhibits, Plaintiffs' exhibits and Defendants' exhibits.  The Parties reserve the right to introduce any exhibit identified by the opposing party in their respective cases in chief.

### A.    Joint Exhibits

| # | Description | Identifying Information |
|---|---|---|
| J 1 | Zivkovic payroll journals | MID1-120 |

| J 2 | Payroll records, tip sheets, schedules (2013-2016) | MID210-968 |
|---|---|---|
| J 3 | Payroll journals and payroll records | MID3137-3519 |
| J 4 | Payroll journals and payroll records | MID3534-5969 |
| J 5 | "Notice and Acknowledgment of Pay Rate and Payday" form | MID5991 |
| J 6 | Payroll records, including tip sheets, tip summaries, time records | MID6000-6174 |
| J 7 | Earning records 2011-2014 | MID6117-6378 |
| J 8 | Individual payroll details (2017) | MID6383-6442 |
| J 9 | Individual payroll details (2016) | MID6443-6498 |
| J 10 | Individual payroll details (2015) | MID6499-6555 |
| J 11 | Individual payroll details (2014) | MID6556-6592 |
| J 12 | Earnings record (2014) | MID6593-6694 |
| J 13 | Earnings record (2015) | MID6695-6895 |
| J 14 | Earnings record (2016) | MID6896-7090 |
| J 15 | Earnings record (2017) | MID7091-7299 |
| J 16 | Individual payroll details (2018) | MID8005-8065 |
| J 17 | Payroll summary (2018) | MID8066-8099 |
| J 18 | Individual payroll details (2017) | MID8100-8109 |
| J 19 | Individual payroll details (2018) | MID8110-8660 |
| J 20 | Payroll summary (2017) | MID8661-8662 |
| J 21 | Payroll summary (2018) | MID8663-8767 |
| J 22 | Wage Statements (2017) | MID8768-8795 |

| J 23 | Wage Statements (2018) | MID8796-10342 |
|------|------------------------|---------------|
| J 24 | Payroll journals (2011-2014) | MID10343-10393 |
| J 25 | Payroll summary (2018) | MID10414-10491 |
| J 26 | Tip Sheets | MID211-216, 218-226, 228-233,236-249, 252-257, 259-264, 266-271, 275-283, 285-290, 292, 294-298,300-305,307-312, 314-319, 322-327, 329-333,335-340,342-353, 355-360, 363-367, 369-374, 376-381, 384-395, 397-402, 404-409, 411-415, 419-423, 425-426, 428-430, 433-434, 436-440, 442-447, 449-454, 456-459, 461-464, 467, 469-472, 474, 476-477, 479, 481-483, 485-488, 492-497, 499-504, 506-512, 514-520, 522-525, 538-543, 550-555, 561-566, 571-576, 581-585, 590-595, 597-602, 608-613, 619-624, 630-635, 641-646, 652-657, 663-668, 674-679, 686-691, 696-702, 708-712, 714-720, 731-736, 742-747, 752-757, 762-769, 775-780, 784-788, 800-805, 807-812, 817-822, 831-836, 845-850, 853, 855-859, 869-874, 886-891, 894-899, 903-907, 920-925, 927-932, 942-953, 963-967, 3132-3137, 3161-3167, 3232-3237, 3263-3268, 3297-3302, 3324-3329, 3348-3353, 3359-3364, 3493-3497, 3499-3504, 3506-3510, 3550-3556, 3594-3599, 3618-3623, 3626-3620, 3635-3639, 3656-3661, 3664-3669, 3715-3720, 3739-3744, 3770-3775, 3790-3794, 3811-3816, 3838-3843, 3863, 3879-3884, 3905-3910, 3913-3918, 3923-3927, 3962-3967, 4005-4011, 4018-4022, 4040-4045, 4064-4069, 4109-4114, 4148-4153, 4168, 4186-4191, 4196-4201, 4220-4225, 4244-4249, 4293-4297, 4299, 4301-4305, 4308-4313, 4349-4354, 4375-4378, 4399-4403, 4503-4508, 4543-4548, 4551-4556, 4558-4563, 4583-4588, 4611-4615, 4635-4640, 4661-4666, 4689-4693, 4695-4700, 4704-4709, 4711-4716, 4782-4785, 4787-4792, 4814-4819, 4858-4863, 4884-4888, 4892-4897, 4899-4902, 4920-4925, 4958-4963, 5007-5011, 5014-5020, 5024-5029, 5165-5170, 5175-5180, 5228-5233, 5239-5243, |

