UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAVLE ZIVKOVIC, on behalf of himself and
others similarly situated,

               Plaintiff,

v.

LAURA CHRISTY LLC d/b/a VALBELLA,
LAURA CHRISTY MIDTOWN LLC, DAVID
GHATANFARD, and GENCO LUCA,

               Defendants.

17-CV-00553 (GHW)

---

## PLAINTIFFS' MOTION IN *LIMINE* TO EXCLUDE EVIDENCE CONCERNING NON-WRITTEN NOTICE AND AMOUNT OF TIPS CLASS MEMBERS EARNED

---

### JOSEPH & KIRSCHENBAUM LLP

D. Maimon Kirschenbaum
Josef Nussbaum
Lucas C. Buzzard
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640

*Attorneys for Plaintiffs
and the Fed. R. Civ. P.
Rule 23 Subclasses*

# TABLE OF CONTENTS

I.      INTRODUCTION ............................................................................................. 1

II.     RELEVANT BACKGROUND ....................................................................... 2

   A.   Non-Written Notice of the Tip Credit is Irrelevant at Trial ......................... 2

   B.   Amount of Tips Earned by Subclass Members is Irrelevant at Trial .......... 4

III.    ARGUMENT .................................................................................................. 5

   A.   Evidence of any Non-written Notice of the Tip Credit Defendants Provided Subclass Members or Amount of Tips Subclass Earned  is Irrelevant Under Fed. R. Evid. 401 & 402. ....................................................................................................... 6

   B.   Admission of Evidence Relating to Non-Written Notice of the Tip Credit and Amounts of Tips Would be Confusing to the Jury, Would Cause Undue Prejudice to Plaintiffs, and Would Result in Undue Delay and Waste of Time. .......................... 7

IV.     CONCLUSION ........................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*C.C. by & through Camarata v. Polaris Indus., Inc.*, 774 F. App'x 45, 47 (2d Cir. 2019)............ 5

*Chamilco v. Wild Edibles*, No. 16 CV 2848 (MB), 2017 U.S. Dist. LEXIS 233074, at *8 (S.D.N.Y. Dec. 1, 2017)................................................................................................................ 8

*Gorbea v. Verizon N.Y., Inc.*, 2014 U.S. Dist. LEXIS 87295, at *5 (E.D.N.Y. June 25, 2014)..... 9

*Hart v. RCI Hosp. Holdings*, Inc., 90 F. Supp. 3d 250 (S.D.N.Y. 2015).................................... 7

*Hart*, 90 F. Supp. 3d 250, 259-60 ............................................................................................... 9

*Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176-77 (S.D.N.Y. 2008) ........ 8

*Luce v. United States,* 469 U.S. 38, 40 n.2 (1984).......................................................................... 5

*Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) .................................................................. 5

*Rios, et al, v. Louya Corp. d/b/a Jacques Brasserie, et al*, 14 CV 6800 ...................................... 3

*Ross v. Arpaio*, 2008 U.S. Dist. LEXIS 80789, at *12-13 (D. Ariz. Sep. 12, 2008) ..................... 9

*Santrayll v. Burrell*, 993 F. Supp. 173, 177 (S.D.N.Y. 1998)........................................................ 9

*Stoebner Holdings, Inc. v. Automobili Lamborghini, S.P.A.*, 2007 U.S. Dist. LEXIS 90341, 2007 WL 4300386, *1 (D. Haw. Dec. 7, 2007).................................................................................. 9

*Tezoco v. GE & LO Corp.*, 199 A.D.3d 541, 542 (1st Dep't 2021) ............................................ 4

*United States v. Gelzer*, 50 F.3d 1133, 1139 (2d Cir.1995)........................................................ 8

*United States v. Miller*, 626 F.3d 682, 688 (2d Cir. 2010) ............................................................ 6

*United States v. Ozsusamlar*, 428 F. Supp. 2d 161, 2006 U.S. Dist. LEXIS 20389, at *23 (S.D.N.Y., 2006).......................................................................................................................... 8

**Statutes**

Fed. R. Evid. 401 ...................................................................................................................... 5, 6

Fed. R. Evid.402 .......................................................................................................................... 5

Fed. R. Evid. 403 ...................................................................................................................... 5, 7

NYLL § 195....................................................................................................................... 1, 4, 7

NYLL § 198 ............................................................................................................................. 2, 4

N.Y. Comp. Codes R. & Regs., tit. 12, § 146-2.2 ...................................................................... 4

