# JOSEPH & KIRSCHENBAUM LLP

Attorneys at Law

| | |
|---|---|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Phone 212) 688-5640 |
| Josef Nussbaum | Fax (212) 688-2548 |
| Lucas Buzzard | www.jk-llp.com |

April 3, 2022

**VIA ECF**

Honorable Gregory H. Woods
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re: *Zivkovic v. Laura Christy LLC, et al*, 17 CV 553 (GHW)(GWG)

Dear Judge Woods,

  We represent Plaintiffs and the Fed. R. Civ. P. Rule 23 Class in the above-referenced matter. We write in response to the letter filed by Defendant Laura Christy Midtown, LLC on April 2, 2022. *See* ECF No. 278.

  In its letter, Defendant Laura Christy Midtown, LLC ("Valbella Midtown") seeks to add Arben Buqaj to Defendants' witness list to purportedly contradict the evidence presented by Plaintiffs, through the testimony of Pavle Zivkovic, that Defendant Ghatanfard hired and fired Mr. Buqaj, a server at Valbella Midtown. *See* ECF No. 278 at 1. Although Valbella Midtown admits that Mr. Buqaj was never identified as a witness in this matter pursuant to Fed. R. Civ. P. 26, it argues that its "late notice" of Mr. Buqaj should be excused because his testimony is offered only for impeachment purposes and thus "it is likely that it is outside the Rule 26 requirements as to timely disclosure." *Id.* at 2.

  As an initial matter, Mr. Buqaj was one of the 43 undisclosed witnesses that this Court excluded prior to trial for Defendants' failure to comply with their Rule 26 disclosure obligations. *See* JPTO at VIII.B (listing Mr. Buqaj as a witness and noting Plaintiffs' objection pursuant to Rule 26). For the reasons discussed below, Vabella Midtown's to have Mr. Buqaj's testimony admitted now notwithstanding their admitted failure to comply with the requirements of Rule 26 is nothing more than an attempt to do indirectly what this Court precluded it from doing directly in its ruling on Plaintiffs' motion in limine.

First, any suggestion that Valbella Midtown could not have anticipated that Mr. Zivkovic (or any other plaintiff) would testify about their observations concerning Defendant Ghatanfard's hiring or firing of other employees at the restaurant is utterly disingenuous. Defendants have been on notice since the day this action was filed that Defendant Ghatanfard's authority to hire and fire employees at the restaurant would be an issue. *See* ECF No. 1 (Compl.) ¶ 7 ("Defendant Ghatanfard has the power to hire and fire Valbella employees.").[1] Yet despite this allegation, Valbella Midtown failed to ask Mr. Zivkovic *any* questions at his deposition concerning Defendant Ghatanfard's authority to hire or fire employees at the restaurant. Thus, to the extent that Valbella Midtown now suggests that it had did not have "any inkling" about the content of Plaintiff Zivkovic's testimony on this issue, that purported lack of knowledge is attributable only to its own decision not to ask Plaintiff Zivkovic any relevant questions about this issue in discovery.

Second, Valbella Midtown's suggestion that the proffered testimony of Mr. Buqaj is offered "only for impeachment" is simply incorrect. Valbella Midtown has conflated *impeachment* evidence (which need not be disclosed under Rule 26) with *rebuttal* evidence (which is subject to Rule 26's disclosure requirements). *See Funk v. Belneftekhim*, No. 14-cv-0376 (BMC), 2018 U.S. Dist. LEXIS 240243, at *4 (E.D.N.Y. May 30, 2018) ("There is no exception to Rule 26, however, for rebuttal witnesses or evidence. Plaintiffs were required to disclose these witnesses and evidence under Rule 26(a) along with any witnesses or evidence that plaintiffs planned to use in their case in chief." (citations omitted)). As various courts have observed, impeachment evidence is defined as "evidence used to undermine a witness's credibility" while rebuttal evidence "refers to evidence offered to disprove or contradict the evidence presented by an opposing party." *Wu v. Metro-North Commuter R.R. Commuter R.R. Co.*, No. 14-cv-7015, 2016 U.S. Dist LEXIS 102683, at *29-30 (S.D.N.Y. Aug. 4, 2016) (citing Black's Law Dictionary (10th Ed. 2014)); *Munnings v. Fedex Ground Package Sys.*, No. 07-cv-282, 2008 U.S. Dist. LEXIS 33041, at * (M.D. Fla. Apr. 22, 2008) ("Rebuttal evidence tends to disprove a fact asserted by the other side while impeachment evidence goes to the credibility of a witness." (citation omitted)).

