# JOSEPH & KIRSCHENBAUM LLP

Attorneys at Law

| | |
|---|---|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Phone 212) 688-5640 |
| Josef Nussbaum | Fax (212) 688-2548 |
| Lucas Buzzard | www.jk-llp.com |

April 20, 2022

**VIA ECF**

Honorable Gregory H. Woods
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

> **Re:**   ***Zivkovic v. Laura Christy LLC, et al,***
> **No.: 17 CV 553 (GHW)(GWG)**

Dear Judge Woods,

We represent Plaintiffs and the Fed. R. Civ. P. Rule 23 Subclasses in the above-referenced matter. We write together with Defendants pursuant to this Court's order dated April 12, 2022 (ECF No. 284) to provide the Court with: (1) the Parties' proposed calculation of damages and (2) Plaintiffs' proposed approach for devising a plan of allocation of the award of damages amongst the class members.

## I.      Parties' Proposed Calculation of Damages

With respect to the Parties' proposed calculation of damages, attached hereto as Exhibit A is Plaintiffs' proposed calculation of damages for the class-wide New York Labor Law claims (the damages for Plaintiff' Zivkovic's individual discrimination claims were set forth by the jury in its verdict). Defendants reviewed these calculations and agree with the calculations as to all issues except the calculations for prejudgment interest. Accordingly, the Parties agree as to the following total damages for each of the following claims:

| | |
|---|---|
| Tip Credit | $1,433,563.30 |
| Spread of Hours | $97,114.16 |
| Overtime | $79,640.16 |
| N.Y. Lab. Law § 195(1) | $156,800.00 |
| N.Y. Lab. Law § 195(3) | $81,800.00 |
| Liquidated Damages | $1,610,317.83 |

As to prejudgment interest, on which the Parties disagree, the Parties' respective positions as to the proper calculation are set forth below.

### A.  Plaintiffs' Proposed Calculation for Prejudgment Interest.

Plaintiffs' attached damages calculation calculates prejudgment interest of $1,625,582.76 on Plaintiffs' unpaid wage claims by assessing New York's statutory interest rate of 9% per annum starting from January 12, 2015 until the date of the jury's verdict. This January 12, 2015 date is the midpoint between (a) the earliest date the NYLL causes of action existed (January 25, 2011) and (b) the end date of the class period (December 31, 2018). This method of calculating prejudgment interest by using the midpoint between the earliest and the latest date NYLL claims accrued is commonly used in this Circuit. *See, e.g.*, *Estrada v. Giovanni's Italian Pizzeria, Inc.*, No. 16-cv-6162, 2020 U.S. Dist. LEXIS 104127, at *14 (S.D.N.Y. June 15, 2020) (noting that the midpoint date for calculating prejudgment interest "must be the midpoint between when damages began accruing and when they stopped accruing"); *Mejia v. Villa Michelangelo Italian Rest. & Pizzeria, Inc.*, No. 20-cv-4, 2021 U.S. Dist. LEXIS 242599, at *24 (E.D.N.Y. Dec. 20, 2021) (noting that courts "often use the midpoint date of the NYLL claims sought in the litigation" to assess prejudgment interest); *Hernandez v. NJK Contrs., Inc.*, No. 09-cv-4812 (RER), 2015 U.S. Dist. LEXIS 57568, at *146 (E.D.N.Y. May 1, 2015) ("A single reasonable intermediate date is the median date between the earliest and latest each Plaintiffs' NYLL claim accrued."); *see also* C.P.L.R. § 5001(b) (providing that when "damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date").

Here, Defendants acknowledge that Plaintiffs' proposed method of prejudgment interest calculation is "customarily deemed appropriate" and do not dispute Plaintiffs' proposed midpoint of January 12, 2015. *See infra.* Instead, they argue that this Court should stop assessing prejudgment interest as of early November 2019 – shortly after the first trial date scheduled in this matter. But Defendants cite no authority for the proposition that a court has discretion to stop the accrual of prejudgment interest on a date before the jury's verdict. *See infra.* In fact, doing so would run contrary to the plain language of C.P.L.R. § 5001(c), which explicitly provides that when computing interest, "[t]he amount of interest *shall* be computed . . . *to the date the verdict was rendered* or the report or decision was made . . .." C.P.L.R. § 5001(c) (emphasis added). Accordingly, there is no legal basis to discontinue the computation of prejudgment interest on any date prior to the jury's verdict in this matter and the Court should therefore include as part of the judgment the $1,625,582.76 in prejudgment interest as calculated by Plaintiffs on Exhibit A.

