UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PAVLE ZIVKOVIC, on behalf of himself
and others similarly situated,

                Plaintiff,                              17-cv-00553-GHW

    -against-

LAURA CHRISTY LLC d/b/a VALBELLA,
LAURA CHRISTY MIDTOWN LLC, DAVID
GHATANFARD, and GENCO LUCA,

                Defendants.
-------------------------------------------------------------X

## DECLARATION OF MARIA LOUISA BIANCO, ESQ.

I, Maria Louisa Bianco, declare pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct to the best of my knowledge, information and belief:

1. I am a member in good standing of the bar of this court, and partner at Dealy Silberstein & Braverman, LLP, attorneys for Defendant Laura Christy LLC d/b/a Valbella ("Valbella Meatpacking") in the above captioned matter. I submit this Declaration on behalf of all Defendants, in Opposition to Plaintiffs' Motion for Attorneys' Fees.

2. Plaintiffs' Motion for Attorney's Fees describes the history of the instant case except that Plaintiffs failed to include that Plaintiffs made two (2) partial motions for summary judgment.

3. Originally, Plaintiffs initially intended to make a summary judgment motion on liability and not damages and Your Honor dissuaded them from doing so since he was concerned that it would not advance the litigation. Instead, Your Honor suggested *if* there was a benefit to Plaintiffs making a partial summary judgment motion on the issue of joint employer status only, they could do so. *See* Transcript at Docket No. 112.

4. Plaintiffs filed an initial partial summary judgment on the issue of joint employer status on August 10, 2018. *See* Docket No. 114.

5. Plaintiffs moved for class certification simultaneously and alternatively moved for class certification for the entire class or two (2) subclasses –one for each Valbella entity. *See* Docket No. 118.

6. Defendants contend that Plaintiffs motion did not advance the litigation at all as their class certification motion provided for subclasses and indicated to the Court that the case could move forward with two (2) subclasses. Defendants believe that this suggests that the initial motion for partial summary judgment did not advance the litigation and was not reasonable.

7. Plaintiffs' initial motion for partial summary judgment was denied by the Court on November 19, 2018. *See* Transcript at Docket No. 148.

8. Defendants contend that because this motion did not advance the litigation and would not have even if it had been granted, that the attorneys' fees incurred to prepare the summary judgment motion should not be awarded by the Court.

9. Specifically, a review of Exhibit 1 2 filed in connection with Plaintiffs' motion for attorneys' fees recount the time expended on the initial summary judgment motion. *See* Docket No. 308, Exhibit 1.

10. The attorney time spent drafting the summary judgment motion starts on page 19 and goes until page 21. *See* Docket No. 308, Exhibit 1.

11. There are several time entries that reference both the summary judgment motion, and the class certification motions without a breakdown of the time and so Defendants cannot be precise about the number of hours spent on the summary judgment motion.

12. Instead, Defendants suggest that all time entries that reference the summary judgment motion should be deducted from any attorneys' fee award.

13. Specifically,

    a. Attorney Josef Nussbaum spent 84.2 hours working on the summary judgment motion at a billing rate of $400 for a total of $33,680 in fees sought.

    b. Attorney Maimon Kirschenbaum spent 7.4 hours at a billing rate of $550 for a total of $4,070 in fees sought.

    c. Attorney Lucas Buzzard spent 7.7 hours at a billing rate of $400 for a total of $3,080 in fees sought.

    d. Attorney Denise Schulman spent 0.3 hours at a billing rate of $500 in fees sought.

14. In total, Defendants contend that the attorneys' fee application should be reduced by $40,980 based upon the fact that the summary judgment motion did not advance the litigation and would not have even if successful.

15. Plaintiffs later sought to make another partial summary judgment motion, even though the case had already received a trial date, which delayed the entire case substantially.

16. At the pre-motion conference before Your Honor held on April 18, 2019, Your Honor stated: "I am somewhat concerned that this motion does not advance the progress of this litigation." See Transcript at 11, Docket No. 163.

17. Your Honor further stated: "I will consider the benefits of this to plaintiffs' clients and plaintiffs in connection with any subsequent application for fees in connection with this case." See Transcript at 11, Docket No. 163.

18. On October 23, 2019, Your Honor denied Plaintiffs' second motion for partial summary judgment. See Docket No. 211-212.

19. Defendants contend that Plaintiffs' second motion for partial summary judgment did not advance the litigation and would not have even if granted.

20. Plaintiffs' motion did not demonstrate who worked for Defendants and sought a finding as to liability only.

21. Defendants submit that the attorneys' fees sought in connection with the second motion for partial summary judgment should be deducted from any attorneys' fees application.

22. Defendants contend that Plaintiffs' motion simply sought a recitation of the law. As Your Honor noted in his decision, the motion sought "if there are proven to have been plaintiffs who were paid improperly, then the defendants are liable. But this is just a statement of the law. For me to find liability, I need to have basis proof…" *See* Transcript at 8, Docket No. 212.

23. Defendants contend that Plaintiffs should not be awarded attorneys' fees on the time spent on the second motion for partial summary judgment.

24. The attorney time spent drafting the summary judgment motion starts on page 24 and goes until page 26. *See* Docket No. 308, Exhibit 1.

25. Specifically,
    a. Attorney Josef Nussbaum spent 91.6 hours working on the summary judgment motion at a billing rate of $400 for a total of $36,640 in fees sought.
    b. Attorney Maimon Kirschenbaum spent hours at a billing rate of $550 for a total of $5,610 in fees sought.
    c. Attorney Lucas Buzzard spent hours at a billing rate of $400 for a total of $240 in fees sought.
    d. Attorney Denise Schulman spent hours at a billing rate of $550 in fees sought.

26. In total, Defendants contend that the attorneys' fee application should be reduced by $43,040 based upon the fact that the summary judgment motion did not advance the litigation and would not have even if successful.

27. Based upon the foregoing, Defendants submit that Plaintiffs' attorneys' fees application should be reduced by $84,020 based upon the fact that the motions did not advance the litigation and would not have even if the Court granted the motions, which it did not.

Dated: New York, New York
May 26, 2022

DEALY SILBERSTEIN
& BRAVERMAN, LLP

By: /s Maria Louisa Bianco
Maria Louisa Bianco
*Attorneys for Defendant Laura Christy LLC d/b/a Valbella*
225 Broadway Suite 1405
New York, NY 10007
(212) 385-0066