```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PAVLE ZIVKOVIC, on behalf of himself and others       :
similarly situated,                                    :
                                                       :
                                    Plaintiff,         :
                                                       :             1:17-cv-553-GHW
                -against-                              :
                                                       :             MEMORANDUM OPINION &
                                                       :                    ORDER
LAURA CHRISTY, LLC d/b/a Valbella, LAURA               :
CHRISTY MIDTOWN, LLC, DAVID                            :
GHATANFARD, and GENCO LUCA,                            :
                                                       :
                                    Defendants.        :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/26/2022

GREGORY H. WOODS, United States District Judge:

Under the New York Labor Law (the "NYLL"), employers who fail to provide employees with new hire and wage notices as required by NYLL § 195 ("Section 195"), may raise an affirmative defense if the employees received complete and timely payment of all wages earned. The defendants in this case sought to assert that affirmative defense at trial in response to Plaintiffs' minimum wage claims brought pursuant to Article 19 of the NYLL (the "Minimum Wage Act") in addition to Plaintiffs' claims under Section 195. Because the clear language of the relevant statute makes the affirmative defense applicable only to violations of Section 195, and not to violations of the Minimum Wage Act, the Court denied Defendants' request to instruct the jury that the affirmative defense applied to Plaintiffs' minimum wage claims. The Court issued an oral opinion from the bench explaining the reason for its decision. Because the issue is of significance, however, the Court is publishing this opinion to make its decision and reasoning more readily accessible.

I.  **INTRODUCTION**

On April 11, 2022, a jury found Defendants liable on all of Plaintiffs' wage and hour claims brought under the NYLL. Dkt. No. 283. One of those claims involved Defendants' practice of

paying their employees the "tip credit" minimum wage when they were not entitled to do so because they had failed to provide employees with adequate written notice (the "Minimum Wage Claims").

In the course of drafting the jury charge on the Minimum Wage Claims, a dispute arose between the parties as to the applicability of the two affirmative defenses laid out in NYLL § 198 (the "Affirmative Defenses"). Defendants asked the Court to instruct the jury that the Affirmative Defenses applied to Plaintiffs' Minimum Wage Claims. Plaintiffs responded that the Affirmative Defenses could not be raised in response to the Minimum Wage Claims because the language of NYLL § 198 ("Section 198") clearly states that the Affirmative Defenses apply only to violations of Section 195. Dkt. No. 259 ("Pls.' Mem.") at 13–14. In response, Defendants urged this Court to follow the three-paragraph decision from the First Department of the New York Supreme Court, Appellate Division in *Ahmed v. Morgan's Hotel Grp. Mgmt., LLC* ("*Ahmed*"), 74 N.Y.S.3d 546 (1st Dep't 2018), which upheld the application of one of the Affirmative Defenses to a minimum wage claim. Dkt. No. 261 ("Defs.' Mem.") at 2–4. This Court resolved the disagreement in an oral opinion in advance of trial and ruled that the Affirmative Defenses were inapplicable to Plaintiffs' Minimum Wage Claims. In doing so, the Court disagreed with the holding of *Ahmed* because, as described in more depth below, the decision was unreasoned and ran contrary to the clear text of Section 198.

II. **LEGAL STANDARD**

"When we consider issues of New York law, our task is to determine how the New York Court of Appeals would decide them." *Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126, 133 (2d Cir. 2007), *certified question accepted*, 9 N.Y.3d 1020 (2008), *and certified question answered*, 11 N.Y.3d 80 (2008). Both the Second Circuit and district courts "are bound . . . to apply the law as interpreted by New York's intermediate appellate courts" absent "persuasive evidence that the New York Court of Appeals . . . would reach a different conclusion." *Pahuta v. Massey-Ferguson, Inc.*, 170 F.3d 125, 134

(2d Cir. 1999).  "[I]t would be inappropriate for a federal court to disregard [appellate division] cases based solely on the lack of authoritative support for the assertions they contain." *DiBella v. Hopkins*, 403 F.3d 102, 112 (2d Cir. 2005).

