USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/26/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PAVLE ZIVKOVIC, *on behalf of himself and others similarly situated*,

                              Plaintiff,

-against-

LAURA CHRISTY, LLC *d/b/a* Valbella, LAURA CHRISTY MIDTOWN, LLC, DAVID GHATANFARD, *and* GENCO LUCA,

                              Defendants.
-----------------------------------------------------------------X

1:17-cv-553-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

      The Court appreciates that the parties have reached agreement on nearly all calculations of damages for the class-wide New York Labor Law ("NYLL") claims. *See* Dkt. No. 287 at 1. The parties have asked the Court to resolve their only dispute with respect to the calculation of damages at this point in the case—the amount of prejudgment interest that Defendants owe. *Id.* at 1-2. Plaintiffs argue that the Court should assess prejudgment interest at New York's statutory interest rate of 9 percent per annum from January 12, 2015 until April 11, 2022, the date of the jury's verdict. *Id.* at 2. Defendants request that the Court instead assess prejudgment interest from January 12, 2015 until early November 2019, which is "when the case would have concluded" if Plaintiffs had not filed a second motion for partial summary judgment and if the COVID-19 pandemic had not delayed the trial, which was previously scheduled to begin on October 28, 2019. *Id.* at 2-3.

      The Court adopts Plaintiffs' proposed approach for calculating prejudgment interest, rather than Defendants' proposal, because Defendants have pointed to no precedent allowing the Court to reduce the prejudgment interest owed based on factors "outside of Defendants' control" that delayed the resolution of this case. *Id.* at 2. New York state law provides that interest "shall be computed by the clerk of the court, to the date the verdict was rendered or the report or decision

was made[.]" N.Y. C.P.L.R. 5001(c).  The statute specifies that the Clerk of Court "shall" compute prejudgment interest to the date of the verdict, rather than using a more permissive formulation such as the Court "may" compute prejudgment interest to that date.  N.Y. C.P.L.R. 5001(c).  The New York Court of Appeals has construed the use of "shall" in a statutory provision to be "mandatory language" that "speaks in terms implying duty, not discretion."  *See Syquia v. Bd. of Educ. of Harpursville Cent. Sch. Dist.*, 606 N.E.2d 1387, 1390 (N.Y. 1992); *see also Nat. Res. Def. Council, Inc. v. New York City Dep't of Sanitation*, 630 N.E.2d 653, 654 (N.Y. 1994) ("The use of the verb 'shall' throughout the pertinent provisions [of the legislation in question] illustrates the mandatory nature of the duties contained therein.").  Accordingly, the use of "shall" in the statute here indicates that the Court lacks discretion to change the date at which prejudgment interest stops accruing.  Defendants have not cited any cases or legislative history to persuade the Court to hold otherwise.

The Court observes that Defendants' proposed calculation of prejudgment interest would also be inconsistent with the purpose of awarding such interest.  New York courts have long recognized that the purpose of awarding interest is "to make an aggrieved party whole[,]" in recognition of the fact that "the defendant had the benefit of the money" while the dispute was ongoing.  *See Spodek v. Park Prop. Dev. Assocs.*, 759 N.E.2d 760, 762 (N.Y. 2001) (noting this "long-standing recognition" while analyzing another subsection of N.Y. C.P.L.R. 5001).

Moreover, the New York Court of Appeals has previously rejected an argument similar to the one raised by Defendants while addressing the pre-determination interest owed by respondents in an employment discrimination case.  *See Aurecchione v. New York State Div. of Hum. Rts.*, 771 N.E.2d 231 (N.Y. 2002).  In *Aurecchione v. New York State Div. of Hum. Rts.*, the Court of Appeals rejected the respondents' argument that they "should not be penalized, by the imposition of interest" for the "delay and inefficiency" caused by another party.  771 N.E.2d 231, 233–34 (N.Y. 2002).  In doing so, the *Aurecchione* Court emphasized that interest "is not a punishment arbitrarily levied upon a

culpable party" but "rather represents the cost of having the use of another person's money for a specified period." *Id.* at 234 (internal quotation omitted). Here, notwithstanding any delays caused by Plaintiffs' partial summary judgment motion or the COVID-19 pandemic, Defendants had "the use of another person's money" through the date of the jury's verdict and, therefore, should pay prejudgment interest during this period in order to make Plaintiffs whole.

Accordingly, in light of both the plain language and purpose of the statute providing for prejudgment interest, the Court denies Defendants' request to stop assessing prejudgment interest on a hypothetical date that this case would have been resolved and adopts Plaintiffs' proposed approach for calculating prejudgment interest. Although the Court adopts Plaintiffs' proposed *approach*, the Court does not adopt Plaintiffs' calculation of prejudgment interest, as this calculation appears to be based on the number of days from the Damages Start Date to the Date of Verdict, instead of from the Damages Midpoint Date to the Date of Verdict. *See* Dkt. No. 287-1 at 3. The Court requests that Plaintiffs recalculate that amount and present the recalculated amount to the Court.

With respect to the allocation of damages, Plaintiffs' proposed approach for distributing the tip credit damages, spread of hours damages, overtime damages, prejudgment interest, liquidated damages, and damages arising from the N.Y. Lab. Law § 195(1) and N.Y. Lab. Law 195(3) claims is reasonable. The Court is willing to consider a more detailed distribution plan.

The parties are directed to submit a joint letter addressing when the Court should enter judgment in this case, along with a form order of judgment, no later than June 8, 2022. Plaintiff is further directed to submit a revised calculation of prejudgment interest, a detailed plan for

distributing damages, and a plan for notifying class members of the damages award no later than June 8, 2022.

    SO ORDERED.

Dated: May 26, 2022
       New York, New York

_____
GREGORY H. WOODS
United States District Judge