UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAVLE ZIVKOVIC, on behalf of himself and
others similarly situated,

              Plaintiff,

    v.

LAURA CHRISTY LLC d/b/a VALBELLA,
LAURA CHRISTY MIDTOWN LLC, DAVID
GHATANFARD, and GENCO LUCA,

              Defendants.

17-CV-00553-GHW

## SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

D. Maimon Kirschenbaum
Josef Nussbaum
Lucas C. Buzzard
**JOSEPH & KIRSCHENBAUM LLP**
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Plaintiff and F.R.C.P. Rule 23 Class Members*

June 13, 2022

By Order entered June 10, 2022, this Court directed Plaintiffs to submit supplemental briefing in support of their motion for attorneys' fees on the issues of: (1) whether "all of the attorneys' fees claimed are properly compensable under the New York Labor Law," and (2) "the percentage of the fees claimed related to the wage and hour claims litigated in this case, if less than 100%." ECF No. 319. Pursuant to that Order, Plaintiffs submit this supplemental briefing, along with the supplemental declaration of Lucas C. Buzzard.

As set forth in Plaintiff's originally motion for attorneys' fees, Plaintiffs seek to recover from Defendants attorneys' fees amounting to a total of $575,063.50. The short answer to the Court's first question – whether all the claimed attorneys' fees are "properly compensable" under the NYLL – is that while not all of the claimed fees are compensable under the NYLL, they are all compensable under either the NYLL or the New York City Human Rights Law ("NYCHRL'). Specifically, the fees incurred for attorney time spent solely on the litigation of Plaintiff Pavle Zivkovic's individual claims of discrimination and battery are not compensable under the NYLL's fee-shifting provision. As set forth in the Buzzard Declaration, Plaintiffs have calculated the fees incurred solely on the litigation of Plaintiff Zivkovic's individual claims at $7,060.00. *See* Buzzard Supp. Decl. ¶¶ 4-5.

But the fact that the fees incurred on Plaintiff Zivkovic's individual claims are not compensable under the NYLL does not change the overall amount that Plaintiffs are entitled to recover as attorneys' fees. This is because Plaintiff Zivkovic was successful on his discrimination claim and is therefore entitled to fees as a prevailing party under the New York City Human Rights Law ("NYCHRL"). *See* N.Y. Admin. Code § 8-502(g). Moreover, although Plaintiff Zivkovic's common law battery claim is not subject to a fee-shifting statue and he did not prevail on that claim, the fees incurred on that claim are compensable because: (1) the time spent on

1

Zivkovic's individual claims "further[ed]" both the fee-shifting NYCHRL claim and the non-fee-shifting battery claim, *Millea v. Metro-North R.R.*, 658 F.3d 154, 168 n.4 (2d Cir. 2011); and (2) the battery claim is "inextricably intertwined" with the successful NYCHRL discrimination claim, which "involve[s] a common core of facts," *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999) ("Attorney's fees may be awarded for unsuccessful claims as well as successful ones . . . where they are inextricably intertwined and involve a common core of facts or are based on related legal theories." (quotations omitted)). Specifically, the allegations concerning Plaintiff Zivkovic's discrimination claim are set forth under a separate heading of the complaint entitled "Discrimination." *See* ECF No. 1 (Compl.) ¶¶ 41-51. Two of those allegations were that in January 2017, Defendant Luca "accosted Plaintiff yelling repeatedly that he would 'cut his head off,' and calling him a 'fucking Montenegrin'" before "punch[ing] Plaintiff in the stomach hard." *Id.* ¶¶ 47-48. These allegations supported both Plaintiff Zivkovic's national origin discrimination claim and his battery claim, which arose from Defendant Luca's alleged "intentional striking" of Plaintiff during the January 2017 altercation. *See id.* ¶¶ 83-92. Because the allegations supporting the battery claim and the national origin discrimination claim overlap, and because the hours expended on Zivkovic's battery claim "would have been expended [on his NYCHRL claim] even if [he] had not included the [battery claim] in his complaint," all fees incurred for the litigation of Plaintiff Zivkovic's individual claims are compensable under the NYCHRL. *Millea*, 658 F.3d at 168 n.4; *see Wilson v. Nomura Sec. Int'l, Inc.*, 361 F.3d 86, 90-91 (2d Cir. 2004) ("[W]hen a plaintiff fails to prove one of two overlapping claims . . . the plaintiff may recover fees for all the legal work.").

