UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAVLE ZIVKOVIC, on behalf of himself and others similarly situated,<br><br>            Plaintiff,<br>  v.<br><br>LAURA CHRISTY LLC d/b/a VALBELLA, LAURA CHRISTY MIDTOWN LLC, DAVID GHATANFARD, and GENCO LUCA,<br><br>            Defendants. | 17-CV-00553 (GHW) |

**PLAINTIFFS-JUDGMENT-CREDITORS' MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR AN ORDER TO SHOW CAUSE WHY RESPONDENT MILTON J. PIRSOS, CPA SHOULD NOT BE ORDERED TO COMPLY WITH A RULE 45 SUBPOENA**

**JOSEPH & KIRSCHENBAUM LLP**

D. Maimon Kirschenbaum
Josef Nussbaum
Lucas C. Buzzard
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640

*Attorneys for Plaintiffs-Judgment-Creditors*

## I. INTRODUCTION

Plaintiff-Judgment-Creditors seek to enforce a post-judgment subpoena served on Milton J. Pirsos, the accountant for certain of the Judgment-Debtors in this action. As part of their judgment collections efforts in this matter, Plaintiffs served Mr. Pirsos with a subpoena seeking, *inter alia*, all documents in his possession concerning Defendants David Ghatanfard, Laura Christy LLC, and Laura Christy Midtown, LLC, including their tax returns and profit and loss statements from 2017 to the present. Per the representations of his attorney, Mr. Pirsos has no objections to producing the documents sought by the subpoena but maintains that pursuant to Internal Revenue Code § 7216, he cannot do so without a court order or the Defendants' consent. Defendants have refused to give Mr. Pirsos their consent. Accordingly, Plaintiffs now seek an order directing Mr. Pirsos's compliance with the subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure so that he may permissibly produce the requested information. Plaintiffs' proposed order to show cause is attached as Exhibit D to the Declaration of Josef Nussbaum.

## II. BACKGROUND

On June 22, 2022, this Court entered a judgment in this case against Defendants Laura Christy LLC, Laura Christy Midtown LLC, and David Ghatanfard, jointly and severally, for an amount in excess of $5 million. *See* ECF No. 324. To date, the entirety of the judgment remains outstanding. Nussbaum Decl. ¶ 1. In furtherance of their judgment collections efforts, on November 4, 2022, Plaintiffs served the accountant for all three of these Defendants – Milton J. Pirsos, CPA – with a subpoena pursuant to Fed. R. Civ. P. 45. Nussbaum Decl., Ex. A (Subpoena). The subpoena directed Mr. Pirsos to produce "[a]ny and all documents" in his possession that "relate to" the above Judgment-Debtors, "including without limitation all tax returns from 2017 to

the present and all profit and loss statements from 2017 to the present."[1] *Id.* On November 28, 2022, Plaintiffs served on Mr. Pirsos a revised subpoena that contained additional details about the documents Plaintiffs' sought. *See* Nussbaum Decl. ¶ 4 & Ex. B (November 28 Subpoena).

On December 12, 2022, Mr. Pirsos's counsel, John Lentinello of the firm Milber, Makris, Plousadis & Seiden, LLP, sent Plaintiffs a letter regarding the subpoena. *See* Nussbaum Decl., Ex. C (Letter). Mr. Lentinello confirmed that Mr. Pirsos was in possession of "various tax returns" and other requested information for the above Judgment-Debtors. *See id.* While Mr. Pirsos did not "assert[] any privileges or objections" to the subpoena "on his own behalf," Mr. Lentinello represented that "Pirsos is prohibited from producing documents responsive to the subpoena" without either the personal consent of the Judgment-Debtors or a court order "compelling production and compliance." *Id.* Specifically, Mr. Lentinello cited Internal Revenue Code, 26 U.S.C. § 7216 as the relevant provision prohibiting Mr. Pirsos's compliance with the subpoena. *Id.* at 1-3. Mr. Lentinello further represented that Pirsos had "attempted to obtain" from Defendants a waiver of § 7216 but had "been unable to obtain consent in order [to] produce the responsive tax return documents." *Id.* at 1. Accordingly, because Plaintiffs' original subpoena was not executed by a judge of this Court, or the Clerk of Court at the direction of a judge, Pirsos "is prohibited by law from producing any information responsive to the subpoena" per § 7216. *Id.* at 2-3.

On December 22, 2022, Plaintiffs' counsel held a meet and confer with Mr. Lentinello. Nussbaum Decl. ¶ 6. During that meeting, Mr. Lentinello reiterated that Pirsos maintains no objections of his own to the November 28 subpoena, and would produce the requested documents

---

[1] The subpoena also sought the production of the same information for Defendant Genco Luca. *See* Nussbaum Decl., Ex. A (Subpoena). Mr. Pirsos's attorneys have represented, however, that he is not in possession of any responsive documents as to Mr. Luca. *See* Nussbaum Decl., Ex. B (Pirsos Letter) at 1. Accordingly, this application seeks an order of compliance only with respect to Judgment-Debtors Laura Christy LLC, Laura Christy Midtown LLC, and David Ghatanfard.

