# JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

February 17, 2023

**VIA ECF**
Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

           Re:    *Zivkovic v. Laura Christy LLC, et al*, No.: 17-cv-553 (GHW)

Dear Judge Woods,

      We represent Plaintiffs and the Subclasses in the above-referenced matter. We write pursuant to Rule 2.E of the Court's Individual Rules of Practice to request a pre-motion conference concerning Plaintiffs' anticipated motion to: (1) compel Defendants David Ghatanfard, Laura Christy Midtown LLC ("Valbella Midtown"), and Laura Christy LLC ("Valbella Meatpacking") to provide full and accurate responses to information subpoenas; (2) compel Ghatanfard to respond and produce documents sought in Plaintiffs' subpoena duces tecum; and (3) hold Ghatanfard and Valbella Midtown in contempt for non-compliance with subpoenas and restraining notices.

**I.**    **Applicable Law.**

      Pursuant to Fed. R. Civ. P. 69, a judgment creditor may obtain discovery in an effort to enforce a judgment. Fed. R. Civ. P. 69(a). The procedure for execution of a judgment is governed by the practice and procedure of the state where the district court sits. *Id.* Article 52 of the CPLR "governs the enforcement and collection of money judgments in New York State courts." *Cruz v. TD Bank, N.A.*, 711 F.3d 261, 264 (2d Cir. 2013). "When a creditor successfully obtains a money judgment against a judgment debtor, New York law allows the creditor, through an attorney, to use several statutory devices with force of law to collect on the judgment." *Wagner v. Chiari & Ilecki, LLP*, 973 F.3d 154, 157 (2d Cir. 2020).

      First, the creditor "can issue a 'restraining notice,' which bars a 'judgment debtor' from making 'any sale, assignment, transfer or interference with any property in which he or she has an interest . . . until the judgment or order is satisfied or vacated.'" *Id.* (quoting C.P.L.R. § 5222(b)). Second, a creditor may "compel disclosure of all matter relevant to the satisfaction of the judgment" by serving two relevant types of subpoenas: (1) a "subpoena duces tecum requiring the production of books and papers for examination at a time and place named therein," and (2) an "information subpoena," which requires that the recipient respond to a set of written questions. *Id.* (quoting C.P.L.R. § 5224(a)). "'Refusal or willful neglect of any person to obey' an information subpoena, subpoena duces tecum, or restraining notice issued in connection with the enforcement of the judgment . . . is 'punishable as a contempt of court.'" *Id.* (quoting C.P.L.R. § 5251).

## II. Background.

In June 2022, this Court entered a judgment of more than $5 million against Defendants, jointly and severally. *See* ECF No. 324 (Judgment). On August 1, 2022, Plaintiffs served Defendants with restraining notices and information subpoenas pursuant to Fed. R. Civ. P. 69 and Article 52 of the CPLR. *See* Exs. A-C. The subpoenas contained questionnaires seeking information about Defendants' bank accounts, property, and other assets they were required to answer "separately and fully" under oath. *See id.* Defendants responded to the information subpoenas in September 2022. *See* Exs. D (Ghatanfard Response), E (Valbella Midtown Response), F (Valbella Meatpacking Response). Ghatanfard executed all three responses under penalty of perjury. *See id.*

## III. Defendants' Failure to Comply.

As outlined below, Defendants have actively frustrated collection of this Court's judgment by disregarding Plaintiffs' restraining notices, providing false and/or incomplete answers to information subpoenas, and ignoring a subpoena deuces tecum seeking production of documents.

### A. Ghatanfard and Valbella Midtown Fail to Fully Disclose Accounts Then Dissipate Assets from those Accounts in Violation of Plaintiffs' Restraining Notice.

Question 4 of Plaintiffs' information subpoena to Ghatanfard directed him to (a) identify "each and every" bank/financial institution in which he has an account or over which he has signatory authority, and (b) provide the account number, type of account, and account balance from January 1, 2017 to the present. *See* Ex. A at Question 4. Similarly, Question 8 of the information subpoena to Valbella Midtown directed it to list the name of the bank and account number for "all bank accounts of the . . . business entity." *See* Ex. B at Question 8.

In response, Ghatanfard identified Bank of America ("BofA") but did not provide the account number, the type of account, or the account balance. *See* Ex. D. After Plaintiffs subpoenaed BofA, they learned he had disregarded Plaintiffs' restraining notice. Namely, between August 1, 2022 and November 28, 2022, Ghatanfard withdrew over $17,000 from his BofA account. In addition, Ghatanfard did not disclose another bank account at Patriot Bank, N.A. that Plaintiffs later discovered through other subpoenas. That account, which Ghatanfard holds jointly with his life partner, Rosey Kalayjian, has had some $2 million pass through it since January 2022.

