UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
PAVLE ZIVKOVIC, on behalf of himself and others similarly situated,

                           Plaintiff,

      v.

LAURA CHRISTY, LLC d/b/a VALBELLA, LAURA CHRISTY MIDTOWN, LLC, DAVID GHATANFARD and GENCO LUCA,

                           Defendants,
-----------------------------------------------------------------------X

Case No. 1:17-cv-00553-GHW

## NON-PARTY MILTON J. PIRSOS, CPA'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S ORDER TO SHOW CAUSE

On the brief:
John A. Lentinello, Esq.

Non-party accountant Milton J. Pirsos, CPA ("Mr. Pirsos") respectfully submits this memorandum of law in opposition to plaintiff-judgment creditor's ("plaintiff's") order to show cause seeking to compel Mr. Pirsos' compliance with a subpoena *duces tecum* dated November 28, 2022. For the reasons described below, plaintiff's motion by order to show cause should be denied in its entirety.

## BACKGROUND/SUMMARY OF ARGUMENT

As a threshold matter, in the interests of brevity and comity, for the sake of judicial efficiency, and to avoid unnecessarily burdening the Court, Mr. Pirsos respectfully refers the Court to plaintiff-judgment creditor's memorandum of law in support of his motion for a rendition of details surrounding the instant action and existing judgment since Mr. Pirsos was not a party to the action and takes no position regarding the judgment.

Mr. Pirsos was served with a non-party subpoena *duces tecum* dated November 28, 2022, with a return date of December 20, 2022. *See* Lentinello Decl., Exhibit "1". The subpoena sought production of any and all documents in Mr. Pirsos' possession, custody or control that relate to the following judgment-debtors in the action: (1) David Ghatanfard; (2) Laura Christy, LLC; (3) Laura Christy Midtown, LLC; and (4) Genco Luca, including, without limitation, all tax returns from 2017 to present, and all profit and loss statements from 2017 to the present. *Id.*

Mr. Pirsos was engaged in a tax preparation capacity for David Ghatanfard, Laura Christy, LLC, and Laura Christy Midtown, LLC during the years of operation for the Laura Christy entities. *See* Lentinello Decl., Exhibit "2" According to Mr. Pirsos, he was not engaged in any capacity with respect to providing any accounting or tax preparation services for defendant Genco Luca, but performed some cleanup of the books for the Laura Christy entities prior to preparing the tax returns. *Id.* Mr. Pirsos was engaged in a tax preparation capacity for Mr. Ghatanfard, individually,

2

for tax years 2017-2021, Laura Christy, LLC for 2017-2018 and Laura Christy Midtown, LLC for 2017-2020. *Id.*

Simply put, Mr. Pirsos timely provided a response to the subpoena and properly acted within the requirements placed upon a tax preparer pursuant to 26 U.S.C. §7216 when he did not receive consent to disclose the confidential tax return records of his former clients. *See* Lentinello Decl., Exhibit "3".

## LEGAL ARGUMENT

### POINT I

### MR. PIRSOS TIMELY COMPLIED WITH AND RESPONDED TO THE SUBPOENA AND WAS PROHIBITED FROM PRODUCING THE TAX RETURNS PURSUANT TO 26 U.S.C. § 7216 WITHOUT CONSENT OF HIS CLIENTS (THE DEFENDANTS) ABSENT A COURT ORDER OR SO-ORDERED SUBPOENA

Mr. Pirsos timely complied with, and responded to, the subpoena by written letter from his counsel dated December 12, 2022. *See* Lentinello Decl., Exhibit "3". In accordance with the requirements of 26 U.S.C. § 7216, Mr. Pirsos timely notified the defendants of the subpoena and sought the requisite consent to disclose and provide copies of the respective tax returns and related documents sought in the subpoena that are in his possession, custody or control. However, the defendants advised Mr. Pirsos' counsel, including through their counsel to the undersigned, that they did not consent to disclosure of their confidential tax returns and records at that time. Therefore, pursuant to 26 U.S.C. § 7216, by his counsel, Mr. Pirsos properly advised plaintiff-judgment creditor's counsel in writing that, absent consent from his clients, Mr. Pirsos was prohibited from producing the responsive tax returns and documents absent a Court Order or receipt of a So-Ordered subpoena. *See* Lentinello Decl., Exhibit "3". Moreover, Mr. Pirsos, by his counsel, notified plaintiff-judgment creditor's counsel that a civil subpoena without a So-Order from a Judge of the Court is not an exception to this statutory requirement.

