## Joseph & Kirschenbaum LLP
Attorneys at Law

| | |
|---|---|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Phone (212) 688-5640 |
| Josef Nussbaum | Fax (212) 688-2548 |
| Lucas C. Buzzard | www.jk-llp.com |

March 6, 2023

**VIA ECF**

Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

        **Re:** *Zivkovic v. Laura Christy LLC, et al*,
              No.: 17-cv-553 (GHW)

Dear Judge Woods,

    Counsel for Plaintiffs and the Subclasses in the above-referenced matter, together with counsel for non-party Milton J. Pirsos, CPA, submit this joint letter concerning the Court's Order to Show Cause why Milton J. Pirsos should not be ordered to comply with Plaintiff's Rule 45 subpoena. ECF No. 353. In that Order, the Court directed Mr. Pirsos to respond to Plaintiffs' application for an Order to Show cause by March 3, directed Plaintiffs to file a reply by March 8, and directed Mr. Pirsos to show cause at a conference scheduled for March 13 why an order should not be issued directing his compliance with Plaintiff's subpoena. *See id.*

    On March 1, 2023, Mr. Pirsos, through counsel, submitted an opposition to Plaintiff's application for an order to show cause. *See* ECF No. 349. Counsel for Plaintiffs and Mr. Pirsos thereafter held a telephonic meet and confer. Plaintiffs and Mr. Pirsos now jointly submit the following clarifications to their respective positions.

    First, as stated in Mr. Pirsos's memorandum of law in opposition to Plaintiff's application, "if Mr. Pirsos is ordered by this Court to produce the tax return records" sought in the November 28 subpoena, he "will comply in full with any Court order absent any application by the defendants to quash the subpoena." *See* ECF No. 356 at 5. Mr. Pirsos's only objection to producing documents pursuant to Plaintiffs' subpoena without a Court order is that doing so would violate 26 U.S.C. § 7126. As discussed in the respective memoranda of law of Mr. Pirsos and Plaintiffs, § 7126 makes it a misdemeanor for a tax preparer to disclose another person's tax return information unless that person consents or the disclosure is made pursuant to a Court order. *See* 26 U.S.C. § 7216(a) & (b)(1); *see also Wells Fargo Bank, N.A.*, 2018 U.S. Dist. LEXIS 214915, at * (D. N.H. Dec. 21, 2018) (observing that an accounting firm "was prohibited by statute from disclosing [the defendants' tax] information pursuant to statute without either these defendants' permission or a court order" (citing 26 U.S.C. § 7216)). Because defendants have not consented to Mr. Pirsos's production of their tax information, he cannot permissibly do so without a Court order per § 7216.

Second, Mr. Pirsos has no objections of his own to the subpoena and has no objection to the Court ordering his compliance with the subpoena. Mr. Pirsos's only objection to Plaintiff's application for an order to show cause was to make clear that he fully complied with his obligations under the original subpoena by timely responding in the only way he could – he informed Plaintiffs that per § 7216 he could not produce defendants' tax records without their consent or a Court order.

Third, Plaintiffs wish to make clear that the only form of relief they seek through their application for an order to show cause is a Court order directing Mr. Pirsos to comply with their November 28 subpoena so that he may permissibly produce the documents requested without running afoul of § 7216. Plaintiffs do not mean to assert that Mr. Pirsos – who timely responded to the subpoena via letter from his counsel stating that he could not produce the requested documents because of § 7216 – neglected to respond to or acted inconsistently with his obligations under the subpoena. Plaintiffs do not seek any fees, costs, or any other form of relief from Mr. Pirsos in connection with their application.

In light of the above clarifications of their respective positions, Plaintiffs and Mr. Pirsos respectfully submit that there may be no need for the show cause hearing scheduled for March 13. Plaintiffs respectfully request that the Court enter an order directing Mr. Pirsos to produce the documents specified in the November 28 subpoena. As set forth above, Mr. Pirsos has no objections of his own to this course of action and will produce the tax return information sought in the subpoena if ordered by the Court.[1]

Thank you for your attention to this matter.

Respectfully,

JOSEPH & KIRSCHENBAUM LLP

By: *Lucas C. Buzzard*
Lucas C. Buzzard
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640

MILBER MAKRIS PLOUSADIS & SEIDEN, LLP

By: *John Lentinello*
John Lentinello, Esq.
1000 Woodbury Road, Suite 402
Woodbury, NY 11797
Tel: (516) 712-4000

*Counsel for Milton J. Pirsos, CPA*

---

[1] Defendants, for their part, have not moved to quash the subpoena or submitted any position in connection with Plaintiff's application for an order to show cause.