# Joseph & Kirschenbaum LLP
Attorneys at Law

| | |
|---|---|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Phone (212) 688-5640 |
| Josef Nussbaum | Fax (212) 688-2548 |
| Lucas C. Buzzard | www.jk-llp.com |
| Michael DiGiulio | |
| Leah M. Seliger | |

May 22, 2022

**VIA ECF**

Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: ***Zivkovic v. Laura Christy LLC, et al.*,**
       **No.: 17-cv-553 (GHW)**

Dear Judge Woods,

    We represent Plaintiffs and the Subclasses in the above-referenced matter. We write in response to Defendants' letter dated May 16, 2023 (ECF No. 386) and in advance of the status conference scheduled in this matter for May 24, 2023 (ECF No. 387).

    In their May16 letter, Defendants Ghatanfard and Laura Christy LLC (Valbella Midtown) request that Plaintiff Zivkovic's individual state-law discrimination claims against Ghatanfard and Midtown be severed from Plaintiffs' wage and hour claims pursuant to Federal Rule of Civil Procedure 21. *See* ECF No. 386. Defendants ask for this severance so that they may have an appealable final judgment as to the wage and hour claims and may proceed with their appeal as to those claims. *Id.*

    Plaintiffs have no objection to the entry of a partial final judgment as to the wage and hour claims as Defendants request.[1] Plaintiffs propose, however, that the procedural mechanism that should be used is not the severance of claims under Rule 21, but rather the entry of a final judgment as to the wage and hour claims pursuant to Fed. R. Civ. P. 54(b).

    Rule 54(b) provides that in a multi-party or multi-claim action, a court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines there is no just reason for delay." Fed. R. Civ. P. 54(b). Three requirements must be met before entry of such a partial judgment: "(1) there are multiple claims or parties; (2) at least one claim or the rights and liabilities of at least one party has been finally determined; and (3) the

---

[1] Plaintiffs' counsel is currently in discussions with Plaintiff Zivkovic as to whether to pursue a new trial on his individual discrimination claim against Defendant Ghatanfard and/or on the damages portion of his individual claim against Defendant Valbella Midtown and will inform the Court of his decision by May 24 as directed.

court makes an express determination that there is no just reason for delay." *Acumen Re Mgmt. Corp. v. Gen. Sec. Nat'l Ins. Co.*, 769 F.3d 135, 140 (2d Cir. 2014) (cleaned up).

The first two Rule 54(b) requirements are clearly satisfied here: (1) this case involves multiple claims and parties; and (2) the Plaintiffs' NYLL wage and hour claims have been finally determined because the Court's partial grant of Defendants' Rule 59 motion for a new trial did not disturb the jury's verdict for the Subclasses on those claims. *See* ECF No. 381 (Order). Thus, the only issue is whether the Court should make an "express determination" that there is "no just reason" to delay entry of a final judgment as to the wage and hour claims.

The determination as to the third Rule 54(b) factor is "left to the sound judicial discretion of the district court and is to be exercised in the interest of sound judicial administration." *Ginett v. Computer Task Grp.*, 962 F.2d 1085, 1092 (2d Cir. 1992) (cleaned up). A significant factor in the exercise of this discretion is whether an "appellate court would have to decide the same issues more than once . . . if there were subsequent appeals." *Novick v. AXA Network, LLC*, 642 F.3d 304, 312 (2d Cir. 2011) (internal quotation marks omitted). While relief under Rule 54(b) is to be granted "sparingly," it is appropriate where "there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal, for example, where a plaintiff might be prejudiced by a delay in recovering a monetary award . . .." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997) (cleaned up).

Here, where both parties seek a final judgment as to Plaintiffs' wage and hour claims, entry of partial judgment as to those claims is appropriate because it would (a) run no danger of having the Second Circuit decide issues more than once in subsequent appeals, (b) serve the interests of judicial administration and efficiency, and (c) alleviate the significant prejudice to the Subclasses that may be caused by a delayed recovery of their monetary judgment on the NYLL wage and hour claims.

First, the issues at play in connection with the NYLL wage and hour claims – all of which are brought on behalf of two subclasses of employees – are entirely distinct from the issues involved with Plaintiff Zivkovic's individual discrimination claim against Defendants Luca, Ghatanfard, and Valbella Midtown. The issues involved in Plaintiffs' wage and hour claims involve whether Defendants were entitled to take a "tip credit" from the minimum wage; whether Subclass members worked overtime hours for which they were not paid; and whether Defendants provided adequate wage notices and wage statements. There is simply no factual or legal overlap between what is necessary to establish liability on those issues, which involve restaurant-wide pay practices, and the issue of whether Plaintiff Zivkovic was discriminated against on the basis of his national origin. Thus, any appeal of the wage and hour claims will have no effect on the viability of the remaining discrimination claims in this matter.

Second, the interests of judicial administration and efficiency would be served by allowing Defendants to take an immediate appeal of the NYLL wage and hour claims as they request. One of the major issues involved with those claims was whether Defendants were entitled to raise an affirmative defense under N.Y. Lab. Law § 198(1-b) or (1-d) to Plaintiffs' minimum wage claims premised on Defendants' practice of paying Subclass members at the "tip credit" minimum wage even though they failed to provide adequate written notice as required by New York's Hospitality

Industry Wage Order. *See Zivkovic v. Laura Christy, LLC*, 2022 U.S. Dist. LEXIS 94839 (S.D.N.Y. May 26, 2022) (Woods, *J.*). In ruling that Defendants were not entitled to the affirmative defense, this Court disagreed with decisions of New York's Appellate Division, First Department and other judges in this Circuit. *See id.* at *8-13. While Plaintiffs are confident this Court's decision was correct and will be upheld on appeal, the state of the law on this issue would undoubtedly benefit from a Second Circuit ruling sooner rather than later. *See, e.g.*, *Hayward v. IBI Armored Servs.*, 2019 U.S. Dist. LEXIS 99494, at *8-9 (E.D.N.Y. June 13, 2019) (granting a Rule 54(b) motion where, *inter alia*, district courts in this Circuit had been "ruling differently" on an issue relating to overtime and New York's minimum wage order).

Finally, the judgment on solely the wage and hour claims in this case is in excess of $5 million. *See* ECF No. 324 (Judgment) ¶ 5. That amount – which will not be implicated by any new trial on Plaintiff Zivkovic's individual discrimination claims – has remained unpaid since June 2022. As this Court is aware, Plaintiffs are currently engaged in extensive post-judgment discovery of Defendants' assets that could be used to satisfy that amount. As set forth in Plaintiffs' opposition to non-party Rosey Kalayjian's motion to quash a subpoena seeking discovery of her bank account, there is a serious and documented fear that Defendant Ghatanfard is transferring and/or hiding his assets to avoid paying that judgment. *See* ECF Nos. 374 (Opp'n), 377 (Letter re. Newly Produced Evidence). As such, any delay caused by rendering the wage and hour portion of the judgment non-final may well result in serious prejudice to Subclasses, as it will provide Defendants with additional time to secrete or transfer additional assets. *See, e.g.*, *U.S. v. Everoff*, 2001 U.S. Dist. LEXIS 19372, at *29-30 (E.D.N.Y. Nov. 6, 2001) (granting 54(b) certification where fear existed that defendant would hide assets to avoid paying a judgment, as evidenced by previous attempts to transfer assets to family members)

For these reasons, Plaintiffs respectfully request entry of a final judgment as to the NYLL wage and hour claims in this action pursuant to Rule 54(b).

We thank the Court for its attention to this matter.

Regards,

_/s/Lucas C. Buzzard_____
Lucas C. Buzzard