# HAROLD, SALANT, STRASSFIELD & ROTBARD, LLP
ATTORNEYS AND COUNSELORS AT LAW
81 MAIN STREET
SUITE 205
WHITE PLAINS, NEW YORK 10601

914-683-2500
FAX 914-683-1279
www.haroldsalant.com

CHRISTOPHER P. HAROLD
ELIZABETH G. HAROLD
GREGORY A. SALANT
RICHARD J. STRASSFIELD
JEROLD C. ROTBARD
DONNA E. ABRAMS

OF COUNSEL
LEONARD I. SPIELBERG
RACHEL J. FILASTO

June 13, 2023

VIA ECF

Honorable Gregory H. Woods
Southern District of New York
United States District Court
Daniel Patrick Moynihan US Courthouse
500 Pearl Street
New York, New York 10007

        Re: Zivkovic v. Laura Christy LLC et al.
           17 cv 553

Dear Judge Woods:

On behalf of Counsel for all defendants, Laura Christy LLC, Laura Christy Midtown LLC, David Ghatanfard, and Genco Luca (collectively, "defendants") in the above-referenced matter, I write to respectfully request that Your Honor schedule a pre-motion conference regarding defendants' anticipated motion. Defendants wish to move, pursuant to Rule 69 of the Federal Rules of Civil Procedure ("FRCP"), <u>to stay all judgment enforcement efforts by plaintiffs pending entry of a final judgment in this action</u>. Because the Court's ruling on defendants' motion under FRCP 59 granted retrial on two claims, the judgment previously entered on the jury's verdict lost its finality. Consequently, there is no longer any basis upon which plaintiffs can take collection action against defendants and their premature attempts must be stayed now.

## There is No Final Judgment for Plaintiffs to Enforce

The requirement that plaintiffs cease judgment collection immediately derives from the interplay among several jurisdictional rules. To start, the statute creating appellate jurisdiction states that "[t]he courts of appeals . . . shall have jurisdiction of appeals from all *final* decisions of the district courts of the United States." 18 U.S.C. § 1291 (emphasis added). A final decision "is typically one by which a district court dissociates itself from a case." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (internal quotation marks omitted). It is a ruling that "ends the litigation on the merits

and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945).

There is no final decision here. According to FRCP 54 (b), "any order or other decision, *however designated*, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties." Fed. R. Civ. P. 54(b) (emphasis added). As a direct result, "[w]here the Court orders retrial on one issue, but declines to do the same as to another, *any previously entered judgment is not final as to any of the claims*, absent an entry of a partial final judgment pursuant to Rule 54(b)." *Bauta v. Greyhound Lines, Inc.*, 2019 WL 6682318, at *4 (E.D.N.Y. Dec. 12, 2019) (emphasis added and internal quotation marks omitted); *accord Stone v. I.N.S.*, 514 U.S. 386, 402-03 (1995) ("The majority of post-trial motions, such as Rule 59, render the underlying judgment nonfinal both when filed before an appeal is taken (thus tolling the time for taking an appeal) and when filed after the notice of appeal (thus divesting the appellate court of jurisdiction.")); *Washington v. Confederated Tribes of Coleville Indian Reservation*, 447 U.S. 134, 150 (1980) ("the filing of a motion for partial new trial . . . rendered nonfinal the disposition of all issues between the parties").

By granting retrial on plaintiff Zivkovic's state-law discrimination and punitive damages claims against defendants Ghatanfard and Laura Christy Midtown LLC, (as to punitive damages), respectively, the Court indisputably withdrew the finality from its prior judgment. That reversion to nonfinal status makes the judgment uncollectable, and plaintiffs' enforcement proceedings should therefore halt.

FRCP 69 clearly makes the point, stating that "[a] money *judgment* is enforced by a writ of execution, unless the court directs otherwise." Fed. R. Civ. P. 69(a)(1) (emphasis added). But as defined by the rules, the term "'[j]udgment' . . . includes any decree or order *from which an appeal lies*." Fed. R. Civ. P. 54 (a) (emphasis added). Because no "appeal lies" at this time from the Court's now *nonfinal* judgment, plaintiffs can no longer enforce it.

### The Court Should Stay all Collection Proceedings While Plaintiffs' Remaining Claims are Undecided.

Defendants initially proposed that a motion for an indicative ruling on certifying a partial final judgment for appeal, *see* Fed. R. Civ. P. 62.1, followed by a remand motion in the Court of Appeals to secure that certification, *see* Fed. R. App. P. 12.1, would resolve the jurisdictional conundrum hounding this case. Considering plaintiffs' decision last week to decline remittitur and retry the punitive damages claim, however, defendants no longer believe that route is viable. There are now simply too many open claims, involving too many parties, for certification to work.

Thus, under the circumstances, defendants respectfully maintain that only two procedural options exist for moving this case forward.

*First*, plaintiffs could dismiss the remaining claims against defendants Ghatanfard and Laura Christy Midtown LLC, allowing an amended final judgment to then be filed. By doing so, plaintiffs would also reinstate the jurisdictional basis for their ongoing collection efforts; or

*Second*, the Court could retry plaintiffs' remaining claims and stay all judgment enforcement activity pending entry of a final judgment. In this scenario, defendants would move to withdraw their appeal without prejudice for lack of appellate jurisdiction. And it is in furtherance of this option that defendants seek leave to move for a stay.

We thank the Court for its consideration of this letter.

Respectfully yours,

/s/Leonard Spielberg
Attorney for Laura Christy Midtown LLC