## JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas C. Buzzard
Michael DiGiulio
Leah M. Seliger

32 Broadway, Suite 601
New York, NY 10004
Phone (212) 688-5640
Fax (212) 688-2548
www.jk-llp.com

June 14, 2023

**VIA ECF**

Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: *Zivkovic v. Laura Christy LLC, et al.*,
       **No.: 17-cv-553 (GHW)**

Dear Judge Woods,

  We write in response to Defendants' June 13, 2023 letter. (ECF No. 339). Given that Defendants have reneged on their own proposed course of action set forth in the parties' joint letter dated June 7, 2023, and now unequivocally admit that there is no valid appellate jurisdiction over their appeal from this Court's original June 22, 2022 judgment because it is nonfinal, Plaintiffs seek an order from this Court entering a partial judgment pursuant to Rule 54(b) as to the Class wage and hour claims in this matter for the reasons set forth below and in Plaintiffs' letter dated May 22, 2023. (ECF No. 388). The Court may enter such partial judgment *sua sponte*, and the Plaintiffs respectfully request that the Court use that authority to prevent any further delay of the resolution of this issue. *See Pearson Educ., Inc. v. Heliosbooks, Inc.*, 2022 U.S. Dist. LEXIS 38822, at *6 n.2 (S.D.N.Y. Mar. 4, 2022), If, however, the Court requires formal briefing, Plaintiffs respectfully request an expedited briefing schedule, with Plaintiffs' motion due no later than June 16, 2023, Defendants' opposition due no later than 7 days after the filing of Plaintiffs' motion, and any reply due within two days of Defendants' opposition.[1]

  After substantial effort on Plaintiffs' part to reach an agreement with Defendants as to their proposed course of action set forth in the parties' June 7 joint letter, *see* ECF No. 396, Defendants have now completely changed tack, asserting that this Court "indisputably withdrew the finality from its prior judgment" by partially granting Defendants' Rule 59 motion for a new trial, ECF No. 399 at 2. The clear result of that acknowledgment is that Defendants' pending appeal is "premature" and a "nullity" because it is taken from a nonfinal order. *See United States v. Rodgers*,

---

[1] Plaintiffs seek such expedited briefing so that this issue may be swiftly resolved and prevent Defendants – who have proven extraordinarily hostile to judgment collections efforts – from dissipating more of their assets in the interim.

101 F.3d 247, 251-52 (2d Cir. 1996). Based on their own arguments, Defendants' pending appeal is plainly lacking appellate jurisdiction and therefore should be immediately withdrawn.

But that is not what Defendants propose. Instead, they seek to have their cake and eat it too by (a) arguing that Plaintiffs' enforcement efforts cannot proceed because there is a nonfinal judgment and (b) attempting to use their appeal – which they admit is from a nonfinal order – to preclude this Court from entering a Rule 54(b) partial judgment as to the Class wage and hour claims, thereby also preventing enforcement efforts. *See* June 13 Letter at 2-3. Defendants' position is completely unsupportable and nothing more than a transparent effort to stymie Plaintiffs' valid enforcement efforts as to the Class wage and hour claims, which are indisputably final and completely untethered from Plaintiff Zivkovic's individual discrimination claims, the only claims for which retrial was granted.

This Court should not permit Defendants to use their invalid appeal to game the system. Instead, the Court should immediately enter a partial final judgment as to Plaintiffs' wage and hour claims pursuant to Fed. R. Civ. P. 54(b) for the reasons set forth in Plaintiffs' letter dated May 22, 2023, which Plaintiffs are currently converting into a formal motion. *See* ECF No. 388. To be clear, in their June 13 letter, Defendants expressly admit that there is no appellate jurisdiction over their current appeal. Because there is no appellate jurisdiction, this Court maintains jurisdiction over the action and may enter a Rule 54(b) partial judgment as to the wage an hour claims immediately.[2] *See Rodgers*, 101 F.3d at 251-52 ("We fail to see any efficiency in allowing a party to halt district court proceedings arbitrarily by filing a plainly unauthorized notice of appeal which confers on this court the power to do nothing but dismiss the appeal.").

We thank the Court for its attention to this matter.

                                        Respectfully,

                                        _/s/Lucas C. Buzzard_____
                                        Lucas C. Buzzard

---

[2] In fact, even if this Court *were* divested of jurisdiction by Defendants' appeal, the Second Circuit permits district courts to enter Rule 54(b) certifications in aid of appellate jurisdiction during the pendency of appeals. *See Hoffenberg v. United States*, No. 00–cv-1686, 2004 U.S. Dist. LEXIS 20668, at *9-10 (S.D.N.Y. Oct. 18, 2004) ("[C]ertification of a non-final order pursuant to Fed. R. Civ. P. 54(b) after the filing of a notice of appeal has been allowed." (citing *Gumer v. Shearson, Hammill & Co.*, 516 F.2d 283, 285 (2d Cir. 1974)); *see also In re Chateaugay Corp.*, 922 F.2d 86, 91 (2d Cir. 1990) (noting that the Second Circuit had "adopted [the] remedy" of allowing the subsequent entry of a final judgment to "validate a premature notice of appeal" in situations "when a notice of appeal was filed before a Rule 54(b) certification was obtained"); *Bailey v. New York Law School*, 2018 U.S. Dist. LEXIS 249304, at *3 (S.D.N.Y. Jan. 31, 2018) ("Even if the Court were divested of jurisdiction, in keeping with the principle of judicial economy, a district court may belatedly opine on the issue of appealability" under Rule 54(b).).