UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
PAVLE ZIVKOVIC                                       :     Case No.:
                                                     :     17-cv-00553-GHW
                               Plaintiff,            :
        -against-                                    :
                                                     :
LAURA CHRISTY LLC d/b/a VALBELLA,                    :
LAURA CHRISTY MIDTOWN LLC, DAVID                     :
GHATANFARD and GENCO LUCA                            :
                                                     :
                               Defendants.           :
---------------------------------------------------------------X


---

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO QUASH SUBPOENA**

---

The Law Offices of Fred L. Seeman
*Attorneys for Non-Party, Rosey Kalayjian*
32 Broadway, Suite 1214
New York, New York 10004
Tel: (212) 608-5000

# TABLE OF CONTENTS

**PAGE**

TABLE OF CASES AND OTHER AUTHORITIES..................................................................ii

PRELIMINARY STATEMENT ...........................................................................................1

BACKGROUND......................................................................................................................1

LEGAL STANDARD ..............................................................................................................2

SUBPOENA MUST BE QUASHED......................................................................................3

CONCLUSION ........................................................................................................................4

# TABLE OF CASES AND OTHER AUTHORITIES

**CASES**                                                       **PAGE**

*Arias-Zeballos v. Tan*,
2007 U.S. Dist. LEXIS 5068 (S.D.N.Y. 2007) .................................................................. 2

*Boaziz v. Torati*,
2016 U.S. Dist. LEXIS 72906 (S.D.N.Y. 2016) ................................................................ 2

*Dial Corp. v. News Corp.*,
2015 U.S. Dist. LEXIS 79608 (S.D.N.Y. 2015) ................................................................ 3

*During v. City Univ. of N.Y.*,
2006 U.S. Dist. LEXIS 53684 (S.D.N.Y. 2006) ................................................................ 2

*Eisemann v. Greene*,
1998 U.S. Dist. LEXIS 4591 (S.D.N.Y. 1998) .................................................................. 2

*EM Ltd. v. Republic of Argentina*,
695 F.3d 201 (2nd Cir. 2012) .................................................................................................. 2

*Estate of Ungar v. Palestinian Authority*,
451 F. Supp.2d 607 (S.D.N.Y. 2006) ................................................................................ 2

*In re Fitch, Inc.*,
330 F.3d 104 (2nd Cir. 2003) .................................................................................................. 3

*Refco Grp. Ltd. LLC v. Cantor Fitzgerald LP*,
2014 U.S. Dist. LEXIS 155009 (S.D.N.Y. 2014) ......................................................... 2, 3

*Sea Tow Int'l Inc. v. Pontin*,
246 F.R.D. 421 (E.D.N.Y. 2007) ....................................................................................... 3

*United States v. Int'l Bus. Mach. Corp.*,
83 F.R.D. 97 (S.D.N.Y. 1979) ............................................................................................ 3

iii

## OTHER AUTHORITIES

FRCP Rule 26(b)(1) ............................................................................................................. 2, 3

FRCP Rule 26(c)(1) ................................................................................................................. 3

FRCP Rule 45 ....................................................................................................................... 1, 2

FRCP Rule 45(d)(3) .................................................................................................................. 2

FRCP Rule 45 (d)(3)(A) ........................................................................................................... 2

*Pavle Zivkovic v. Valbella at the Park LLC*, Case No.: 22-cv-7344 (GHW) ........................... 1

## PRELIMINARY STATEMENT

Rosey Kalayjian, a non-party in this action, hereby submits this Memorandum of Law in support of her application, pursuant to Fed. R. Civ. P. Rule 45, to quash the non-party subpoena served upon Ms. Kalayjian's bank, Patriot Bank N.A. Ms. Kalayjian's application should be granted inasmuch as the subject subpoena seeks documents and information entirely irrelevant to the Plaintiff's post-judgment collection proceedings. Specifically, Ms. Kalayjian is neither a judgment debtor in this action, nor was she ever a principal of any of the judgment debtors in this action.

Additionally, the Plaintiff herein has commenced a second action, entitled *Pavle Zivkovic v. Valbella at the Park LLC, Case No.: 22-cv-7344 (GHW)*, alleging that Valbella at the Park LLC (hereinafter "VATP") is the alter ego of certain judgment debtors herein, and therefore subject to successor liability. Ms. Kalayjian, the manager of VATP, has already appeared twice for a deposition in the Second Action. The subpoena at issue here is nothing more than the Plaintiff's continued attempt to vex and harass Ms. Kalayjian, seeking her personal and private financial history from the past twelve (12) years, that bears no relevance either to the Plaintiff's post-judgment collection efforts in this action, or to the Plaintiff's claims of successor liability in the Second Action.

## BACKGROUND

This action was apparently commenced in January, 2017, and was predicated upon, *inter alia*, claims that the Defendants violated the Fair Labor Standards Act and New York Human Rights Law. *See, Docket Entry ("DE") 1*. After trial, the Court awarded Plaintiff a money judgment in the amounts, and against the individuals and entities, delineated in the subject Subpoena. *See, DE 324; Exhibit "A"*. The Plaintiff has since engaged in post-judgment collection efforts including the commencement of the Second Action, and, as is relevant to the instant application, the service of a subpoena seeking the personal Patriot Bank records of non-party, Rosey Kalayjian dating back to 2011. For the reasons set forth herein, the subpoena must be quashed.

