UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAVLE ZIVKOVIC, on behalf of himself and
others similarly situated,

               Plaintiff,

   v.

LAURA CHRISTY LLC d/b/a VALBELLA,
LAURA CHRISTY MIDTOWN LLC, DAVID
GHATANFARD, and GENCO LUCA,

               Defendants.

17-CV-00553 (GHW)

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR ENTRY OF PARTIAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b)

**JOSEPH & KIRSCHENBAUM LLP**

D. Maimon Kirschenbaum
Josef Nussbaum
Lucas C. Buzzard
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640

*Attorneys for Plaintiffs and the*
*Fed. R. Civ. P. 23 Subclasses*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ i

I.     PRELIMINARY STATEMENT ................................................................................. 1

II.    RELEVANT PROCEDURAL HISTORY ................................................................ 3

III.   ARGUMENT ................................................................................................................ 6

    A.   **The Court May Enter a Rule 54(b) Partial Judgment Despite Defendants' Pending Appeal** .............................................................................................................. 8

        1.  *Because Defendants' Pending Appeal is Taken from a Non-final Decision, the Appeal is Invalid and Has not Divested This Court of Jurisdiction* ......................... 8

        2.  *This Court May Enter a Partial Judgment as to the Class Claims Pursuant to Rule 54(b) Despite the Pending Appeal* .......................................................................... 10

    A.   **Entry of Final Judgment Under Rule 54(b) as to the Class Wage and Hour Claims is Warranted** ....................................................................................................... 11

        1.  *The first two Rule 54(b) certification requirements are clearly met* ....................... 12

        2.  *There is "no just reason" to delay entry of final judgment as to the Class Claims* .. 13

    B.   **The Court Should Waive the Automatic Stay Provided for in Rule 62(a) when Entering the Partial Judgment as to the Class Wage and Hour Claims**.................... 19

V.    CONCLUSION ......................................................................................................... 23

# TABLE OF AUTHORITIES

**Cases**

*Acumen Re Mgmt. Corp. v. Gen. Sec. Nat'l Ins. Co.*,
    769 F.3d 135 (2d Cir. 2014)..................................................................................11

*Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11 (2d Cir. 1997) ..........14,18

*Allstar Mktg. Grp., LLC v. 158*, No. 18-cv-4101,
    2019 U.S. Dist. LEXIS 141913 (S.D.N.Y. Aug. 20, 2019) ..................................19

*Bailey v. New York Law School*, No. 16-cv-4283,
    2018 U.S. Dist. LEXIS 249304 (S.D.N.Y. Jan. 31, 2018) ....................................11

*Bryant v. Egan*, 890 F.3d 382 (2d Cir. 2018) ..................................................................10

*Coursdon v. Berkett*, 16 Fed. App'x 57 (2d Cir. July 17, 2001).......................................21,22

*Coursdon v. Weiss*, No. M-18-302,
    2000 U.S. Dist. LEXIS 2609 (S.D.N.Y. Mar. 8, 2000) ........................................21,22

*Cullen v. Margiotta*, 811 F.2d 698 (2d Cir. 1987)............................................................12

*Exxonmobil Oil Corp. v. Tig Ins. Co.*, No. 16-cv-9527,
    2022 U.S. Dist. LEXIS 209845 (S.D.N.Y. Nov. 2, 2022)....................................19

*Ginett v. Computer Task Grp.*, 962 F.2d 1085 (2d Cir. 1992)..........................................13

*Gallo Wine Distribs., L.L.C. v. Niebaum-Coppola Estate Winery, L.P.*,
    56 Fed. App'x 8 (2d Cir. Jan. 22, 2003) ................................................................12

*Gumer v. Shearson, Hammill & Co.*, 516 F.2d 283 (2d Cir. 1974) ......................................11

*Hayward v. IBI Armored Servs.*, No. 17-cv-02944,
    2019 U.S. Dist. LEXIS 99494 (E.D.N.Y. June 13, 2019) ....................................15

*Hoffenberg v. United States*, No. 00–cv–1686,
    2004 U.S. Dist. LEXIS 20668 (S.D.N.Y. Oct. 18, 2004) ....................................11

*Huzhou Chuangtai Rongyuan Inv. Mgmt P'ship v. Hui Quin*, No. 21-cv-9221,
    2022 U.S. Dist. LEXIS 196796 (S.D.N.Y. Oct. 28, 2022) ..................................20

*In re Chateaugay Corp.*, 922 F.2d 86 (2d Cir. 1990)..........................................................10

*Kahn v. Chase Manhattan Bank, N.A*, 91 F.3d 385 (2d Cir. 1996) ..................................13

*L.B. Foster Co. v. Am. Piles, Inc.*, 138 F.3d 81 (2d Cir. 1998)..........................................13

*Novick v. AXA Network, LLC*, 642 F.3d 304 (2d Cir. 2011)............................................13,15

*Ortiz-Del Valle v. NBA*, 190 F.3d 598 (2d Cir. 1999) ......................................................9

*Seat Sack, Inc. v. Childcraft Educ. Corp.*, No. 07-cv-3344,
    2010 U.S. Dist. LEXIS 45055 (S.D.N.Y. May 7, 2010) ..........................................11

*Stone v. INS*, 514 U.S. 386 (1995) ....................................................................9

*United States v. Evseroff*, No. CV 00-6029,
    2001 U.S. Dist. LEXIS 19372 (E.D.N.Y. Nov. 6, 2001)......................................18

*United States v. Rodgers*, 101 F.3d 247 (2d Cir. 1996)....................................8,9,10

*Zivkovic v. Laura Christy, LLC*, No. 17-cv-553,
    2022 U.S. Dist. LEXIS 94839 (S.D.N.Y. May 26, 2022) ....................................15

**Statutes, Rules, and Regulations**

28 U.S.C. § 1291.......................................................................................10,13

Fed. R. Civ. P. 21 ......................................................................................5

Fed. R. Civ. P. 54(b) ...........................................................................*passim*

Fed. R. Civ. P. 59.................................................................................*passim*

Fed. R. Civ. P. 62(a) ...........................................................................*passim*

Fed. R. App. P. 4(a)(4).............................................................................4,9

