UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------

PAVLE ZIVKOVIC, on behalf of himself and

others similarly situated,

$\qquad\qquad\qquad$ Plaintiff, $\qquad\qquad\qquad\qquad$ 17-CV-00553 (GHW)

v.

LAURA CHRISTY LLC d/b/a VALBELLA, $\qquad$ **ATTORNEY DECLARATION**
LAURA CHRISTY MIDTOWN LLC, DAVID
GHATANFARD, and GENCO LUCA,
$\qquad\qquad\qquad\qquad$ Defendants.

I, Leonard Spielberg, declare pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct to the best of my knowledge, information and belief:

1.　　I am attorney for defendant Laura Christy Midtown LLC, I make this declaration on behalf of all defendants in the above-captioned action ("Defendants"), and I submit this declaration in response to plaintiffs' motion, pursuant to Fed. R. Civ. P. 54(b), for entry of partial final judgment (the "Motion").

2.　　Defendants do *not* oppose the Motion insofar as it seeks entry of partial final judgment as to the Class Claims.

3.　　Despite plaintiffs' overheated rhetoric, Defendants' request that the Court halt plaintiffs' collection activities regarding a non-final judgment was not an effort to "sow confusion" or "muddy the waters." Plaintiffs' Br. at 1. Nor was it a "transparently cynical" argument. *Id.* at 20. "It is well established that execution ordinarily may issue only upon a final judgment," and that "[o]nly if the underlying judgments are . . . final is the subsequent execution order . . . valid." *Intern'l Controls Corp. v. Vesco*, 535 F.2d 722, 744-45 (2d Cir. 1976) (internal

order . . . valid." *Intern'l Controls Corp. v. Vesco*, 535 F.2d 722, 744-45 (2d Cir. 1976) (internal

quotation marks omitted).  Thus, plaintiffs' continuing attempts to collect on their non-final

judgment were lawless and could have resulted in numerous court orders that were void *ab*

*initio.*[1]

      4.      Indeed, had *plaintiffs* moved under Rule 54(b) immediately this past May after the

Court partially granted Defendants' motion pursuant to Fed. R. Civ. P. 59 – as they should have

– all parties and the Court could have avoided the jurisdictional imbroglio into which this case

has fallen.  Instead, *Defendants* first brought the critical jurisdictional problem to the Court's

attention, while plaintiffs stampeded forward trying to enforce judgment collection subpoenas

that had become invalid.  In view of that history, plaintiffs' present attempt to vilify Defendants

is the only "transparently cynical" strategy at play.  Plaintiffs' Br. at 20.[2]

Dated: June 26, 2023

                                                            _____

                                                     Leonard Spielberg

---

[1]    Citing *Courshon v. Berkett*, 16 Fed. App'x 57 (2d Cir. 2001), plaintiffs make the far-fetched and indefensible claim that they are entitled to take collection action on a non-final judgment.  *See* Plaintiffs' Br. at 23 ("there can be no prejudice to Defendants by continuing the requirement that they comply with enforcement proceedings as to the Class Judgment" even if the Court does not grant the Motion).  *Courshon* is completely inapposite, however, as there was "no question" in that case "about the finality of the judgment."  16 Fed. App'x at 62.

[2]    Plaintiffs complain that Defendants have not yet withdrawn their appeal and argue that Defendants' waiting to do so is somehow disingenuous.  *See* Plaintiffs' Br. at 20.  Plaintiffs' fail to appreciate, however, yet another important procedural/jurisdictional consideration. Maintaining the appeal while this Court decides the Motion will allow all parties to move forward with the appeal on its present schedule if this Court grants partial final judgment.  Were Defendants to withdraw the appeal now, though, before the Motion is decided, the appeal would have to be reinstituted from scratch, thereby delaying the process.