USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/30/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
:
PAVLE ZIVKOVIC, *on behalf of himself and others* :
*similarly situated*, :
: 1:17-cv-553-GHW
Plaintiff, :
: MEMORANDUM OPINION
-v - : AND ORDER
:
LAURA CHRISTY LLC *d/b/a* VALBELLA, et al., :
:
Defendants. :
:
------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On June 22, 2023, Plaintiff filed a motion for entry of partial judgment under Federal Rule of Civil Procedure 54(b). Dkt. No. 411. Defendants do not oppose this request. *See* Dkt. No. 416. Despite the lack of opposition, two issues must be resolved before the Court can grant Plaintiff's motion: whether the notices of appeal Defendants filed deprive this Court of authority to rule on the motion, and, if the Court has authority to rule on the motion, whether there is no just reason for delay. Because the notices of appeal do not preclude the Court from acting on Plaintiff's motion for entry of partial judgment under Rule 54(b), and because there is no just reason for delay, the Court GRANTS the motion.

### I. BACKGROUND

Plaintiff—a former employee at the restaurants at the center of this case—filed this action on January 25, 2017. Dkt. No. 1. The Complaint asserted a number of claims. The leading federal causes of action were a series of claims under the federal Fair Labor Standards Act (the "FLSA") on behalf of Mr. Zivkovic and a proposed collective. Complaint ¶¶ 52-60. The Complaint also asserted wage-and-hour claims under the New York Labor Law (the "NYLL") on behalf of Mr.

Zivkovic and a proposed class. *Id.* ¶¶ 61-77. These claims are referred to as the "Class Claims."[1] The Complaint also asserted claims by Mr. Zivkovic against all of the defendants for violations of the New York State Human Rights Law (the "NYSHRL") for discriminating against him on the basis of his national origin, as well as an equivalent claim against all of the defendants under the New York City Human Rights Law (the "NYCHRL"). *Id.* ¶¶ 78-87. Mr. Zivkovic also asserted a claim for common law battery against all of the defendants on the basis of an allegation that Defendant Luca intentionally struck him. *Id.* ¶¶ 88-92.

On April 11, 2022, after a roughly one-week trial, the jury returned a verdict in favor of Plaintiffs on the Class Claims. *See* Dkt. No. 283 ("Verdict Sheet"). The jury also returned a verdict in favor of Plaintiff on his individual claims for discrimination but found for the Defendant on Plaintiff's individual claim for battery. *Id.* The Court entered judgment on June 22, 2022. Dkt. No. 324. Defendants filed a motion for a new trial under Federal Rule of Civil Procedure 59 on July 8, 2022. Dkt. No. 327. On July 19, 2022, Defendants filed their first notice of appeal. Dkt. No. 332. On July 22, 2022, the United States Court of Appeals for the Second Circuit stayed the appeal since "at least one motion cited in FRAP 4(a)(4)"—i.e., Defendants' motion for a new trial under Rule 59—had been filed in the district court. Dkt. No. 333.

On May 10, 2023, this Court granted in part and denied in part Defendants' motion for a new trial. Dkt. No. 381 (order); Dkt. No. 400 (transcript of oral opinion). This Court denied the motion with respect to the Class Claims. *See* Dkt. No. 381; *see also* Dkt. No. 400. However, this Court granted the motion with respect to Plaintiff's individual claim for discrimination against Defendant David Ghatanfard. *Id.* The Court also granted the motion's request for remittitur with

---

[1] The parties agreed that the jury would only be charged on the NYLL claims, since liability with respect to those claims would establish liability under the FLSA and there can be no double recovery.

respect to the punitive damages award against Defendant Laura Christy Midtown, LLC ("Valbella Midtown"), providing Plaintiff fourteen days to decide whether to stipulate to a reduction to $10,000. *Id.* Plaintiff opted for a retrial rather than remittitur. *See* Dkt. No. 396. On May 11, 2023, the Circuit issued an order lifting the stay of appeal. Dkt. No. 382. Defendants then filed an amended notice of appeal on May 15, 2023, appealing from both the June 22, 2022 final judgment and this Court's May 10, 2023 order denying the motion for a new trial. Dkt. No. 385.

