# BakerHostetler

Baker & Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Michael S. Gordon
direct dial: 212.589.4265
mgordon@bakerlaw.com

July 11, 2023

**VIA ECF**

Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Zivkovic v. Laura Christy LLC et. al.*, Case No. 1:17-cv-00553

Dear Judge Woods:

Our firm has just been retained by Rosey Kalayjian, a non-party in the above-referenced action. Pursuant to Paragraph 1.E. of the Court's Individual Rules of Practice in Civil Cases, we write to renew Ms. Kalayjian's recent request – through co-counsel Fred L. Seeman – for an extension of her July 12, 2023 deadline to oppose Plaintiff's motion by Order to Show Cause for an order of attachment. ECF No. 420.

On July 5, the Court granted Plaintiff's *ex parte* application for a temporary restraining order pending the hearing of Plaintiff's motion for attachment. On July 7, 2023, Ms. Kalayjian, through Mr. Seeman, requested a two-week extension to oppose Plaintiff's motion, her first request for such relief. ECF No. 425. On July 10, 2023, the Court denied Ms. Kalayjian's request without prejudice to its renewal, instructing that any renewed request "clearly state whether Ms. Kalayjian consents to continuation of the temporary restraining order through the briefing and resolution of Plaintiff's motion for an order of attachment." ECF No. 427. Also on July 10, 2023, Ms. Kalayjian retained our firm to represent her in this action. We filed notices of appearance earlier this morning. ECF Nos. 428 and 429.

Given the extensive history of this case as well as the voluminous nature of Plaintiff's motion papers, Ms. Kalayjian respectfully requests a 30-day extension (instead of the previously requested 14-day extension through Mr. Seeman) of her deadline to oppose the motion, *i.e.*, until August 11, 2023. The extension is necessary to afford us a meaningful opportunity to fully review the record, gather relevant facts, and effectively oppose the drastic remedy Plaintiff seeks. Ms. Kalayjian fully understands that this extension will prolong the current restraints on her assets and has authorized us to communicate to the Court that she consents to the continuation of the

temporary restraining order through the briefing and resolution of Plaintiff's motion. Should the Court require it, Ms. Kalayjian is prepared to submit a declaration attesting to her consent for this extension. If the request is granted, Ms. Kalayjian defers to the Court as to when Plaintiff's reply is due and the hearing on the motion is scheduled.

As with Ms. Kalayjian's original extension request through Mr. Seeman, Plaintiff's counsel refused to consent to this extension, despite the undersigned seeking the extension as a matter of professional courtesy. Plaintiff's counsel provided no reason for their refusal other than that they were "not in a position to consent." As the Court noted in its Order denying Ms. Kalayjian's application without prejudice, "Federal Rule of Civil Procedure 65(b) provides for the extension of a temporary restraining order upon consent of the restrained party," ECF No. 427, which consent is clearly stated in the instant letter application.

We appreciate the Court's consideration of this request.

Respectfully submitted,

*Michael Gordon*

Michael S. Gordon

cc: All Counsel of Record

4872-7607-8959.1