# BakerHostetler

**MEMORANDUM ENDORSED**

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

July 27, 2023

Maximillian S. Shifrin
direct dial: 212.589.4252
mshifrin@bakerlaw.com

**VIA ECF**

Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 28, 2023

Re:   *Zivkovic v. Laura Christy LLC et. al.*, Case No. 1:17-cv-00553

Dear Judge Woods:

We write on behalf of Rosey Kalayjian, a non-party in the above-referenced action, whose assets are subject to a temporary restraining order ("TRO") entered by the Court on July 5, 2023. Dkt. No. 438. Pursuant to the terms of the TRO, Ms. Kalayjian respectfully requests Court approval so that she can pay her mortgage and legal expenses while the TRO remains in effect – which will be at least until September 21, 2023, the date of the Order to Show Cause hearing on Plaintiffs' motion for an attachment. Dkt. No. 432. As discussed below, Plaintiffs have consented to Ms. Kalayjian making her mortgage payments (subject to Court approval), but will not consent to her paying her legal fees unless Ms. Kalayjian agrees to unreasonable and impractical constraints.

As the Court may recall, the TRO prohibits Ms. Kalayjian from "[t]ransferring, encumbering, removing, or dissipating any funds or other assets, wherever held, in [her] name and/or for [her] benefit *without prior Court approval*, except for ordinary course transactions for living expenses that, in any event, shall not exceed $10,000 per transaction." Dkt. No. 438 (emphasis added.) In essence, the Order restrains Ms. Kalayjian's assets, exempts certain living expenses, and authorizes Ms. Kalayjian to seek "prior Court approval" for all others. By this letter application, Ms. Kalayjian seeks prior Court approval to be able to make her mortgage payments and pay her legal fees to defend herself in the instant action.

**The Mortgage Payment**

Since our retention on July 10, 2023, we have learned that Ms. Kalayjian is obligated to make monthly mortgage payments in the amount of $12,350.45 on her Southampton residence,

Honorable Gregory H. Woods
July 27, 2023
Page 2

which exceeds the $10,000 limit for living expenses in the TRO.  *See* **Exhibit A** submitted herewith.  These payments are mandatory.  Ms. Kalayjian must make them to remain current on her outstanding loan.  Because neither party's interests would be served by forcing Ms. Kalayjian to default on her mortgage – and Plaintiffs have consented to this monthly payment – Ms. Kalayjian respectfully requests that the Court approve her monthly mortgage payments in the amount of $12,350.45.

**Legal Fees**

The terms of the TRO do not specifically exempt Ms. Kalayjian's legal expenses related to this action.  Clearly, Ms. Kalayjian must be afforded an opportunity to oppose the pending motion for an order of attachment and to otherwise defend her interests. In granting Ms. Kalayjian's request for a 30-day extension to oppose Plaintiffs' attachment motion, the Court recognized "the need of Ms. Kalayjian's newly retained counsel for additional time to review the record, gather facts, and prepare an opposition."  Dkt. No. 432.  Because Ms. Kalayjian would be incapable of defending herself without the ability to pay counsel, Ms. Kalayjian respectfully requests that the Court permit Ms. Kalayjian to pay her ongoing legal expenses in connection with this matter.

When we asked Plaintiffs' counsel to consent to Ms. Kalayjian paying her legal expenses, Plaintiffs requested that Ms. Kalayjian disclose a specific retainer amount for their consideration, further stated that they "cannot agree to a blanket exception to the TRO for any and all legal fees generally," and posited that Ms. Kalayjian would have to "ask the Court to authorize additional fees if she exceeds the amounts requested now."  Plaintiffs' position is untenable.  Ms. Kalayjian is entitled to legal representation that is not subject to caps or protocols dictated by opposing counsel.  In any event, in accord with the terms of the TRO, Ms. Kalayjian's retainer to our firm has been paid by a third-party who has independent (and unrestrained) assets that do not originate from any of the judgment debtors.  However, this third-party loaned these funds to Ms. Kalayjian and expects to be repaid.

