UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAVLE ZIVKOVIC, on behalf of himself and others similarly situated,<br><br>              Plaintiff,<br>v.<br><br>LAURA CHRISTY LLC d/b/a VALBELLA, LAURA CHRISTY MIDTOWN LLC, DAVID GHATANFARD, and GENCO LUCA,<br><br>              Defendants. | 17-CV-00553 (GHW)<br><br>DECLARATION OF LUCAS C. BUZZARD |

I, Lucas C. Buzzard, declare under penalty of perjury that the following is true and correct:

1.      I am an associate with Joseph & Kirschenbaum LLP, class counsel in the above-captioned matter. I submit this Declaration in support of Plaintiffs' motion for (a) an order to show cause why Defendant/Judgment-Debtor David Ghatanfard should not be held in contempt for failing to comply with to Plaintiffs' Subpoenas dated August 1, 2022 and January 12, 2023 (the "Subpoenas"). I am familiar with the facts and circumstances set forth herein.

2.      On June 22, 2022, this Court entered a judgment in this case against Defendants Laura Christy LLC, Laura Christy Midtown LLC, and David Ghatanfard, jointly and severally, for an amount in excess of $5 million. *See* ECF No. 324.

3.      On July 4, 2023, the Court entered a revised partial judgment wherein Plaintiff**s**/Judgment-Creditors are entitled to the same amount as set forth in the original judgment. *See* ECF No. 424. To date, the entirety of the judgment remains unpaid.

4.      On August 1, 2022, Plaintiffs served Mr. Ghatanfard via certified mail, return receipt requested and by service on his attorney of record in this action with a restraining notice

and information subpoena pursuant to Fed. R. Civ. P. 69 and Article 52 of the CPLR. Attached hereto as **Exhibit A** is a true and correct copy of that restraining notice and information subpoena. The subpoena contained questionnaires seeking information about Ghatanfard's bank accounts, property, and other assets that he was required to answer "separately and fully" under oath. *See* Ex. A.

5. Ghatanfard served a response to the information subpoenas on or about September 20, 2022 and executed his responses under penalty of perjury. Attached hereto as **Exhibit B** is a true and correct copy of Ghatanfard's responses to Plaintiffs' information subpoena.

6. On January 12, 2023, I served Ghatanfard with a subpoena duces tecum requiring him to produce specified documents by emailing that subpoena to Neal Comer, Esq., Ghatanfard's attorney of record in this action. I subsequently filed that subpoena duces tecum on this Court's docket on February 17, 2023. *See* ECF No. 352-7. Attached hereto as **Exhibit C** is a true and correct copy of that subpoena duces tecum.

7. To date, Ghatanfard has never served any responses or produced any documents in response to the subpoena duces tecum. Nor has he served any objections, moved to quash the subpoena, or moved for a protective order.

8. By letter dated February 17, 2023, Plaintiffs informed the Court that Ghatanfard was actively frustrating collection of this Court's judgment by disregarding providing false and/or incomplete answers to information subpoenas and ignoring a subpoena deuces tecum seeking production of documents. Dkt. No. 352 at 2.

9. On March 10, 2023, the Court held a conference on this issue. At the conclusion of the conference, the Court Ordered the Parties to meet and confer and that "if any of the issues

are not resolved by the Parties . . . Plaintiffs may then submit an application for and order to show cause." Dkt. No. 362.

10. In accordance with the Court's Order, I met and conferred telephonically with Mr. Comer on March 14, 2023 and March 22, 2023. During those calls, I repeatedly reiterated that Plaintiffs were in possession of information indicating that Ghatanfard had not fully and truthfully responded to all questions posed in the information subpoena and that he was obligated to do so. I also explained that Ghatanfard had not responded to Plaintiffs' subpoena duces tecum and requested that he serve any response along with responsive documents in his possession, custody, or control forthwith. Mr. Comer assured me that he would speak with Mr. Ghatanfard and that his client would be submitting revised responses to the information subpoena and a response to the subpoena to produce documents.

11. Despite these assurances, Ghatanfard has not to date served any amended responses to the information subpoena and has not responded at all to the subpoena duces tecum.

12. I followed up with Mr. Comer via email on April 5, 2023 and April 17, 2023. In my April 5 email, I asked Mr. Comer about "the status of any amended responses Mr. Ghatanfard has to the information subpoena and his response to the document subpoena." When Mr. Comer did not respond to this email, I sent him another email on April 17 in which I stated:

> I have not received anything from you with respect to the information subpoena amendments or the responses to the document subpoena served on Mr. Ghatanfard on January 12. It has now been over a month since our court-ordered meet and confer and weeks since our last discussion about this issue on or about March 22. I also did not hear anything back from you regarding my April 5 email below.

