# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAVLE ZIVKOVIC, on behalf of himself and others similarly situated,<br><br>           Plaintiff,<br><br>v.<br><br>LAURA CHRISTY LLC d/b/a VALBELLA, LAURA CHRISTY MIDTOWN LLC, DAVID GHATANFARD, and GENCO LUCA,<br><br>           Defendants. | No. 17-cv-00553-GHW<br><br>**RESTRAINING NOTICE AND INFORMATION SUBPOENA** |

**RE:    Defendant David Ghatanfard (the "Judgment Debtor")**

c/o:    NEAL S. COMER
       Attorney at Law
       81 Main Street., Ste. 205
       White Plains, NY 10601
       914-683-5400 Tel
       914-683-1279 Fax
       comeresq@aol.com

*Attorney for the Judgment-Debtor*

**WHEREAS**, in the above-captioned action between the parties listed above, a Judgment was entered on June 22, 2022 in United States Federal Court in the Southern District of New York, in favor of Plaintiff Pavle Zivkovic ("Plaintiffs"), as well as two Fed. R. Civ. Rule 23 Subclasses which Plaintiff represents (the "Classes" or "Judgment-Creditors") and against Defendants Laura Christy LLC d/b/a Valbella, Laura Christy Midtown LLC, David Ghatanfard, and Genco Luca ("Defendants"), in the following amounts ("Judgment Amounts") all of which remains due and owing:

| Defendant | Judgment Amount |
|---|---|
| Laura Christy LLC, Laura Christy Midtown LLC, and David Ghatanfard, jointly and severally | $ 5,092,017.85 |
| Laura Christy Midtown LLC | $ 452,500.00 |
| David Ghatanfard | $ 202,500.00 |
| Genco Luca | $ 25,000.00 |
| Genco Luca, David Ghatanfard, and Laura Christy Midtown LLC, jointly and severally | $ 7,060 |
| **Total Judgment** | **$ 5,779,077.85** |

**PLEASE TAKE NOTICE** that pursuant to subdivision (b) of §5222 of the Civil Practice Law and Rules, which is set forth herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of such debt, except as therein provided.

**PLEASE TAKE FURTHER NOTICE** that this Restraining Notice also covers all property which the Judgment-Debtor has an interest hereafter coming into custody into his possession or custody, and all debts hereafter coming due to the Judgment-Debtor.

**CIVIL PRACTICE LAW AND RULES – Section 5222 (b)**

Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or

interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Section 5224 of the New York Civil Practice Law and Rules, as made applicable by Rule 69 of the Federal Rules of Civil Procedure, the Judgment-Debtor is hereby directed to answer in writing under oath, separately and fully, each question in the Questionnaire attached to this Restraining Notice and Information Subpoena as "Exhibit A," each answer referring to the question to which it responds; and that they return the answer, together with the originals of the questions within seven (7) days after their receipt of the questions and this Restraining Notice and Information Subpoena in the stamped self-addressed envelope enclosed herewith.

**TAKE FURTHER NOTICE THAT DISOBEDIENCE OF THIS RESTRAINING NOTICE OR FALSE SWEARING OR FAILURE TO COMPLY WITH THE SUBPOENA MAY SUBJECT YOU TO FINE AND IMPRISONMENT FOR CONTEMPT OF COURT.**

I hereby certify that this Information Subpoena complies with rule 5224 of the Civil Practice Law and Rules and Section 601 of the General Business Law, and that I have a reasonable belief that the party receiving this Subpoena has in their possession information about the debtor that will assist the creditor in collecting the Judgment.

Dated: August 1, 2022

Josef Nussbaum
D. Maimon Kirschenbaum
Lucas C. Buzzard
**JOSEPH & KIRSCHENBAUM LLP**
*Attorney for Judgment-Creditors*
32 Broadway Suite 601
New York, NY 10004
T: (718) 915-5304
T: (212) 688-5640
jnussbaum@jk-llp.com
maimon@jk-llp.com
lucas@jk-llp.com

4

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAVLE ZIVKOVIC, on behalf of himself and others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>LAURA CHRISTY LLC d/b/a VALBELLA, LAURA CHRISTY MIDTOWN LLC, DAVID GHATANFARD, and GENCO LUCA,<br><br>        Defendants. | No. 17-cv-00553-GHW<br><br>**QUESTIONS AND ANSWERS IN CONNECTION WITH INFORMATION SUBPOENA AND QUESTIONNAIRE** |

**RE:    Defendant David Ghatanfard (the "Judgment Debtor")**

**THE PEOPLE OF THE STATE OF NEW YORK**

STATE OF NEW YORK    )
                         ) SS.:
COUNTY OF            )

_____, being duly sworn deposes and says; that deponent is the _____ of _____, the recipient of an information subpoena herein and of the original and a copy of questions accompanying said subpoena. The answers set forth below are made from information obtained from the records of the recipient.

