# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAVLE ZIVKOVIC, on behalf of himself and others similarly situated,

Plaintiff,

v.

LAURA CHRISTY LLC d/b/a VALBELLA, LAURA CHRISTY MIDTOWN LLC, DAVID GHATANFARD, and GENCO LUCA,

Defendants.

No. 17-cv-00553-GHW

**SUBPOENA DUCES TECUM AND AD TESTIFICANDUM**

TO: David Ghatanfard
c/o Neal Comer, Esq.
81 Main Street
White Plains, NY 10601
914-683-5400
comeresq@aol.com

**PLEASE TAKE NOTICE** that, pursuant to Fed. R. Civ. P. §§ 30, 69 and Article 52 of New York's Civil Practice Law and Rules (the "CPLR"), Plaintiffs/Judgement-Creditors ("Plaintiffs") by and through their undersigned counsel, will take the deposition upon oral examination of Defendant/Judgement-Debtor David Ghatanfard ("Defendant"), on February 14, 2023 at 10:00 a.m. or at such other date and time as agreed to by the Parties. The deposition will be taken before a notary public or other person authorized by law to administer oaths and/or videographer, and will continue from day to day thereafter, except for weekends and holidays, until completed. The deposition will take place at the offices of counsel for Plaintiffs Joseph & Kirschenbaum LLP 32 Broadway, Suite 601, NYC, NY 10004 or via teleconference. (Defendant or their representative are to contact the undersigned attorneys by February 9, 2023 for link to remote deposition if not received by then).

**YOU ARE ALSO HEREBY COMMANDED**, pursuant to Fed. R. Civ. P. § 69 and Article 52 of the CPLR, that all business and excuses being laid aside, to produce all documents specified in the request set forth below, in accordance with the instructions and definitions set forth below, for inspection and copying at the offices of counsel for Plaintiffs, Joseph & Kirschenbaum LLP 32 Broadway, Suite 601, NYC, NY 10004, on or before February 2, 2023.

**PLEASE TAKE FURTHER NOTICE** that failure to comply with this subpoena is punishable as a contempt of Court and may subject you to prosecution under New York law.

Dated: January 12, 2023
New York, NY

___________________________
Josef Nussbaum
D. Maimon Kirschenbaum
Lucas C. Buzzard
**JOSEPH & KIRSCHENBAUM LLP**
*Attorney for Judgment-Creditors*
32 Broadway Suite 601
New York, NY 10004
T: (718) 915-5304
T: (212) 688-5640
jnussbaum@jk-llp.com
maimon@jk-llp.com
lucas@jk-llp.com

**PLAINTIFF'S REQUEST FOR THE PRODUCTION OF DOCUMENTS**

**DEFINITIONS**

1. Plaintiffs hereby incorporates all definitions and instructions set forth in Local Rule 26.3.

2. "Plaintiffs" means the subclass members certified by the Court in this Action.

3. "Defendant" or "Ghatanfard" refers interchangeably to Defendant David Ghatanfard.

4. "Rosey Kalayjian" refers to the individual that resides at 56 Oak Grove Road in Southampton, NY and whom is Defendant's partners and allegedly involved in the operations of Valbella at the Park LLC.

5. "Valbella at the Park LLC" refers to the business that operates at 3 Bryant Park in Manhattan.

6. "Oak Grove Road LLC" refers to the business that has an ownership in Valbella at the Park LLC and which has a process service address of 56 Oak Grove Road, Southampton, NY 11968.

7. "One If By Land Restaurant LLC" refers to the business that operates at 7 Barrow St, New York, NY 10014.

8. "All" means any and all.

9. "Communication" means any recording or rendering of any contact, oral or documentary, formal or informal, including drafts thereof, at any place or under any circumstance whatsoever, whereby information of any nature is transmitted or transferred, including a single Person seeing, hearing or receiving any information by any means.

10. "Concerning" means commenting on, comprising, constituting, containing, describing, effecting, embodying, evidencing, identifying, including, incorporating, involving, mentioning, referring to, reflecting, relating to, responding to, stating, or in any way pertaining to, either directly or indirectly.

