# EXHIBIT M

## ASSIGNMENT AND ASSUMPTION OF MEMBERSHIP INTEREST

This Assignment Agreement ("**Agreement**") is made as of the 16th day of June, 2022, by and between **David Ghatanfard**, (the "**Assignor**") and **Rosey Kalajian** (the "**Assignee**"). Assignor and Assignee are hereinafter collectively referred to as the "**Parties**".

### RECITALS

**WHEREAS**, Assignor, is the sole member of Oak Grove Road LLC (the "**Company**") pursuant to a certain Operating Agreement dated as of February 16, 2021 (the "**Operating Agreement**").

**WHEREAS**, the Company is a partial owner of Valbella at the Park LLC ("**Valbella**"), which was formed under its own operating agreement dated April 29, 2021.

**WHEREAS**, the Assignee has contributed $1,250,000.00 to the Company and has assumed a prominent role in the management of the operations of Valbella (the "**Assignee's Contribution**") as more fully detailed in the First Amendment of the Operating Agreement dated June _16_, 2022 (the "**First Amendment**").

**WHEREAS**, in connection with the First Amendment, and pursuant to Article III, Section D(2) of the Operating Agreement, the Assignor wishes to assign, and the Assignee wishes to assume ninety (90%) percent of Assignor's interest in the Company and any and all rights, monetary and equitable, arising therefrom, pursuant to the terms and conditions set forth in this Agreement.

**NOW, THEREFORE**, in consideration of ten ($10) dollars, and the mutual covenants and agreements hereinafter set forth and other good and valuable consideration, receipt and sufficiency of which are hereby acknowledged, the Parties hereto agree as follows:

1. <u>Recitals</u>. The above-referenced recitals are specifically incorporated into the body of this Agreement and shall be binding upon the parties hereto.

2. <u>Transfer</u>. Pursuant to Article III, Section D(2) of the Operating Agreement, Assignor, in consideration of the Assignee's assumption of certain outstanding debts and liabilities of the Company, the obligations set forth in the Operating Agreement, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby sells, transfers and assigns to Assignee ninety (90%) percent of Assignor's interest in the Company to the Assignee, including, without limitation, ninety (90%) of the Assignor's interest in any real property, equipment, furniture, fixtures and all other assets of the Company, and ninety (90%) of Assignor's interest in the Company's profits, losses and capital (hereinafter collectively referred to as the "**Assigned Membership Interest**").

3. <u>Title</u>.  (a) Assignor hereby warrants and represents to Assignee that Assignor has the full right and power to sell, assign, convey and transfer the Assigned Membership Interest; and that the Assigned Membership Interest is not in any way encumbered, hypothecated and, or otherwise restricted ("**Free and Clear**").

    (b) Except as may be set forth herein, Assignor warrants and represents to Assignee that this Assigned Membership Interest will be transferred to Assignee Free and Clear. This representation shall survive the transfer of Title.

1

4. **Assumption of Company Obligations.** Assignee hereby accepts the foregoing assignment of the Assigned Membership Interest and hereby assumes all of the obligations of a Member under the Operating Agreement, as may be amended, from and after the date hereof and agrees to be bound by the terms and conditions of the Operating Agreement, as may be amended from and after the date hereof.

5. **Hold Harmless and Indemnity.** Assignor covenants and agrees to indemnify and hold harmless Assignee from and against any and all losses, liabilities, claims or causes of action, including reasonable attorneys' fees, existing in favor of or asserted by any parties arising out of or relating to Assignor's failure to perform any of the obligations of the Company under the Membership Agreement prior to the date hereof.

6. **Binding Effect.** All the terms of this Agreement shall be binding upon and inure to the benefit of, and be enforceable by, the respective legal representatives, successors and assigns of Assignor and Assignee.

7. **Governing Law.** This Agreement shall be interpreted, construed and enforced in accordance with the laws of the State of New York.

8. **Amendment.** Neither this Agreement nor any term or provision hereof may be changed, waived, discharged or terminated orally or in any manner other than by an instrument in writing signed by the party against which the enforcement of the change, waiver, discharge or termination is sought.

9. **Counterparts.** This Agreement may be executed in any number of counterparts and by the different parties hereto on separate counterparts, each of which, when so executed and delivered, shall be an original document, but all of which shall together constitute one and the same instrument.

**IN WITNESS WHEREOF**, this Agreement have been executed and is effective for all purposes as of the date set forth above.

ASSIGNOR

By: David Ghatanfard

ASSIGNEE

By: Rosey Kalajian

AGREED AND ACCEPTED
As of the 16th day of June, 2022

OAK GROVE ROAD LLC

By: David Ghatanfard
Its: Member

2

Def308