UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAVLE ZIVKOVIC, on behalf of himself and others similarly situated,<br><br>                    Plaintiff,<br><br>    v.<br><br>LAURA CHRISTY LLC d/b/a VALBELLA, LAURA CHRISTY MIDTOWN LLC, DAVID GHATANFARD, and GENCO LUCA,<br><br>                    Defendants. | 17-CV-00553 (GHW)<br><br>DECLARATION OF JOSEF NUSSBAUM |

I, Josef Nussbaum, declare under penalty of perjury that the following is true and correct:

1.      I am a partner with Joseph & Kirschenbaum LLP, class counsel in the above-captioned matter.  I submit this Declaration in support of Plaintiffs' motion to for an order to show cause why Valbella at the Park LLC ("VATP") should not be ordered to comply with Plaintiffs' information subpoena dated March 6, 2023. I am familiar with the facts and circumstances set forth herein.

2.      On June 22, 2022, this Court entered a judgment in this case against Defendants Laura Christy LLC, Laura Christy Midtown LLC, and David Ghatanfard, jointly and severally, for an amount in excess of $5 million. *See* ECF No. 324.

3.      On July 4, 2023, the Court entered a revised partial judgment wherein Plaintiffs/Judgment-Creditors are entitled to the same amount as set forth in the original judgment. *See* ECF No. 424.

4.      To date, the entirety of the judgment remains unpaid.

5.      In connection with the related lawsuit titled *Zivkovic v. Valbella at the Park LLC*, which currently pending before this Court under Docket No. 22-cv-7344 (the "Related

Lawsuit"), Plaintiffs served various discovery requests and subpoenas, and deposed Rosey Kalayjian on February 8, 2023.

6. Attached hereto as **Exhibit 1** is a true and correct copy of excerpts from the transcript of the February 8, 2023 deposition of Rosey Kalayjian ("Kalayjian Dep.").

7. Attached hereto as **Exhibit 2** is a true and correct copy of the Operating Agreement of Oak Grove Road, LLC, which was produced by Valbella at the Park LLC in discovery in the Related Lawsuit ("OGR Operating Agreement").

8. Attached hereto as **Exhibit 3** is a true and correct copy of the First Amendment to the Operating Agreement of Oak Grove Road LLC, which was produced by Valbella at the Park LLC in discovery in the Related Lawsuit ("Amendment").

9. Attached hereto as **Exhibit 4** is a true and correct copy of an Assignment and Assumption of Membership Interest related to Oak Grove Road LLC, which was produced by Valbella at the Park LLC in discovery in the Related Lawsuit ("Assignment").

10. Attached hereto as **Exhibit 5** is a true and correct copy of the Operating Agreement for Valbella at the Park LLC, which was produced by Valbella at the Park LLC in discovery in the Related Lawsuit ("VATP Operating Agreement).

11. Attached hereto as **Exhibit 6** are excerpts from the July 2022 account statement for Valbella at the Park LLC's Operating Account at Bank of America, N.A., which was produced by Bank of America in connection with Plaintiff's subpoena in the Related Lawsuit.

12. Attached hereto as **Exhibit 7** are excerpts from the July 2022 account statement for Oak Grove Road LLC's checking account at Bank of America, N.A., which was produced by Bank of America in connection with Plaintiffs' subpoena in the Related Lawsuit.

13.     Attached hereto as **Exhibit 8** is a true and correct copy of a check dated November 18, 2022 made out to Oak Grove Road LLC drawn on Valbella at the Park LLC's Operating Account at Bank of America, N.A., which was produced by Bank of America in connection with Plaintiff's post-judgment subpoena in this action.

14.     Attached hereto as **Exhibit 9** are excerpts from the November 2022 account statement for Oak Grove Road LLC's checking account at Bank of America, N.A., which was produced by Bank of America in connection with Plaintiffs' post-judgment subpoena in this action.

15.     Attached hereto as **Exhibit 10** are withdrawal slips from Oak Grove Road LLC's checking account at Bank of America, N.A., which were produced by Bank of America in connection with Plaintiffs' post-judgment subpoena in this action ("Withdrawal Slips").

16.     Attached hereto as **Exhibit 11** is a true and correct copy of an information subpoena and subpoena duces tecum pursuant to Fed. R. Civ. P. 45 and 69 and Article 52 of the N.Y. C.P.L.R. that Plaintiffs served on OGR on March 6, 2023 (the "Subpoenas").

17.     Attached hereto as **Exhibit 12** is a true and correct copy of the affidavit of service of the subpoenas.

18.     Attached hereto as **Exhibit 13** is a proposed order.

19.     In February 2021, Ghatanfard formed an LLC called Oak Grove Road ("OGR") and was the sole member of that LLC. *See* Ex. 2 (OGR Operating Agreement) § III.

20.     The purpose of OGR is to "own and operate a restaurant." *Id*. § II.A.

21.     Ghatanfard made an initial contribution to OGR of $500,000. *Id*. § II.B. & Attachment A.

22.    The OGR operating agreement provides that distributions to members "shall be issued on an annual basis, based upon the Company's fiscal year" and that "[e]ach Member shall receive a percentage of the overall distribution that matches that Member's percentage of Membership Interest in the Company." *Id*. § IV.B.

23.    In April 2021, OGR together with an entity called Alpine Pike Investments LLC formed another LLC – Valbella at the Park LLC ("VATP"). *See* Ex. 5.

24.    Each member entity owns 50% of VATP. *See id.* at Schedule A.

25.    The purpose of VATP includes "operating the restaurant known as 'Valbella' located at 3 Bryant Park." *Id.*, Art.II.2.

26.    The VATP operating agreement provides that each of the members shall appoint a "manager" who is responsible for certain aspects of the business. *Id.*, Art. V.1.

