Leonard Spielberg
Harold Salant Strassfield & Rotbard
81 Main Street
White Plains, NY 10601
(914)625-6775

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PAVLE ZIVKOVIC, on behalf of himself and others similarly situated,

                      Plaintiffs,

- against -

LAURA CHRISTY LLC d/b/a VALBELLA, LAURA CHRISTY MIDTOWN LLC, DAVID GHATANFARD, and GENO LUCA,

                      Defendants.

No. 17-cv-553 (GHW)

---

## MEMORANDUM OF LAW IN SUPPORT OF RULE 62 MOTION TO STAY CLASS PLAINTIFFS' ENFORCEMENT OF PARTIAL JUDGMENT

### Preliminary Statement

Defendants Laura Christy LLC d/b/a Valbella, Laura Christy Midtown LLC, and David Ghatanfard (collectively, "Movants") respectfully submit this memorandum of law in support of their motion, pursuant to Rule 62(b) of the Federal Rules of Civil Procedure ("Rule 62"), for a stay, pending appeal, of all enforcement proceedings undertaken in connection with the partial judgment entered in this action on July 4, 2023 ("Partial Judgment").

Beginning many months even before the Partial Judgment was entered, the class plaintiffs ("Class Plaintiffs") have been trying aggressively to collect the millions of dollars in damages awarded to them ("Enforcement Proceedings"). As is their right, Class Plaintiffs have issued

numerous restraining notices against defendant David Ghatanfard ("Ghatanfard") and others, sought discovery from numerous third parties and have extensively litigated those demands, and have also moved for an attachment against Rosey Kalajian ("Kalajian"), Ghatanfard's life partner. But all that activity should now come to a temporary halt.

Ghatanfard has recently been diagnosed with stage four metastatic cancer and requires intensive and debilitating medical treatment. For some time, he will also be unable to assist in the defense of his legal rights, which are directly at stake in the Enforcement Proceedings. *See* Declaration of David Ghatanfard, dated August 31, 2023 ("Ghatanfard Dec."), ¶¶ 2-3.[1] Add to the mix, Movants' substantial likelihood of success on appeal, which could very well render the Class Plaintiffs' continued, time-consuming, and costly enforcement litigation a needless waste. Also mindful of Rule 62's focus on financial protection for Class Plaintiffs, Movants propose a conditional stay that will maintain the status quo.

Under the circumstances, the requested stay is both practical and non-prejudicial. Indeed, the interests of both justice and efficiency make the need for relief compelling. Should the Court be indisposed to granting a stay, however, Movants respectfully request that their motion be denied as quickly as possible so that they may seek relief from the Court of Appeals.

## Argument

The Second Circuit has instructed district courts to consider five "non-exclusive" factors when considering a stay of judgment execution without requiring a bond: (1) the complexity of

---

[1] To compound the difficulties presented by Ghatanfard's own medical disability, his attorney, Neal Comer, Esq., suffered a major concussion (and possible brain contusion) in late June 2023. His injuries have seriously affected his ability to read, write, and concentrate on problem solving. As a result, Mr. Comer presently remains unable to represent clients in legal proceedings. *See* Declaration of Leonard Spielberg, dated August 31, 2023 ("Spielberg Dec."), ¶ 6.

the collection process; (2) the time required to obtain a judgment after it is affirmed on appeal; (3) the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste; and (5) whether the defendant is in such a precarious financial position that posting a bond would place its other creditors at risk. *In re Nassau County Strip Cases*, 783 F.3d 414, 417-18 (2d Cir. 2015) ("*Nassau County*").

The "non-exclusive" nature of those considerations is significant because it confirms that, ultimately, the decision remains "in the district court's discretion whether or not to waive the bond requirement." *Butler v. Ross,* 2017 WL 6210843, at *4 (S.D.N.Y. Dec. 7, 2017). Indeed, even after the Second Circuit decided *Nassau County*, a defendant's irreparable harm and likelihood of success on appeal have been considered as part of the stay analysis under Rule 62. *See e.g., Rivera v. Home Depot U.S.A. Inc.*, 2018 WL 3105069, at *2 (S.D.N.Y. June 25, 2018) (defendant "faces high risk of irreparable harm" if judgments reversed on appeal where defendant "would be unable to recoup the majority of funds it would pay" without a stay); *E.J. Brooks Company v. Cambridge Security Seals*, 2016 WL 908633, at *1 (S.D.N.Y. March 2, 2016) (considering likelihood of success on appeal).

