# JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas Buzzard

32 Broadway, Suite 601
New York, NY 10004
Phone (212) 688-5640
Fax (212) 981-9587
www.jk-llp.com

September 18, 2023

**VIA ECF**

Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: *Zivkovic v. Laura Christy LLC, et al*,
           No.: 17 CV 553 (GHW)(GWG)

Dear Judge Woods,

    We represent Plaintiffs and the Fed. R. Civ. P. Rule 23 Subclasses ("Plaintiffs") in the above-referenced matter. We write to respectfully request permission to file a supplemental brief containing an additional legal argument in support of Plaintiffs' motion for an attachment (the "Motion") against the assets and property transferred from Judgment Debtor David Ghatanfard ("Ghatanfard") to non-party Rosey Kalayjian ("Kalayjian"). *See* Dkt. No. 420-33.  As set forth below, the basis for this new argument is newly discovered information that only came to light in Kalayjian's declaration in support of her opposition to the Motion, *i.e.*, after Plaintiffs made their initial argument. Dkt. No. 471. Plaintiffs did not raise these arguments in their original reply papers, so as not to raise a new argument on reply, and to avoid any prejudice to Ms. Kalayjian (/Mr. Ghatanfard).  Plaintiffs consent to Ms. Kalayjian being allowed an additional brief to oppose Plaintiffs' new argument and Plaintiffs suggest a briefing schedule that would not necessitate a further adjournment to the October 18, 2023 hearing on the Motion.

    By way of background, on June 30, 2023, Plaintiffs filed a motion for a temporary restraining order ("TRO") against Kalayjian seeking to restrain her from moving certain assets Plaintiffs allege were received by her based on voidable transactions from Ghatanfard.  The basis for Plaintiffs' application was the Motion in which Plaintiffs seek to attach certain of Kalayjian's assets and which Plaintiffs filed in support of the application for a TRO.  Plaintiffs' arguments in the motion are based on § 273 of New York's Debtor and Creditor law which provides that

> (a) A transfer made or obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was

made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

(1) with actual intent to hinder, delay or defraud any creditor of the debtor; or

(2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

(i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

(ii) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

Plaintiffs' memorandum of law in support of the Motion relied heavily on the first prong of § 273(A), namely, whether the transfers from Ghatanfard to Kalayjian were made "with actual intent to hinder, delay or defraud" the Plaintiff/Judgment-Creditors. NYDCL § 273(A)(1). Plaintiffs are confident that their arguments that all these transactions are voidable under § 273(A)(1) are meritorious. However, after reviewing Kalayjian's declaration in opposition to the Motion, it is clear that Plaintiffs would succeed on a motion for attachment against Kalayjian using the second prong of § 273(A). Specifically, in her declaration, Kalayjian admits (1) that Ghatanfard made transfers to her, and (2) that she did not receive "reasonably equivalent value in exchange for the transfer[s]" despite the fact that Ghatanfard reasonably "should have believed that [he] would incur[] debts beyond [his] ability to pay as they became due." NYDCL § 273(A)(2).

Given the foregoing, Plaintiffs request permission to file a short brief setting forth arguments for attachment under NYDCL § 273(A)(2). Plaintiffs are prepared to file the brief by this Friday, September 22, 2023. As Kalayjian's opposition would then be due fourteen days thereafter (by October 6, 2023) and Plaintiffs do not intend to file a reply brief, we do not believe there will be any need to adjourn the October 18, 2023 hearing on the Motion.

We thank the Court for its attention to this matter.

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

  /s/ *Josef Nussbaum*

Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640

cc: All Counsel of Record (via ECF)