# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

September 18, 2023

Michael S. Gordon
direct dial: 212.589.4265
mgordon@bakerlaw.com

**VIA ECF**

Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Zivkovic v. Laura Christy LLC et. al.*, Case No. 1:17-cv-00553

Dear Judge Woods:

      We are compelled to respond to Plaintiffs' letter application, Dkt. No. 494, in which they seek leave to file a sur-reply in further support of their motion for an attachment (the "Motion") on grounds that are baseless on their face. As set forth below, Plaintiffs' application is nothing more than a thinly-veiled *post hoc* attempt to obtain yet another page extension on their reply brief, which was filed this past Friday, Dkt. No. 492.

      As the Court will recall, Plaintiffs sought leave to exceed by 5 pages the Court's 10-page page limit for reply briefs, on the purported ground that they needed "additional space" to address "multiple contradictions of [Ms. Kalayjian's] deposition testimony." Dkt. No. 489. In fact, Plaintiffs addressed these alleged contradictions in 2 pages, *see* Dkt. No. 489 at 7 – 8, and used the rest of their extended reply brief to respond to Ms. Kalayjian's legal arguments. Now, Plaintiffs contend that they need yet more "additional space" based on "newly discovered information that only came to light in [Ms.] Kalayjian's declaration in support of her opposition to the Motion, *i.e.*, after Plaintiffs made their initial argument." Dkt. No. 494 at 1. Plaintiffs further contend that they "did not raise these arguments in their original reply papers, so as not to raise a new argument on reply." *Id.* Plaintiffs miss the point entirely. The scope of a reply brief is not limited to a moving party's "initial argument," but rather extends to responding to whatever argument(s) an opposing party like Ms. Kalayjian may advance in her opposition brief and accompanying declaration. As such, because Plaintiffs could have responded– yet chose not to respond – to information in Ms. Kalayjian's declaration, they should not be afforded yet another opportunity to extend their reply brief even further in the guise of a "short brief."

Hon Gregory H. Woods
September 18, 2023
Page 2

      Plaintiffs' request similarly fails on substantive grounds. Plaintiffs contend that they wish to address Section 273(A)(2) of New York's Debtor and Creditor Law, which provides in relevant part that "[a]transfer made or obligation incurred by a debtor is voidable as to a creditor, . . . , if *the debtor* made the transfer or incurred the obligation . . . without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor . . . reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due." (emphasis added.) Plaintiffs argue that in her declaration, Ms. Kalayjian "admits (1) that [Mr.] Ghatanfard made transfers to her, and (2) that *she* did not receive 'reasonably equivalent value in exchange for the transfer[s]' despite the fact that [Mr.] Ghatanfard reasonably 'should have believed that [he] would incur[] debts beyond [his] ability to pay as they became due.' NYDCL § 273(A)(2)." (emphasis added.)

      Section 273(A)(2) makes crystal clear that it must be the *debtor* and not the transferee who did not receive reasonably equivalent value in exchange for the transfer at issue. And even if Plaintiffs' intended to refer to the debtor, *i.e.*, Mr. Ghatanfard, as not having received reasonably equivalent value in exchange for the transfers at issue, that notion is belied by most of Ms. Kalayjian's declaration in which she describes in painstaking detail the considerable value that she provided to Mr. Ghatanfard, *e.g.*, by materially enhancing the restaurants and properties at issue, *see* Dkt. No. 471 at ¶¶ 5 – 31, in exchange for which she was entitled to recompense in the form of the transfers at issue.

      For all these reasons, Plaintiffs' application for yet another extension of the page limit for their reply brief should be denied.

      We thank the Court for its consideration of this letter.

                                 Respectfully submitted,

                                 */s/ Michael S. Gordon*

                                 Michael S. Gordon

cc:  All Counsel of Record

4882-8245-9258