UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAVLE ZIVKOVIC, on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>LAURA CHRISTY LLC d/b/a VALBELLA, LAURA CHRISTY MIDTOWN LLC, DAVID GHATANFARD, and GENCO LUCA,<br><br>    Defendants. | 17-CV-00553 (GHW) |

# PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR AN ORDER OF ATTACHMENT AGAINST THE ASSETS AND PROPERTY TRANSFERRED FROM JUDGMENT DEBTOR DAVID GHATANFARD TO NON-PARTY ROSEY KALAYJIAN

**JOSEPH & KIRSCHENBAUM LLP**

D. Maimon Kirschenbaum
Josef Nussbaum
Lucas C. Buzzard
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640

*Attorneys for Plaintiffs and the
Fed. R. Civ. P. 23 Subclasses*

## TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ................................................................................................ 1

II. LEGAL STANDARDS ........................................................................................................... 2

    A. DCL § 273(a)2 .................................................................................................................. 2

    B. DCL § 274 ........................................................................................................................ 3

    C. Burden of Proof ................................................................................................................ 3

III. ARGUMENT .......................................................................................................................... 5

    A. It is "Probable" Plaintiffs Will Succeed on the Merits of their Fraudulent Conveyance Turnover Proceeding Under DCL §274(a) ...................................................................... 5

        1. Plaintiffs' claims arose before all the transfers to Kalayjian ......................................... 5

        2. Ghatanfard did not receive "reasonably equivalent value" in exchange for the transfers to Kalayjian .................................................................................................................. 6

        3. Ghatanfard was rendered "insolvent" as a result of the transfers to Kalayjian ............ 10

    B. It is "Probable" Plaintiffs Will Succeed on the Merits of their Fraudulent Conveyance Turnover Proceeding Under DCL § 273(a)(2) .................................................................. 12

IV. CONCLUSION .................................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*Bank of New York v. Cherico*, 209 A.D.2d 914, 915, 619 N.Y.S.2d 366
  (3d Dept. 1994)……………………………………………………………………………...9

*Barnard v. Albert (In re Janitorial Close-Out City Corp.)*, Nos. 09-72982-AST, 11-8952-AST,
  2013 Bankr. LEXIS 523 (Bankr. E.D.N.Y. Feb. 8, 2013) .......................................................... 6

*Bd. of Managers of the 165 E. 62nd St. Condo. v. Churchill E 62nd LLC*, 2023 NY Slip Op
  31828(U) (Sup. Ct.) ................................................................................................................. 13

*Cadle Co. v. White*, No. 3:02-CV-00030 (TPS), 2006 U.S. Dist. LEXIS 11671 (D. Conn. Mar.
  21, 2006) .................................................................................................................................... 8

*Century 21 Construction Corp. v. Rabolt*, 143 A.D.2d 873, 874, 533 N.Y.S.2d 528 (2d Dept.
  1988)……………………………………………………………………………………………9

*Cheek v. Brooks*, 2020 NY Slip Op 06485, ¶ 1, 188 A.D.3d 785, 135 N.Y.S.3d 478 (App. Div.
  2nd Dept.) ................................................................................................................................ 11

*Deflora Lake Dev. Assocs., Inc. v. Hyde Park*, No. 13-CV-4811 (CS), 2016 U.S. Dist. LEXIS
  193862 (S.D.N.Y. June 9, 2016) .............................................................................................. 11

*Dong Hui Chen v. Thai Greenleaf Rest. Corp*, No. 21-CV-01382 (MKB)(JMW), 2022 U.S. Dist.
  LEXIS 224796 (E.D.N.Y. Dec. 13, 2022) ................................................................................. 4

*Empery Tax Efficient, LP v. MusclePharm Corp.*, 2023 U.S. Dist. LEXIS 47975 (S.D.N.Y. Mar.
  21, 2023) .................................................................................................................................... 6

*Fuczynski v. Morgan*, No. 153612/2020, 2021 N.Y. Misc. LEXIS 5664 (N.Y. Sup. Ct. May 28,
  2021) .......................................................................................................................................... 6

*Gelbard v. Esses*, 96 A.D.2d 573, 465 N.Y.S.2d 264, (2d Dep't 1983) ......................................... 4

*Graham v. Serafis*, Nos. 18-10960 (MEW), 20-01065 (MEW), 20-01066 (MEW), 2021 Bankr.
  LEXIS 2377 (Bankr. S.D.N.Y. Aug. 31, 2021) ....................................................................... 13

*Greystone Bank v. Neuberg*, No. 10-CV-5225 ETB, 2011 U.S. Dist. LEXIS 96669, 2011 WL
  3841542 (E.D.N.Y. Aug. 25, 2011) ........................................................................................... 4

