# NEAL S. COMER

ATTORNEY AT LAW
81 MAIN STREET
WHITE PLAINS · NEW YORK 10601

TEL: 914 683-5400 · FAX: 914 683-1279
comeresq@aol.com

April 5, 2024

**By ECF**
Hon. Gregory H. Woods
United States District Judge
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *Zivkovic v. Laura Christy LLC*, 17 Civ. 00553 (GHW)

Dear Judge Woods:

I am the attorney of record for defendant David Ghatanfard and write to Your Honor on behalf of all defendants.

On March 5, 2024, the United States Court of Appeals for the Second Circuit remanded the above-referenced matter to this Court to clarify the status of plaintiffs' claims under the Federal Fair Labor Standards Act ("FSLA"). *See Zivkovic v. Laura Christy LLC*, 94 F.4th 269 (2d Cir. 2024), <u>Pursuant to this Court's orders of March 5, 2024, and March 13, 2024, defendants respectively propose that Your Honor enter an order dismissing plaintiffs' FSLA claims as *moot*</u>. The law requires that disposition, and the historical facts fully support it. By entering that proposed order, it will become perfectly clear to the Second Circuit that Your Honor properly granted plaintiffs' Rule 54 motion for partial final judgment and that the Court of Appeals has jurisdiction to consider defendants' appeal.

### 1. *Plaintiffs' favorable NYLL judgment moots their FLSA claims.*

It is a fundamental tenet of Article III jurisdiction that, "when the issues in dispute between the parties are no longer live, a case becomes moot." *Tansai v. New Alliance Bank*, 786 F.3d 195, 198 (2d Cir. 2015) (cleaned up), *cert. denied* 577 U.S. 1118 (2016). Stated otherwise, "[a]n issue will be deemed moot if the court is unable to fashion any effective relief under the circumstances." *Knight v. Kenal Peninsula Sch. Dist.*, 131 F.3d 807, 811 (9th Cir. 1997), *cert. denied* 524 U.S. 904 (1998); *see also Davis v.*

Hon. Gregory H. Woods
April 5, 2024

*U.S. Dep't of Justice*, 204 F.3d 723, 727 (7th Cir. 2000) ("a case becomes moot if the court is unable to grant relief affecting the legal rights of the parties"). As the Second Circuit has concisely stated, the "hallmark" of mootness "is that the relief sought can no longer be given or is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983).

Plaintiffs' FSLA claims exhibit that "hallmark." *Martin-Trigona*, 702 F.2d at 386. A jury has already compensated plaintiffs for all of defendants' alleged wage and notice violations under the New York Labor Law ("NYLL") and therefore relief under the FSLA for the same alleged injuries "can no longer be given" and is "no longer needed." *Id.* A contrary conclusion would result in an impermissible double recovery for plaintiffs,[1] and courts regularly apply the mootness doctrine to foreclose that risk. *See, e.g., Ridgell-Boltz v. Colvin*, 565 Fed. App'x 680, 684 (10th Cir. 2014) (claims for gender and age-based discrimination held moot where plaintiff fully compensated for retaliatory discharge); *Black v. Pan American Labs., LLC*, 646 F.3d 254, 261 (5th Cir. 2011) (bar against double recovery held to moot wrongful termination claim where plaintiff was compensated for retaliation claim); *Waterman v. Alta Verde Indus., Inc.*, 1987 WL 39014, at *2 (4th Cir. Nov. 17, 1987) (because party "is not entitled to double recovery," federal securities claim held moot where party succeeded on similar state-law securities claim).

Here, there is no question that plaintiffs' FLSA claims are now barred by the rule against double recovery. The Second Circuit has repeatedly held that a prevailing plaintiff may not recover statutory liquidated damages under both the FSLA and the NYLL. *See Tapia v. BLCH 3rd Ave LLC*, 906 F.3d 58, 60-61 (2d Cir, 2018); *Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018); *Chowdhury v. Hamza Express Food Corp.*, 666 Fed. App'x 59, 60 (2d Cir. 2016). And courts in this district – including *this* Court, in *this* case – have steadfastly maintained that liability for wage and notice claims under the NYLL "would establish liability under the FSLA and there can be no double recovery." *Zivkovic v. Laura Christy LLC*, 2023 WL 4305101, at *1 n.1 (S.D.N.Y. June 30, 2023); *see also Rodriguez v. New Generation Hardware Store Corp.*, 2023 WL 1516908, at 2 (S.D.N.Y. Feb. 3, 2023) ("where a plaintiff brings claims under both the FLSA and the NYLL, he may not

---

[1] *See, e.g., EEOC v. Waffle House, Inc.*, 534 U.S.279, 297 (2002) ("it goes without saying that courts can and should preclude double recovery by an individual") (internal quotation marks omitted); *Gentile v. County of Suffolk*, 926 F.2d 142, 153 (2d Cir. 1990) ("when a plaintiff seeks compensation for the same damages under different legal theories of wrongdoing, the plaintiff should receive compensation for an item of damages only once").