| | | |
|---|---|---|
| | | 5698-5703, 5708-5713, 5718-5723, 5725-5729, 5733-5738, 5817-5821, 5823-5828, 5832-5835, 5839, 5840, 5844-5849, 5853-5858, 5863-5868, 5874-5879, 5883-5888, 5893-5897, 5899-5903, 5907-5912, 5920-5925, 5926-5931, 5938-5941, 5945-5950, 5957-5962, 5963-5968, 6002-6007, 6010-6015, 6019-6024, 6027-6033, 6034-6039, 6041-6046, 6049-6054, 6059-6062, |
| J 27 | Schedules | MID427, 435, 441, 448, 455, 466, 475, 484, 491, 498, 513, 521, 544, 556, 567, 577, 578-580, 586, 587-589, 606, 614, 625, 636, 647, 658, 669, 680, 692, 703, 713, 721, 737, 748, 761, 774, 789, 794, 799, 806, 827, 829, 851, 867, 875, 892, 915, 926, 933, 954, 960, 3138, 3167, 3238, 3269, 3323, 3354, 3365, 3557, 3600, 3625, 3633, 3640, 3662, 3670, 3721, 3745, 3776, 3795, 3817, 3844, 3885, 3911, 3919, 3928, 3968, 4115, 4154, 4202, 4226, 4250, 4298, 4306, 4314, 4355, 4405, 4509, 4542, 4557, 4564, 4589, 4617, 4641, 4694, 4701, 4710, 4717, 4793, 4820, 4864, 4889, 4898, 4927, 4964, 5012, 5023, 5030, 5171, 5234, 5238, 5704, 5714, 5724, 5730, 5739, 5822, 5831, 5841, 5852, 5861, 5862, 5870, 5880, 5898, 5904, 5916, 5917, 5937, 5942, 5951, 5956, 6001, 6009, 6018, 6113, 6124, 6135, 6146, 6156, |
| J 28 | Weekly payroll summaries | MID 546-548, 557-560, 568-570, 596, 603-605, 615-618, 626-629, 637-640, 648-651, 659-662, 670-673, 681-683, 693-695, 704-707, 723-726, 727-730, 738-741, 749-751, 758-760, 770-773, 781-783, 790-793, 795-798, 813-816, 823-825, 828, 837-840, 841-844, 852, 860-862, 876-878, 880-882, 900-902, 908-910, 912-914, 935-937, 939-941, 957-958, 961, 3139, 3168, 3231, 3270, 3296, 3322, 3347, 3366, 3381, 3498, 3558, 3593, 3632, 3634, 3663, 3671, 3722, 3746, 3777, 3789, 3819, 3845, 3886, 3912, 3920, 3929, 3969, 4012, 4023, 4046, 4070, 4155, 4192, 4203, 4227, 4251, 4300, 4307, 4315, 4356, 4406, 4510, 4541, 4550, 4565, 4590, 4610, 4642, 4660, 4702, 4703, 4718, 4786, |