N.Y. Comp. Codes R. & Regs., tit. 12, § 146-1.3 ...................................................................... 2

N.Y. Comp. Codes R. & Regs., tit. 12, § 146-2.2 ...................................................................... 1

## I.       INTRODUCTION

Defendants' submissions in the proposed Joint Pretrial Order ("JPTO") (filed concurrently with this motion) indicate that—despite the Court's clear statements to the contrary—Defendants intend to argue that they are entitled to the tip credit because they provided Subclass Members non-written notice of the tip credit—and not necessarily written notice.  As this (incorrect) reading of the New York Hospitality Wage Order (the "Wage Order") has already been rejected by the Court, there is no probative value at all to evidence about whether Subclass Members in this case had non-written notice of the tip credit.  Rather, the sole inquiry with respect to liability on this issue is: did Defendants provide Subclass Members with written notice that included all the information required under § 146-2.2 of the Wage Order. *See* N.Y. Comp. Codes R. & Regs., tit. 12, § 146-2.2.

Plaintiffs also anticipate that Defendants intend to emphasize the amount of tips Subclass Members earned in order to induce the jury to believe that Subclass Members were not purely reliant on the minimum wages and, thus, that Defendants' failure to pay all wages owed was not that egregious. In other words, Defendant may point to the tips Subclass Members earned and ask the jury to overlook any minimum wage violations Defendants committed.  However, there is no claim in this case that Subclass Members were not paid all the tips they were owed and the only relevant inquiries at trial relate to whether Subclass Members were (a) properly paid minimum wage and overtime, (b) properly paid spread of hours pay, and (c) received statutory notices required under NYLL § 195.  To the extent tips Subclass Members earned could play into any affirmative defense for penalties available under NYLL § 195—which is available where an employer made a "complete and timely" payment of all wages—Plaintiffs do not claim that their tip payments were not "complete" and thus the amount of tips they earned does not play into that

area of inquiry either. *See* NYLL § 198.[1] Any evidence or statements relating to the *amounts* of tips that Subclass Members earned is simply irrelevant and would only serve to confuse and/or prejudice the jury.

Accordingly, Defendants should be precluded from offering any evidence at all as to (a) whether Subclass Members received non-written notice, and (b) the amounts of tips that Subclass Members earned, as any such evidence is of no material relevance and would be unduly prejudicial.

## II.     RELEVANT BACKGROUND

### A.  Non-Written Notice of the Tip Credit is Irrelevant at Trial

Plaintiff/Subclass Members seek a verdict that Defendants were not entitled to pay them pursuant to a tip credit as Defendants did not meet the statutory perquisites necessary to apply such credits. Specifically, under the New York law, "[a]n employer may take a credit towards the basic minimum hourly rate if a service employee or food service worker receives enough tips and if the employee has been notified of the tip credit as required in section 146-2.2" of the Hospitality Wage Order. 12 N.Y.C.R.R. § 146-1.3. Section 146-2.2 of the Hospitality Wage Order requires employers to give each employee "written notice" that includes, among other things, the employee's regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday."

In May 2019, Plaintiffs moved for partial summary judgment on this issue and sought a finding that Defendant did not provide Subclass Members with written notices of the tip credit. Defendants opposed this motion relying in large part on an argument that any notice, not necessarily written notice, was sufficient to permit them to apply a tip credit to Subclass Members'

---

[1]  Given Defendants' statements in the proposed joint pretrial order, we except them to argue that this affirmative defense is also available for violations of the tip notice requirements.  Plaintiffs strenuously oppose this position (as set forth in our pretrial memorandum filed concurrently with this motion).  In any event, irrespective of the outcome of that issue, the amount of tips is not relevant to any affirmative defense Defendants seek to present in this Action.

wages.   The Court denied the motion finding "insufficient evidence to establish as a matter of law that class members worked time for which they were not properly compensated." *See* Transcript of Court's Order on Plaintiffs' motion for partial summary judgment dated October 18, 2019 (attached as "Exhibit A" to the JPTO) at pg. 7. However, the Court proceeded to clarify that, at trial, Defendants would need to prove that they provided written notice in order to properly avail themselves of the tip credit. Specifically, the Court stated:

> Now, while not necessary to resolve this portion of the motion, there is substantial benefit for me to take this opportunity to clarify my view regarding whether or not tip credit notices must be provided in writing. From my perspective, plaintiffs clearly have the better side of this argument […] I believe that the language of the NYLL clearly requires that notices of tip credits be made in writing. […] and, as a result, I expect to instruct the jury that written notice is necessary in order for an employer to take advantage of the tip credit under the NYLL.