Here, Valbella Midtown expressly proffers Mr. Buqaj's testimony to disprove Mr. Zivkovic's *factual testimony* concerning incidents in which Defendant Ghatanfard hired/fired Mr. Buqaj. *See* ECF No. 278 at 1 (representing that Mr. Buqaj would be called to present testimony on the "simple fact" that "there was no such incident between him and Mr. Ghatanfard"). Courts in this Circuit routinely exclude such testimony from undisclosed witnesses, even where, as here, it has been couched as impeachment evidence. *See Wu*, 2016 U.S. Dist. LEXIS 102683, at 29-30 (excluding declarations of undisclosed witnesses as rebuttal evidence where they were "devoid of any statements regarding the credibility of Defendants' witnesses" but rather "concern[ed] the work performance and behavior of Plaintiff, which Defendants have attempted to characterize through the testimony of their witnesses"); *Funk*, 2018 U.S. Dist. LEXIS 240243, at *4-5 (excluding purported impeachment testimony offered to "rebut deposition testimony," concluding

---

[1] Indeed, this very issue is not even in dispute – both Defendant Ghatanfard and Defendant Valbella Midtown expressly admitted in their Answers that Defendant Ghatanfard has such authority. *See* ECF Nos. 12 (Valbella Midtown Answer) ¶ 7 ("Defendants . . . admit that Defendant Ghatanfard has the power to hire and fire employees at Defendant Valbella Midtown), 103 (Amended Answer of Valbella Midtown and Mr. Ghatanfard) ¶ 7 ("Defendants . . . admit[] that Defendant Ghatanfard has the power to hire and fire employees at Defendant Valbella.").

that "[t]he caveat at the end of Rule 26(a)(1)(A) – "unless the use would be solely for impeachment" – does not apply here, where plaintiffs have not explained how this testimony or evidence would be admissible under Federal Rule of Evidence 608 to show a witness' character for untruthfulness"). There is good reason for this distinction between impeachment and rebuttal evidence – a rule that permitted parties to offer the testimony of undisclosed witnesses at trial whenever they take issue with the factual testimony of the other side's witnesses would completely swallow the Rule 26 disclosure requirement.

Finally, even if there were some basis to allow Mr. Buqaj's testimony under Fed. R. Civ. P. 26, it should be excluded under Fed. R. Evid. 403 because any probative value is substantially outweighed by the danger of "undue delay, wasting time, or needlessly presenting cumulative evidence." Here, a participant in each of the incidents about which Mr. Zivkovic testified – Defendant Ghatanfard – is already slated to testify and can present any testimony contradicting Plaintiff Zivkovic's description of those incidents that he has. Permitting additional witnesses to testify about these discrete incidents, which have only limited probative value in the overall assessment of Defendant Ghantanfard's authority at the restaurant (which, again, Valbella Midtown admits), runs the risk of wasting the jury's time and attention on incidents that have only marginal relevance to one issue in this case.

For all of these reasons, the Court should not permit Valbella Midtown to introduce the testimony of Mr. Buqaj, who was not properly disclosed as a witness in this matter.

We thank the Court for its attention to this matter.

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**


   /s/ *Lucas Buzzard*

Lucas C. Buzzard
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640

cc: All Counsel of Record (via ECF)