### B.  Defendants' Proposed Calculation for Prejudgment Interest.

Defendants respectfully request that the Court consider the reasons, outside of Defendants' control, that this lawsuit took so long to get to a verdict when assessing pre-judgment interest. Specifically, Plaintiffs made two (2) partial motions for summary judgment.  Prior to the second motion for summary judgment, the Court had scheduled a trial date of October 28, 2019.  Due to

Plaintiff's second summary judgment motion and then the COVID-19 pandemic (by no fault of either party), the case was not tried until March 31, 2022.

Defendants acknowledge that pre-judgment interest on a New York Labor Law claim is assessed at the statutory interest rate of 9%. Defendants review of relevant caselaw noted that a midpoint somewhere in the middle of the statute of limitations, while discretionary, is customarily deemed appropriate. *See Maldonado v. La Nueva Rampa, Inc., No. 10 CIV. 8195 LLS JLC, 2012 WL 1669341, at \*11 (S.D.N.Y. May 14, 2012).* Plaintiffs propose using a mid-point for interest calculations of January 12, 2015. By Defendants' calculations, the interest at the 9% rate from the mid-point of January 12, 2105, to early November 2019 (when the case would have concluded if it had been tried as scheduled) would total $698,039.76. This interest total is almost a million ($1,000,000) dollars less than the calculation to date that Plaintiffs calculated. Defendants note for the Court's consideration that the prejudgment interest calculation exceeds the wage damages. Defendants respectfully request that the Court consider stopping the accrual of pre-judgment interest effective November 2019 based upon the reasons above.

## II.     **Plaintiffs' Proposed Approach for Allocation Plan**

With respect to the allocation plan for distribution of the class-wide damages, Plaintiffs propose the following approach. First, as to the tip credit and spread of hours claims, Plaintiffs propose to allocate the damages on these claims (including the liquidated damages on these claims) to class members on a pro rata basis according to the total number of hours that each class member worked at each Valbella location each year. The total number of hours worked by class members per year is set forth in Joint Exhibit 81. Specifically, for each year in the limitations period (2011-2018), Plaintiffs propose to calculate the totals for each subclass member as follows: (1) compute the total number of hours each subclass member was paid at the tip credit rate ("Tip Credit Hours"); (2) multiply the total number of Tip Credit Hours paid to each subclass member during the Limitations Period by one point ("Hours Points"); (3) compute the total number of Hours Points assigned to all subclass members at the relevant Valbella location; (4) divide each subclass member's individual Hours Points total into the sum of all the subclass members' Hours Points; (5) multiply the amount derived in (4) by the dollar amount awarded in tip credit and spread of hours damages during the relevant year at the relevant Valbella location to determine each subclass member's tip credit and spread of hours portion of the judgment.

With respect to overtime damages, Plaintiffs propose to divide the amount awarded in the judgment for overtime violations on a pro rata basis to the subclass members for whom Plaintiffs sought overtime damages based on the amounts of overtime hours Plaintiffs presented the jury at trial. The number of overtime hours were set forth in Plaintiffs' Exhibits 5 and 9 at trial.

Next, Plaintiffs propose to distribute prejudgment interest on a pro rata basis based on the total amount of wage damages (*i.e.*, tip credit, spread of hours, and overtime (the "Wage Damages")) awarded to each subclass member. Specifically, Plaintiffs propose to calculate the total prejudgment interest owed to each subclass member as follows: (1) compute the total number of Wage Damages owed to each subclass member; (2) multiply the total amount of Wage Damages paid to each subclass member during the Limitations Period by one point ("Damages Points"); (3) compute the total number of Damages Points assigned to all subclass members; (4) divide each subclass member's individual Damages Points total into the sum of all the subclass members'

Damages Points; (5) multiply the amount derived in (4) by the dollar amount awarded in prejudgment interest to determine each subclass member's prejudgment interest portion of the judgment.

Finally, with respect to the N.Y. Lab. Law § 195(1) and N.Y. Lab. Law 195(3) claims, Plaintiffs intend to allocate those penalties on a pro rata basis based on the total hours set forth in Joint Exhibit 81.  These penalties would be allocated in a similar manner to the way in which the tip credit and spread of hours damages are divided except that they would not be divided on an annual basis. Instead, Plaintiffs intend to divide these penalties on a pro rata basis based on the total number of hours that each subclass member worked.[1]

We thank the Court for its attention to this matter.

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**


    /s/ *Lucas Buzzard*

Lucas C. Buzzard
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640

cc: All Counsel of Record (via ECF)

---

[1] In the judgment, the Court should also include language pursuant to N.Y. Lab. Law § 198(4) that "if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgement shall automatically increase by fifteen percent."  N.Y. Lab. Law § 198(4).