"Decisions of New York's intermediate appellate courts are 'helpful indicators' of how the Court of Appeals would decide, but we are not 'strictly bound' by decisions of the Appellate Division, particularly when we have '"persuasive data"' that the Court of Appeals would '"decide otherwise."'" *Reddington*, 511 F.3d at 133 (quoting *DiBella*, 403 F.3d at 112).  Such "persuasive data" may include "relevant case law from other jurisdictions on the same or analogous issues, scholarly writings in the field, and any other resources available to the state's highest court." *Michalski v. Home Depot, Inc.*, 225 F.3d 113, 116 (2d Cir. 2000).  These "other" resources can include "'the statutory language, pertinent legislative history, the statutory scheme set in historical context, [and] how the statute can be woven into the state law with the least distortion of the total fabric[.]'" *Travelers Ins. Co. v. 633 Third Assocs.*, 14 F.3d 114, 119 (2d Cir. 1994) (quoting *In re Eastern and Southern Districts Asbestos Litig.*, 772 F. Supp. 1380, 1391 (E. & S.D.N.Y. 1991)).

"The [New York] Court of Appeals has held 'repeatedly' that 'where the language of a statute is clear and unambiguous, courts must give effect to its plain meaning.'" *City of New York v. Golden Feather Smoke Shop, Inc.*, No. 08–CV–3966 (CBA), 2009 WL 2612345, at *29 (E.D.N.Y. Aug. 25, 2009) (quoting *Samiento v. World Yacht Inc.*, 10 N.Y.3d 70, 78 (2008)) (collecting cases).  "As a general proposition, we need not look further than the unambiguous language of the statute to discern its meaning." *Jones v. Bill*, 10 N.Y.3d 550, 554 (2008); *see also Majewski v. Broadalbin-Perth Cent. Sch. Dist.*, 91 N.Y.2d 577, 583 (1998) ("As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof."); *Sega v. State*, 60 N.Y.2d 183, 190-91 (1983) ("Generally, a statute is to be construed according to the ordinary meaning of its words, and resort to extrinsic matter is

inappropriate when the statutory language is unambiguous and the meaning unequivocal." (internal citations omitted)).

### III. DISCUSSION

#### A. The Affirmative Defenses in Section 198 of New York's Labor Law

As written, the Affirmative Defenses are inapplicable to Plaintiff's Minimum Wage Claims.

NYLL § 198(1–b) states, in relevant part, that

> [i]n any action or administrative proceeding to recover damages for violation of ***paragraph (a) of subdivision one of section one hundred ninety-five of this article***, it shall be an affirmative defense that (i) the employer made complete and timely payment of all wages due pursuant to this article or article nineteen or article nineteen-A of this chapter to the employee who was not provided notice as required by subdivision one of section one hundred ninety-five of this article or (ii) the employer reasonably believed in good faith that it was not required to provide the employee with notice pursuant to subdivision one of section one hundred ninety-five of this article.

NYLL § 198(1–b) (emphasis added). NYLL § 198(1–d) states, in relevant part, that

> [i]n any action or administrative proceeding to recover damages for violation of ***subdivision three of section one hundred ninety-five of this article***, it shall be an affirmative defense that (i) the employer made complete and timely payment of all wages due pursuant to this article or articles nineteen or nineteen-A of this chapter to the employee who was not provided statements as required by subdivision three of section one hundred ninety-five of this article or (ii) the employer reasonably believed in good faith that it was not required to provide the employee with statements pursuant to paragraph (e) of subdivision one of section one hundred ninety-five of this article.

NYLL § 198(1–d) (emphasis added).

Because "[t]he language of a statute is generally construed according to its natural and most obvious sense . . . in accordance with its ordinary and accepted meaning," the Court concluded that the Affirmative Defenses apply only to the two provisions of Section 195 explicitly referenced in the relevant portions of Section 198. *Samiento*, 10 N.Y.3d at 78. Section 198 is clear: the Affirmative Defenses explicitly apply only to violations of the two identified subsections of Section 195. Plaintiffs' Minimum Wage Claims were not brought pursuant to either subsection of Section 195.