As a result, Plaintiffs continue to claim a total of $575,063.50 in attorneys' fees. However, that total amount should be allocated as follows: (1) $568,003.50 in fees to the Subclasses under

the NYLL payable by Defendants Valbella Midtown, Valbella Meatpacking, and Ghatanfard; and (2) $7,060.00 in fees to Plaintiff Zivkovic under the NYCHRL payable by Defendants Valbella Midtown, Ghatanfard, and Luca.

Turning to the Court's second question, the total fees claimed that are related to the wage and hour claims is $568,003.50, which amounts to 98.7% of the $575,063.50 total claimed fees. The effect of this reduction on the amount claimed under the NYLL is to slightly, but not meaningfully, alter the lodestar multiplier on the fees sought by Class Counsel from the common fund. As set forth in Plaintiffs' initial brief, Class Counsel requests a fee award of one-third of the common fund recovered for the Subclasses. ECF No. 307 (Mem.) at 17-24. After recalculating the prejudgment interest component of the judgment, *see* ECF Nos. 311 (Order), 316-1 (Revised Proposed Judgment), the common fund recovered for the Subclasses under the NYLL totals $4,509,868.78. One third of that amount is $1,503,289.59.[1] This amount represents a 2.65 lodestar multiplier of the total fees claimed that are compensable under the NYLL ($568,003.50). For the reasons set forth in Plaintiff's initial brief, this multiplier is well within the range courts in this district have found appropriate in common fund cases. *See* ECF No. 307 (Mem.) at 22-23 (citing *Zeltser v. Merrill Lynch & Co.*, No. 13-cv-1531, 2014 U.S. Dist. LEXIS 135635, at *22 (S.D.N.Y. Sept. 23, 2014) (5.1 lodestar multiplier in a wage and hour case); *Spicer v. Pier Sixty LLC*, No. 08 Civ. 10240, 2012 U.S. Dist. LEXIS 137409, at *13 (S.D.N.Y. Sept. 14, 2012) (3.36 lodestar multiplier "well within the range of reasonableness")).

Accordingly, for the reasons set forth above, Plaintiffs respectfully request that the Court: (1) award the Subclasses attorneys fees under the NYLL amounting to $568,003.50 as against

---

[1] In their initial motion for attorneys' fees, Plaintiffs sought an award of fees to Class Counsel of $1,694,939.47, which was based on a common fund amount containing the incorrect prejudgment interest calculation. *See* ECF No. 307 (Mem.) at 22. The fees sought by Class Counsel from the common fund have been reduced so that they reflect one-third of the common fund containing the correct prejudgment interest amount.

Defendants Valbella Midtown, Valbella Meatpacking, and Ghatanfard; (2) award Plaintiff Zivkovic attorneys' fees under the NYCHRL amounting to $7,060.00 as against Defendants Valbella Midtown, Ghatanfard, and Luca; and (3) award Class Counsel fees of $1,503,289.59, which represents one-third of the common fund recovered for the Subclasses.

Dated: New York, New York
      June 13, 2022              **JOSEPH & KIRSCHENBAUM LLP**

                             _s/ Lucas C. Buzzard_
                            D. Maimon Kirschenbaum
                            Josef Nussbaum
                            Lucas C. Buzzard
                            32 Broadway, Suite 601
                            New York, NY 10004
                            212-688-5640

                            _Attorneys for Plaintiffs and the Class_