2

if the subpoena were "so-ordered" by the Court. *Id.* He also confirmed that he would accept service of any so-ordered subpoena on behalf of Mr. Pirsos. *Id.*

Plaintiffs now seek an order compelling Mr. Pirsos to comply with the November 28 subpoena so that he may permissibly produce the requested tax return documents.

### III.   ARGUMENT

Mr. Pirsos should be ordered to comply with Plaintiffs' subpoena seeking production of Defendants' tax return information. If a non-party does not produce documents in compliance with a subpoena, the District Court for the district where compliance is required may enter an order compelling the non-party to produce the subpoenaed documents. *See* Fed. R. Civ. P. 37(a)(1), 45(d)(2)(B)(i). Per Rule 45, the serving party is required to move to enforce a subpoena in "the court for the district where compliance is required for an order compelling production and inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). The subpoena here seeks the production of documents at the offices of Plaintiffs' counsel in Manhattan. *See* Nussbaum Decl., Ex. B (November 28 Subpoena). Accordingly, because compliance is required in Manhattan, this request is properly brought in this Court. *See, e.g.*, *JMC Rest. Holdings, LLC v. Pevida*, No. 2015 U.S. Dist. LEXIS 62374, at *5 (E.D.N.Y. May 12, 2015); *see also* Fed. R. Civ. P. 45(c)(1)(A) (providing that a subpoena may specify a "[p]lace of [c]ompliance" that is "within 100 miles of where the person resides, is employed, or regularly transacts business in person").

Here, Mr. Pirsos's only objection to compliance with Plaintiffs subpoena is that he is prevented by Internal Revenue Code ("IRC") § 7216 from disclosing information furnished to him in connection with the preparation of Defendants' tax returns without an order of the court or Defendants' permission. *See* Nussbaum Decl., Ex. C (Pirsos Letter). IRC § 7216 provides:

> (a) General rule. Any person who is engaged in the business of preparing, or providing services in connection with the preparation of, returns of the tax

3

> imposed by chapter 1, or any person who for compensation prepares any such return for any other person, and who knowingly or recklessly—
>
>> (1) discloses any information furnished to him for, or in connection with, the preparation of any such return, or
>> (2) uses any such information for any purpose other than to prepare, or assist in preparing, any such return,
>
> shall be guilty of a misdemeanor, and, upon conviction thereof, shall be fined not more than $1,000 ($100,000 in the case of a disclosure or use to which section 6713(b) applies), or imprisoned not more than 1 year, or both together with the costs of prosecution.
>
> (b) Exceptions.
>
>> (1) Disclosure. Subsection (a) shall not apply to a disclosure of information if such disclosure is made—
>>> (A) pursuant to any other provision of this title, or
>>> (B) pursuant to an order of a court.

26 U.S.C. § 7216.

Here, Defendants' tax returns from 2017 to the present, as well as the documents used to prepare those returns, are clearly relevant to Plaintiffs' efforts to enforce their judgment against Defendants – the entirety of which remains outstanding. Indeed, "Courts in this circuit have typically granted motions to compel the production of tax returns in the context of post-judgment discovery." *Libaire v. Kaplan*, 760 F. Supp. 2d 288, 295 (E.D.N.Y. 2011) (citing cases). Mr. Pirsos's attorneys have represented to Plaintiffs' counsel that Mr. Pirsos attempted to obtain a waiver of § 7216 from Defendants themselves, but Defendants refused to consent to the production of the responsive tax return documents. *See* Nussbaum Decl., Ex. C (Letter) at 1. Accordingly, Plaintiffs' respectfully request an order directing Mr. Pirsos to comply with Plaintiffs' subpoena so that he may produce the requested documents without running afoul of § 7216.

### IV. CONCLUSION

For all the above reasons, this Court should order Mr. Pirsos to comply with Plaintiffs' subpoena dated November 28, 2022, *see* Nussbaum Decl., Ex. B, and direct him to produce the requested documents forthwith. A proposed order directing Mr. Pirsos to show cause why he should not be directed to comply with the subpoena is submitted contemporaneously with this application as Exhibit D to the Declaration of Josef Nussbaum. Immediately after filing this application, Plaintiffs will serve Mr. Pirsos's attorneys with the filed version of this application and the proposed order to show cause and will then file an affidavit of service with respect to those documents. Plaintiffs will also immediately serve Mr. Pirsos's attorneys with the completed order to show cause once it has been issued by this Court.

Dated: New York, NY
      February 17, 2023

By:   _/s/Lucas C. Buzzard____
D. Maimon Kirschenbaum
Josef Nussbaum
Lucas C. Buzzard
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 688-2548
Email: lucas@jk-llp.com

*Attorneys for Plaintiffs and the*
*Fed. R. Civ. P. Rule 23 Subclasses*