In its response, Midtown identified Patriot Bank, but stated that the "details of the accounts [are] presently unknown to me, if such accounts are now in existence." *See* Ex. E at Response 8. Through other subpoenas, Plaintiffs learned that Midtown maintains an account at PNC Bank for which Ghatanfard has signatory authority that was not disclosed by either Defendant. PNC Bank documents reveal that Midtown also failed to comply with the restraining notice. Between August 1 and November 30, it paid out over $8,000 from this account, including some $1,000 to Dealy, Silberstein & Braverman LLC (the attorneys for Valbella Meatpacking in this action) and $2,400 to Ms. Kalayjian. Moreover, between April 11, 2022 (the date the jury entered its verdict in this action) and August 2022, Midtown wrote checks from this account totaling over $140,000 for legal fees of other individuals/entities. These included: (1) a $95,000 check to Neal Comer (Defendant Ghatanfard's attorney in this action) for "Legal Fees-Trial"; and (2) several checks totaling over $25,000 to the attorneys for Valbella Meatpacking in this action. In responding to the information subpoena, Midtown failed to identify any of these asset transfers. *See* Ex. E at Response 15.

**B. Examples of Other Deficient Responses to Plaintiffs' Information Subpoenas.**

There are manifold other examples of Defendants' failure to provide complete and accurate responses to the information subpoenas. Ghatanfard professed he was "not sure" how much he had been paid by three Valbella entities since 2017, despite bank records showing Midtown paid him some $1.1 million in 2021 alone. *See* Ex. D at Response 2. He denied having interest in any corporation, partnership, or trust, *see id.* at Response 3, despite reporting over $950,000 in income from "rental real estate, royalties, partnerships, S corporations, trusts" on his 2021 taxes (he also failed to provide full tax returns as requested, thereby preventing Plaintiffs from learning the sources of this income). He reported his cash assets as "nominal" and stated that the fair market value of his real estate was "unknown." *Id.* at Response 6. This despite records that he owns a home on Long Island that was appraised at $3.7 million in December 2021. He reported that he conveyed that very property to his life partner, Ms. Kalayjian, but did not disclose the date of the conveyance (it was in May 2022, one month after the verdict in this case), or the consideration received (Kalayjian testified she provided no consideration). *Id.* at Response 16. He also failed to disclose: (1) his ownership of Oak Grove Road, LLC, which owns 50% of Valbella at the Park, the restaurant at the center of the successor liability action before Your Honor in Dkt No. 22-cv-7344; or (2) that he transferred 90% of his ownership interest in that entity (which was funded by contributions of some $1.8 million in 2021 and 2022) to Kalayjian on June 16, 2022 (*i.e.*, post-verdict and days before entry of judgment). *See id.* at Responses 15-16.

Midtown and Valbella Meatpacking failed to produce tax returns and profit & loss statements as requested by the information subpoena. *See* Exs. E at Responses 21-23, F at Responses 21-23. Midtown also stated that "no one prepares or maintains business records or checkbooks" of the entity, despite the PNC checks discussed above, which were written after it served its responses. *See* Ex. E at Responses 9-10.

**C. Ghatanfard Fails to Respond to Plaintiffs' Subpoena Duces Tecum.**

On January 12, 2023, Plaintiffs served Ghatanfard with a subpoena duces tecum requiring him to produce specified documents. *See* Ex. G (Subpoena Duces Tecum). The subpoena had a return date of February 2, 2023. *See id.* On February 6, 2023, Plaintiffs emailed Ghatanfard's counsel to inquire about his outstanding responses. Plaintiffs have not received a response.[1]

As seen above, Defendants failed to disclose information required by Plaintiffs' information subpoenas and transferred assets from undisclosed (or inadequately disclosed) accounts after service of restraining notices. It is further evident that after the jury's verdict in this action, Defendants dissipated assets of Ghatanfard and Midtown by conveying Ghatanfard's real property, transferring Ghatanfard's shares in Oak Grove Road LLC, and paying the legal fees of other individuals/entities from Midtown's accounts. Defendants failed to disclose any of these transfers in response to the information subpoenas. Given Defendants' myriad failures to comply with their legal obligations, Plaintiffs request an order: (1) directing all Defendants to provide full and accurate responses to the information subpoenas on pain of contempt; (2) directing Ghatanfard to respond and produce all documents sought in Plaintiffs' January 12 subpoena duces tecum on pain of contempt; and (3) holding Ghatanfard and Midtown in contempt for failing to give full and accurate responses to the information subpoenas and failing to comply with restraining notices.

---

[1] Plaintiffs also served a subpoena duces tecum on Valbella Midtown with a return date of February 20, 2023. Plaintiffs anticipate moving to compel responses to that subpoena if Midtown fails to respond by that date.

We thank the Court for its attention to this matter.

                                        Respectfully submitted,

                                        **JOSEPH & KIRSCHENBAUM LLP**

                                        /s/ *Lucas Buzzard*

                                        Lucas C. Buzzard
                                        32 Broadway, Suite 601
                                        New York, NY 10004
                                        (212) 688-5640

cc: All Counsel of Record (via ECF)