3

As this Court noted in *S.E.C. v. Cymaticolor Corp.*, 106 F.R.D. 545 (S.D.N.Y. 1985), 26 U.S.C. § 7216 sets forth the conditions for production of tax returns by tax return preparers, providing, at pertinent part, that:

"(a) General Rule. Any person who is engaged in the business of preparing, or providing services in connection with the preparation of, returns of the tax imposed by Chapter 1, or any person who for compensation prepares any such return for any other person, and who knowingly or recklessly –

(1) Discloses any information furnished to him for, or in connection with, the preparation of any such tax return, or

(2) Uses any such information for any purpose other than to prepared, or assist in preparation any such return,

shall be guilty of a misdemeanor, and, upon conviction thereof, shall be fined not more than $1,000, or imprisoned not more than 1 year, or both, together with the costs of prosecution.

(b) Exceptions

(1) Disclosure section (a) shall not apply to disclosure of information if such disclosure is made----

(a) Pursuant to an Order of Court, So-Ordered subpoena, consent of taxpayer, or is demanded from any Government Agency or investigative body.

(b)(3)(i) . . . any information, including, but not limited to, a taxpayer's name, address, or identifying number, which is furnished in any manner for, or in connection with, the preparation of a tax return of the taxpayer. This information includes information that the taxpayer furnishes to a tax return preparer and information furnished to the tax prepared by a third party. Tax return information also includes information the tax return preparer derives or generates from the tax return information in connection with the preparation of a taxpayer's return ..."

(D) Information is considered "in connection with tax return preparation," and therefore tax return information, if the taxpayer would not have furnished the information to the tax return preparer but for the intention to engage, or the engagement of, the tax return preparer to prepare the tax return."

Moreover, as other courts have held, tax preparation accountants are prohibited by 26 U.S.C. § 7216 from producing tax returns without client consent, Court Order, a So-Ordered subpoena or government-issued subpoena, and that a general civil subpoena does not constitute an

4

exception. *See Wells Fargo Bank, N.A. v. Moskoff*, 2018 WL 6727555 (D.N.H. 2018); *Shanshan Shao v. Beta Pharma, Inc.*, 2017 WL 1752932, (D.CT. 2017); *Detroit Coke Corp. v. NKK Chemical USA, Inc.*, 1993 WL 367060 (W.D.N.Y. 1993). Thus, as noted in Mr. Pirsos' response to the subpoena, simply put, because the civil subpoena served upon Mr. Pirsos was not an exception to 26 U.S.C. § 7216, and because the defendants did not consent to disclosure of their tax returns by Mr. Pirsos in response to the subpoena, Mr. Pirsos was prohibited from complying further with the subpoena since it was not So-Ordered or pursuant to an Order of this Court. *See* Lentinello Decl., Exhibit "3".

Nowhere within any written or other communications or responses on Mr. Pirsos' behalf was there ever any indicia of willful neglect or failure to respond by non-party Mr. Pirsos in any manner. Mr. Pirsos responded to the subpoena, timely acknowledged its receipt, and raised no objections of his own to the subpoena. Thus, any award of fees or costs to plaintiff-judgment creditor in connection with the Order to Show Cause application would clearly constitute an abuse of the Court's discretion since Mr. Pirsos simply responded timely to the subpoena and complied with it in the only way he was permitted pursuant to applicable tax law in accordance with the settled case law cited above. If, Mr. Pirsos is ordered by this Court to produce the tax return records, Mr. Pirsos will comply in full with any Court order absent any application by the defendants to quash the subpoena.

## CONCLUSION

For the reasons set forth above, Mr. Pirsos timely responded to, and complied with, the subpoena in accordance with 26 U.S.C. § 7216 given the lack of consent by the defendants to produce responsive documents (and Mr. Pirsos understands that the defendants maintain their separate objections to the subpoena). Notwithstanding the defendants' objections, given the

5

defendants' lack of consent to production, Mr. Pirsos, as a non-party tax preparer, could not produce the responsive tax return documents absent a Court Order or So-Ordered subpoena, in accordance with well settled case law and the application of 26 U.S.C. § 7216.

As such, considering the foregoing, plaintiff's motion by order to show cause should be denied in its entirety.

Dated: Woodbury, New York
       March 1, 2023

MILBER MAKRIS PLOUSADIS
& SEIDEN, LLP

By: _____
John A. Lentinello, Esq. (JL 0187)
*Attorneys for Non-Party*
**Milton J. Pirsos, CPA**
1000 Woodbury Road, Suite 402
Woodbury, New York 11797
(516) 712-4000
(516) 712-4013 (Facsimile)
Our File No.: 446-23547