1

## LEGAL STANDARD

Rosey Kalayjian is seeking to quash the subject subpoena pursuant to Fed. R. Civ. P. Rule 45. The most recent subpoena served upon Patriot Bank is returnable on June 20, 2023. *See, Exhibit "A"*. Generally, a motion to quash must be made prior to the subpoena's return date. *Estate of Ungar v. Palestinian Authority*, 451 F. Supp.2d 607 (S.D.N.Y. 2006). Accordingly, the instant application is timely.

Pursuant to Rule 45(d)(3), a subpoena must be quashed if it "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden". *See F.R.C.P. Rule 45(d)(3)(A)*. Moreover, "[s]ubpoenas issued under Rule 45 of the Federal Rules of Civil Procedure are subject to Rule 26(b)(1)'s overriding relevance requirement". *During v. City Univ. of N.Y.*, 2006 U.S. Dist. LEXIS 53684, 6 (S.D.N.Y. 2006). Although judgment creditors normally have:

> broad post-judgment discovery…the scope of discovery under Rule 69(a)(2) is constrained principally in that it must be calculated to assist in collection on a judgment [internal citations omitted]". *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2nd Cir. 2012).

Indeed, a subpoena must be quashed where, as here, the "enforcement of the subpoena would constitute an unreasonable or burdensome misuse of the discovery process [internal citation omitted]". *Eisemann v. Greene*, 1998 U.S. Dist. LEXIS 4591, 4 (S.D.N.Y. 1998).

A party has standing to challenge a non-party subpoena where, as here, said party is "seeking to protect a personal privilege or right [internal citation omitted]". *Boaziz v. Torati*, 2016 U.S. Dist. LEXIS 72906, 19 (S.D.N.Y. 2016). Caselaw is clear that:

> individuals, whose banking records are subpoenaed, have a privacy interest in their personal financial affairs that gives them standing to move to quash a subpoena served on a non-party financial institution [internal citations omitted]. *Arias-Zeballos v. Tan*, 2007 U.S. Dist. LEXIS 5068, 3 (S.D.N.Y. 2007); *see also, Refco Grp. Ltd. LLC v. Cantor Fitzgerald L.P.*, 2014 U.S. Dist. LEXIS 155009, 18 (S.D.N.Y. 2014).

2

Ms. Kalayjian, as the movant, bears the burden of persuasion here. *United States v. Int'l Bus. Mach. Corp.*, 83 F.R.D. 97 (S.D.N.Y. 1979); *Sea Tow Int'l Inc. v. Pontin*, 246 F.R.D. 421 (E.D.N.Y. 2007). Motions to quash are "entrusted to the sound discretion of the district court". *In re Fitch, Inc.*, 330 F.3d 104 (2nd Cir. 2003). When determining whether a subpoena imposes an undue burden, the Court must look at "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described, and the burden imposed". *United States v. Int'l Bus. Mach. Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979).

## SUBPOENA MUST BE QUASHED

Here, the Plaintiff's June 5, 2023 subpoena served upon Patriot Bank must be quashed. To withstand this application, the Plaintiff "must demonstrate that the documents sought are relevant and material to the allegations and claims at issue in the proceeding". *Dial Corp. v. News Corp.*, 2015 U.S. Dist. LEXIS 79608, 8 (S.D.N.Y. 2015). Only upon satisfying this burden is the subpoenaed party required to demonstrate "why discovery should not be had [internal citation omitted]". *Refco Grp. Ltd. LLC v. Cantor Fitzgerald LP*, 2014 U.S. Dist. LEXIS 155009, 18 (S.D.N.Y. 2014). Moreover, pursuant to Fed. R. Civ. P. Rule 26(c)(1), the Court is empowered to protect a person from annoyance or embarrassment. The subpoena seeks documents that are neither discoverable nor relevant to the instant action. *See*, F.R.C.P §26(b)(1). Indeed, nowhere on the face of the subpoena does the Plaintiff explain how or why it is entitled to seek the bank records of a non-party. Moreover, the subject subpoena, seeks financial records dating back to 2011. It is respectfully submitted that records of Ms. Kalayjian's personal finances from six (6) years prior to the commencement of this action, and eleven (11) years prior to the issuance of a money judgment in this action, are <u>not</u> relevant to Plaintiff's post-judgment collection efforts.

There is absolutely no basis or justification to subpoena Ms. Kalayjian's Patriot Bank records in connection with this action, and Plaintiff cannot demonstrate that that the subject subpoena furthers any post-judgment collection purpose. Indeed, the subpoena does nothing more than perpetuate campaign of harassment and intimidation against Ms. Kalayjian, the manager of VATP, who is defending the

3

Second Action against Plaintiff's allegations of successor liability. In sum, Plaintiff cannot demonstrate how Ms. Kalayjian's Patriot Bank records, dating back more than a decade, have any probative value with respect to the Plaintiff's post-judgment collection efforts.

## CONCLUSION

In closing, Plaintiff's June 5, 2023 subpoena served upon Patriot Bank must be quashed inasmuch as it seeks to invade the privacy of a non-party, Rosey Kalayjian, solely for the reason of harassing Ms. Kalayjian in connection with the Second Action. Indeed, there is no good faith basis to believe that Ms. Kalayjian's private Patriot Bank records, dating back to 2011, will assist Plaintiff in its post-judgment collection.

Dated: New York, New York
June 15, 2023

/s/ *Fred L. Seeman*
The Law Offices of Fred L. Seeman
By: Fred L. Seeman, Esq.
*Attorneys for Non-Party, Rosey Kalayjian*
32 Broadway, Suite 1214
New York, New York 10004
Tel: (212) 608-5000