## I.      PRELIMINARY STATEMENT

Plaintiffs respectfully move for certification and entry of a final judgment pursuant to Fed. R. Civ. P. 54(b) on New York Labor Law wage and hour claims that a jury resolved in favor of the two Subclasses of employees (the "Class NYLL Claims") and against Defendants Laura Christy LLC, Laura Christy Midtown LLC and David Ghatanfard, jointly and severally. Defendants themselves have now twice requested that the Court grant the relief sought by Plaintiffs here, first in a letter motion filed on May 16, 2023, and then in a joint letter dated June 7, 2023, in which the parties jointly proposed a comprehensive plan to address all jurisdictional issues stemming from this Court's partial grant of Defendants' motion for a new trial. *See* ECF Dkt Nos. 386, 396. Defendants have moved away from their own proposed course of action, offered only vague and unsupported reasons for doing so, and are currently maintaining a appeal from what they themselves describe as a non-final (and therefore non-appealable) decision. This is nothing more than a transparent attempt to sow confusion and gain the one thing Defendants truly want: a cessation of enforcement efforts so that they may finish secreting their assets and make this Court's judgment for the Subclasses entirely uncollectable. In short, this entire cynical exercise is nothing more than an enormous waste of the parties' resources and the Court's time.

Nevertheless, it is clear that a Rule 54(b) partial final judgment as to the Class NYLL Claims should be certified and entered. As an initial matter, this Court has authority to enter such a partial final judgment notwithstanding Defendants' pending appeal for two reasons. First, as Defendants themselves argue, their appeal is taken from an interlocutory, non-final decision. As a result, there is no valid appellate jurisdiction here, and Defendants' appeal is a nullity that does not divest this Court of jurisdiction to act. Second, even if Defendants' appeal were not completely

invalid, the Second Circuit expressly permits district courts to "validate" premature appeals by issuing Rule 54(b) certifications after a notice of appeal has been filed.

Next, certification of a final judgment on the Class NYLL Claims per Rule 54(b) is appropriate because: (1) this case involves multiple claims and parties; (2) the Class NYLL Claims have been fully and finally resolved via a jury verdict in favor of the Subclasses that has not been disturbed; and (3) the Class NYLL Claims are legally and factually separable from Plaintiff Pavle Zivkovic's individual claims of discrimination, which are the only claims left to be resolved in this matter following this Court's partial grant of Defendants' motion for a new trial.

There is also no just reason to delay entry of a Rule 54(b) final judgment on the Class NYLL claims. There is no danger that an immediate appeal of the Class NYLL would require the Second Circuit to address the same issues more than once on any subsequent appeal from the resolution of Plaintiff Zivkovic's individual discrimination claims. And the interests of sound judicial administration would also be best served by permitting an immediate appeal of the Class NYLL Claims because those claims involve unsettled statutory interpretation questions concerning NYLL remedies provisions that have divided district courts in this Circuit.

Finally, if the Court's original judgment on the Class NYLL Claims were somehow not enforceable (it is) and the Court did not enter partial judgment as to those Claims per Rule 54(b), the delayed entry of final judgment would prejudice the Subclasses, who the jury found were entitled to unpaid wages for a period stretching back over ten years. Any uncertainty as to the enforceability of the judgment on those claims would only permit Defendants to complete their demonstrated efforts to render the judgment uncollectible. Moreover, entry of final judgment as to the Class NYLL Claims now is necessary so that the clock begins to run as to any appeal of the classwide wage and hour issues. Those issues have been completely unaffected by this Court's

Rule 59 ruling, they are discrete and separable, and their final disposition on appeal should not be held under a cloud of uncertainty pending the outcome of the retrial on Plaintiff Zivkovic's individual claims.

For the reasons set forth below, the Court should (1) certify and enter a final judgment as to the Class NYLL Claims; and (2) waive the 30-day automatic stay of enforcement as to that judgment provided for in Fed. R. Civ. P. 62(a).

## II.    RELEVANT PROCEDURAL HISTORY

On April 11, 2022, a jury rendered a verdict in this matter in favor of: (1) two Subclasses of employees of the restaurants Valbella Midtown and Valbella Meatpacking on claims alleging violations of the New York Labor Law (the "Class NYLL Claims"); and (2) Plaintiff Pavle Zivkovic on his individual claims of discrimination brought under the New York City Human Rights Law (the "Individual Claims").[1] *See* ECF Dkt No. 283 (Verdict). On June 22, 2022, this Court entered a final judgment. *See* Buzzard Decl., Ex. 1 (Judgment). It first entered judgment on the Class NYLL Claims in favor of the Subclasses and against Defendants Laura Christy LLC, Laura Christy Midtown LLC and David Ghatanfard, jointly and severally, in the amount of $5,092,017.85 (the "Class Judgment"). In addition to the Class Judgment, judgment was also entered on the Individual Claims in favor of Plaintiff Zivkovic and against Defendants Genco Luca, Laura Christy Midtown LLC, and David Ghatanfard in several specific amounts as to each of these Defendants (the "Individual Judgment"). *Id.* ¶¶ 7-8.

On July 8, 2022, Defendants moved for a new trial pursuant to Fed. R. Civ. P. 59. *See* ECF Dkt No. 327 (Motion). Defendants' motion advanced arguments as to both the Class Judgment

---

[1] The Class Claims included: (1) failure to pay the full minimum wage by improperly taking advantage of a "tip credit" without providing the required written notice; (2) violations of the NYLL overtime provisions; (3) violations of New York's "spread of hours" provisions; and (4) failure to provide proper wage statements and wage notices as required by N.Y. Lab. Law § 195.

and the Individual Judgment. *See* ECF Dkt No. 328 (Mem.). With respect to the Class Judgment, Defendants argued a new trial was necessary because the amount of the jury's verdict for the Subclasses was against the weight of the evidence. *See id.* at 8-10. With respect to the Individual Judgment, Defendants argued: (1) the jury's punitive damages award was excessive and a remittitur was warranted, *id.* at 3-8; (2) the jury's finding of liability against Defendant Ghatanfard on the NYCHRL discrimination claims under a theory of vicarious liability was contrary to New York law, *see id.* at 10-13; and (3) the Court lacked subject matter jurisdiction over the discrimination claims against Defendants Ghatanfard and Luca, *see id.* at 13-17.

On July 19, 2022, while their Rule 59 motion was pending, Defendants filed a notice of appeal from the June 22, 2022 judgment. *See* ECF Dkt. No. 332. On July 22, 2022, the Second Circuit stayed Defendants' appeal pursuant to Fed. R. App. P. 4(a)(4) because of the pending Rule 59 motion in this Court. *See* ECF Dkt. No. 333.