On May 16, 2023, Defendant Ghatanfard filed a letter requesting leave to move to sever the Class Claims "to as[s]ure that we have an appealable 'final judgment.'" Dkt. No. 386. This Court held a conference on May 24, 2023, and invited the parties to submit briefing "regarding the effect of the notices of appeal on this Court's jurisdiction and the scope of this Court's jurisdiction to take any further action." Dkt. No. 390. The parties submitted a series of letters culminating in Plaintiff's June 22, 2023 motion for entry of partial judgment under Rule 54(b). Dkt. No. 411 (the "Motion"). Plaintiff's Motion asks the Court to certify and enter final judgment on the Class Claims that resolved in Plaintiff's favor at trial. Dkt. No. 412. (memorandum of law). Plaintiff also asks that the Court waive Rule 62(a)'s 30-day automatic stay of enforcement. *See id.* Defendants do not oppose the Motion's request for certification and entry of partial judgment. Dkt. No. 416 at ¶ 2. Defendants apparently take no position with respect to Plaintiff's request for waiver of Rule 62(a)'s stay, if the Motion is granted. *See generally id.*

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) allows a court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Entry of a partial judgment under this rule is proper where: "(1) there are multiple claims or parties, (2) at least one claim or the rights and liabilities of at least one party has been finally determined, and (3) the court makes an express[ ] determin[ation] that there is no just

3

reason for delay of entry of final judgment as to fewer than all of the claims or parties involved in the action." *Linde v. Arab Bank, PLC*, 882 F.3d 314, 322–23 (2d Cir. 2018) (citation and internal quotation marks omitted). Although the entry of partial judgment is discretionary, this power should "be exercised sparingly in light of the historic federal policy against piecemeal appeals." *Hogan v. Consol. Rail Corp.*, 961 F.2d 1021, 1025 (2d Cir. 1992) (citation and internal quotation marks omitted).

The first two factors are often easily met. "Thus, the key factor is whether there is no just reason for delay." *Jeffery v. City of New York*, No. 20CV2843NGGRML, 2022 WL 2704760, at *2 (E.D.N.Y. July 12, 2022). With respect to this factor, "the court must provide a reasoned, even if brief, explanation of its considerations." *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011) (citation and internal quotation marks omitted). This requires a district court to consider "both the policy against piecemeal appeals and the equities between or among the parties." *Id.*

"[S]ound judicial administration must involve a proper regard for the duties of both the district court and the appellate court." *Jeffery*, 2022 WL 2704760, at *2 (E.D.N.Y. July 12, 2022) (quoting *Ginett v. Comput. Task Grp., Inc.*, 962 F.2d 1085, 1095 (2d Cir. 1992)). Courts should therefore avoid entering judgment where the disposition of the claims remaining in the district court could moot a decision on the appealed claims or require the appellate court to decide issues twice. *Id.* (citation omitted). "Further, 'it does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case in successive appeals from successive decisions on interrelated issues.'" *Id.* (quoting *Novick*, 642 F.3d at 311). A district court "must be mindful of the purposes and policies behind the distinct and separate claims requirement of Rule 54(b), namely the desire to avoid redundant review of multiple appeals based on the same underlying facts and similar issues of law." *Id.* (citation and internal quotation marks omitted).

With respect to the equities, a court must consider whether postponing appeal "will cause unusual hardship or work an injustice." *Hogan*, 961 F.2d at 1026; *see also Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997) ("Generally, a district court may properly make a finding that there is no just reason for delay only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal, . . . for example, where a plaintiff might be prejudiced by a delay in recovering a monetary award." (internal citations and quotation marks omitted)).

### III.     DISCUSSION

#### A.     The Court has authority to consider the Motion.

In general, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (quoting *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982)).  Accordingly, before turning to the merits of Plaintiff's request for entry of partial judgment under Rule 54(b), the Court must determine whether it has authority to reach that question.  The Court finds that it does.