In an effort to reach an accord with Plaintiffs regarding the payment of Ms. Kalayjian's legal expenses going forward, we have been advised that Valbella at the Park, LLC ("VATP") – *an entity that is not restrained by the TRO* – owes an indemnity obligation to Ms. Kalayjian and is willing to provide such indemnification by paying Ms. Kalayjian's attorneys' fees in this action.  As both Plaintiffs and the Court are aware, Ms. Kalayjian is a manager of VATP and a 90% stakeholder in one of its two managing member LLCs, Oak Grove Road LLC ("OGR").  Under Article V, Paragraph 12 of the VATP Operating Agreement, effective as of April 29, 2021 ("VATP OA"), a copy of which is submitted herewith as **Exhibit B**, VATP is obligated to indemnify Ms. Kalayjian for her legal expenses incurred in this action.[1]

---

[1] The indemnification provision provides: "Any Manager, Member or their successors or designees that are made or threatened to be made a party to an action or proceeding, whether civil or criminal, by reason of the fact that [s]he, . . . then, is, or was a Manager, Member, or successor designee of [VATP], or then serves or has served on behalf of [VATP] as Manager, Member, Successor Manager or their designees, shall be indemnified by the Company against reasonable expenses, judgments, fines, and amounts actually and necessarily incurred in connection with the defense of such action or proceeding or in connection with

Consistent with the foregoing, Ms. Kalayjian has been brought into this litigation as a result of, *inter alia*, her indirect ownership interest in VATP. Plaintiffs objected to VATP's payment of Ms. Kalayjian's legal fees on the purported ground that VATP is an entity "acting in concert or participation with" with Ms. Kalayjian under the terms of the TRO, even though VATP is *not* subject to any restraint and half of VATP's initial capitalization was funded by non-party managing member Alpine Pike Investments LLC ("Alpine Pike"). It has not been alleged that Alpine Pike has received any transferred assets from the judgment debtors. Nevertheless, in the interests of transparency, we presented this proposal to Plaintiffs' counsel before seeking Court approval in the instant letter application. We explained to Plaintiffs' counsel that VATP is a successful, reputable, and profitable ongoing business whose capital account is well-funded and replenished continually, thus obviating any concern that might exist regarding potential depletion of funds. As such, both Ms. Kalayjian *and* Plaintiffs are best served if VATP is permitted to provide the indemnification to which Ms. Kalayjian is entitled. Plaintiffs nevertheless refused Ms. Kalayjian's proposal and stood by their insupportable contention that VATP fell within the category of restrained parties under the TRO.

Courts frequently accommodate living and legal expenses for parties with restrained assets, often pursuant to stipulation by the parties. *See, e.g., SEC v. Duclaud Gonzalez de Castilla*, 170 F.Supp.2d 427, 429 (S.D.N.Y. 2001) (permitting defendants to pay legal fees); *SEC v. O'Rourke*, 19-CV-4137(KAM)(PK), 2020 WL 6565125, at *1 (E.D.N.Y. Nov. 9, 2020) (referring to stipulation executed by parties that allowed payment of reasonable living expenses and attorneys' fees). Here, Plaintiffs have consented to Ms. Kalayjian making her monthly mortgage payments from her personal (restrained) bank account. Additionally, Ms. Kalayjian respectfully requests that the Court approve her legal expenses being paid by VATP, which Ms. Kalayjian believes to be outside the scope of the TRO and/or otherwise permitted for the reasons stated above.[2]

We thank the Court for its consideration of this request.

Respectfully submitted,

*/s/ Maximillian S. Shifrin*

Maximillian S. Shifrin

---

Ms. Kalayjian's request for approval to maker her monthly mortgage payments in the amount of $12,350.45 is granted. With respect to Ms. Kalyjian's legal fees, the Court clarifies that the July 5, 2023 temporary restraining order, Dkt. No. 438, does not prohibit Valbella at the Park from fulfilling its indemnification obligations to pay for Ms. Kalayjian's legal expenses.

SO ORDERED
Dated: July 28, 2023
New York, New York

_____
GREGORY H. WOODS
United States District Judge