I closed my April 17 by informing Mr. Comer that because Mr. Ghatanfard had not responded, Plaintiffs would be moving forward "with the order to show cause why Mr. Ghatanfard should not be held in contempt." Mr. Comer did not respond to this email.

13. On May 4, 2023, Plaintiffs deposed Mr. Ghatanfard. Attached hereto as **Exhibit D** is a true and correct copy of excerpts from the transcript of that May 4, 2023 deposition.

14. Through our firm's judgment collections efforts, over the course of the period between late November 2022 and early March 2023 we discovered that at the time he responded to Plaintiffs' information subpoena, Mr. Ghatanfard held or had signing authority over at least six bank accounts that he did not disclose in his in September 2022 responses to Plaintiffs' information subpoena. These six accounts are:

   a. A joint checking account Ghatanfard holds with Rosey Kalayjian with an account number ending in ****6761 at Patriot Bank, N.A. Attached hereto as **Exhibit E** is a true and correct copy of an Account Agreement for that account produced by Patriot Bank, N.A pursuant to Plaintiffs' subpoena.

   b. A business account for Laura Christy Midtown LLC with an account number ending in ****9046 at Patriot Bank, N.A. Attached hereto as **Exhibit F** is a true and correct copy of an Account Agreement for that account produced by Patriot Bank, N.A pursuant to Plaintiffs' subpoena.

   c. A checking account for Oak Grove Road, LLC with account number ending in ****2824 at Bank of America. Attached hereto as **Exhibit G** is a true and correct copy of a Signature Card for that account, which was produced by Bank of America pursuant to Plaintiffs' subpoena on or about March 2, 2023.

   d. Two accounts for Laura Christy Midtown LLC with account numbers ending in ****6799 and ****9569 at PNC Bank. Attached hereto as **Exhibit H** are true and correct copies of Account Registration and Agreements for these accounts that were produced by PNC Bank pursuant to Plaintiffs' subpoena.

    e. A checking account for Valbella at the Park LLC with account number ending in ****6189 at Bank of America. Attached hereto as **Exhibit I** is a true and correct copy of a Signature Card for that account, which was produced by Bank of America pursuant to Plaintiffs' subpoena.

15. We also discovered that Mr. Ghatanfard held a personal individual account at Bank of America with an account number ending in ****4007 that was opened on August 2, 2022. Attached hereto as **Exhibit J** is a true and correct copy of a Signature Card for that account, which was produced by Bank of America pursuant to Plaintiffs' subpoena. Attached hereto as **Exhibit K** are true and correct copies of account statements for this account covering the period from August 1, 2022 to November 28, 2022, which were produced by Bank of America pursuant to Plaintiffs' subpoena.

16. We further discovered via a subpoena to PNC Bank that over the course of 2021, Laura Christy Midtown LLC had paid Ghatanfard at least $1.1 million that Ghatanfad did not disclose on his information subpoena responses. Attached hereto as **Exhibit L** are true and correct copies of checks made out to Ghatanfard produced by PNC Bank pursuant to Plaintiffs' subpoena.

17. Attached hereto as **Exhibit M** is a true and correct copy of an Assignment and Assumption of Membership Interest related to Oak Grove Road LLC, which was produced by Valbella at the Park LLC in discovery in the related lawsuit under Docket No. 22-cv-7344.

18. Through post-judgment subpoenas, we also learned that Daniel Alter, Esq., of the firm Abrams Fensterman LLP, was retained in July 2022 to represent Ghatanfard and the other Judgment Debtors on appeal from this Court's judgment. Attached hereto as **Exhibit N** is a

check from Leonard Speilberg, Esq. to Abrams Fensterman LLP that was produced by Abrams Fensterman LLP in connection with Plaintiffs' post-judgment subpoena.

19. Our firm received documents pursuant to post-judgment subpoenas showing that that Mr. Ghatanfard refinanced his home in at 56 Oak Grove Road in Southampton, NY in late 2021/early 2022. As part of the refinancing process, Mr. Ghatanfard's home was appraised at $3.7 million. Attached hereto as **Exhibit O** are excerpts of an appraisal dated December 4, 2021 for the property located at 56 Oak Grove Road, Southampton, NY 11968, which was produced by Select Portfolio Servicing, Inc. in connection with a post-judgment subpoena in this action.

20. Together with his September 2022 responses to Plaintiffs' information subpoena, Ghatanfard produced portions of his federal and state tax returns for various years, including 2021. I have reviewed those returns, and the New York State Form IT-201 Ghatanfard produced for 2021 indicates that he reported $951,910 in income from "Rental real estate, royalties, partnerships, S corporations, trusts, etc."

21. A copy of Plaintiffs' proposed order to show cause is attached hereto as **Exhibit P**.

Dated:  August 11, 2023

                                                   */s/ Lucas C. Buzzard*_____
                                                   Lucas C. Buzzard