## QUESTIONNAIRE

**QUESTIONS TO BE ANSWERED BY THE JUDGMENT-DEBTOR, DAVID
GHATANFARD IN RESPONSE TO THIS INFORMATION SUBPOENA.**

### Definitions

1.      The terms "you," "yourself" or "your," shall refer to the Judgment-Debtor David

Ghatanfard.

2.      The phrase "period in question" shall refer to January 1, 2017 until the present.

### Instructions

1.      The responses to these questions shall be supplied by mailing and emailing a copy

of such to Josef Nussbaum at the following address: Josef Nussbaum, Joseph & Kirschenbaum,

LLP, 32 Broadway, Suite 601, New York, New York 10004 and jnussbaum@jk-llp.com.

2.      In answering these questions, furnish all information that is available to you,

including information known by or in the possession of yourself, your employees, experts, agents

or affiliates, and not merely information within the personal knowledge of the individuals

executing your answer to the questions.

3.      Respond separately and completely to each question, or subdivision thereof, setting

forth the question in full followed by each answer.

4.      If, in answering the following, you are unable to answer fully, after exercising due

diligence to obtain the information to do so, you shall answer said question to the fullest extent

possible, specifying your inability to answer the remainder, describing the efforts taken by you to

obtain the information to fully answer said question, and stating whatever information or

knowledge you have concerning the unanswered portion thereof.

5.      If, in answering the following questions, you state in whole or in part that "I do not

know" or "unknown" or otherwise indicate any similar lack of knowledge, you shall state in detail

all efforts made to obtain the information requested, the nature of any continuing efforts in that regard, and by whom any such efforts were and are being made.

6.      These questions are continuous in nature and require you to supplement or amend your answers if you subsequently obtain information relating to these questions or if subsequent events require supplementation or amendment of your answers. Such Supplementary Responses are to be filed and served upon Judgment-Creditors' counsel within seven (7) days after receipt of such information.

7.      Whenever a question asks for the identification of any document, you shall, in addition to identifying the document, append a copy of the document to your answers to the questions. Each document furnished in response to any question shall be clearly labeled to indicate the question to which it is responsive and if it is intended to be responsive to more than one question, then said document shall be clearly labeled so as to indicate all questions to which it is responsive.

8.      If in responding to these questions you require additional space, please respond on a separate document, indicate that you have done so in the response section, and append the separate document(s) to your responses.

9.      Your responses must be verified and signed before a notary and must be sworn to under penalty of perjury.

## **<u>QUESTIONS</u>**

1.      State your full name, address(es) and telephone number(s) since January 1, 2017, and state the nature of your present occupation.

RESPONSE: _____

_____

2.    Identify each person or entity for whom you performed services since January 1, 2017 and state the amount you were paid for your services or the amount you are owed for your services.

RESPONSE: _____

_____

3.    Do you have any interest in a corporation, partnership, or trust? If so, state the name and address of each such corporation, partnership, or trust, and include the names, addresses and telephone numbers of all other shareholders, partners, settlers, trust protectors, trustees, and beneficiaries.

RESPONSE: _____

_____

4.    Identify by name, address and telephone number each and every domestic and foreign bank and/or financial institution in which you have an account or over which you have signatory authority or other such control, and provide the account number, type of account, and account balance from January 1, 2017 to present. In addition, identify the record owner or title of the account.

RESPONSE: _____

_____

5.    State whether you rent or have access to a safety deposit box titled in your name or in any other name. If so, state the name address of the bank or other financial institution at which the safety deposit box is maintained, the name and address of the person under whose name the box is rented, and list and describe in detail the contents of the box as of the date that these questions were served as set forth on the attached certificate of service.