11. "Document" or "Documents," (also referred to as "Records") is to be interpreted in the broadest possible sense and includes all recorded, renderable, stored or retrievable information on any print or electronic media, including handwriting, photographs, film, recordings, memoranda, books, records, accounts, ledgers, vouchers, invoices, drafts, bills, charge slips, letters, electronic mail, text messages, SMS messages, instant messages, compact discs, CD-ROMs, DVD-ROMs, portable or external hard drives or other widely-used electronic or optical storage media, electronic data, magnetic tape, videotape, magnetic or optical disks, floppy disks, Microsoft Office or other spreadsheet, word processing, or presentation software files, telegrams, mailgrams, correspondence, tweets, notes and minutes of meetings, conversations or telephone calls, resolutions, work papers, reports, projects, tabulations, studies, surveys, legal complaints and other pleadings, affidavits, interrogatories or interrogatory responses, legal briefs, legal motions, judgments, designs, drawings, schematics, maps, manuals, models, notebooks, contracts, agreements, diaries, telephone records, desk calendars, appointment books, circulars, charts,

12. "Including" and "include" means including without limitation.

13. "Person" or "Persons" means any natural person or any business, legal, or governmental entity or association.

## INSTRUCTIONS

Unless otherwise indicated, the following instructions apply to, and are incorporated into, the definitions set forth above, all document requests, and these instructions:

1. These requests seek documents from and relating to Defendant.

2. The following rules of construction shall apply unless the text of the Request clearly requires otherwise:

   a. The past tense of a verb includes the present tense and vice versa.

   b. The term "all" shall mean "any and all" so as to bring within the scope of the Requests herein all Documents, Communications and things that otherwise might be construed to be outside its scope.

   c. The words "and," "as well as," and "or" shall be construed to make the Request inclusive rather than exclusive.

   d. The terms "any" and "each" should be understood to include and encompass "all."

3. With respect to each document produced, Plaintiff requests that Defendant specify the request(s) to which the document is responsive.

4. Plaintiffs request that Defendant and their counsel prevent the destruction or alteration of any document requested herein by the operation of any electronic information system (routine or otherwise) and put Defendant on notice that any destruction or alteration of such document, or any action that makes such documents more difficult or expensive to access and use, without completing a meet and confer process with Plaintiffs' counsel regarding such action, will not be considered to be in "good faith," as contemplated in Fed. R. Civ. P. 37(f). If Defendant does not believe that they can reasonably comply with this instruction, Plaintiffs request that Defendant contacts Plaintiffs, in writing, within 10 days from receipt of these requests, to meet and confer about whether immediate Court intervention is necessary.

5. You are required to produce all responsive Documents that are in Your possession, custody, or control, which includes, without limitation, any responsive Document that was or is prepared, kept, or maintained for personal use, in the personal files, or as the personal property of any of Your agents, attorneys, successors or assigns, accountants, assistants, bankers, affiliates or others, or at any other place, including in any remote or online storage.

6. Documents shall be produced in the manner they are kept in the ordinary course of business. However, unless otherwise indicated, Plaintiffs request that Defendant produce responsive documents after a meet and confer discussion with Plaintiffs' counsel about the preferred format for such production. Plaintiffs request that Defendant not unilaterally select an electronic format for production.

7. Alternatively, if Defendant does not wish to meet and confer about the format for production of documents, Plaintiffs request such documents as follows: For any responsive Documents or Communications stored in electronic format, including email, You will produce those Documents or Communications in searchable electronic format (e.g., single-page .tiff format with corresponding OCR or full-text files) on CD-ROMs, DVD-ROMs, portable or external hard drives or other widely-used electronic or optical storage media. All Microsoft Excel and

PowerPoint documents will be produced in native format, and Plaintiffs reserve the right, as needed, to seek production of additional Documents, Communications, or categories of Documents or Communications in native format and with relevant metadata.

8. Documents should not be zipped, compressed, encrypted, or otherwise restricted or proprietarily protected for specific use.

9. Where specialized or proprietary software is required to access or use documents in their native format, please supply such software.

10. All requests should be read to include a request for all metadata associated with all documents responsive to the request.

11. If a document is available to Defendant both in paper and electronic form, Plaintiffs request that Defendant produce the requested document in electronic form, as described herein.

12. With respect to each request, Defendant is requested to provide all documents in Defendant's possession, custody, or control that are known to Defendant or that Defendant can locate or discover through reasonably diligent efforts.

13. If Defendant cannot respond to any part of the following requests in full, please respond to the extent possible, specifying the reason or reasons for Defendant's inability to respond to the remainder of the requests.

14. If, to Defendant's knowledge, documents responsive to one or more requests were never in Defendant's possession, custody, or control but are or have been in the possession, custody, or control of any other person, please identify all such persons.

15. If any responsive document was formerly in Defendant's possession, custody, or control but has been eliminated from Defendant's possession in any way, including, but not limited to, having been lost, destroyed, transmitted, or discarded, please submit a written statement as follows:

a. Describe in detail the nature of the document and its contents;
b. Identify the person or persons who authored, prepared, or edited the document and, if applicable, the person or persons to whom the document was sent;
c. List all dates when the document was copied, created or modified;
d. List all dates when the document was eliminated from your possession in any way;
e. State any reason(s) the document was eliminated from your possession in any way; and
f. List all persons that have had possession of the document or have had knowledge of its contents.