27.    OGR appointed Defendant Ghatanfard as the "Oak Grove Manager" and Alpine Pike Investments LLC appointed Robert Daleo as the "Alpine Pike Manager." *Id.*

28.    Ghatanfard, as the Oak Grove Manager, is responsible for restaurant operations. *Id.*, Art. V.2.

29.    The operating agreement provides that the Oak Grove Manager (*i.e.*, Ghatanfard) will receive "additional compensation . . . which includes" (a) a salary, (b) a "percentage of the Net Profits before distribution to the Members," and (c) a life insurance policy. *Id.* Art. V.3.

30.    The VATP operating agreement further provides that VATP may make distributions to its members from time to time consisting of "all cash . . . which is not required for the operation or the reasonable working capital requirements of the Company." *Id.* Art. VII.1.

31.     These distributions are made in proportion of the "equity interests of the Members" (*i.e.*, each Member entity receives 50% of the distribution). *See id.* Art. VII.1 & Schedule A.

32.     On June 16, 2022 – approximately two months after the jury verdict in this case and days before the entry of judgment – Ghatanfard transferred 90% of OGR to Ms. Kalayjian, retaining only a 10% interest in that company. *See* Ex. 3 (Assignment Agreement).

33.     That same day, the OGR operating agreement was amended to provide for Ms. Kalayjian's 90% equity interest in that company and delineate her duties. *See* Ex. 4 (Amendment).

34.     Between mid-July 2022 (one month after entry of the judgment in this matter) and January 2023, Ms. Kalayjian made five withdrawals from OGR's checking account at Bank of America that together totaled $1,355,000. *See* Ex. 10 (Withdrawal Slips).

35.     Each of these withdrawals was preceded by a corresponding deposit into OGR's checking account from VATP's operating account.

36.     For example, the July 2022 statement for VATP's operating account at Bank of America shows a transfer to "CHK 2824" on July 18, 2022 of $750,000. Ex. 6 (VATP July 2022 Account Statement).

37.     The July 2022 statement for OGR's checking account (which ends in "2824") shows a transfer deposit of $750,000 on July 18, 2022. Ex. 7 (OGR July 2022 Account Statement).

38.     On July 18 and 19, Ms. Kalayjian made two withdrawals from OGR's checking account that together totaled $745,000. *See id.* & Ex. 5 (Withdrawal Slips).

39. Similarly, on November 19, 2022, Ms. Kalayjian signed a check in the amount of $150,000 drawn on VATP's operating account and made out to OGR. *See* Ex. 6 (Check).

40. OGR's November 2022 checking account records show a deposit of $150,000 on November 21, 2022 and, several days later, a withdrawal from that account of $200,000 by Ms. Kalayjian. *See* Exs. 7 (OGR November 2022 Account Statement), 5 (Withdrawal Slips).

41. At deposition, Kalayjian admitted that VATP had made several distributions to its members in 2022, and that the distributions to OGR were paid into its Bank of America account. Kalayjian Dep. at 120:2-23.

42. Although Article V.3.b. of the VATP operating agreement provides that Defendant Ghatanfard – as the Oak Grove Manager of VATP – must receive a percentage of the net profits from VATP before any distributions are made, Ms. Kalayjian testified that this provision had not been fulfilled and that Ghatanfard had not received any portion of VATP's net profits. *Id.* at 124:14-25; *see also* Ex. 5 (VATP Operating Agreement) at Art. V.3.b.

43. After being paid into OGR's Bank of America account, the distributions from VATP were then paid to Ms. Kalayjian and deposited by her into her personal account at Citibank. Kalayjian Dep. at 121:3-8, 121:16-25.

44. According to Ms. Kalayjian, these payments were to reimburse herself for her investment in OGR. *Id*. at 121:3-15.

45. Ms. Kalayjian testified that she does not know how much she invested into OGR or how much she paid herself back from OGR. *Id.* at 121:23-122:9.

46. She further testified that Ghatanfard had received no similar "reimbursements" for his contributions to OGR. *Id.* at 121:9-11.

47.     Finally, Ms. Kalayjian admitted that she uses the funds deposited into her Citibank account to support Ghatanfard, including by paying the mortgage on the Southampton Property:

> Q:     And the profit that comes from Valbella [to] Oak Grove that you then deposit into your Citi account, some of those proceeds are used to support yours and David's life, correct?
> A:     Correct.
> Q:     Like some of those proceeds are used to pay for the mortgage, correct?
> A:     Yes.
> Q:     The Oak Grove house mortgage is paid from your Citi account, correct?
> A:     Yes.

*Id*. at 122:8-19.

48.     Given the forgoing, and in furtherance of Plaintiffs' discovery efforts, on March 6, 2023, Plaintiffs' counsel served OGR with an information subpoena and subpoena duces tecum pursuant to Fed. R. Civ. P. 45 and 69 and Article 52 of the N.Y. C.P.L.R. *See* Ex. 11 (Subpoenas).

49.     The information subpoena directed OGR to answer questions relating to, *inter alia*, its operations and its relationship with Ghatanfard.

50.     The subpoena to produce documents directed OGR to produce documents in its possession relating to, *inter alia*, the company's ownership, formation, operations, management, and how its finances are conducted.

51.     To date, OGR has not responded to the Subpoenas and has not supplied Plaintiffs with any explanation for its noncompliance.

52.     As that date has now passed and no responses or documents have been forthcoming, Plaintiffs now seek an order (a) holding OGR in civil contempt for its failure to respond to a subpoena duces tecum; (b) ordering that OGR will be purged only upon its full compliance with both Subpoenas.

Dated:  August 14, 2023

_/s/ Josef Nussbaum_____
Josef Nussbaum