A. *The Nassau County Factors*

The only *Nassau County* factors that support the requested stay of enforcement are the first two – *i.e.*, the complexity of the collection process and the amount of time to obtain a judgment after it is affirmed on appeal. *See* 783 F.3d at 417. To start, the judgment collection process will remain the same for Class Plaintiffs with or without a stay. In both situations, they must litigate claims against third parties to recover assets that they contend Ghatanfard has transferred.

Furthermore, the Class Plaintiffs' already have the additional financial protection provided by the temporary restraining order that the Court has already issued against Kalajian.

Similarly, a stay would not have a material impact on the time it would take Class Plaintiffs to collect the Partial Judgment were it affirmed on appeal. To start, the Class Plaintiffs' have already been conducting judgment enforcement proceedings, including discovery, for almost ten months. The requested stay would therefore only temporarily suspend a process that has already significantly advanced. In addition, because of Ghatanfard's medical condition, Movants intend to seek an expedited appeal in the Second Circuit. *See* Spielberg Dec., ¶ 5. If the Court of Appeals grants that motion, it should take far less time for the parties to receive an appellate determination regarding the validity of the Partial Judgment than it would for Class Plaintiffs to litigate fully any fraudulent transfer claim.

### B. Irreparable Harm

Absent the requested stay, Movants are also likely to suffer irreparable harm. There are approximately 380 Class Plaintiffs in this case, many of whom are of limited means. As a result, "there is a strong possibility that [defendants] would be unable to recoup the majority of funds it would pay if the judgment is reversed down the road." *Rivera*, 2018 WL 3105069, at *2. That very serious concern weighs heavily in favor of a stay. *See id.*

### C. Likelihood of Success on Appeal

Finally, Movants have a substantial likelihood of success on appeal, which, when combined with the proposed stay conditions, brings into sharp focus the commanding justification for the requested relief. Movants have raised three issues on appeal: (1) this Court exceeded its discretion in exercising supplemental jurisdiction over Class Plaintiffs' New York Labor Law ("NYLL"), which involved an unsettled issue of state law; (2) this Court misread NYLL § 198 in ruling that the affirmative defenses provided by that section did not apply to Class Plaintiffs' minimum wage claims; and (3) this Court exceeded its discretion in precluding Movants from using tip-related

evidence at trial to prove their subjective good faith. Those arguments are fully set forth in the Movants' appellate brief, which was filed in the U.S. Court of Appeals for the Second Circuit on August 23, 2023, and are incorporated here by reference. See Spielberg Dec., Exh. A.

Movants respectfully maintain that each of those arguments are meritorious and could result in overturning the Partial Judgment. The strong likelihood of that outcome firmly supports the requested stay.[2]

## Conclusion

Movants' request to stay all proceedings to enforce the Partial Judgment pending appeal should be granted.

Dated: August 31, 2023

Respectfully submitted,

Harold Salant Strassfield & Rotbard

Attorneys for Laura Christy Midtown, LLC

By: _____
Leonard Spielberg
81 Main Street
White Plains, NY 10601
914-625-6775
Lenspielberg@gmail.com

---

[2] Should the Court disagree with Movants and feel constrained under *Nassau County* to deny the requested stay, Movants respectfully request that the Court issue that order as soon as practicable so that they may seek relief from the Court of Appeals. As former-Chief Judge McMahon observed, Rule 62 "gives an appellate court far more power to stay a judgment pending appeal than is accorded to a district court." *Moore v. Navillus Tile, Inc.*, 2017 WL 4326537, at *6 (S.D.N.Y. Sept. 28, 2017)