*Hawkins v. Zoegall*, No. 23-CV-4040(KAM)(JWM), 2023 U.S. Dist. LEXIS 106583 (E.D.N.Y.
  June 20, 2023) ............................................................................................................................ 3

*Ilan Props. v. Benishai*, No. 653404/2022, 2023 NYLJ LEXIS 2142 (N.Y. Sup. Ct. Aug. 17,
  2023) .......................................................................................................................................... 5

*In re Agricultural Research & Tech. Group, Inc.*, 916 F.2d 528 (9th Cir. 1990) .......................... 8

*In re Amaranth Nat. Gas Commodities Litig.*, 711 F. Supp. 2d 301 (S.D.N.Y. 2010) ................... 5

*In re NextWave Pers. Commc'ns, Inc.*, 200 F.3d 43 (2d Cir. 1999) ............................................... 7

*Kim v. Ji Sung Yoo*, 311 F. Supp. 3d 598 (S.D.N.Y. 2018) ........................................................... 10

*Kirschner v. Large S'holders (In re Tribune Co. Fraudulent Conveyance Litig.),* 10 F.4th 147 (2d Cir. 2021) ................................................................................................................................ 7

*LaMonica v. NEDM Payables Corp. (In re Pretty Girl, Inc.)*, 644 B.R. 298 (Bankr. S.D.N.Y. 2022) ............................................................................................................................................. 3

*Maddox v. Robertson (In Re Prejean)*, 994 F.2d 706 (9th Cir. 1993) ............................................ 8

*Marcus v. Kane*, 18 F.2d 722 (2d Cir. 1927) .................................................................................. 6

*Mendelsohn v. Jacobowitz (In re Jacobs)*, 394 B.R. 646 (Bankr. E.D.N.Y. 2008) ....................... 11

*Mendelsohn v. Roslyn, LLC (In re Leff)*, 631 B.R. 106 (Bankr. E.D.N.Y. 2021) ................... 11, 12

*Petersen v. Vallenzano*, 849 F. Supp. 228, 231-32 (S.D.N.Y. 1994) ……………………………..8

*Scholes v. African Enter. Inc.*, 854 F. Supp. 1315 (N.D. Ill. 1994) ................................................ 8

*Silverman v. Paul's Landmark, Inc. (In re Nirvana Rest.)*, 337 B.R. 495 (Bankr. S.D.N.Y. 2006) ...................................................................................................................................................... 13

*Tae H. Kim v. Ji Sung Yoo*, 776 F. App'x 16 (2d Cir. 2019) ........................................................ 10

*Tube City IMS, LLC v. Anza Capital Partners, LLC*, 2016 U.S. Dist. LEXIS 139279 (S.D.N.Y. Oct. 6, 2016) ................................................................................................................................... 4

*United States v. Loftis*, 607 F.3d 173 (5th Cir. 2010) ..................................................................... 7

*United States v. McCombs*, 30 F.3d 310 (2d Cir. 1994) ................................................................. 4

*United States v. Strevell*, No. 1:16-cv-0669 (MAD/DJS), 2018 U.S. Dist. LEXIS 112225 (N.D.N.Y. July 6, 2018) .................................................................................................................. 7

*Weisfelner v. Blavatnik (In re Lyondell Chem. Co.)*, 567 B.R. 55 (Bankr. S.D.N.Y. 2017) ........ 13

*White Oak Commercial Fin., LLC v. EIA Inc.*, No. 650346/23, 2023 NY Slip Op 32088(U) (N.Y. Sup. Ct. June 23, 2023) ........................................................................................................ 4

*Yong Xiong He v. China New Star Rest., Inc.*, No. 19-CV-5907 (PKC) (CLP), 2020 U.S. Dist. LEXIS 196481 (E.D.N.Y. Oct. 22, 2020) .................................................................................. 9

**Statutes**

NYDCL § 270 ........................................................................................................................ 5, 11

NYDCL § 271 ...................................................................................................................... 10, 11

NYDCL § 272 ........................................................................................................................ 7, 8

NYDCL § 273 ....................................................................................................................... passim

NYDCL § 274 ....................................................................................................................... passim

11 U.S.C. § 548 ..................................................................................................................... 6, 13

C.P.L.R. § 6212 ........................................................................................................................... 1

Plaintiffs respectfully submit this supplemental memorandum of law in further support of their motion for attachment. (ECF No. 420). For the reasons stated herein, as well as in Plaintiffs' opening brief ("Ps.' Mem.") (ECF No. 420-34) and reply ("Reply") (ECF No. 492), the Court should grant Plaintiffs' attachment motion in its entirety.[1]

## I. PRELIMINARY STATEMENT[2]

As outlined in Plaintiffs' opening brief, to obtain an order of attachment under New York law, Plaintiffs must demonstrate that it is "probable" they will succeed on the merits. C.P.L.R. § 6212(a). Thus, in order to secure an attachment here, Plaintiffs must establish the probability that certain transactions will be voided under the New York UVTA.