Hon. Gregory H. Woods
April 5, 2024

receive a double recovery of back wages or liquidated damages under both statutes." (internal quotation marks omitted)); *Nuno Carrera v. DT Hospitality Grp.*, 2021 WL 1164181, at *4 (S.D.N.Y. March 26, 2021) ("Plaintiffs are only entitled to damages under one statute."); *Gamero v. Koodo Sushi Corp.*, 272 F. Supp.3d 481, 498 (S.D.N.Y. 2017) ("an employee may not receive a double recovery of back wages under both the FLSA and the NYLL "(cleaned up)), *aff'd* 752 Fed. App'x 33 (2d Cir. 2018).[2]

More specifically, at least one court in this district has concluded that disputes involving FSLA claims are *moot* where plaintiffs have prevailed on their analogue NYLL claims. *See de Olivieira v. Scores Holding Co., Inc.*, 2022 WL 16926260, at *2 (S.D.N.Y. Nov. 14, 2022) (dispute involving plaintiff's FLSA tip-notice claim held moot because plaintiff prevailed on NYLL tip-notice claim). Another court in this district similarly determined that a disputed NYLL claim for liquidated damages was moot when the plaintiff prevailed on the same claim under the FSLA. *See Zhu v. Salaam Bombay, Inc.*, 2017 WL 11615748, at *6 (S.D.N.Y. Dec. 21, 2017). In both instances, the courts expressly relied on the rule against double recovery. *See de Oliveira*, 2022 WL 16926260, at *2; *Zhu*, 2017 WL 11615748, at *6. The same analysis applies here.

Plaintiffs' FLSA claims are merely historical litigation artifacts. They can yield no additional recovery for plaintiffs and thus should be jettisoned as moot. Plaintiffs' continued gamesmanship involving those claims, however, has ill-served this Court and temporarily derailed the appellate process. The most efficient way for the Court to set things straight now would be for Your Honor formally to dismiss those indisputably lifeless allegations. As discussed below, that order would expressly effectuate the Court's clear intent in granting plaintiffs' Rule 54(b) motion in the first place.

2. ***The history of this litigation demonstrates that plaintiffs mooted the FLSA claims by abandoning them, and they fully understood the consequences of their choice.***

On appeal, plaintiffs' feigned indignation at the idea that they abandoned the

---

[2] In a joint FLSA/NYLL case, a prevailing plaintiff receives the greater of the two damages calculations, which should always be the NYLL award. The reason is simple. "Plaintiffs' damages award under the NYLL necessarily will subsume their award under the FLSA, both because of the higher minimum wage that governed certain periods and because of the longer period covered by the NYLL." *Hernandez v. Jrpac Inc.*, 2016 WL 3248493, at *31 (S.D.N.Y. June 9, 2016); *see also Rana*, 887 F.3d at 123 n.3 ("Liquidated damages are greater under the NYLL because New York's minimum and overtime wage levels are higher than the federal minimum wage[,] . . . and "New York also awards 'spread of hours pay' . . . , in which an employee who works more than ten hours in one day must be paid an additional hour at the state minimum wage amount.").

Hon. Gregory H. Woods
April 5, 2024

FSLA claims before trial was as disingenuous as it was strategic. A cursory review of the record easily demonstrates that both parties and the Court understood and accepted that a trial solely on plaintiffs' NYLL claims would moot their FSLA claims. When the Court first suggested the idea of limiting the trial to the NYLL claims as a way of simplifying the jury instructions, Your Honor explained that other cases had proceeded in that manner and that "neither party thought that anything was lost by electing not to present the FLSA claims to the jury." Dkt. No. 236 at 20. The Court reiterated that pursuing only the NYLL claims at trial would provide "no benefit to plaintiffs, and no harm to defendants." *Id.* The Court was correct on that point, as Your Honor well understood that plaintiffs could not secure a double recovery by trying both their federal and state claims. *See* Dkt. No. 421 at 2 n.1. The NYLL claims gave plaintiffs a comprehensive remedy.