| | | |
|---|---|---|
| | | 4794, 4821, 4865, 4890, 4891, 4903, 4926, 4965, 5013, 5021-5022, 5031-5032, 5164, 5172-5173, 5235-5237, 5480, 5705-5707, 5715-5717, 5731-5732, 5740-5742, 5816, 5829-5830, 5836-5838, 5842-5843, 5850-5851, 5859-5860, 5871-5873, 5881-5882, 5889-5892, 5905-5906, 5913-5915, 5918-5919, 5932-5934, 5943-5944, 5952-5953, 5954-5955, 5969 |
| J 29 | Wage Statement (2014) | MID 865, 883-884, 5276-5287, 5304-5315, 5332-5339, |
| J 30 | Tip records (2017) | MID 6063-6111, 6112, 6117-6122, 6123, 6125-6130, |
| J 31 | Time records (2017) | MID 6114-6116, 6131-6133, 6142-6144, 6153-6154, 7172-6174 |
| J 32 | Payroll records, including schedules, and tip sheets | MEAT69-477 |
| J 33 | Payroll records, including payroll journals (2013) | MEAT517-2290 |
| J 34 | Time records | MEAT2298-2304 |
| J 35 | Payroll records | MEAT2323-2619 |
| J 36 | Payroll records, including schedules, and tip sheets | MEAT2620-2775 |
| J 37 | Time records | MEAT2809-2815 |
| J 38 | Payroll details | MEAT3019-3373 |
| J 39 | Employee earnings records (2011-2014) | MEAT3374-4072 |
| J 40 | Employee earnings records (2014-2017) | MEAT4073-5298 |
| J 41 | "Notice and Acknowledgment of Pay | MEAT5507-5521, 5527-5529, 5626, |

| | | |
|---|---|---|
| | Rate and Payday" forms | |
| J 42 | Wage statements (2017) | MEAT5725-5728 |
| J 43 | "Notice and Acknowledgment of Pay Rate and Payday" forms (2017) | MEAT5809-5832 |
| J 44 | "Notice and Acknowledgment of Pay Rate and Payday" form (2014) | MEAT5941 |
| J 45 | Payroll records | MEAT6308-6461 |
| J 46 | Schedules | MEAT6482-6501, 6505-6526 |
| J 47 | Payroll records | MEAT6528-6755 |
| J 48 | Payroll summary | MEAT6968-7057 |
| J 49 | Wage Statements | MEAT8365-10675 |
| J 50 | Paychex Employee Earning Record – Laura Christy LLC (2011) | 0013W733 2011 Earnings Record |
| J 51 | Paychex Employee Earning Record – Laura Christy LLC (2012) | 0013W733 2012 Earnings Record |
| J 52 | Paychex Employee Earning Record – Laura Christy LLC (2013) | 0013W733 2013 Earnings Record |
| J 53 | Paychex Employee Earning Record – Laura Christy LLC (2014) | 0013W733 2014 Earnings Record |
| J 54 | Paychex Employee Earning Record – Laura Christy Midtown LLC (2011) | 16010105 2011 Earnings Record |
| J 55 | Paychex Employee Earning Record – Laura Christy Midtown LLC (2012) | 16010105 2012 Earnings Record |
| J 56 | Paychex Employee Earning Record – Laura Christy Midtown LLC (2013) | 16010105 2013 Earnings Record |
| J 57 | Paychex Employee Earning Record – | 16010105 2014 Earnings Record |

| | | |
|---|---|---|
| | Laura Christy Midtown LLC (2014) | |
| J 58 | ADP Employee Summary – Laura Christy LLC (2014) | RX NC5 2014 Q4 Employee Summary |
| J 59 | ADP Employee Summary – Laura Christy LLC (2015) | RX NC5 2015 Q4 Employee Summary |
| J 60 | ADP Employee Summary – Laura Christy LLC (2016) | RX NC5 2016 Q4 Employee Summary |
| J 61 | ADP Employee Summary – Laura Christy LLC (2017) | RX NC5 2017 Q4 Employee Summary |
| J 62 | ADP Employee Summary – Laura Christy LLC (2018) | RX NC5 2018 Q4 Employee Summary |
| J 63 | ADP Earnings Record – Laura Christy LLC (2014-2018) | RX NC5 2014 - 2018 Earnings Record |
| J 64 | ADP Employee Summary – Laura Christy Midtown LLC (2014) | 2014 Q4 Employee Summary RX_NC9 |
| J 65 | ADP Employee Summary – Laura Christy Midtown LLC (2015) | 2015 Q4 Employee Summary RX_NC9 |
| J 66 | ADP Employee Summary – Laura Christy Midtown LLC (2016) | 2016 Q4 Employee Summary RX_NC9 |
| J 67 | ADP Employee Summary – Laura Christy Midtown LLC (2017) | 2017 Q4 Employee Summary RX_NC9 |
| J 68 | ADP Employee Summary – Laura Christy Midtown LLC (2018) | 2018 Q4 Employee Summary RX_NC9 |
| J 69 | ADP Earnings Record – Laura Christy Midtown LLC (2014-2018) | 2014 - 2018 Earnings Record RX_NC9 |
| J 70 | "Notice and Acknowledgment of Pay Rate and Payday" forms (2017) | LS-45 Form |
| J 71 | List of minimum wage, overtime, and tip credit rates from 2011-2018 | |
| J 72 | Schedules | P001-14 |