*Id.* at pgs. 8-9 (additional citations omitted).   This is not the first time this Court has opined on this issue.   Specifically, in *Rios, et al, v. Louya Corp. d/b/a Jacques Brasserie, et al*, 14 CV 6800, Your Honor presided over a bench trial wherein a group of Plaintiffs alleged, as here, that Defendants never provided employees with written notice of the tip credit and were thus ineligible to apply any allowances. In rendering its decision, the Court found that:

> [D]efendants did not provide their employees with the wage notices required by the New York Labor Law. Each plaintiff testified credibly that he never received a *written* notice when he was hired, nor at any point thereafter. Defendants have provided no evidence that such notices were ever provided to employees; thus, they fail to carry their burden of proving compliance with the applicable regulations.

(A copy of the transcript of the Court's findings of fact and conclusions of law in that proceeding is attached "Exhibit B" to the JPTO.)   Accordingly, Your Honor awarded tip credit damages since "[t]he front-of-the-house plaintiffs have not received written notice of defendants' intention to take the tip credit [...]") *Id*. (emphasis added).

In any event, and to the extent Defendants attempt to argue that there remains confusion

about whether notice of the tip credit must be in writing to comply with New York law, in November 2021, the First Department confirmed the written notice requirement, holding that defendant employers "cannot avail themselves of the tip credit, since they undisputedly failed to provide notice of the tip credit *in writing." Tezoco v. GE & LO Corp.*, 199 A.D.3d 541, 542 (1st Dep't 2021) (citations and quotations omitted) (emphasis added).

Given the state of the law on this issue and the Court's clear statements in this case, any evidence pertaining to any non-written notice of the tip credit is simply irrelevant to the inquiry at hand and would only serve to confuse or prejudice the jury.

### B.  Amount of Tips Earned by Subclass Members is Irrelevant at Trial

There is no dispute in this case that Subclass Members were paid an hourly wage and received tips.  As set for the in the JPTO, the only claims for which Subclass Members seek damages at trial relate to whether Defendants (1) were entitled to the tip credit, (2) paid appropriate overtime premiums, (3) paid spread of hours pay,  (4) provided appropriate notices as required by NYLL § 195(1), and (5) provided wage statements as required by NYLL § 195(3).  To the extent Subclass Members establish Defendants violated the requirements of NYLL § 195(1) and (3), Defendants may still attempt to escape liability for those wage notice and wage statement claims by establishing an affirmative defense under NYLL § 198  by attempting to prove that they made a complete a timely payment of all wages to Subclass Members.  *See* N.Y. Lab. Law § 198(1-b), (1-d).

There is no secret as to how the arguments and evidence will divide on this affirmative defense.  The classes will argue that Defendants—who carry the burden of establishing a complete and timely payment of wages—are not entitled to any affirmative as they improperly applied a tip credit to Subclass Members' wages, did not pay Subclass Members the proper overtime premiums,

and/or did not pay Subclass Members any spread of hours pay.  The amount of tips that Subclass Members earned has no bearing on any of these issues, and Plaintiffs will introduce no evidence at trial concerning the amount of tips any Subclass members were paid.

Put simply, this case is purely about minimum wage and notice violations and there is no basis to allow Defendants to introduce documentary or testimonial evidence, or present argument on, the amount of money that Subclass Members earned in tips.  Not only does evidence of the amount of Subclass Members' tips have the potential to be highly prejudicial to their minimum wage claims, but the amount of money received by Subclass Members' is wholly irrelevant to any issue to be decided at trial and has real potential to confuse the jury about why they are being presented with such amounts.

## III.   ARGUMENT

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. United States,* 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria,* 88 F.3d 136, 141 (2d Cir. 1996). Simply put, any evidence which is not relevant is not admissible. Fed. R. Evid. 402. "Relevant evidence" is defined as "[e]vidence . . . hav[ing] any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. "District courts have broad discretion to determine the relevancy of evidence[.]" *C.C. by & through Camarata v. Polaris Indus., Inc.*, 774 F. App'x 45, 47 (2d Cir. 2019).  Otherwise relevant evidence that is admissible under Rule 402 may be excluded when its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, . . . undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