4

Defendants made no arguments to explain how the language of Section 198 supported their position that the Affirmative Defenses applied to violations of law other than those violations of NYLL § 195 identified in the relevant text of Section 198. Instead, Defendants acknowledged the fact that the Affirmative Defenses as written apply only to violations of Sections 195(1)(a) and 195(3) of the NYLL. Lacking textual support for their argument, Defendants based their contention that the Affirmative Defenses applied to Plaintiff's Minimum Wage Claims on the First Department's three-paragraph-long opinion in *Ahmed*. In that opinion, the First Department affirmed a lower court's decision applying NYLL § 198(1–d) to a minimum wage claim. *See Ahmed*, 74 N.Y.S.3d at 547; Defs.' Mem. at 2. The Court found that decision to be unpersuasive, largely because it failed to engage at all with the relevant text of the statutes.

### B. The First Department's Decision in *Ahmed v. Morgan's Hotel Grp Mgmt, LLC*

The Court declined to follow the First Department's decision in *Ahmed* because the Court did not believe that the New York Court of Appeals would reach the same conclusion as the court in *Ahmed*. First, to assist the reader, the Court believes that it would be helpful to lay out the entirety of the First Department's analysis of this issue—it is short. The First Department wrote the following:

> Plaintiff also claims that defendants' notice to him that they intended to take a credit toward the basic minimum hourly rate if he received enough tips did not fully comply with 12 NYCRR 146–2.2, because it did not state that, in the event plaintiff did not earn enough tips to meet the minimum, they would be responsible for paying him the difference. However, Labor Law § 198(1–d) provides that "it shall be an affirmative defense that . . . the employer made complete and timely payment of all wages due pursuant to this article," and the record demonstrates that plaintiff was always paid more than minimum wage.

*Ahmed*, 74 N.Y.S.3d at 547 (internal citations omitted).

As a threshold matter, the Court highlights the fact that the First Department quoted only a select portion of the statute establishing one of the Affirmative Defenses. Missing from the First Department's analysis is the language that specifies the applicability of NYLL § 198(1–d) ***only to***

5

"subdivision three of section one hundred ninety-five of this article." NYLL § 198(1–d). There is no evidence in *Ahmed* that the court considered the relevant text of the statute.

Nor does the First Department explain *why* it ignored the clear text of NYLL § 198 in applying the Affirmative Defense to a minimum wage claim. The First Department simply says that the record demonstrated that the plaintiff was paid sufficiently and affirmed the application of an Affirmative Defense on the facts presented. The court in *Ahmed* presented no reasoning for its decision, which, again, did not refer to the relevant portion of the statute. *Ahmed* is not persuasive authority.

### C. Other Decisions in this Circuit

The Court also considered the two other federal district court decisions on this issue and found neither to be persuasive because the logic underlying their analysis is not sound. Two other district courts in this Circuit have found the Affirmative Defenses to be applicable to minimum wage violations of 12 N.Y.C.R.R. §§ 146-1.3 and 146-2.2. In *Marin v. Apple-Metro*, the court concluded that

> the minimum wage claims for violations of §§ 146-1.3 and 146-2.2 are covered under the affirmative defense [of 'complete and timely payment' under § 195(1)(a)]. As other courts have observed, §§ 146-1.3 and 146-2.2 were promulgated by NYDOL to carry out the requirements set for [sic] in § 195(1)(a). Therefore, an affirmative defense to violations of § 195(1)(a) would naturally apply to violations of §§ 146-1.3 and 146-2.2 as well.

No. 12-cv-5274 (ENV) (CLP), 2020 WL 6157011, at *7 (E.D.N.Y. Oct. 21, 2020) (internal citations omitted). The *Marin* court's analysis did not rely on the text of the statute, but rather on the court's stated understanding that "§§ 146-1.3 and 146-2.2 were promulgated by NYDOL to carry out the requirements set for [sic] in § 195(1)(a)." *Id.*

That understanding is undermined by the text of the relevant regulation, as described below. The court in *Marin* does not provide a basis for its conclusion that the minimum wage regulations at "§§ 146-1.3 and 146-2.2 were promulgated by NYDOL to carry out the requirements set for [sic] in

6

§ 195(1)(a)." *Id.* The court did not, for example, cite to the implementing authority for the regulation, as the Court will below. Instead, as the basis for this conclusion, the *Marin* court relied exclusively on the decision in *Hicks v. T.L. Cannon Mgmt. Corp.*, No. 13-CV-06455 (EAW), 2018 WL 2440732 (W.D.N.Y. Mar. 13, 2018).[1]

> In *Hicks*, the court concluded that the
>
>> regulatory requirements set forth in §§ 146-1.3 and 146-2.2 . . . were promulgated pursuant to NYLL § 199, which vests the New York Department of Labor with the authority to "issue such rules and regulations as the Commissioner of Labor determines necessary for the purposes of carrying out the provisions of this article." Notably, NYLL § 195(1)(a) is the only provision of the NYLL that sets forth a requirement that employees be provided with a wage notice, and so the only reasonable interpretation of §§ 146-1.3 and 146-2.2 is that the NYDOL deemed them necessary to carry out NYLL § 195(1)(a).