By order entered on May 10, 2023, this Court granted in part and denied in part Defendants' Rule 59 motion. *See* Buzzard Decl., Ex. 2 (Order). The Court first denied the motion as to the sufficiency of the evidence of the verdict in favor of the Subclasses. *See id.* at 1. But the Court granted the motion with respect to Plaintiff Zivkovic's Individual Claim against Defendant Ghatanfard. *Id.* It also granted remittitur of the jury's verdict on punitive damages on Plaintiff Zivkovic's Individual Claim against Laura Christy Midtown LLC ("Valbella Midtown"). *Id.*

On May 11, 2023, the Second Circuit lifted its stay of Defendants' appeal in light of this Court's decision on the Rule 59 motion. ECF Dkt. No. 382. On May 15, 2023, Defendants filed an amended notice of appeal from the original June 22, 2022 judgment and this Court's May 10, 2023 order on their Rule 59 motion. *See* ECF Dkt. No. 385.

On May 16, 2023, Defendant Ghatanfard filed a letter motion seeking to "sever" Plaintiff Zivkovic's Individual Claims from the Class NYLL Claims pursuant to Fed. R. Civ. P. 21 to ensure there was an "appealable final judgment" as to the wage and hour claims. ECF Dkt. No. 386. On May 22, 2023, Plaintiffs informed the Court that they did not oppose entry of a final judgment as to the Class NYLL Claims as Defendant Ghatanfard had requested but suggested the proper mechanism to do so was via entry of a partial judgment pursuant to Rule 54(b), rather than by severing claims pursuant to Rule 21. ECF Dkt. No. 388. By order entered on May 25, 2023, the Court directed the parties to submit briefing on whether it "may take further action in the case notwithstanding the notices of appeal." ECF Dkt. No. 390.

On June 7, 2023, the parties filed a joint letter in which Defendants sought to move for entry of an indicative ruling pursuant to Fed. R. Civ. P. 62.1 on whether this Court would grant partial final judgment on the wage and hour claims, explaining that Defendants would then move in the Second Circuit for a limited remand pursuant to Fed. R. App. P. 12.1 so that the Court could enter such partial judgment. ECF Dkt. No. 396 (Joint Letter). Plaintiffs informed the Court they did not oppose Defendants' request and would consent to Defendants' motion in the Second Circuit for a limited remand. *Id.* at 1. The parties also *jointly* represented to the Court: (1) that Defendants had agreed they would not oppose Plaintiff's request to waive Rule 62(a)'s automatic stay of enforcement as to any partial judgment entered by the Court; and (2) the mere pendency of Defendants' appeal did not have any effect on this Court's jurisdiction to execute on or hold proceedings to enforce the judgment as it related to the wage and hour claims. *See id.* at 1-2. Plaintiffs further informed the Court that Plaintiff Zivkovic did not accept the Court's remittitur and that a retrial would be necessary on: (1) Plaintiff Zivkovic's Individual Claim against Ghatanfard (liability and damages); and (2) Zivkovic's Individual Claim (as to damages only)

5

against Laura Christy Midtown LLC. *See id.* at 3. Finally, the parties informed the Court that Plaintiffs would not oppose a request to stay that trial until resolution of Defendants' appeal as to the wage and hour claims. *Id.*

On June 13, 2023, Defendants reneged on their above representations to this Court in a letter requesting a premotion conference on Defendants' anticipated motion to stay all judgment enforcement proceedings. ECF Dkt No. 399. Defendants asserted there was no longer a final decision in this matter because of this Court's partial grant of Defendants' Rule 59 motion. *See id.* at 1-2 (citing cases). Without citing any case law addressing the enforcement or collectability of a judgment, Defendants posited the conclusory assumption that the "reversion to nonfinal status makes the judgment uncollectable, and plaintiffs enforcement proceedings should therefore halt." *Id.* at 2. With respect to their previous proposal for seeking a partial judgment as to the wage and hour claims via an indicative ruling, Defendants vaguely asserted they no longer believed that "route is viable" due to Plaintiff Zivkovic's decision to decline remittitur. *Id.* Despite expressly arguing that this Court's judgment is not final, however, Defendants have taken no steps to withdraw their appeal from that judgment.

By order entered on June 16, 2023, this Court granted Plaintiffs leave to move for entry of partial judgment under Rule 54(b), instructing the parties to address "whether the Court has authority to rule on Plaintiff's application notwithstanding Defendant's pending appeal." ECF Dkt. No. 404. The Court deferred consideration of Defendants' proposed motion to stay enforcement of the judgment until after resolution of Plaintiffs' Rule 54(b) motion. *See id.*

## III. ARGUMENT

This Court can and should enter final judgment pursuant to Rule 54(b) as to the Class NYLL Claims. First, Defendants' pending appeal presents no jurisdictional impediment to this

Court's entry of a Rule 54(b) partial judgment on the Class NYLL Claims. As Defendants themselves argue, the Court's Order partially granting Defendants' Rule 59 motion is not a final order for purposes of appellate jurisdiction and, accordingly, Defendants' invalid appeal does not divest this Court of jurisdiction to act. And even if Defendants' appeal had divested this Court of jurisdiction, the Second Circuit expressly permits district courts to enter Rule 54(b) certifications after the filing of a notice of appeal.

Second, entry of Rule 54(b) judgment as to the Class NYLL Claims is appropriate. The Class NYLL Claims were finally resolved via a jury verdict that was not disturbed by this Court's decision on Defendants' Rule 59 motion. They are also wage and hour claims brought on a class wide basis that involve an entirely separate set of legal and factual issues than those implicated by Plaintiff Zivkovic's Individual Claims of national origin discrimination (the only claims left to be retried). And there is no just reason to delay entry of final judgment as to the Class NYLL Claims so that collection efforts on behalf of the Subclass members, which have been ongoing since August 2022, may proceed uninterrupted and without uncertainty. In furtherance of minimizing the interruption of collections efforts on behalf of the Subclasses, this Court should also waive Rule 62(a)'s 30-day automatic stay requirement when entering the partial judgment.