Divestiture is "not a per se rule." *Id.* Rather, "[i]t is a judicially crafted rule rooted in the interest of judicial economy, designed to avoid confusion or waste of time resulting from having the same issues before two courts at the same time." *Id.* (citations and quotation marks omitted). Application of the rule "is guided by concerns of efficiency and is not automatic." *Id.* (citations omitted).   Thus, when an appeal is taken from a non-final order, the notice of appeal does not divest the district court of jurisdiction.  *See id.* at 252 (explaining that because "there was no final order from which to appeal" the "notice of appeal was premature, and therefore, was a nullity" that "did not divest the district court of jurisdiction" (citation omitted)); *see also Leonhard v. United States*, 633 F.2d 599, 610 (2d Cir. 1980) (noting that "[d]istrict courts in this circuit have taken the position

5

that" a notice of appeal from a non-appealable order "does not deprive them of the power to proceed" and stating that "we find this to be the preferable view" (citations omitted)).

Defendants Rule 59 motion rendered the June 22, 2022 judgment non-final. *See Stone v. I.N.S.*, 514 U.S. 386, 402–03 (1995) ("The majority of post-trial motions, such as Rule 59, render the underlying judgment nonfinal both when filed before an appeal is taken (thus tolling the time for taking an appeal), and when filed after the notice of appeal (thus divesting the appellate court of jurisdiction)."); *see also* Fed. R. App. P. 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgment--but before it disposes of any motion listed in Rule 4(a)(4)(A)--the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered."). This Court's resolution of Defendants' Rule 59 motion did not create a final, appealable order. *See Ortiz-Del Valle v. N.B.A.*, 190 F.3d 598, 599 (2d Cir. 1999) ("[A]n order granting a new trial is interlocutory and not a final decision appealable under 28 U.S.C. § 1291 . . . even where the order for a new trial is conditional and 'accompanied by a provision for remittitur.'" (citations omitted)). The parties agree there is no final, appealable order here. *See* Dkt. No. 399 at 1–2; Dkt. No. 412 at 9–10; Dkt. No. 416. Because there was no final order from which to appeal, Defendants' notices of appeal do not preclude the Court from acting on Plaintiff's motion for partial entry of judgment. *See Rodgers*, 101 F.3d at 252; *Leonhard v. United States*, 633 F.2d at 610.[2]

---

[2] Even were this not the case, the Second Circuit has approved the entry of partial judgment under Rule 54(b) after the filing of a notice of appeal. *See Gumer v. Shearson, Hammill & Co.*, 516 F.2d 283, 285 (2d Cir. 1974) ("Technically, we could dismiss the appeal on the ground that the district court had no jurisdiction to enter the Rule 54(b) certificate after the appeal had been taken and without our permission. . . . In view of the broader scope of our remand outlined below, however, we pass over this technical defect which could be readily corrected on remand in any event."); *cf. Volvo N. Am. Corp. v. Men's Int'l Pro. Tennis Council*, 839 F.2d 69, 71 n.2 (2d Cir. 1988) (noting that a "Rule 54(b) certification by [the district judge] at this juncture would apparently be honored in this circuit, . . . We do not mean to imply by this comment that a post-appeal request for Rule 54(b) certification is generally sound practice" (internal citations omitted)).

### B. The entry of partial judgment under Rule 54(b) is appropriate here.

Having determined that the Court may consider Plaintiff's Motion, the question becomes whether to grant it. The first two requirements—that there be multiple claims or parties and that at least one claim or the rights and liabilities of at least one party has been finally determined—are satisfied, as there are multiple claims and parties, and most of the claims have been finally determined. Resolution of Plaintiff's Motion therefore turns on the third requirement, whether there is no just reason for delay.

The Court must first consider whether administrative interests support the entry of partial judgment. In weighing this factor, the Court considers "such factors as whether the claims under review [a]re separable from the others remaining to be adjudicated and whether the nature of the claims already determined [i]s such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Novick*, 642 F.3d at 311 (citation omitted) (emphasis removed). "Claims are normally treated as separable within the meaning of that Rule if they involve at least some different questions of fact and law and could be separately enforced." *Advanced Magnetics*, 106 F.3d at 21 (citations omitted).