RESPONSE: _____

_____

6.    For all the assets and liabilities listed in the chart below, set forth in detail the dollar amount and fair market value dollar amount of these assets and/or liabilities with respect to yourself as of January 1, 2017 to the present:

RESPONSE:

| Assets: | | Amount ($) | Fair Market Value ($) |
|---|---|---|---|
| (1) | Cash | | |
| (2) | Cash surrender value of insurance | | |
| (3) | Accounts receivable | | |
| (4) | Notes receivable | | |
| (5) | Merchandise inventory | | |
| (6) | Real estate | | |
| (7) | Furniture and fixtures | | |
| (8) | Machinery and equipment | | |
| (9) | Trucks and delivery equipment | | |
| (10) | Automobiles | | |
| | | | |

| | | |
|---|---|---|
| (11)  Stocks, bonds, or other securities | | |
| (12)  Pensions or annuities | | |
| (13)  Gold | | |
| (14)  Silver | | |
| (15)  Jewelry | | |
| (16)  Art | | |

| Liabilities: | Amount ($) | Fair Market Value ($) |
|---|---|---|
| (1) Loans on insurance | | |
| (2) Accounts payable | | |
| (3) Notes Payable | | |
| (4) Mortgages | | |
| (5) Accrued real estate taxes | | |
| (6) Judgments | | |

|  |  |  |
|---|---|---|
| (7) Reserves |  |  |

7.      Provide the following information relating to insurance policies now in force and owned directly or indirectly by you:

RESPONSE:

| Number of Policy | Name of Company | Amount of Policy | Present Cash Surrender Value Accumulated Dividends |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

| Policy Loan | Date Made | Automatic Premium Payments Date Made |
|---|---|---|
|  |  |  |

6

| | | |
|---|---|---|
| | | |
| | | |
| | | |

8.     If any of the policies listed in your answer to the preceding question are assigned or pledged on indebtedness, except with insurance companies, provide the following information about each policy:

RESPONSE:

| Policy Number Assigned or Pledged | Name & Address of Date Made | Amount of Indebtedness | Date Pledged or Assigned |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

9.     Do you have any accounts receivable or notes receivable? If so, set forth the name, address and telephone number of the person or entity that is indebted to you, and provide the amount of each account or note receivable.

RESPONSE: _____

_____

10.     Do you currently own, claim an interest in, or possess any real property? If your answer to this Question is in the affirmative, state or identify:

(a) The property's address;
(b) The type of property (i.e., house, condominium, etc.);
(c) The cost of the property at the time purchased;
(d) Present fair market value of the property;
(e) Any encumbrances against the property and the balance, if any, of the encumbrance (i.e., mortgage, etc.)
(f) How you titled the property upon its purchase or acquisition (i.e. _____, grantee);
(g) How the property is currently titled.

RESPONSE: _____

_____

11.     If you do not own the property where you currently reside, set forth the name, address and telephone number of the person(s) who owns the residence, the amount of your rent, and the frequency with which your rent must be paid.

RESPONSE: _____

_____

12.     Do you own, use or control any fixtures, furniture, machinery, equipment, trucks, automobiles, airplanes, or art? If your answer is in the affirmative, please set forth the following information:

RESPONSE:

| | Descriptions | Cost | Liquidation Value | Amount of Indebtedness Pledged | Date Pledged | Owner |
|---|---|---|---|---|---|---|
| (a) Furniture/ Fixtures (business) | | | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| (b) Furniture (household) | | | | | | |
| (c) Machinery/ Equipment (specify) | | | | | | |
| (d) Trucks (specify make, model, VIN, year) | | | | | | |
| (e) Automobile s (specify make, model, VIN, Year) | | | | | | |
| (f) Airplane (specify make, model, year) | | | | | | |
| (g) Art (specify) | | | | | | |

13.     Set forth the following information regarding all stocks, bonds, or securities (including, but not limited to, any interest in money market or other mutual funds) owned by you or held on your behalf from January 1, 2017, to present (and indicate if you sold or otherwise transferred any stock):

9

RESPONSE:

| Name of Company | Record Owner | Number of Units | Cost | Fair Market Value | Amount of Indebtedness Pledged Owner |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

(a) If you receive any dividends or interest on any stocks, bonds, or securities, set forth the date the dividends or interest is payable, and the amount received in the last year.