16. In accordance with Fed. R. Civ. P. 26(b)(5) and S.D.N.Y. Local Civil Rule 26.2, if any document responsive to Plaintiff's discovery requests is withheld pursuant to a claim of attorney-client privilege, attorney work product privilege, litigation materials privilege, or any other common law or statutory privilege or protection, please specify the following:

a. The basis for withholding such document;
b. A generic description of the document being withheld;
c. The date the information contained in the document was learned or the document created;

d. The identity of the individual(s) who learned the information or authored the document;

e. The date the document was transmitted or otherwise made available to anyone; and

f. The specific request(s) to which the withheld document relates.

17. If requested documents are maintained in a file, folder, or other container, please produce the file, folder, or other container, or a complete copy of same, with the documents.

18. If You are withholding responsive Documents pursuant to any objection, You should expressly so state.

19. Unless otherwise indicated in writing, the failure to produce any documents in response to any request herein means that such documents do not exist, or are not in Defendant's possession, custody, or control, or the possession, custody, or control of Defendant's agents or anybody acting on Defendant's behalf.

20. Unless otherwise indicated in a particular Request, the time period covered by these Requests is from January 27, 2017 to the present date.

21. These Requests are continuing. If, after making Your response and/or producing the requested Documents, You or Your attorneys, agents, or representatives obtain or become aware of any further Documents responsive to these Requests, You are required to promptly produce such additional Documents.

**REQUESTS FOR PRODUCTION**

1. All bank records since January 1, 2020.

For avoidance of doubt, this Request includes, without limitation, all monthly, quarterly and/or yearly bank records for all checking accounts since January 1, 2020 including account statements, copies of checks and cancelled cheeks, deposit and withdrawal slips, and monthly bank statements regarding all accounts maintained by Defendant individually, or with any other person or entity, or held beneficially for Defendant, or in the name of any firms, entities, partnerships, companies, or corporations in which Defendant has or had any interest or in which Defendant is or was authorized to draw funds, whether domestic or foreign.

2. All credit card records since January 1, 2020.

For avoidance of doubt, this Request includes, without limitation, all monthly, quarterly and/or yearly credit card records for all credit card accounts (individually and/or jointly with someone else) since January 1, 2020 including account statements, copies of checks and cancelled cheeks, deposit and withdrawal slips, and monthly statements regarding all accounts maintained by Defendant individually, or with any other person or entity, or held beneficially for Defendant, or in the name of any firms, entities, partnerships, companies, or corporations in which Defendant has or had any interest or in which Defendant is or was authorized to draw funds, whether domestic or foreign.

3. All records of savings and/or investment accounts since January 1, 2020.

For avoidance of doubt, this Request includes, without limitation, all monthly, quarterly and/or yearly records for all savings and/or investment accounts since January 1, 2020, including account statements, copies of checks and cancelled cheeks, deposit and withdrawal slips, and monthly bank statements regarding all accounts maintained by Defendant individually, or with any other person or entity, or held beneficially for Defendant, or in the name of any firms, entities, partnerships, companies, or corporations in which Defendant has or had any interest or in which Defendant is or was authorized to draw funds, whether domestic or foreign.

4. Copies of all checks paid to and/or from Defendant (whether to and/or from an individual account or a jointly held account).

5. Records of all wire transfers paid to and/or from Defendant (whether to and/or from an individual account or a jointly held account).

6. Documents sufficient to establish any businesses and/or partnerships Defendant has and/or had a stake in, including each business's name, d/b/a name, Defendant's share of the business (if his shares changed at any time since January 27, 2017, identify the various ownership stakes Defendant had and the dates Defendant's ownership stake changed), and any records relating to the valuations of each business.

7. All savings bankbooks, passbooks, records, statements of accounts, deposit and withdrawal slips, inclusive of, among other things, certificates of deposit, money market accounts, mutual fund accounts, Treasury bills and notes, time deposits or other savings instruments, current as well as those that may have been cancelled or closed, domestic or foreign, whether in Defendant's name individually or in conjunction with any other person or persons, or in the name of any firms, entities, partnerships or corporations in which Defendant has or had any interest including, without limitation, responsive records related to Laura Christy Midtown LLC, Laura Christy LLC, One If By Land Restaurant LLC, Oak Grove Road LLC, and Valbella at the Park LLC.