New York's Debtor and Creditor Law ("DCL"), as amended by the UVTA in 2020, provides for two types of fraudulent transfer claims: (1) actual fraudulent transfers (*see* DCL § 273(a)(1)), and (2) constructive fraudulent transfers (*see* DCL §§ 273(a)(2); 274(a)). *Neuman v. Garcia*, No. 20-CV-10723 (PKC), 2022 U.S. Dist. LEXIS 172851, *27 (S.D.N.Y. Sept. 23, 2022) ("New York's uniform fraudulent conveyance statute, N.Y. Debtor and Creditor Law §§ 270 to 281, describes a variety of conveyances that may be actually or constructively fraudulent to a creditor").

In Plaintiffs' opening brief, they provided overwhelming evidence of the probability that certain transactions will be voided because they were intentional fraudulent transfers under New York's UVTA. *See* Ps.' Mem. at 14-24. Specifically, Plaintiffs established that, in an effort to evade judgment collections after a trial date had been set, debtor Ghatanfard transferred Kalayjian nearly $4 million in cash, assigned to her 90% of his stake in Oak Grove Road, LLC, and added

---

[1] In support of this brief, Plaintiffs submit the declaration of Josef Nussbaum dated September 22, 2023 with exhibits annexed thereto cited as "Ex __."
[2] Capitalized and abbreviated terms in this memorandum follow the same meaning as those used in Plaintiffs' moving brief and reply.

her to the deed of his $3.4 Hamptons home. Plaintiffs argued that these transfers were actual, sometimes called intentional, fraudulent transactions that they will be successful in voiding under DCL § 273(a)(1).

In opposing Plaintiffs' motion for attachment, Kalayjian submitted a declaration. In addition to her claims in the declaration being vague and contradicting both her own and Ghatanfard's prior deposition testimony in this case, the statements in the declaration clearly establish that Kalayjian provide virtually *nothing* of "value" as defined by the DCL, (let alone "reasonably equivalent value") to Ghatanfard in exchange for these transfers. In addition, the transfers in question both (a) rendered Ghatanfard "insolvent" under DCL § 274, and (b) were made a time that Ghatanfard "intended" "or reasonably should have believed" he was about to incur" debt, as set forth in DCL § 273(a)(2). Thus, the transfers fall squarely into the categories of constructively fraudulent transfers that are voidable under the statutes. For the reasons outlined here, given Kalayjian's admissions that she did not provide consideration as required by the UVTA, Plaintiffs will (more than) probably succeed in establishing additional causes of action for constructive, not only actual, fraudulent transactions under the UVTA.

## II. LEGAL STANDARDS

### A. DCL § 273(a)(2)

As relevant here, DCL § 273(a)(2) provides that:

(a) A transfer made or obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation: […]

    (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor: […]

        (ii) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

NYDCL § 273(a)(2). To have standing to allege a fraudulent conveyance claim under DCL § 273(a)(2), "a plaintiff must demonstrate that it was a 'creditor' whose claim arose *before* or *after* the transfer was made." *BSP Agency LLC v. Katzoff (In re KG Winddown, LLC)*, 632 B.R. 448, 487 (Bankr. S.D.N.Y. 2021) (citing DCL § 273).

### B. DCL § 274

Under DCL § 274, transfers made without consideration are considered voidable as to creditors "whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation." NYDCL § 274(a); *see Hawkins v. Zoegall*, No. 23-CV-4040(KAM)(JWM), 2023 U.S. Dist. LEXIS 106583, at *20-21 (E.D.N.Y. June 20, 2023).

To have standing to allege a fraudulent conveyance claim under DCL § 274, "a plaintiff must demonstrate that it was a 'creditor' whose claim arose *before* the transfer was made. *In re KG Winddown, LLC*, 632 B.R. at 487 (citing DCL § 274).

### C. Burden of Proof

Significantly, the burden of proof for constructive fraud claims under both § 273(a)(2) and § 274 is preponderance of the evidence. *See* DCL §§ 273(c), 274(c); *see also LaMonica v. NEDM Payables Corp. (In re Pretty Girl, Inc.)*, 644 B.R. 298, 306 (Bankr. S.D.N.Y. 2022). However, unlike with actual fraudulent transfers covered by DCL § 273(a)(1), "the voidability of constructively fraudulent transactions is unrelated to proof of the debtor's intent, but turns on objective facts concerning the debtor's distressed financial condition and the inadequate consideration it received." *Dong Hui Chen v. Thai Greenleaf Rest. Corp*, No. 21-CV-01382

(MKB)(JMW), 2022 U.S. Dist. LEXIS 224796, at *14-15 (E.D.N.Y. Dec. 13, 2022) (quoting James Gadsden and Alan Kolod, Supplementary Practice Commentaries, DCL § 273); *see also White Oak Commercial Fin., LLC v. EIA Inc.*, No. 650346/23, 2023 NY Slip Op 32088(U), *18 (N.Y. Sup. Ct. June 23, 2023) ("claims brought under Section 273(a)(2) do not require any proof of fraudulent intent because they are based on constructive fraud") (citations omitted).