After trial, *plaintiffs* made eminently clear that the FLSA claims were no longer viable. In their first letter to the Court seeking "entry of a partial final judgment as the *wage and hour claims*" under Rule 54(b), plaintiffs purposefully drew no distinction between their federal and state claims. Dkt. No. 388 at 1 (emphasis added). Had plaintiffs done so, they would have seriously jeopardized any Rule 54 motion and their ability to maintain their ongoing judgment collection proceedings. As the Second Circuit has powerfully telegraphed in this case, *see Zivkovic*, 94 F.4th at 271, plaintiffs' FLSA and NYLL claims are not sufficiently separable to support a Rule 54(b) order that certifies only the latter for appeal, *see Ginett v. Comput. Task Group*, 962 F.2d 1085, 1095 (2d Cir. 1992) (claims that are "'inherently inseparable' from or 'inextricably interrelated' to each other are inappropriate for rule 54(b) certification").[3]

In other words, plaintiffs sought partial final judgment encompassing *all* their labor law claims because, without one, their damages award remained out of reach. Later correspondence with the Court makes their goal crystal clear. Outraged by defendants' position that plaintiffs should stop enforcing a nonfinal judgment, plaintiffs wrote to Your Honor on June 14, 2023, seeking "an order from this Court entering

---

[3] Plaintiffs' counsel further advised the Court that he was "in discussions with Plaintiff Zivkovic as to whether to pursue a new trial on his individual discrimination claim against Defendant Ghatanfard and/or on the damages portion of his individual claim against Defendant Valbella Midtown." Dkt. No. 388 at 1 n.1. But plaintiffs made no mention whatsoever of seeking a trial on their FLSA claims, no doubt because they knew those claims were moot. And again, without distinguishing between federal and state law claims, Plaintiffs assured the Court that "any appeal of *the wage an hour claims* will have no effect on the viability of the remaining discrimination claims in this matter." *Id.* at 2 (emphasis added).

partial judgment pursuant to Rule 54(b) as to the *Class* wage and hour claims in this matter." Dkt. No. 402 at 1 (emphasis added).[4]  The term *"Class"* undeniably referred to *both* the FLSA and NYLL claims, which were the only claims asserted by the *class* plaintiffs. Zivkovic alone asserted discrimination claims.

Defendants confirmed that plaintiffs' general reference to "wage and hour claims" was all inclusive. Defendants did *"not* oppose the [Rule 54] Motion insofar as it [sought] entry of partial final judgment as to the *Class Claims.*" Dkt. No. 416, ¶ 2 (second emphasis added). Defendants thus specifically conditioned their acquiescence in plaintiffs' Rule 54 motion on the partial judgment's inclusion of *all* wage and hour claims, not just the ones under state law. The Court also expressed a similar understanding, noting that plaintiffs proceeded to trial only on their NYLL claims and "there [could] be no double recovery." Dkt. No. 421 at 2 n.1. By that logic, plaintiffs' FLSA claims were necessarily extinguished by the trial.

At the very least, when plaintiffs moved for partial final judgment, they knew that relief under the FLSA could "no longer be given" and was "no longer needed." *Martin-Trigona*, 702 F.2d at 386. Thus, regardless of their position in the Court of Appeals, plaintiffs understood that those claims were moot once the trial ended.

## Conclusion

The Court of Appeals' present jurisdictional concern arose because plaintiffs denied abandoning their FLSA claims before trial and because the amended judgment makes no reference to those claims. *See Zivkovic*, 94 F.4th at 271. It is ultimately irrelevant, though, whether plaintiffs abandoned their FLSA claims before trial, or they simply became moot. In either case, defendants' supplemental jurisdiction challenge – which gave rise to the disputed status of plaintiffs' FLSA claims – remains intact. It is certainly more efficient for the Second Circuit to decide that challenge now than to wait until this Court conducts another trial on Zivkovic's discrimination claims.

If this Court does not dismiss the FLSA claims as moot now, however, the

---

[4]   When the Court's ruling on defendants' Rule 59 new-trial motion imperiled plaintiffs' judgment collection efforts by removing the judgment's finality, plaintiffs aggressively argued that "the Court should *immediately* enter a partial final judgment as to Plaintiffs' wage and hour claims." Dkt. No. at 2 (emphasis added). Again, they drew no distinction between the FLSA and NYLL claims.

# NEAL S. COMER

Hon. Gregory H. Woods
April 5, 2024

Second Circuit is very likely to reject the Court's Rule 54(b) order and remand the case for further proceedings until a final judgment is entered. The adverse, unwarranted, and nonsensical ramifications of that outcome would be highly disruptive, complicated, and expensive. Once again, plaintiffs' partial judgment would become nonfinal and unenforceable. The parties would then have to determine the impact of that transformation on Mr. Ghatanfard's bankruptcy proceedings, these proceedings, and the successor liability case before Judge Subramanian.

There is no legitimate reason to impose those burdens on everyone. And to avoid that needless morass, the Court should enter an order dismissing plaintiffs' FLSA claims as moot.

Respectfully submitted,

Neal S. Comer

Cc: All counsel by ECF