| J 73 | Tip sheet | P015 |
|---|---|---|
| J 74 | Wage statements with time chits | P016-17 |
| J 75 | Wage statements | P018-19, 24, 26, 28, 30, 32, 33, 35, 36, 39-41, |
| J 76 | Time chits | P020-23, 25, 27, 29, 31, 34, 37, 38, 42-44 |
| J 77 | Wage statements | P057-87 |
| J 78 | Wage statements | P088-110 |
| J 79 | Wage statements | P110-115 |
| J 80 | Time records | MID007452-7687 |

## B.    Plaintiffs' Exhibits

| # | Description | Identifying Information |
|---|---|---|
| P 1 | Letter from NYC | P116 |
| P 2 | Laura Christy Midtown LLC – original class list | |
| P 3 | Laura Christy Midtown LLC – class list with opt-outs removed | |
| P 4 | Laura Christy Midtown LLC – class list with hours paid to each subclass member | |
| P 5 | Laura Christy Midtown LLC – list of all overtime payments paid at incorrect wage rate to subclass members | |
| P 6 | Laura Christy LLC – original class list | |
| P 7 | Laura Christy LLC – class list with opt-outs removed | |
| P 8 | Laura Christy LLC – class list with hours paid to each subclass member | |
| P 9 | Laura Christy LLC – list of all overtime payments paid at incorrect wage rate to subclass members | |

| XI. | Statement Of Damages Claimed and Methods Used to Calculate |

Plaintiffs seek the following damages:

1. Payment of all tip credits Defendants took as allowances from Subclass Members' wages – estimated at approximately **$1,243,000**.
2. Payment of underpaid overtime Defendants paid to Subclass Members – estimated at approximately **$50,000**.
3. Payment of all spread of hour pay Defendants owe Subclass Members – estimated at approximately **$130,000**.
4. Liquidated Damages – estimated at approximately **$1,450,000**;
5. Prejudgment interest – estimated at approximately **$717,750**.
6. Payment of statutory penalties to all Subclass Members for violations of NYLL § 195(1) – estimated at approximately **$600,000 – $800,000**;
   Payment of statutory penalties to all Subclass Members for violations of NYLL § 195(3) – estimated at approximately **$900,000 – $1,100,000**.
7. NYCHRL compensatory damages for Plaintiff Zivkovic – estimated at least **$100,000** based on Plaintiff's testimony of the emotional distress he suffered as a result of the discrimination.
8. NYCHRL punitive damages for Plaintiff Zivkovic – estimated at least **$150,000** based on Plaintiff's testimony of the emotional distress he suffered as a result of the discrimination.
9. Attorneys' fees and costs – to be determined after trial.

Plaintiffs intend to use the following method of calculating each of these claims:

| Claim | Method of calculation |
|---|---|
| Reimbursement of the tip credit | Multiply the total number of hours Subclass Members were paid at the tip credit each year by the tip credit Defendants applied to Subclass Members' wages that year. <br><br> Plaintiffs propose that the jury will only be asked to find the number of hours Subclass Members were paid at the tipped minimum wage each year and the Court will multiply those numbers by the applicable tip credits in effect at that time. |
| Overtime paid at incorrect rate | Multiply the total number of hours Subclass Members were paid at the incorrect overtime rate each year by the difference between the relevant statutorily required tip credit overtime rate and the incorrect rate Defendants applied to Subclass Members' overtime wages. <br><br> Plaintiffs propose that the jury will be asked to provide the at the total amount owed of underpaid overtime payments at each location each year. |
| Unpaid spread of hours pay | (a) for each year in the limitations period, multiply the spread of hours rate in effect during that year by the total number of spread of hours shifts the jury finds Subclass Members worked each week, then (b) for each year, multiply |