**A. Evidence of any Non-written Notice of the Tip Credit Defendants Provided Subclass Members or Amount of Tips Subclass Earned  is Irrelevant Under Fed. R. Evid. 401 & 402.**

The issue of whether or not Subclass Members received non-written notice of the tip credit is immaterial to a decision on the Subclasses' minimum wage and overtime claims under New York law.[2]  Accordingly, in the Parties' joint proposed jury instructions (filed concurrently with this motion), Defendants do not seek a charge instructing the jury that they may find that non-written notice of the tip credit is sufficient here. *See* proposed request to charge no. IV.C.  This is not surprising given the Court's earlier pronouncements on this issue.  Thus, it is unclear why Defendants include a  statement in the JPTO to the effect that non-written notice of the tip credit is sufficient to permit them to have applied a tip credit to Subclass Members' wages.  Given Defendants' statements in the JPTO, Plaintiffs can only assume that they intend to try and introduce evident to this effect at trial.

In the Parties' proposed jury charges—based on the state of the law on this issue—the sole liability question with respect to the tip credit claim that jury will be asked to answer is: on a preponderance of the evidence, were Subclass Members provided with written notices that included all the information prescribed by § 146-2.2 of the Wage Order. *Id*. Evidence as to whether or not Subclass Members received any non-written notice is irrelevant to answering this question and, thus, any evidence relating to non-written notice that Defendants seek to introduce is not "of consequence in determine[ing] the action." Fed. R. Evid. 401; *see, e.g., United States v. Miller*, 626 F.3d 682, 688 (2d Cir. 2010) (affirming decision to exclude evidence as "because it was not of consequence to the determination of any material fact or issue in dispute at trial.").

---

[2]  To be sure, it is not relevant to any of the other claims in the case either. The question of whether Subclass Members received non-written notice has no bearing whether Defendants violated the NYLL's overtime provisions, spread of hour provisions or the notice provisions under NYLL §§ 195(1) and (3).

For similar reasons, Defendants should be precluded from introducing any evidence or statements about the amounts of tips Subclass Members earned. There is no claim in the case that Defendants did not pay Subclass Members all the tips they earned. To the extent Defendants feel they need to establish they paid all tips in order to establish their affirmative defense to NYLL § 195 violations, the classes do not intend to argue that that defense is unavailable due to any failure to pay tips. In almost identical circumstances, where a defendant in a wage and hour class action sought to introduce tip amounts that class members earned where the only claims set for trial related to minimum wage violations, Judge Engelmayer precluded the defendant from introducing the tip information as it was irrelevant to any minimum wage claims. *See Hart v. RCI Hosp. Holdings*, Inc., 90 F. Supp. 3d 250 (S.D.N.Y. 2015). Similarly, here, Defendants' areas of inquiry should be limited to whether Subclass Members received all tips they were owed without discussion of the *amount*s of such tips "unless plaintiffs' examination or conduct of the trial opens the door to this subject," the Court should "not permit questioning […] to the amount of [plaintiffs' tips]." *Id.* at 264 (finding, in wage and hour class action trial where tips earned by the class members was not at issue, that there was "no basis for defendants to elicit testimony as to the [tips] in fact paid to [plaintiffs].").

### B. Admission of Evidence Relating to Non-Written Notice of the Tip Credit and Amounts of Tips Would be Confusing to the Jury, Would Cause Undue Prejudice to Plaintiffs, and Would Result in Undue Delay and Waste of Time.

Even assuming *arguendo* that the evidence of non-written notice or amount Subclass Members' tips that Defendants seek to introduce is marginally probative to an issue to be decided at trial, any such limited relevance is far outweighed by the risks of unfair prejudice or misleading the jury under Fed. R. Evid. 403. The Court has "broad discretion to exclude even relevant evidence if its probative value is substantially outweighed by the danger of confusion of the issues

or if it would be needlessly cumulative." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176-77 (S.D.N.Y. 2008); *see also Manko v. United States,* 63 Fed. Appx. 570, 573 (2d Cir. 2003) (trial judge has discretion to exclude probative evidence "if its introduction would confuse and mislead the jury by focusing its attention on collateral issues and if it would unnecessarily delay the trial"). Rule 403 also provides for the exclusion of relevant evidence if "its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403.