*Hicks*, 2018 WL 2440732, at *7. The *Hicks* court provides some explanation for its conclusion that §§ 146-1.3 and 146-2.2 were promulgated in order to carry out the requirements of Section 195. However, the Court did not find the *Hicks* court's reasoning on this point to be persuasive.

First, the *Hicks* court opines that Section 195 is the only possible basis for the regulations in §§ 146-1.3 and 146-2.2 because "NYLL § 195(1)(a) is the only provision of the NYLL that sets forth a requirement that employees be provided with a wage notice." *Id.* The analysis assumes that because Section 195 and the tip credit regulations both require a similar form of written notice, the regulations must have arisen from Section 195. But the *Hicks* court does not explain how she reached this conclusion. Moreover, there are other provisions of the NYLL—specifically the Minimum Wage Act—that the Commissioner of Labor could (and did) rely upon in promulgating the relevant regulations.

---

[1] As an aside, the opinion in *Marin* describes this conclusion as one that "other courts"—plural—"have observed." This choice of language makes it sound as though the cited position is one that is well-accepted. But, in fact, there is only one other court—*Hicks*—that concluded the regulations at §§ 146-1.3 and 146-2.2 were promulgated by NYDOL to carry out the requirements of § 195(1)(a). And *Marin* cites to only that one case to support its assertion that the position it adopted is shared by many courts.

Second, in reaching this conclusion, the *Hicks* court unduly relies on *Carvente-Avila v. Chaya Mushkah Rest. Corp.*, No. 12-CV-5359 (KBF), 2016 WL 3221141 (S.D.N.Y. Mar. 1, 2016) for the proposition that §§ 146-1.3 and 146-2.2 were promulgated to effectuate NYLL § 195.  However, the court in *Carvente-Avila* did not come to that conclusion.  In *Cavente-Avila*, Judge Forrest cited NYLL § 199 for the general proposition that "[t]he legislature has vested the NYDOL with the authority to issue regulations *such as*" sections 146-1.3 and 146-2.2."  2016 WL 3221141, at *2 (emphasis added). Judge Forrest then noted that "[t]he NYDOL promulgated the Minimum Wage Order regulations in 2010."  *Id.*  Judge Forrest did not hold that §§ 146-1.3 and 146-2.2 were promulgated to effectuate Section 195.  But the *Hicks* court relies on no other source for its specific conclusion that the NYDOL deemed sections 146.1-3 and 146-2.2 "necessary to carry out" Section 195(1)(a).  *Hicks*, 2018 WL 2440732, at *7.

The Court could not rely on the decisions in *Hicks* and *Marin* for another, more fundamental reason:  neither *Hicks* nor *Marin* evaluate the entire text or the regulatory history of §§ 146-1.3 and 146-2.2.  That fact significantly undermines the persuasive power of the decisions because their conclusions purport to rest on the purpose and history of those regulations.  In addition, and as described below, the text describing the adoption of these regulations belies the assertions in *Hicks* and *Marin* that the regulations were implemented to carry out Section 195.  They were not.

D.  <u>The Regulatory Text and History</u>

The regulatory text of §§ 146-1.3 and 146-2.2 provided further support for this Court's conclusion that the Affirmative Defenses are not applicable to the Minimum Wage Claims.  The Hospitality Industry Wage Order (the "HIWO") contains the regulations in §§ 146-1.3 and 146-2.2. *See* Dkt. No. 260, Ex. 2.[2]  The first page of those regulations states that the regulations were

---

[2] The HIWO regulations are also available online at https://dol.ny.gov/system/files/documents/2022/03/cr146.pdf (last visited May 26, 2022).