Finally, even if the Court does not enter a separate judgment now, this Court's grant of a retrial on Plaintiff Zivkovic's Individual Claims should not implicate the enforceability of the unaffected Class NYLL Claims. Put simply, both before and after this Court's May 10 Order, Defendants were liable on the Class NYLL Claims to the same extent. They should not receive the benefit of stayed enforcement proceedings (or uncertainty as to the validity of enforcement proceedings) as the result of a procedural quirk occasioned by a decision ordering the retrial of completely separable claims. Defendants' position – that *they* may permissibly maintain an appeal

from what they themselves characterize as a nonfinal judgment, but *Plaintiffs* cannot continue enforcement efforts as to that same judgment – is not only self-serving but precisely the opposite of reality. This Court's June 22, 2022 judgment became enforceable (but not appealable) the day after the original Rule 62(a) automatic stay on enforcement expired, and it should remain enforceable (even if not appealable) today. Nonetheless, certification of a Rule 54(b) judgment as to the Class NYLL Claims is necessary both to resolve any uncertainty as to the enforceability of the Class Judgment and to start the appeal clock so that the class wide wage and hour issues, which are separable from any issues implicated by the retrial on the Individual Claims, may reach a disposition on Defendants' appeal.

### A.  The Court May Enter a Rule 54(b) Partial Judgment Despite Defendants' Pending Appeal.

Defendants' pending appeal presents no impediment to this Court certifying entry of a Rule 54(b) judgment on the Class Claims for two reasons. First, as Defendants themselves recognize, this Court's partial grant of the Rule 59 motion "withdrew the finality" of the prior judgment for purposes of appellate jurisdiction, *see* ECF No. 399 at 1-2, meaning that Defendants' pending appeal is invalid and does not divest this Court of jurisdiction to act. Second, even if Defendants' appeal were valid, the Second Circuit permits certification of a judgment under Rule 54(b) even after the filing of a notice of appeal.

#### 1. Because Defendants' Pending Appeal is Taken from a Non-final Decision, the Appeal is Invalid and Has not Divested This Court of Jurisdiction.

Ordinarily, "the filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (internal quotation marks omitted). This is not a "per se rule," however, but rather has been

"judicially crafted . . . to avoid confusion or waste of time resulting from having the same issues before two courts at the same time." *Id.* (quotation marks omitted). As a result, a procedurally defective appeal – such as one taken from a non-final or otherwise non-appealable decision – does not divest the district court of jurisdiction. *See Rodgers*, 101 F.3d at 251-52 (explaining that it failed to "see any efficiency in allowing a party to halt district court proceedings arbitrarily by filing a plainly unauthorized notice of appeal which confers on this court the power to do nothing but dismiss the appeal," and holding that an appeal from a non-final order was "premature" and a "nullity" that did not divest the district court of jurisdiction).

Here, Defendants argue in their June 13 letter that this Court's partial grant of the Rule 59 motion rendered the original judgment non-final. *See* ECF No. 399 at 1-2. It appears Defendants are correct on this point, at least with respect to the issue of whether there is valid appellate jurisdiction where a district court has ordered retrial of some issues and remittitur on others after entry of judgment. As Defendants point out, the filing of their Rule 59 motion rendered the Court's original judgment non-final for purposes of appeal. *See* Fed. R. App. P. 4(a)(4)(A)-(B); *Stone v. INS*, 514 U.S. 386, 402-03 (1995) ("The majority of post-trial motions, such as Rule 59, render the underlying judgment nonfinal both when filed before an appeal is taken (thus tolling the time for taking an appeal), and when filed after the notice of appeal (thus divesting the appellate court of jurisdiction)."). Next, this Court's resolution of Defendants' Rule 59 motion did not restore finality to the judgment because it granted a new trial on Zivkovic's Individual Claim against Ghatanfard and a remittitur on Zivkovic's Individual Claim against Valbella Midtown. *See* Buzzard Decl., Ex. 2 (Order). It is well-settled that orders granting new trials and remittiturs are not final for purposes of appellate jurisdiction, even when there is an underlying judgment and a new trial/remittitur has been ordered only as to certain issues. *See Ortiz-Del Valle v. NBA*, 190 F.3d 598, 599 (2d Cir.

1999) (per curiam) (explaining that "an order granting a new trial is interlocutory and not a final decision appealable under 28 U.S.C. § 1291" and this "rule applies even where the order for a new trial is conditional and accompanied by a provision for remittitur" (cleaned up)); *Bryant v. Egan*, 890 F.3d 382, 385-86 (2d Cir. 2018) (grant of Rule 59 motion and ordering of new trial as to only some issues found not appealable).

Thus, because (a) this Court's original June 22, 2022 judgment was not appealable during the pendency of Defendants' Rule 59 motion and (b) this Court's resolution of that motion is not appealable because it ordered a new trial on one Individual Claim and a remittitur on another, there has never been a final decision that Defendants could permissibly appeal. As a result, Defendants' pending appeal – both from the original June 22, 2022 judgment and from this Court's May 10, 2023 order on the Rule 59 motion – is "premature" and a "nullity" that does not divest this Court of jurisdiction. *Rodgers*, 101 F.3d at 251-52. Defendants' appeal therefore presents no jurisdictional impediment to this Court entering final judgment as to the Class Claims per Rule 54(b) as Plaintiffs request.

> 2. *This Court May Enter a Partial Judgment as to the Class Claims Pursuant to Rule 54(b) Despite the Pending Appeal.*

Even if it were to be assumed that Defendants' filing of their notices of appeal divested this Court of jurisdiction, that *still* would not prohibit this Court from certifying the entry of a partial judgment as to the Class Claims pursuant to Rule 54(b). This is because the Second Circuit permits district courts to "validate" what would otherwise be premature appeals taken from non-final decisions by finalizing those decisions via entry of judgment pursuant to Rule 54(b) after the filing of a notice of appeal. *See In re Chateaugay Corp.*, 922 F.2d 86, 91 (2d Cir. 1990) (noting that the Second Circuit had "adopted [the] remedy" of allowing the subsequent entry of a final judgment to "validate a premature notice of appeal" in situations "when a notice of appeal was filed before a Rule 54(b)

certification was obtained"); *Bailey v. New York Law School*, No. 16-cv-4283, 2018 U.S. Dist. LEXIS 249304, at *3 (S.D.N.Y. Jan. 31, 2018) ("Even if the Court were divested of jurisdiction, in keeping with the principle of judicial economy, a district court may belatedly opine on the issue of appealability" under Rule 54(b).); *Seat Sack, Inc. v. Childcraft Educ. Corp.*, No. 07-cv-3344, 2010 U.S. Dist. LEXIS 45055, at *4-6 (S.D.N.Y. May 7, 2010) (citing authorities and explaining a district court may enter the Rule 54(b) certification of a final judgment after a notice of appeal has been filed "thus establishing appellate jurisdiction nunc pro tunc"); *Hoffenberg v. United States*, No. 00–cv-1686, 2004 U.S. Dist. LEXIS 20668, at *9-10 (S.D.N.Y. Oct. 18, 2004) ("[C]ertification of a non-final order pursuant to Fed. R. Civ. P. 54(b) after the filing of a notice of appeal has been allowed." (citing *Gumer v. Shearson, Hammill & Co.*, 516 F.2d 283, 285 (2d Cir. 1974)).

Accordingly, this Court has authority to certify a Rule 54(b) judgment as to the Class NYLL Claims regardless of whether Defendants' appeal is viewed as void *ab initio* or just premature and in need of validation per Rule 54(b). For the reasons set forth below, the Court should exercise that authority and certify entry of final judgment as to the Class NYLL Claims.

### B. Entry of Final Judgment Under Rule 54(b) as to the Class Wage and Hour Claims is Warranted.

Fed. R. Civ. P. 54(b) provides that in a multi-party or multi-claim action, a court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines there is no just reason for delay." Fed. R. Civ. P. 54(b). Three requirements must be met for certification of a Rule 54(b) judgment: "(1) there are multiple claims or parties; (2) at least one claim or the rights and liabilities of at least one party has been finally determined; and (3) the court makes an express determination that there is no just reason for delay." *Acumen Re Mgmt. Corp. v. Gen. Sec. Nat'l Ins. Co.*, 769 F.3d 135, 140 (2d Cir. 2014) (cleaned up).

*1.   The first two Rule 54(b) certification requirements are clearly met.*

The first Rule 54(b) requirement is satisfied here because this case indisputably involves multiple claims and multiple parties. As to parties, the Class Claims asserted wage and hour violations on behalf of two Subclasses consisting of over 150 employees per Subclass, whereas the Individual Claims are brought on behalf of Plaintiff Zivkovic only. The Class Claims are also entirely separable from the Individual Claims for Rule 54(b) purposes because they "involve different questions of fact and law . . .." *Gallo Wine Distribs., L.L.C. v. Niebaum-Coppola Estate Winery, L.P.*, 56 Fed. App'x 8, 9 (2d Cir. Jan. 22, 2003) (citing *Cullen v. Margiotta*, 811 F.2d 698, 711 (2d Cir. 1987)). The Class Claims involve whether Defendants were entitled to take a "tip credit" from the minimum wage; whether Subclass members worked overtime hours for which they were not paid; whether Defendants failed to pay "spread of hours" wages; and whether Defendants provided adequate wage notices and wage statements. There is simply no factual or legal overlap between what is necessary to establish liability on those issues (which implicate restaurant-wide pay practices affecting hundreds of Subclass members), and that which is necessary to establish liability on Zivkovic's Individual Claims (which involve Defendants' intentional discrimination against Zivkovic because of his national origin). Furthermore, the relief available to the Subclasses on the Class Claims (unpaid wages and statutory penalties) is entirely separate and distinct from the relief available to Zivkovic on his Individual Claims (which is linked to the harm he personally suffered because of Defendants' discriminatory conduct). *See Cullen*, 811 F.2d at 711 ("Claims are normally regarded as separable . . . if different sorts of relief are sought . . .." (cleaned up)).

There also can be no dispute that the second Rule 54(b) requirement has been met because the Class Claims have been "finally determined." To warrant certification under Rule 54(b), the

decision "must possess the degree of finality required to meet the appealability requirements of 28 U.S.C. § 1291" – *i.e.*, it must "end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment." *Kahn v. Chase Manhattan Bank, N.A*, 91 F.3d 385, 388 (2d Cir. 1996) (cleaned up). That is precisely the situation here, where the Class Claims have been fully resolved via a jury verdict in favor of the Subclasses that was not in any way disturbed by this Court's partial grant of Defendants' Rule 59 motion for a new trial. *See* ECF No. 381 (Order). There is simply nothing left for this Court to do as to the Class Claims at this juncture but "execute the judgment."

> **2.** *There is "no just reason" to delay entry of final judgment as to the Class Claims.*

Because the first two Rule 54(b) requirements are met, the only issue remaining is whether the Court should make an "express determination" that there is "no just reason" to delay entry of a final judgment as to the Class Claims. This determination is "left to the sound judicial discretion of the district court and is to be exercised in the interest of sound judicial administration." *Ginett v. Computer Task Grp.*, 962 F.2d 1085, 1092 (2d Cir. 1992) (cleaned up). A significant factor in the exercise of this discretion is whether an "appellate court would have to decide the same issues more than once . . . if there were subsequent appeals." *Novick v. AXA Network, LLC*, 642 F.3d 304, 312 (2d Cir. 2011) (internal quotation marks omitted). "Where the court has directed the entry of final judgment as to claims that are separable from and independent of the unresolved claims, and has provided an informative explanation, its conclusion that there is no just reason for delay is entitled to substantial deference." *L.B. Foster Co. v. Am. Piles, Inc.*, 138 F.3d 81, 86-87 (2d Cir. 1998) (quotation marks omitted). Moreover, while Rule 54(b) relief is to be exercised "sparingly," it is appropriate where "there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal, for example, where a plaintiff might be prejudiced by a

delay in recovering a monetary award . . ..” *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997) (cleaned up).

Here, there is no just reason to delay entry of final judgment as to the Class Claims because doing so would (a) run no danger of having the Second Circuit decide issues more than once in subsequent appeals, (b) serve the interests of judicial administration and efficiency, and (c) alleviate the significant prejudice to the Subclasses that may be caused by a delayed recovery of their monetary judgment on the wage and hour claims. And to be sure, Defendants cannot with a straight face argue that entry of a Rule 54(b) judgment would be unjust because maintenance of the very appeal they have pending in the Second Circuit is predicated on there being a final, appealable judgment that does not now exist for all the reasons set forth above.

While the immediate entry of a Rule 54(b) judgment as to the Class Claims may result in two appeals – one from the Class Judgment on the wage and hour claims and another from the resolution of the Individual Claims following a retrial, “those appeals will present virtually no overlapping issues to the reviewing [Second Circuit] panels.” *Advanced Magnetics, Inc.*, 106 F.3d at 17. As discussed above, there is no legal or factual overlap between what is necessary to establish liability or set damages on the Class Claims and that which is necessary to establish liability or set damages on the Individual Claims. *See supra* at 12. Put differently, the issues that will be presented on any appeal of the Class Claims are “entirely unrelated to the merits of the [Individual] claims that are to be [re]tried.” *Advanced Magnetics, Inc.*, 106 F.3d at 17. Conversely, nothing that will be “aired at trial” on the Individual Claims “can be expected to shed light” on whether Defendants are liable on the Class Claims or the extent of their liability on those Claims. *Id.* For these reasons, the major concern that cautions for exercising Rule 54(b) relief “sparingly”

– the danger of piecemeal appeals that require successive appellate panels to consider and rule on "interrelated issues" – simply is not implicated here. *Novick*, 642 F.3d at 311.

Second, the interests of judicial administration and efficiency would be served by allowing Defendants to take an immediate appeal of the NYLL wage and hour claims, as they are clearly intent on doing. One of the major issues involved with those claims was whether Defendants were entitled to raise an affirmative defense under N.Y. Lab. Law § 198(1-b) or (1-d) to Plaintiffs' minimum wage claims premised on Defendants' practice of paying Subclass members at the "tip credit" minimum wage even though they failed to provide adequate written notice as required by New York's Hospitality Industry Wage Order. *See Zivkovic v. Laura Christy, LLC*, No. 17-cv-553, 2022 U.S. Dist. LEXIS 94839 (S.D.N.Y. May 26, 2022) (Woods, *J.*). In ruling that Defendants were not entitled to the affirmative defense, this Court disagreed with decisions of New York's Appellate Division, First Department and other judges in this Circuit. *See id.* at *8-13. While Plaintiffs are confident this Court's decision was correct and will be upheld on appeal, the state of the law on this issue would undoubtedly benefit from a Second Circuit ruling sooner rather than later. *See, e.g.*, *Hayward v. IBI Armored Servs.*, No. 17-cv-02944, 2019 U.S. Dist. LEXIS 99494, at *8-9 (E.D.N.Y. June 13, 2019) (granting a Rule 54(b) motion where, *inter alia*, district courts in this Circuit had been "ruling differently" on an issue relating to overtime and New York's minimum wage order).

Finally, if final judgment were not entered on the Class Claims per Rule 54(b), it would cause extreme hardship and prejudice to the Subclasses for several reasons. The Class Judgment on the wage and hour claims in this case exceeds $5 million. *See* Buzzard Decl., Ex. 1 (Judgment) ¶ 5. That amount – which will not be implicated by any new trial on Plaintiff Zivkovic's individual discrimination claims – represents unpaid wages and statutory penalties the jury awarded to

hundreds of Subclass members for a liability period that stretches back to 2011. *See* ECF Dkt No. 283 (Verdict). It simply would not be just or equitable to force those Subclass members to wait for the results of a retrial on completely independent individual claims before collecting on a Class Judgment that consists mainly of wages that should have been paid to Subclass members years ago. Indeed, one of the express purposes of Rule 54(b) is to "avoid the possible injustice of a delay in judgment of a distinctly separate claim to await adjudication of the entire case." Fed. R. Civ. P. 54(b), Advisory Committee's Note to 1946 Amendment.

Aside from the prejudice to the Subclasses arising from *any* continued delay in recovery, the danger is particularly acute here given Defendants' demonstrated efforts to avoid paying any portion of the Class Judgment. As this Court is aware, since entry of the June 2022 judgment, Plaintiffs have been engaged in extensive post-judgment discovery of Defendants' assets. The two corporate defendants – Valbella Midtown and Valbella Meatpacking – have closed and ceased operations, leaving Ghatanfard as the only viable Defendant from whom the Class Judgment may be collected. And he now professes to be insolvent despite: (1) reporting income of over $1.5 million in income for 2021 (the last year for which his tax returns are available); (2) obtaining approximately $1.4 million in January 2022 from the refinance of his home in the Hamptons valued at over $3.5 million; and (3) being a partial owner of Valbella at the Park restaurant, which has distributed over $1.3 million to its members since July 2022 alone. *See* Buzzard Decl., Exs. 3 (Ghatanfard Dep.) at 15:10-24 (professing his inability to pay judgment), 4 (Ghatanfard 2021 Tax Form 1040), 5 (Refinance Check), 6 (Appraisal Report Excerpts); *see also* ECF Dkt No. 373 (Pls.' Opp'n to Mot. to Quash) at 3-8 (detailing the specifics of the above transactions).

It is apparent that Ghatanafard has deliberately attempted to place these assets beyond the reach of his creditors while continuing to use and enjoy those moneys. As just one example, when

Ghatanfard was asked at deposition what he had done with millions of dollars of liquid assets including the $1.4 million from the refinance, he testified that he does not know and does not "keep [a] record of money." Ghatanfard Dep. at 144:3-20, 145:22-146:8, 148:5-10; *see also id.* at 242:9-17 (testifying that it did not "bother" him that he did not know where $3.5 million went). But bank records obtained by Plaintiffs show that (1) Ghatanfard deposited the $1.4 million proceeds from the refinance into a joint account he holds with his life partner, Rosey Kalayjian, on January 10, 2022 (two months before trial in this matter); and (2) precisely the same amount was withdrawn two days later via cashier's check made out to and signed by Kalayjian, who later testified to a total memory lapse as to what the $1.4 million was for or whether she had withdrawn it. *See* Buzzard Decl., Exs. 5 (Refinance Check), 7 (Jan. 2022 Joint Account Statement), 8 (Withdrawal); 9 (Kalayjian Dep.) at 165:19-170:2; *see also* Ghatanfard Dep. at 132:20-133:21 (identifying the $1.4 million check as the proceeds of the "remortgage"). Conveniently for Ghatanfard, Kalayjian now lets him use a credit card under her account and pays all his major expenses, including rent, the mortgage on the Hamptons property, and groceries. Kalayjian Dep. at 59:12-21, 67:20-22, 68:21-24, 69:15-17; Ghatanfard Dep. at 250:21-23 (admitting that Kalayjian now makes payments on his behalf), 32:16-33:12 (testifying he uses an American Express credit card as an "authorized user" under Kalayjian's account).

The inescapable conclusion from this transaction and others is that Ghatanfard has transferred and/or is hiding his assets to avoid paying this Court's judgment. *See also* ECF Dkt No. 377 (Pls.' Opp'n to Mot. to Quash) at 4-5, 7-8 (detailing how Ghatanfard transferred 90% of his ownership in Oak Grove Road LLC to Kalayjian after the jury verdict in this matter and conveyed an interest in the Hamptons house to Kalayjian shortly before trial). Moreover, Defendants' intent to continue to frustrate and evade enforcement efforts is clearly demonstrated

by their opportunistic about-face on *their own proposal* of entering a partial judgment as to the Class Claims via an indicative ruling under Rule 62.1. Defendants' vague assertion in their June 13 letter that they no longer believe this "route is viable" due to Plaintiff Zivkovic's decision to decline remittitur on his Individual Claim against Valbella Midtown is not only inexplicable, but facially absurd. Defendants knew about Plaintiff Zivkovic's decision on remittitur at the time they made their Rule 62.1 proposal—it was explicitly referenced in the very June 7 joint letter in which that proposal was made. *See* ECF No. 396. And despite arguing that this Court's partial grant of their Rule 59 motion "withdrew the finality from its prior judgment," Defendants have made no effort to withdraw what is, by their own admission, a clearly invalid appeal from that judgment for lack of appellate jurisdiction. *See* ECF No. 399. Instead, they now conveniently propose to stay all collections efforts pending retrial of Zivkovic's Individual Claims. *See id*.

From these actions, it is apparent that Defendants' primary goal is leveraging the uncertainty caused by their pending appeal and the partial grant of their Rule 59 motion to halt collections efforts in their entirety, even as to the Class Claims that were entirely unaffected by the Rule 59 ruling. Given Ghatanfard's demonstrated efforts to place his assets beyond the reach of creditors, the most likely result of any cessation or interruption of enforcement efforts will be a completely worthless judgment for the Subclasses because it will give him additional time to make sure any remaining assets are hidden or transferred out of reach. This is precisely one of the outcomes that immediate entry of a Rule 54(b) judgment is designed to prevent. *See, e.g.*, *Advanced Magnetics, Inc.*, 106 F.3d at 16 (no just reason for delay exists "where a plaintiff might be prejudiced by a delay in recovering a monetary award"); *United States v. Everoff*, 2001 U.S. Dist. LEXIS 19372, at *29-30 (E.D.N.Y. Nov. 6, 2001) (granting 54(b) certification where fear

existed that defendant would hide assets to avoid paying a judgment, as evidenced by previous attempts to transfer assets to family members).

For these reasons, the Court should grant Plaintiffs' motion for certification of a Rule 54(b) judgment as to the Class Claims. A proposed partial judgment has been attached for the Court's convenience. *See* Buzzard Decl., Ex. 10 (Proposed Judgment).[2]

### C. The Court Should Waive the Automatic Stay Provided for in Rule 62(a) when Entering the Partial Judgment as to the Class Wage and Hour Claims.

Given the concerns discussed above, if this Court grants Plaintiffs' motion for certification of a Rule 54(b) judgment as to the Class Claims, it should also waive the 30-day automatic stay of enforcement as to that judgment provided for in Rule 62(a). *See* Fed. R. Civ. P. 62(a) (providing that "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, *unless the court orders otherwise*" (emphasis added)); *see also* Fed. R. Civ. P. 62(a), Advisory Committee's Note to 2018 Amendment ("One reason for dissolving the automatic stay may be a risk that the judgment debtor's assets will be dissipated."); *Allstar Mktg. Grp., LLC v. 158*, No. 18-cv-4101, 2019 U.S. Dist. LEXIS 141913, at *11 n.6 (S.D.N.Y. Aug. 20, 2019) (Woods, *J.*) ("[I]f a plaintiff is concerned that defendants might attempt to conceal assets during the pendency

---

[2] The amounts and calculations set forth in Plaintiffs' proposed judgment are precisely the same as the amounts and calculations set forth in the Class Judgment section of this Court's original June 22, 2022 judgment. *Compare* Buzzard Decl., Ex. 10 (Proposed Judgment) ¶ 1-5, *with id.*, Ex. 1 (June 2022 Judgment) ¶ 1-5. The proposed judgment also clarifies that (1) pre-judgment interest was calculated and assessed as of the date of the original June 22, 2022 judgment, *see* Proposed Judgment ¶¶ 1, 5; and (2) post-judgment interest shall accrue from the date the Court's original judgment was entered on June 22, 2022, *id.* ¶ 7. The reason for this is because "[g]enerally, prejudgment interest ends, and post-judgment interest begins, when judgment is ascertained in any meaningful way that is supported by the evidence." *Exxonmobil Oil Corp. v. Tig Ins. Co.*, No. 16-cv-9527, 2022 U.S. Dist. LEXIS 209845, at *3-4 (S.D.N.Y. Nov. 2, 2022) (quotation marks omitted). Here, the Class Judgement was ascertained and supported by evidence on June 22, 2023, when this Court entered its original judgment based on the jury's verdict. Because neither liability nor the amount of damages on the Class Judgment were affected by the partial grant of Defendants' Rule 59 motion, the original judgment date should control the cutoff between pre- and post-judgment interest. *Cf Exxonmobil Oil Corp.*, 2022 U.S. Dist. LEXIS 209845, at *3-5 (using date of original judgment for cutoff between pre- and post-judgment interest where an appeal to the Second Circuit did not affect liability and that Court remanded only for calculation of pre-judgment interest).

of the automatic stay, it should include a dissolution of that stay as part of the relief requested in its proposed judgment."); *Huzhou Chuangtai Rongyuan Inv. Mgmt P'ship v. Hui Quin*, No. 21-cv-9221, 2022 U.S. Dist. LEXIS 196796, at *1-3 (S.D.N.Y. Oct. 28, 2022) (explaining that Rule 62(a) "anticipates situations in which accelerated collection [of a judgment] is necessary to protect the prevailing party's interests" and dissolving the automatic stay "to prevent Respondent from concealing or dissipating his assets").[3]

As a final matter, in connection with their requests to enter a Rule 54(b) partial judgment and waive Rule 62(a)'s 30-day stay of enforcement, Plaintiffs must comment on Defendants' effort to muddy the waters with respect to the effect nonfinality has on the issue of *appealability* versus the issue of *enforceability*. Defendants, desperate to avoid their obligation to pay their liabilities in this matter, opportunistically conflate these two issues, contending that because the Court's June 2022 judgment is not final, it necessarily is not enforceable and all collections efforts must be stayed. *See* ECF Dkt No. 399 at 1-2. Of course, the transparently cynical nature of this argument is demonstrated by Defendants' failure to withdraw an appeal from the very judgment they contend is not final. In short, it appears Defendants are maintaining their invalid appeal because of the jurisdictional confusion it causes with respect to this Court's authority to enter Rule 54(b) judgment on the Class NYLL Claims (thereby attempting to prevent execution on those Claims), while at the same time arguing that the nonfinal nature of the judgment from which their appeal is taken prevents *all* enforcement and execution efforts.

But appealability and enforceability are not one and the same. In fact, these two issues operate in a way that is precisely the opposite to how Defendants have characterized them. Consider the scenario in this case. The day Rule 62(a)'s 30-day automatic stay expired with respect

---

[3] Plaintiffs' proposed judgment contains language dissolving Rule 62(a)'s automatic stay. *See* Buzzard Decl., Ex. 10 (Proposed Judgment) ¶ 8.

to this Court's June 22, 2022 judgment, the Class Judgment became enforceable against Defendants Ghatanfard, Valbella Midtown, and Valbella Meatpacking. But despite being enforceable, the judgment was not appealable because of Defendants' pending Rule 59 motion, as discussed above. Then move forward to this Court's May 10, 2023 Order on the Rule 59 motion. The day before that Order was entered, there was a valid, enforceable judgment in favor of the Subclasses in an amount exceeding $5 million that was not yet appealable. The day after that Order was entered, there still was not an appealable decision because the Order granted a new trial as to Zivkovic's Individual Claims, as discussed above. But the Order itself did not affect one penny of the amount owed to the Subclasses on the Class Claims and did not relieve any of the above three Defendants of joint and several liability for that entire amount.

In situations such as this, where an intervening event casts some uncertainty on the enforceability of a previously entered judgment, courts have looked past procedural niceties to the reality of the situation and refused to halt enforcement efforts where a defendant's underlying liability has not been affected. The decisions in *Courshon v. Weiss* are instructive. No. M-18-302, 2000 U.S. Dist. LEXIS 2609 (S.D.N.Y. Mar. 8, 2000) ("*Courshon I*"), *aff'd sub nom Courshon v. Berkett*, 16 Fed. App'x 57 (2d Cir. July 17, 2001) ("*Courshon* II"). There, the Southern District of Florida entered a final judgment in March 1995, which was subsequently modified in several respects in response to post-trial motions and on appeal. *See Courshon I*, 2000 U.S. Dist. LEXIS 2609 at *1-2. At the conclusion of these proceedings, the defendant still owed an amount under the original judgment, but no separate amended judgment was entered consistent with Fed. R. Civ. P. 58. *Id.* at *2. The plaintiff sought to enforce the judgment by registering it in this District and then moved to hold the defendant in contempt for failure to comply with post-judgment subpoenas. *Id.* at *1. In response, the defendant argued the plaintiff's enforcement efforts in this District were

invalid and that, "if plaintiffs wish to enforce the judgment in this district, they must first obtain entry of a correctly amended judgment from the Southern District of Florida." *Id.* at *2.

Both the district court and the Second Circuit rejected that argument. The district court held that the uncertainty surrounding the entry of a separate amended judgment did not warrant a halt to enforcement efforts because (1) the purpose of Rule 58 is to eliminate uncertainty as to the timing of an appeal, which was not implicated by enforcement of the judgment: (2) it was unclear whether the Florida court would enter a separate amended judgment given the prevailing law of the Eleventh Circuit as to when an amended judgment was required; and (3) the defendant "would not be prejudiced" if she were forced to submit to enforcement discovery regarding the judgment since it was "not disputed that there is, under the judgment, as amended, some amount due from her to plaintiffs." *Id.* at *4. The Second Circuit affirmed, concurring with the district court that Rule 58's separate document requirement was not implicated by the facts of the case, and observing that the entire "Rule 58 argument appears to be little more than a tactic to delay [defendants'] obligation to pay the judgment against them." *Courshon II*, 16 Fed App'x at 62-63. Specifically, the Second Circuit explained that halting enforcement proceedings until the Florida court entered a "new, separate amended judgment" would be "inefficient, and contrary to the spirit of the Federal Rules of Civil Procedure" because all it would accomplish is the reregistering of the new judgment in this District, "thus beginning the process of enforcement all over again and spinning wheels for no practical purpose." *Id.* at *63 (cleaned up).

While this case does not necessarily involve Rule 58's separate document requirement, the practical considerations credited by the *Courshon* courts are precisely the same. There can be no dispute that Defendants Ghatanfard, Valbella Midtown, and Valbella Meatpacking were liable to the Subclasses on the Class NYLL Claims in the amount of the Class Judgment *both before and*

*after this Court's May 10 Order*. As a result, there can be no prejudice to Defendants by continuing the requirement that they comply with enforcement proceedings as to the Class Judgment, even if no separate document were entered now.

But the confusion created by this procedural situation is an additional reason for this Court to enter the requested Rule 54(b) judgment and waive Rule 62(a)'s automatic stay as to that judgment. As shown by Defendants' recent conduct, they will seek to capitalize on any uncertainty to shirk their payment obligations to the substantial detriment the Subclass members. Entry of Rule 54(b) judgment as to the Class NYLL Claims and waiver of Rule 62(a)'s automatic stay are thus necessary to conclusively resolve all issues as to the enforceability of the Class NYLL Claims on which Defendants Ghatanfard, Valbella Midtown, and Valbella Meatpacking are clearly liable, and as to which substantial enforcement efforts have already been undertaken. Moreover, entry of a Rule 54(b) judgment will also resolve any issues concerning the immediate appealability of the jury verdict on the Class NYLL Claims, the dispositive resolution of which on appeal should not be held up pending a retrial on the completely separable and distinct Individual Claims.

## IV.    CONCLUSION

For all the above reasons, Plaintiffs respectfully request that: (1) this Court certify entry of a partial judgment as to the Class Claims per Rule 54(b) and enter such judgment immediately; and (2) waive Rule 62(a)'s automatic stay with respect to that partial judgment.

Dated: New York, NY
        June 22, 2023

By:    /s/Lucas C. Buzzard
       D. Maimon Kirschenbaum
       Josef Nussbaum
       Lucas C. Buzzard
       JOSEPH & KIRSCHENBAUM LLP
       32 Broadway, Suite 601
       New York, NY 10004

23

Tel: (212) 688-5640
Fax: (212) 688-2548
Email: lucas@jk-llp.com

*Attorneys for Plaintiffs and the*
*Fed. R. Civ. P. Rule 23 Subclasses*

24