The Class Claims involve questions of fact and law relating to the payment of wages on a business-wide basis, including, for example, whether Defendants were entitled to a "tip credit"; whether the subclass members worked uncompensated overtime; and whether Defendants provided adequate wage notices and wage statements. Mr. Zivkovic's individual claims pose distinct questions of fact and law relating to, for example, his national origin, slurs directed at him about his national origin, and whether he was treated differently because of his national origin. In addition, recovery on the Class Claims and Plaintiff's individual claims is not mutually exclusive. *See Advanced Magnetics*, 106 F.3d at 21–22 (explaining "claims are separable when there is more than one possible recovery and the recoveries are not mutually exclusive" (citing 10 Charles A. Wright, Arthur R. Miller & Mary

7

Kay Kane, *Federal Practice and Procedure* § 2657, at 67 (2d ed. 1983)). An appellate court would not need to make duplicative findings if the remaining claims are appealed. *See United Bank of Kuwait PLC v. Enventure Energy Enhanced Oil Recovery Assocs.--Charco Redondo Butane*, 763 F. Supp. 729, 731 (S.D.N.Y. 1990) (citation omitted).

Judicial administrative interests would also be served by the entry of partial judgment because it would allow for more immediate review of this Court's decision finding certain affirmative defenses unavailable under the New York Labor Law,[3] a matter on which other courts in this district, and the First Department of the New York Supreme Court, Appellate Division, have ruled differently. *Cf. Hayward v. IBI Armored Servs., Inc.*, No. 17-CV-02944, 2019 WL 2477791, at *3 (E.D.N.Y. June 13, 2019) (finding that sound judicial administration would be supported by obtaining a ruling from appellate court where district courts "have been ruling differently" because it would "resolve[]" the issue and "prevent further litigation in the district courts"). The Court finds that judicial administrative interests support entry of partial judgment.

The Court also finds that the equities support the entry of partial judgment. The subclass members—low-wage restaurant workers—would likely be prejudiced by delay in recovery. *See Advanced Magnetics*, 106 F.3d at 16 (citation omitted). Making Mr. Zivkovic choose between dropping his claim for discrimination or delaying the collection and payment of millions of dollars to the subclass members for entirely unrelated claims—as Defendants suggest he do, *see* Dkt. No. 399 at 3—would be both inequitable and inconsistent with the remedial nature of the statutes at issue. Plaintiff has also raised colorable concerns that Defendants are actively hiding assets and that further delay may make recovery impossible.

---

[3] *See Zivkovic v. Laura Christy, LLC*, No. 1:17-CV-553-GHW, 2022 WL 1697991 (S.D.N.Y. May 26, 2022).

### C. Waiver of automatic stay.

Lastly, the Court considers Plaintiff's request to waive the Rule 62(a)'s automatic 30-day stay of enforcement. As noted above, Plaintiff has raised colorable concerns that Defendants are actively secreting assets. *See* Fed. R. Civ. P. 62(a) advisory committee's note to 2018 amendment ("One reason for dissolving the automatic stay may be a risk that the judgment debtor's assets will be dissipated."). Although Defendants dispute the propriety of Plaintiff's actions to enforce the non-final judgment, Defendants apparently do not object to Plaintiff's request to dissolve Rule 62(a)'s automatic stay with respect to the entry of partial judgment sought here. *See* Dkt. No. 416. The Court therefore grants Plaintiff's request to waive Rule 62(a)'s automatic stay.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion for entry of partial judgment under Rule 54(b) is GRANTED. Because the Court grants this Motion, Defendants' request for leave to move to sever, Dkt. No. 386, is DENIED as moot.

Defendants previously sought leave to move to stay enforcement on the grounds that there was no final judgment to enforce. Dkt. No. 399. Given that the Court has granted Plaintiff's motion for entry of partial judgment, and Defendants' lack of opposition to that motion or to Plaintiff's request to dissolve Rule 62(a)'s automatic stay, there no longer appears to be a basis for Defendants' proposed motion to stay enforcement. If Defendants wish to proceed with a motion to stay enforcement of the partial judgment ordered here, they must file a new pre-motion conference request letter in accordance with this Court's Individual Rules of Practice in Civil Cases.

Plaintiff included a proposed partial judgment with the Motion. *See* Dkt. No. 413-10. Defendants have not objected to Plaintiff's proposed judgment. Plaintiff is directed to email an

editable copy of the proposed partial judgment, together with a blackline comparing it to the June 22, 2022 judgment, as soon as practicable.

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 386, 411.

SO ORDERED.

Dated: June 30, 2023
      New York, New York

_____
GREGORY H. WOODS
United States District Judge