RESPONSE: _____

_____

14.    Identify all sources of income for the following years:

|  | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 |
|---|---|---|---|---|---|---|
| (a) Salaries, wages, Or commissions; |  |  |  |  |  |  |

| | | | | | | |
|---|---|---|---|---|---|---|
| (b) Dividends; | | | | | | |
| (c) Interest; | | | | | | |
| (d) Income from business /profession | | | | | | |
| (e) Partnership income; | | | | | | |
| (f) Capital gains; | | | | | | |
| (g) Annuities and pensions; | | | | | | |
| (h) Rents and royalties; | | | | | | |
| (i) Income from estates And trusts | | | | | | |
| (j) Disposition of precious metals | | | | | | |

15.     With respect to each of the items set forth in the preceding question, state the name, address, and telephone number of the source from which the income was received (and provide account numbers where applicable).

RESPONSE: _____

_____

11

16.     Have you directly or indirectly transferred, conveyed or disposed of any cash, assets or other items of value with a cost or fair market value of $1,000.00 or more during the period of January 1, 2017  to present.  If your answer to this question is in the affirmative, provide the following information for each such item:

RESPONSE:

| Description of Property or Asset | Date of Transfer | Fair Market Value When Transferred | Consideration Received | Name, Address of transferee and your relation |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

17.     Do you have any life interest or remainder interest, either vested or contingent, in any trust or estate, or are you a beneficiary of any trust? If so, please furnish the following information and identify all supporting documentation:

RESPONSE:

|  |  |  |  |
|---|---|---|---|

| Name of Trust or Estate | Present Value of Assets | Value of Your Interests | Amounts Received From this Source |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

18.    Do you have own or have an interest in any Individual Retirement Accounts, Stock Option Plans, pension or profit sharing plans, or any other savings or retirement plans other than those listed in response to previous questions. If your answer is yes, state the name, address and telephone number of the custodian of all such assets and state the amount.

RESPONSE: _____

_____

19.    Have you any other assets or an interest in assets, either actual or contingent, other than those listed in the previous question requests (*i.e.*, paintings, sketches, drawings, sculptures, antiques, stamp collections, boat, musical instrument, etc.)? If so, please describe the assets in detail, identify the location of the asset, and state the current fair market value of each such asset.

RESPONSE: _____

_____

20.    Have you prepared a financial statement within the last six years? If so, state:

(a) To whom the statement was given;

(b) The reason the statement was prepared;
(c) The date of the statement;
(d) The name, address and telephone number of all persons who have a copy of such statement.

RESPONSE: _____

_____

21.　　Identify every legal action in which you have been a party since January 1, 2017, including, but not limited to the title of the action, the name of the court, the docket number or date the action was filed, a brief description of the nature of the action, and the result of the legal action (e.g. judgment against a certain amount).

RESPONSE: _____

_____

22.　　Identify every loan made to you or that was outstanding from you since January 1, 2017, including, but not limited to name of the lender, date of the loan, maturity dates, principal amount, rate of interest, collateral or security interest given by you, your purpose in borrowing funds, and date and amount of each repayment.

RESPONSE: _____

_____

23.　　Identify all credit, debit, and/or automatic teller ("ATM") cards which you use or control, regardless of whether such cards are titled in your name, since January 1, 2017, and for each such card, identify, state or describe:

(a) The name and address of the financial institution that issued the card (*i.e.*, VISA, MasterCard, American Express, bank, etc.);
(b) The account number; and
(c) The name(s) on the card.

RESPONSE: _____

_____

24.    State whether you established a trust for any purpose since January 1, 2017. If your answer is yes, state, describe or identify:

(a) The location of the trust;
(b) The name and address of the trustee, trust protector and the beneficiaries of the trust;
(c) The assets of the trust and the location of such assets;
(d) All documents that support your answer to this Question.

RESPONSE: _____

_____

25.    State whether you currently have a will. If so, produce it.

RESPONSE: _____

_____

26.    State whether you have filed with the Internal Revenue Service Federal Form 1040 income tax returns for the years 2017 to 2021. If your answer is affirmative, produce the return, and state:

(a) The date that each return was filed;
(b) The address or location of the IRS Service Center where the return was filed.

RESPONSE: _____

_____

27.    State whether you have filed State income tax returns for 2017 to 2021. If your answer is affirmative, produce the return, and state:

(a) The date that each return was filed;
(b) The state with whom the return was filed;
(c) The address where the state return was filed.

RESPONSE: _____

_____

I hereby declare, under penalty of perjury, that I have verified the contents of these responses to be true.


_____

(Print name) _____


State of                              )
County of                         ) ss:

On the ____ day of _____ in the year 2022 before me, the undersigned, personally appeared _____ personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.


                                        _____

                                                  Notary Public


16