8. All records, documents, papers and memoranda, pertaining to monies received and/or presently being received by Defendant from all sources, including, but not limited to, fees, salaries, wages, interest, drawings, dividends, bonuses, commissions, sick pay, severance pay, pensions or retirement funds, reimbursed expenses, perquisites, gifts, legacies, loans or advances, leases, trust income and distributions.

9. Records of all payments made by Defendant to Rosey Kalayjian.

10. Records of all payments made by Rosey Kalayjian to Defendant.

11. Records of all payments made by Rosey Kalayjian on Defendant's behalf, including, without limitation, all mortgage payments and payments for Defendant's living expenses.

12. Records of any monies paid to Rosey Kalayjian on Defendant's behalf.

13. Brokerage account statements or securities owned by Defendant individually or jointly with any person or entity, as trustee, guardian or custodian, or in the name of any firms, entities, partnerships or corporations in which Defendant has or had any interest, including, without limitation, Laura Christy Midtown LLC, Laura Christy LLC, One If By Land Restaurant LLC, Oak Grove Road LLC, and Valbella at the Park LLC.

14. Complete copies of all personal federal, state and local income tax and/or gift tax returns and copies of all federal, state and local tax filings by any entity, in which Defendant has a legal, beneficial or equitable interest, including, without limitation, Laura Christy Midtown LLC, Laura Christy LLC, One If By Land Restaurant LLC, Oak Grove Road LLC, Valbella at the Park LLC, and including, in each case, all schedules and worksheets, K-1 and 1099 statements and any documents concerning any audit, amendment, assessment, or adjustment in connection therewith.

15. All records related to real estate in which Defendant has any interest.

For avoidance of doubt, this Request includes, without, all mortgage payments, deeds, appraisals, proprietary leases, conversion plans, records of payments of capital improvements, repairs and home improvement, stock certificates, tax payment records, and other records showing purchase, sale and/or refinance of any real estate (including condominium and cooperative apartments) in which Defendant has or had an interest, including, without limitation, whether legal or equitable, or as trustee, lessee, mortgagor, mortgagee, fiduciary, trust beneficiary (vested or contingent), partner, developer, manager or otherwise, including, without limitation, adjustment sheets, closing statements showing purchase price and other settlement costs, mortgage and mortgage records. Also, any records, documents, and memoranda showing any and all contributions, in cash or otherwise, made by Defendant to acquire or improve said properties.

16. All records relating to 9 Canterbury Rd., Harrison NY 10528.

17. All records relating to 56 Oak Grove Road Southampton, NY 11968.

18. All records relating to 113 Warburton Avenue Apt 505, Yonkers, NY 10701.

19. All records relating to properties owned and/or leased by Defendant outside the United States.

20. Records of any consideration received from Rosey Kalayjian for any alleged ownership interest in any property(/ies) Defendant has and/or had an ownership interest, including, without limitation, the property located at 56 Oak Grove Road Southampton, NY 11968.

21. Records of the proceeds from any refinances of 56 Oak Grove Road Southampton, NY 11968 including, without limitation, where the proceeds were deposited and/or transferred and where those proceeds are now.

22. All documents relating to the registration and operation of each and every motor vehicle, motorcycle, boat, plane or other vehicle owned, leased and/or used by Defendant and/or Laura Christy Midtown LLC, Laura Christy LLC, One If By Land Restaurant LLC, Oak Grove Road LLC, Valbella at the Park LLC, whether registered individually, in conjunction with another, or to some other person or entity.

23. All documents relating to policies of insurance covering Defendant, owned by Defendant, or of which Defendant (or any entity in which Defendant has or had any legal, beneficiaries or equitable interest) is the beneficiary, whether or not now in force, including, without limitation, life, endowment, annuity, theft, floater, liability, health and accident, personal and real property and automobile, including, without limitation (as applicable) any documents concerning the payment of premiums, the payment of benefits or dividends, the cash surrender value, and any loan available or drawn, and all repayments thereof.

24. All papers, records and documents of each safe deposit box maintained by the Defendant in his own name or jointly with any other person or persons with whom, he is a signatory and has access to such box, including records reflecting the name of the depository, number of the box, and an inventory of each box.

25. Purchase and accounts payable journals and aging reports for Laura Christy Midtown LLC, Laura Christy LLC, One If By Land Restaurant LLC, Oak Grove Road LLC, Valbella at the Park LLC and any other entity in which Defendant has or had any business interest since June 1, 2021.

26. Detailed profit and loss statements, trial balances and detailed general ledgers for any entity in which Defendant has or had any business interest.

27. Detailed list of loans made by Defendant (or any entity in which Defendant has or had a business interest) and accounts receivable, including the source of funds from which the loan was made, the date payments are due, and the account or accounts in which loan payments are deposited.

28. Detailed list of any and all contingent interests of Defendant (or any entity in which Defendant has or had a business interest, including a description of the interest (stock option, interest subject to life estates, prospective inheritance, etc.), the location of the interest, date of vesting, date of acquisition, and the current value.

29. Detailed list of all jewelry, art, antiques, household furnishings, precious objects, gold and precious metals owned by Defendant (or any entity in which Defendant has or had a business interest) valued at more than $1,000, including the location of the property.

30. Copies of all contracts and/or agreements Defendant signed that pertain in any way to Laura Christy Midtown LLC, Laura Christy LLC, One If By Land Restaurant LLC, Oak Grove Road LLC, Valbella at the Park LLC.

31. Copies of all contracts and/or agreements between Defendant and Rosey Kalayjian, including without limitation any agreements relating to Laura Christy Midtown LLC, Laura Christy LLC, One If By Land Restaurant LLC, Oak Grove Road LLC, Valbella at the Park LLC.

32. All records of payments from and/or to the following entities: Laura Christy Midtown LLC, Laura Christy LLC, Oak Grove Road LLC, Valbella at the Park LLC, One If By Land Restaurant LLC.

33. Records of all earnings earned from Oak Grove Road LLC, whether directly, via another individual and/or via a corporate entity.

34. Records of all earnings earned from Valbella at the Park LLC, whether directly, via another individual and/or via a corporate entity.

35. Records of all earnings earned from One If By Land Restaurant LLC, whether directly, via another individual and/or via a corporate entity.

36. Records of all earnings earned from Laura Christy Midtown LLC, whether directly, via another individual and/or via a corporate entity.

37. Records of all earnings earned from Laura Christy LLC, whether directly, via another individual and/or via a corporate entity.

38. Records of all payments made by Defendant on behalf of Laura Christy Midtown LLC, Laura Christy LLC, Oak Grove Road LLC, Valbella at the Park LLC, One If By Land Restaurant LLC.

39. All financial statements prepared by, for and/or on behalf of Defendant.

40. All financial statements prepared by, for and/or on behalf of any business that Defendant has an ownership stake in.

41. All applications submitted to any financial institutions and/or mortgage companies including, without limitation, applications to open any bank accounts, credit card accounts, and applications for any financing or refinancing.

42. Records of all payments to the attorneys who represented Defendant in this lawsuit.

43. Records of all payments to the attorneys who represented Laura Christy Midtown LLC and/or Laura Christy LLC in this lawsuit.

44. Records of all payments to attorneys who represented Defendant in any legal matters.

45. Records of all payments from Defendant to accountants, tax-preparers and/or bookkeepers.

46. Records of retainer letters, engagement letters and/or other agreements between Defendant and any attorneys and/or law firms.

47. Records of retainer letters, engagement letters and/or other agreements between Defendant and any accountant, bookkeeper and/or tax-preparer or any firm providing such services.

48. Records of all payments from Defendant for any other services, including without limitation plumbing services, HVAC services, cleaning services etc., since January 1, 2022.

49. Records of all home maintenance, repair, and upkeep expenses.

50. Records of all property, homeowner's, or renter's insurance.

51. Records of all payments for transportation costs incurred by Defendant, including without limitation airfare, train fare, bus fare, limousines fare, taxi fare, Uber fare, Lyft fare, vehicle expenses, tolls, gasoline since January 1, 2022.

52. Records of all payments for grocery expenses incurred by Defendant since January 1, 2022.

53. Records of all payments for dining expenses incurred by Defendant since January 1, 2022.

54. Records of all payments for clothing, laundry and dry cleaning expenses incurred by Defendant since January 1, 2022.

55. Records of all utility expenses, including without limitation, bills and payments for electricity, heat, natural gas, water, sewer, garbage collection, telephone, cell phone, internet, satellite, and cable services since January 1, 2022.

56. Records of all charitable contributions.

57. All payroll journals for Laura Christy Midtown LLC since January 1, 2020.

Dates: January 12, 2023

New York, NY

Josef Nussbaum
D. Maimon Kirschenbaum
Lucas C. Buzzard
**JOSEPH & KIRSCHENBAUM LLP**
*Attorney for Judgment-Creditors*
32 Broadway Suite 601
New York, NY 10004
T: (718) 915-5304
T: (212) 688-5640
jnussbaum@jk-llp.com
maimon@jk-llp.com
lucas@jk-llp.com