> "While the burden of establishing a fraudulent conveyance initially lies with the creditor, […] the burden shifts where the challenged transfers are shown to have been made between parties such that 'information about the consideration paid is exclusively within the knowledge of the parties to the transfer'; in these circumstances, 'the parties to the transfer have the burden of establishing that the consideration was fair.'"

*Tube City IMS, LLC v. Anza Capital Partners, LLC*, 2016 U.S. Dist. LEXIS 139279, at *11-12 (S.D.N.Y. Oct. 6, 2016) (quoting *Greystone Bank v. Neuberg*, No. 10-CV-5225 ETB, 2011 U.S. Dist. LEXIS 96669, 2011 WL 3841542, at *3 (E.D.N.Y. Aug. 25, 2011)); *see also United States v. McCombs*, 30 F.3d 310, 324 (2d Cir. 1994) (collecting cases); *Gelbard v. Esses*, 96 A.D.2d 573, 465 N.Y.S.2d 264, 268 (2d Dep't 1983) ("[W]here the creditor asserts that the transferees paid insufficient consideration and the evidentiary facts as to the nature and value of the consideration are within the transferees' control, the burden of coming forward with evidence disclosing. . . the fairness of the consideration. . . , should be cast upon the transferees."). As the Second Circuit has explained, "New York Law creates a presumption of fraud in fraudulent conveyance cases . . . where the conveyance was made without evidence of any tangible consideration." *McCombs*, 30 F.3d at 325. Additionally, where "the allegedly fraudulent conveyance took the form of an intra-family transfer, courts have been particularly apt to shift the burden to prove fair consideration to the parties to the transfer." *Tube City IMS, LLC*, 2016 U.S. Dist. LEXIS 139279, at *12.

Finally, to succeed on a motion for attachment, the plaintiffs need to only "demonstrate that [they are] more likely than not that [to] succeed on [their] claims […]." *In re Amaranth Nat. Gas Commodities Litig.*, 711 F. Supp. 2d 301, 306 (S.D.N.Y. 2010) (clarifying that "all legitimate inferences should be drawn in favor of the party seeking attachment").

## III. ARGUMENT

### A. It is "Probable" Plaintiffs Will Succeed on the Merits of their Fraudulent Conveyance Turnover Proceeding Under DCL § 274(a)

"Pursuant to DCL § 274(a), a transfer made by a debtor is voidable as to a creditor whose claim arose before the transfer was made if the debtor did not receive 'a reasonably equivalent value in exchange' and the debtor was insolvent as a result of the transfer." *Ilan Props. v. Benishai*, No. 653404/2022, 2023 NYLJ LEXIS 2142, at *5 (N.Y. Sup. Ct. Aug. 17, 2023) (quoting NYDCL § 274(a)). Accordingly, to succeed on this claim, three elements must be established, namely: (1) that Plaintiffs had a "claim" before the transfer was made, (2) that Ghatanfard did not receive "reasonably equivalent value" in exchange for the transfers to Kalayjian, and (3) Ghatanfard was "insolvent" at that time of the transfer or became insolvent as a result of the transfer.[3]

#### 1. Plaintiffs' claims arose before all the transfers to Kalayjian

There is no dispute that Plaintiffs' claims against Ghatanfard arose before all the transfers to Kalayjian at issue here were made, the earliest of which was in September 2020. *See* Pls. Mem. at 3-8 (detailing the transfers at issue). DCL § 270(d) defines a "creditor" as "a person that has a claim" and DCL § 270 (c) defines a "claim" as a "right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." NYDCL §§ 270(c), 270(d).

---

[3] Of course, a party seeking to void a transaction under this provision would also have to prove that there was a "transfer." In their moving brief and reply, Plaintiffs have already established that all the transactions they seek to attach were "transfers" under the UVTA, and thus they do not rehash those points here again.

The Second Circuit has clarified that

> Creditor, as used in the statutes against fraudulent conveyances […] means one having a contingent liability as well as one whose claim is certain and absolute. When colloquially expressed, a creditor may be considered one to whom money is due, but, in the more extensive sense of the term, a creditor is one who has a right to recover money of another on any account whatever.

*Marcus v. Kane*, 18 F.2d 722, 723 (2d Cir. 1927) (citation omitted). Here, where plaintiffs filed a lawsuit against Ghatanfard in 2017 for wage theft claims going back as far as 2011, their claims arose long before the transfers in question, all of which took place in September 2020 and thereafter. Accordingly, Plaintiffs were Ghatanfard's creditors at the time of the transfers in question here. *See* Ps.' Mem. at 2-9 (outlining transfers); *see also, e.g., Fuczynski v. Morgan*, No. 153612/2020, 2021 N.Y. Misc. LEXIS 5664, at *18 (N.Y. Sup. Ct. May 28, 2021) (relying on the definition of "creditor" and "claim" in DCL § 270(c) and (d) to hold that "defendants' contention that plaintiff cannot be a creditor until he obtains a judgment is without merit").

### 2. Ghatanfard did not receive "reasonably equivalent value" in exchange for the transfers to Kalayjian

The term "reasonably equivalent value" was introduced by the New York legislature in enacting the UVTA in 2020 and mirrors the same term used in the U.S. Bankruptcy Code. *See, e.g.,* 11 U.S.C. § 548(d)(2)(A); *see also Empery Tax Efficient, LP v. MusclePharm Corp.*, 2023 U.S. Dist. LEXIS 47975, at *17 (S.D.N.Y. Mar. 21, 2023) ("The New York UVTA, which replaced the Uniform Fraudulent Conveyance Act, became effective on April 4, 2020 and more closely reflects the federal Bankruptcy Code."); *Barnard v. Albert (In re Janitorial Close-Out City Corp.)*, Nos. 09-72982-AST, 11-8952-AST, 2013 Bankr. LEXIS 523, at *18-19 (Bankr. E.D.N.Y. Feb. 8, 2013) ("In constructive fraud actions, courts have generally applied [the Bankruptcy Code's] standard of 'reasonably equivalent value' interchangeably with DCL § 273's standard […].").

The term "reasonably equivalent value" is not defined in the DCL. However, the statute defines the term "value" as being "given for a transfer or an obligation if, in exchange for the transfer or obligation, property is transferred or an antecedent debt is secured or satisfied […]." DCL § 272(a). Thus, it is axiomatic that in order for an exchange to be for "reasonably equivalent value," it must at the very least satisfy the definition of "value" under the statute by either being a transfer of property or the satisfaction of a debt or obligation.

The Bankruptcy Code also does not define "reasonably equivalent value." The Second Circuit, however, has stated that "reasonably equivalent value is determined by the value of the consideration exchanged between the parties at the time of the conveyance or incurrence of debt which is challenged." *In re NextWave Pers. Commc'ns, Inc.*, 200 F.3d 43, 56 (2d Cir. 1999) (internal quotation marks omitted). Receipt of "reasonably equivalent value means that 'the debtor has received value that is substantially comparable to the worth of the transferred property.'" *United States v. Strevell*, No. 1:16-cv-0669 (MAD/DJS), 2018 U.S. Dist. LEXIS 112225, at *11 (N.D.N.Y. July 6, 2018) (quoting *United States v. Loftis*, 607 F.3d 173, 177 (5th Cir. 2010)). Hence, "in determining whether the debtor received 'reasonably equivalent value,'" the court "must keep the equitable purposes of the statute firmly in mind, recognizing that any significant disparity between the value received and the obligation assumed . . . will have significantly harmed the innocent creditors." *Kirschner v. Large S'holders (In re Tribune Co. Fraudulent Conveyance Litig.),* 10 F.4th 147, 172 (2d Cir. 2021) (citations and internal quotation marks omitted).

While Plaintiffs have not uncovered any New York cases analyzing the meaning of "reasonably equivalent value" under the relatively recent UVTA, Courts in other jurisdictions with voidable transfer laws with the same definition of "value" as that of UVTA "have held value to

mean the type of consideration capable of satisfying or partially satisfying a creditor's claims." *Cadle Co. v. White*, No. 3:02-CV-00030 (TPS), 2006 U.S. Dist. LEXIS 11671, at *30 (D. Conn. Mar. 21, 2006); *see also, e.g., Maddox v. Robertson (In Re Prejean)*, 994 F.2d 706, 709 n.6 (9th Cir. 1993) ("fairness of consideration is to be judged from the standpoint of creditors of the debtor" in analyzing "value" under the California law); *In re Agricultural Research & Tech. Group, Inc.*, 916 F.2d 528, 540 (9th Cir. 1990) (under Hawaii law, "value is to be determined in light of the act's purpose, in order to protect the creditors" and "[a]ny consideration not involving utility for the creditors does not comport with the statutory definition"); *Scholes v. African Enter. Inc.*, 854 F. Supp. 1315, 1328 (N.D. Ill. 1994) ("Only consideration of substantially equivalent value leaves the debtor in a financially similar position after the conveyance. A conveyance made for consideration of nominal or no monetary value leaves the debtor in a much weakened financial position which hinders his creditors").

As relevant here, in her declaration, Kalayjian does not claim that she provided Ghatanfard any "value," *i.e.*, a transfer of property or the satisfaction of an antecedent debt (*see* NYDCL § 272(a)) in exchange for his transfers. Accordingly, it is self-evident that Kalayjian cannot claim to have provided reasonably equivalent value if she did not provide any value at all. The analysis really ends here: Ghatanfard simply did not receive value, as defined by the statute, in exchange for the massive amount of property he transferred to Kalayjian and has thus been unable to satisfy the creditors/Plaintiffs' claims.

Even if Kalayjian had claimed that the transfers for payment of the alleged services she provided to Ghatanfard were to satisfy an antecedent debt (she does not), "no evidence has been presented here to indicate the amount of the debt, the amount by which the alleged debt was reduced, or even how such debt may have been incurred in the first place." *Petersen v. Vallenzano*,

849 F. Supp. 228, 231-32 (S.D.N.Y. 1994) (finding respondent had failed to meet their evidentiary burden as "[i]n the absence of sufficient evidence of the existence of the alleged antecedent debt and fair consideration a conveyance will be found void."); *see also Century 21 Construction Corp. v. Rabolt*, 143 A.D.2d 873, 874, 533 N.Y.S.2d 528 (2d Dept. 1988) (to successfully claim payments were made in satisfaction of an antecedent debt, respondent "obligated to lay bare their proof and disclose evidentiary facts sufficient to raise triable issues of fact."); *Bank of New York v. Cherico*, 209 A.D.2d 914, 915, 619 N.Y.S.2d 366 (3d Dept. 1994) (finding affidavits alone without other proof not sufficient to prove existence of antecedent debt).

That said, even if there is an analysis of the "consideration" Ghatanfard claims to have received (there should not be), Plaintiffs have adduced significant evidence that all the transfers at issue here were made without meaningful, let alone equivalent, consideration. *See* Ps.' Mem. at 2-10, 20; Reply at 5-11. As an initial matter, as set forth in Plaintiffs' Reply, the transferor – Ghatanfard – has never even *acknowledged* (much less provided evidence he received reasonably equivalent value for) the transfers to Kalayjian of (a) the Canterbury House proceeds, (b) any of the funds he received from Valbella Midtown or the sale of One if By Land restaurant, or (c) the Southampton House refinance proceeds. *See* Reply at 8-9. For this reason alone, there was no reasonably equivalent value for those transfers.

Significantly, in arguing that half the monetary transfers to Kalayjian through the Joint Account were irrevocable gifts (Kalayjian Opp'n at 16-19), even Kalayjian admits that there was no consideration, let alone reasonably equivalent value, for at least half the liquid funds (approximately $1.9 million) that Plaintiffs seek to attach. *See* Reply at 4, fn. 4. It is also worth highlighting that, irrespective of Kalayjian's self-serving and vague claims about value provided for being added to the deed of the Southampton House and the assignment of OGR shares, the

documentary evidence of both those transfers respectively state that each transfer was made for $10. With respect to the Southampton house, the Bargain and Sale Deed registered with the Suffolk County Clerk's Office states that Ghatanfard added Kalayjian to the deed that house "in consideration of 10.00 dollars." Buzzard Decl., Ex. 19 (ECF No. 420-20) at pg. 6.

Similarly, despite Kalayjian's feigned indignation that it is a "false and ridiculous" contention (Kalayjian Decl. (ECF No. 471) at ¶ 37), the OGR assignment agreement that Kalayjian signed plainly states that Ghatanfard was transferring 90% of that company to Kalayjian "in consideration of ten ($10) dollars." Buzzard Decl., Ex. 23 (ECF No. 420-24) at pg. 1. Not surprisingly, courts have found identical $10 transfers as those at issue here to represent "virtually no consideration." *Yong Xiong He v. China New Star Rest., Inc.*, No. 19-CV-5907 (PKC) (CLP), 2020 U.S. Dist. LEXIS 196481, at *15 (E.D.N.Y. Oct. 22, 2020); *Kim v. Ji Sung Yoo*, 311 F. Supp. 3d 598, 613 (S.D.N.Y. 2018) ("[I]t is of no moment whether the amount listed as consideration is zero dollars or ten dollars, as both are 'disproportionately small' when compared to" the property interest transferred.") (citation and quotation omitted), *aff'd sub nom. Tae H. Kim v. Ji Sung Yoo*, 776 F. App'x 16 (2d Cir. 2019) (where "there was no tangible consideration for an intrafamily transfer, the burden of proving that they paid fair consideration falls on the grantees. […] The defendants have not sustained that burden")(citation omitted); *Deflora Lake Dev. Assocs., Inc. v. Hyde Park*, No. 13-CV-4811 (CS), 2016 U.S. Dist. LEXIS 193862, at *9-12 (S.D.N.Y. June 9, 2016) (finding ten dollars to be inadequate consideration for a conveyance of property). In short, and for the reasons set forth in Plaintiffs' moving brief and reply, the record is clear that Kalayjian did not provide reasonably equivalent value for any of the transfers in question.

### 3. Ghatanfard was rendered "insolvent" as a result of the transfers to Kalayjian

Under the UVTA, insolvency is defined as follows:

> (a) A debtor is insolvent if, at a fair valuation, the sum of the debtor's debts is greater than the sum of the debtor's assets.
>
> (b) A debtor that is generally not paying the debtor's debts as they become due other than as a result of a bona fide dispute is presumed to be insolvent. The presumption imposes on the party against which the presumption is directed the burden of proving that the nonexistence of insolvency is more probable than its existence.

NYDCL § 271.

"In general, the burden of proving insolvency is on the party challenging the conveyance. However, when a transfer is made without fair consideration, a presumption of insolvency and fraudulent transfer arises, and the burden shifts to the transferee to rebut that presumption." *Cheek v. Brooks*, 2020 NY Slip Op 06485, ¶ 1, 188 A.D.3d 785, 787, 135 N.Y.S.3d 478, 480 (App. Div. 2nd Dept.) (citations omitted); *Mendelsohn v. Jacobowitz (In re Jacobs)*, 394 B.R. 646, 672 (Bankr. E.D.N.Y. 2008) ("[T]here is a rule of long standing in the New York court that a voluntary conveyance made when the grantor is indebted is presumptively fraudulent. We think this means that, if one indebted makes such a transfer, it is presumed, in the absence of some proof to the contrary, that he was then insolvent."); *Mendelsohn v. Roslyn, LLC (In re Leff)*, 631 B.R. 106, 131 (Bankr. E.D.N.Y. 2021).

In this case, as outlined above, Ghatanfard was indebted to Plaintiffs at the time all these transfers were made. *See* supra § III.A.1; NYDCL § 270(e) ("Debt" means liability on a claim."); *id.* § 270(c) ("Claim" […] means a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured.")). As all the transfers in question here were made without consideration, there is a presumption that Ghatanfard was rendered insolvent and thus they will be found to be constructive fraudulent transfers under DCL § 274(a). *E.g., In re Leff*, 631 B.R. 106, 131 ("Because the Trustee established the Transfers were made without fair consideration, there

is a presumption that the Debtor was insolvent at the time of the Transfers. The Defendants, who bear the burden of overcoming this presumption, failed to introduce such supporting evidence. Therefore, the presumption of the Debtor's insolvency stands […]").

Even without the presumption, the record is clear that Ghatanfard is insolvent under both DCL § 271(a) and (b). Under DCL § 271(a), Ghatanfard testified that the sum of his debts is greater than the sum of his assets. For example, Ghatanfard testified as follows:

> "Q. Mr. Ghatanfard, do you intend to pay the plaintiffs the amount that you owe them? A. I didn't agree on that. Q. I understand that you didn't agree, sir. Q. Is it your answer that you do not plan to pay them? A. No, I don't have the money to pay. Q. You don't have the money? A. Nope. Q. But you don't know how much you owe them, so how do you know that you don't have the money? A. It doesn't matter. I have some clothes, and an old car. You want it, you can have it. Q. Other than your clothes and your old car, do you own any other assets? A. Not really, no. Q. Do you have access to any other assets? A. No."

*See* Nussbaum Decl. Ex. 1; *see also* Buzzard Decl., Ex. 27 (ECF No. 420-28) (Ghatanfard responses to information subpoena). Finally, it is self-evident that Ghatanfard is insolvent under DCL § 271(b) as he is not paying the judgment in this litigation.

As Plaintiffs were present creditors at the time Ghatanfard made the transfers to Kalayjian, Kalayjian cannot establish that the transfers were for reasonably equivalent value, and the transfers rendered Ghatanfard insolvent, Plaintiffs will succeed on their claim under DCL § 274(a).

**B. It is "Probable" Plaintiffs Will Succeed on the Merits of their Fraudulent Conveyance Turnover Proceeding Under DCL § 273(a)(2)**

As outlined above, to succeed on a claim under DCL § 273(a)(2), Plaintiffs will have to prove that a debtor made a transfer for which (a) they did not receive reasonable equivalent value, and (b) they believed or reasonably should have believed that they would incur, debts beyond their

ability to pay as they became due. *See* DCL § 273(a)(2).[4] Having already established that Ghatanfard did not receive reasonable equivalent value for the transfers he made to Kalayjian, to prevail under this provision, Plaintiffs will have to establish that Ghatanfard should have reasonably believed he was going to incur debts beyond his ability to pay when he made the transfers.

Plaintiffs have not uncovered any cases under the UVTA that analyze § 273(a)(2)(ii). However, § 548(a)(1)(B)(i)(III) of the Bankruptcy Code has the exact same language as DCL § 273(a)(2)(ii), and courts interpreting the Bankruptcy Code provision "have held that the intent requirement can be inferred where the facts and circumstances surrounding the transaction show that the debtor could not have reasonably believed that it would be able to pay its debts as they matured." *Weisfelner v. Blavatnik (In re Lyondell Chem. Co.)*, 567 B.R. 55, 111 (Bankr. S.D.N.Y. 2017) (citing 5 COLLIER ON BANKRUPTCY ¶ 548.05[3][c] (16th ed. 2010) (citing cases)); *see also Graham v. Serafis*, Nos. 18-10960 (MEW), 20-01065 (MEW), 20-01066 (MEW), 2021 Bankr. LEXIS 2377, at *40-42 (Bankr. S.D.N.Y. Aug. 31, 2021) ("Intent or belief must be proved, though they may be inferred from other circumstances."). In fact, unlike under the former NYDCL which "require[d] proof of the debtor's subjective intent or belief that it will incur debts beyond its ability to pay as they mature[,]" the parallel version under the UVTA "imposes an objective standard" whereby courts look to whether the debtor "believed or *reasonably* should have believed that he [or she] would incur, debts beyond his [or her] ability to pay as they became due[]." *Silverman v. Paul's Landmark, Inc. (In re Nirvana Rest.)*, 337 B.R. 495, 509 (Bankr. S.D.N.Y. 2006) (quoting DCL § 273(a)(2)(ii))(emphasis in original).

---

[4] "The categories set forth above in section 273 (a)(2) are analogous to causes of action for constructive fraudulent conveyances under former Debtor and Creditor Law §§ 273 and 274." *Bd. of Managers of the 165 E. 62nd St. Condo. v. Churchill E 62nd LLC*, 2023 NY Slip Op 31828(U), ¶ 12 (Sup. Ct.)

In this case, given the evidence presented at trial, Ghatanfard should have reasonably believed he was going to incur a debt. At trial, Plaintiffs introduced extensive testimony and numerous examples of the defendants' failure to pay spread of hours pay and overtime. *See* Nussbaum Decl. Exs. 2-4 (testimony of *Defendants'* and their employees). Defendants, including Ghatanfard, did not introduce any evidence to refute these claims. Similarly, despite the largest claim in the case being the defendants' failure to provide written notice of the tip credit, Defendants did not introduce *even one* written notice that complied with the New York Labor Law ("NYLL"). *Id*. Accordingly, at least since the close of discovery on the case in June 2018 (ECF No. 79), Defendants could not have reasonably believed that they would be fully absolved of liability in the underlying case. And Ghatanfard could also not have reasonably believed that he would avoid liability on the basis of his claim that he was not an employer under the NYLL. The evidentiary record in the case was clear that (at the very least) Ghatanfard exercised operational control over the restaurants and should reasonably have believed that he would incur a debt in this case. Specifically, Ghatanfard admitted that he owned the restaurant, controlled significant functions of the business, and hired managerial level employees. *See generally* Nussbaum Decl., Exs. 2-4 (trial testimony of Ghatanfard and his employees); Ex. 5 at pgs. 35-36 (final jury charge ("In determining whether an individual has operational control, you may also consider whether the individual possesses an ownership interest in the corporation, controls significant functions of the business, or determines the employees salaries and makes hiring decisions.").

Under these circumstances, it is (more than) probable that Plaintiffs will be able to establish that Ghatanfard—who transferred to Kalayjian almost $4 million, added her to the deed of his $3.4 million property, and assigned 90% of his stake in a new Valbella restaurant only to be left with "some clothes, and an old car"—should have reasonably believed he was going to incur debts, *i.e.*,

the judgment in this case, and given his insolvency the judgment would be beyond his ability to pay. *See, e.g.,* United States v. 58th St. Plaza Theatre, Inc., 287 F. Supp. 475, 498 (S.D.N.Y. 1968)(finding that corporate taxpayer committed constructive fraudulent transfer when insider knew that the corporation would be unable to pay the federal tax claims if they were upheld).

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court issue the proposed order submitted with this motion as Exhibit 30 to the Declaration of Lucas C. Buzzard (ECF No. 420-31).

Dated: New York, NY
      September 22, 2023

By:    _/s/Josef Nussbaum____
       D. Maimon Kirschenbaum
       Josef Nussbaum
       Lucas C. Buzzard
       JOSEPH & KIRSCHENBAUM LLP
       32 Broadway, Suite 601
       New York, NY 10004
       Tel: (212) 688-5640
       Fax: (212) 688-2548
       Email: lucas@jk-llp.com

       *Attorneys for Plaintiffs and the*
       *Fed. R. Civ. P. Rule 23 Subclasses*