| | |
|---|---|
| | the results of (a) by 52 weeks. |
| | Plaintiffs propose that the jury will only be asked to find, for each year in the relevant period, the estimated number of spread of hours shifts worked in a week during that year. The Court will then multiply the number provided by the jury by the applicable full minimum wage in effect at that time to arrive at the weekly amount owed. The court will then multiply the weekly number by 52 to arrive at the total amount owed each year. |
| Liquidated Damages | 100% of compensatory tip credit, overtime and spread of pay damages. |
| NYLL § 195(1) penalties | (a) Divide the total number of hours Subclass Members worked by 8 to arrive at the estimated total number of "days" worked, and then (b) multiply the "days" result of (a) by the appropriate penalty calculations under NYLL § 198 in effect at the time each Subclass Member worked. (For Subclass Members who worked prior to February 27, 2015, *i.e.*, prior to the time amendments to NYLL § 198 became effective, further divide the result of (a) (the total number of days worked) by 5 to arrive at an estimated number of weeks worked as required to calculate penalties under NYLL § 198 effective at that time.

Plaintiffs propose to provide evidence to the jury of the total amount owed in penalties for this infraction and will ask the jury to state that number in the verdict sheet. |
| NYLL § 195(3) penalties | (a) Divide the total number of hours Subclass Members worked by 8 to arrive at the estimated total number of days worked, and then (b) multiply the "days" result in (a) by the appropriate penalty calculations under NYLL § 198 in effect at the time each Subclass Member worked.

Plaintiffs propose to provide evidence to the jury of the total amount owed in penalties for this infraction and will ask the jury to state that number in the verdict sheet. |
| Prejudgment interest | Total compensatory damages (*i.e.*, tip credit, overtime, and spread of hours) multiplied by 9% interest, and further multiplied by 5.5 (*i.e.*, the mid-point between the beginning of the limitations period in January 2011 and date of trial). |
| NYCHRL discrimination damages | Plaintiff will seek $100,000 based on his testimony of the emotional distress he suffered as a result of the discrimination he endured |
| NYCHRL Punitive Damages | Plaintiff will seek $150,000 based on his testimony of the emotional distress he suffered as a result of the discrimination he endured |

| | |
|---|---|
| Battery damages | $25,000 for bodily harm |
| Attorneys' fees and costs | TBD after trial |

Defendants do not stipulate to Plaintiffs' proposed method of calculating damages.

| **XII.     Less Than A Unanimous Verdict** |
|:---:|

The parties do not consent to a less than unanimous verdict.

Dated: February 10, 2022

**For Plaintiffs, Opt-in Plaintiffs and the Fed. R. Civ. P. Rule 23 Subclasses:**

JOSEPH & KIRSCHENBAUM LLP


  s/*Josef Nussbaum*
D. Maimon Kirschenbaum
Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 688-2548
Maimon@jk-llp.com
jnussbaum@jk-llp.com


**For Defendant Laura Christy Midtown LLC:**

HAROLD, SALANT, STRASSFIELD & SPIELBERG


  s/*Leonard I. Spielberg*
Leonard I. Spielberg
81 Main St, Suite 205
White Plains, NY 10601
Tel: (914) 683-2500
Fax: (914) 683-1279
lenspielberg@gmail.com

**For Defendant Laura Christy LLC:**

DEALY, SILBERSTEIN & BRAVERMAN, LLP


  s/*Maria Louis Bianco*
Milo Silberstein
Maria Louisa Bianco
Amanda E. Maguire
225 Broadway, Suite 1405
New York, NY 10007
Tel: (212) 385-0066
Fax: (212) 385-2117
msilberstein@dsblawny.com
mbianco@dsblawny.com
amaguire@dsblawny.com


**For Defendants David Ghatanfard and Genco Luca:**

NEAL S. COMER – ATTORNEY AT LAW

  s/*Neal S. Comer*
Neal S. Comer
81 Main St
White Plains, NY 10601
Tel: (914) 683-5400
Fax: (914) 683-1279
comeresq@aol.com