Evidence is prejudicial if it "involves some adverse effect . . . beyond tending to prove the fact or issue that justified its admission into evidence." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176-77 (S.D.N.Y. 2008) (quoting *United States v. Gelzer*, 50 F.3d 1133, 1139 (2d Cir.1995)). "Unfair prejudice would invite 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *Chamilco v. Wild Edibles*, No. 16 CV 2848 (MB), 2017 U.S. Dist. LEXIS 233074, at *8 (S.D.N.Y. Dec. 1, 2017) (quoting Fed. R. Evid. 403 advisory committee's notes on proposed rules.)  In particular, the "fear is that the evidence will prejudice [a party] by reason of proving an adverse immaterial fact, or by simply exciting the emotions of the jurors against [that party]." *United States v. Ozsusamlar*, 428 F. Supp. 2d 161, 2006 U.S. Dist. LEXIS 20389, at *23 (S.D.N.Y., 2006).

Here, the only conceivable purposes of introducing evidence of non-written notice or amounts of tips are, at best, to confuse the jury and, at worst, to create prejudice.   To the extent the Parties are asking the jury to decide whether Subclass Members were *appropriately* notified of the tip credit, evidence that they may have been informed of the tip credit orally will only confuse the jury as to whether or not they were properly notified in writing as required.  Similarly, to the extent the Parties are asking the jury to decide whether or not Subclass Members were paid the appropriate minimum wages, the amounts of tips these individuals earned will only serve to

confuse the jury by focusing its attention on a completely peripheral issue and unduly delaying the trial. Moreover, to the extent Defendants are appealing to the jury's emotions that (a) non-written notice should suffice even if Defendant failed to provide written notices and/or (b) that Plaintiffs' aggregate earnings were far in excess of the minimum wage and thus the jury should not find any minimum wage violations, such evidence "would invite, and have an obvious potential to induce, the jury to render rulings against the plaintiffs […] not on the merits, but out of anger, resentment, or indignation that plaintiff[s] stand to receive [tips] *and* court-awarded minimum-wage payments." *Hart*, 90 F. Supp. 3d 250, 259-60 (precluding Defendants from eliciting evidence about issues that the court had already decided as "even if such evidence had some limited relevance, it would be substantially outweighed, under Rule 403, by the high risk of unfair prejudice and confusion that such evidence invites"); *see also, e.g., Santrayll v. Burrell*, 993 F. Supp. 173, 177 (S.D.N.Y. 1998) (evidence irrelevant and inadmissible because it was "insufficient as a matter of law to serve as the basis of" an affirmative defense and thus "not of consequence to the determination of this action."); *Gorbea v. Verizon N.Y., Inc*., 2014 U.S. Dist. LEXIS 87295, at *5 (E.D.N.Y. June 25, 2014) ("previously dismissed claims, and evidence thereof, are not of consequence in determining the action and therefore will be excluded")(quotations omitted); *Stoebner Holdings, Inc. v. Automobili Lamborghini, S.P.A.*, 2007 U.S. Dist. LEXIS 90341, 2007 WL 4300386, *1 (D. Haw. Dec. 7, 2007) (holding that reference to a cause of action "which [was] not at issue in this case[ ] [was] potentially confusing to the jury under Rule 403" and could lead to undue prejudice); *Ross v. Arpaio*, 2008 U.S. Dist. LEXIS 80789, at *12-13 (D. Ariz. Sep. 12, 2008) ("There is no question that opening the door to whether Plaintiff filed a sanitation grievance would require evidence about the grievance process, witness testimony, and time spent on a tangent issue that is unrelated to the merits and that *has already been addressed by the Court*. This

evidence and testimony would likely mislead and divert the jury's attention from the real issue in the case.") (emphasis added).

As evidence of non-written notice and the amounts of tip Plaintiffs earned would only serve to confuse and prejudice the jury, the Court should preclude Defendants from eliciting evidence on those topics.

## IV.    CONCLUSION

For the foregoing reasons, evidence and arguments regarding any non-written notice of the tip credit that Subclass Members may have received and evidence of the amounts of tip Plaintiffs earned should be excluded from trial.


Dated: New York, New York
         February 10, 2022


                                          By:      _/s/Josef Nussbaum____
                                                   D. Maimon Kirschenbaum
                                                   Josef Nussbaum
                                                   Lucas C. Buzzard
                                                   JOSEPH & KIRSCHENBAUM LLP
                                                   32 Broadway, Suite 601
                                                   New York, NY 10004
                                                   Tel: (212) 688-5640
                                                   Fax: (212) 688-2548

                                                   *Attorneys for Plaintiffs and the*
                                                   *Fed. R. Civ. P. Rule 23 Subclasses*