"Promulgated by the Commissioner of Labor Pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law)." *Id.* Importantly, Article 19 does not include Section 195. Article 19 includes Sections 650 through 665 of the NYLL. Sections 195 and 198 are part of Article 6 of the NYLL. Therefore, the text of the regulations belies the conclusions of the courts in *Marin* and *Hicks* that these regulations were adopted to implement Section 195. The regulations themselves explicitly state that they were not; rather, they expressly state that they were promulgated pursuant to Article 19. The *Marin* and *Hicks* courts did not consider this clear regulatory text in reaching their decisions. Since the *Hicks* and *Marin* decisions did not adhere to the text of the relevant statute or the regulations, the Court did not find them to be persuasive authority.

Furthermore, the Court could not agree with the conclusions drawn by the courts in *Hicks* and *Marin* that the tip credit notice requirements must have been promulgated in order to carry out Section 195, rather than to carry out other provisions of the NYLL. The HIWO regulations state that the NYDOL's statutory authority for these regulations came not only from Section 199 of the NYLL but also from Section 652 of the NYLL. *Id.* Section 652 of the NYLL provides that employers "shall pay to each of its employees for each hour worked" the minimum wage. NYLL § 652.

As noted by Plaintiffs in their briefing on this issue, the regulatory history of the HIWO suggests that "§ 146-1.3 is firmly a product of, and meant to effectuate, the Minimum Wage Act. Notably, neither the wage board's report and recommendation, the Commissioner's order on the report and recommendation, nor either of the notices of the [HIWO] published in the New York State Register mention N.Y. Lab. Law § 195." Dkt. No. 259 at 24.

The timing of the HIWO regulations further supports the conclusion that they were the product of the Minimum Wage Act, Article 19, and not Section 195. On December 10, 2010, the New York Legislature approved changes to Article 6, including Sections 195 and 198. These

9

changes went into effect on April 9, 2011. Labor Law—Wage Theft Prevention Act, 2010 Sess. Law News of N.Y. Ch. 564 (S. 8380). The December 10, 2010 amendments to Article 6 created the Affirmative Defenses. *Id.* Prior to the December 10, 2010 amendments, there was no affirmative defense available to employers who violated Section 195. *See* NYLL § 198 (2009) (amended 2011).

HIWO, and the proposed regulations requiring employers to provide written notice to employees if they intend to take a tip credit, were first published on October 20, 2010. N.Y. Reg., Vol. XXXII, Issue 52, Dec. 29, 2010. They went into effect on January 1, 2011, three months before the Affirmative Defenses were even available to employers.

Therefore, the Court, in reviewing the regulations and the regulatory history, could not agree with the conclusion drawn by the *Marin* and *Hicks* courts. Instead, the Court concluded that §§ 146-1.3 and 146-2.2 were promulgated pursuant to the Minimum Wage Act. The Court reached that conclusion for the simple reason that the regulations say so.

E. Defendants' Policy Arguments

Defendants' policy arguments did not permit the Court to stray from the statutory scheme established by New York State. Defendants argued that their violations of the minimum wage laws were technical in nature and that, therefore, they should have been allowed to argue the applicability of the Affirmative Defenses to the jury. Defendants pointed out that there was no allegation that Plaintiffs did not receive enough in tips to compensate for Defendants taking the tip credit. Defendants' only violation was a failure to provide their tipped employees with a written notice that conformed with all of the nitty requirements of the regulations. As a result, they argued, in essence, that they were being subjected to a huge penalty when there was no actual loss to Plaintiffs.

As the Court stated in argument at trial, the Court appreciates the policy arguments raised by Defendants. However, the Court does not legislate from the bench: it reads legislation. Whatever the merit of their policy arguments may be, the Court cannot stray from the text of the statute and

the clear inapplicability of the Affirmative Defenses to Plaintiffs' Minimum Wage Claims. Defendants failed to provide the required notices, and therefore they were not allowed to take a tip credit. The legislature limited the applicability of the Affirmative Defenses to other violations—the Court cannot change the law on the basis of Defendants' policy arguments.

## IV.   CONCLUSION

For the reasons described above, and in my March 31, 2022 oral decision, the Court concluded that the Affirmative Defenses could not be raised in response to Plaintiffs' Minimum Wage Claims. The plain language of Section 198 and of the regulations make clear that these defenses apply only to violations of Section 195.

SO ORDERED.

Dated: May 26, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge