# NEAL S. COMER
ATTORNEY AT LAW
81 MAIN STREET
WHITE PLAINS · NEW YORK 10601

TEL: 914 683-5400 · FAX: 914 683-1279
comeresq@aol.com

April 12, 2024

**By ECF**
Hon. Gregory H. Woods
United States District Judge
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *Zivkovic v. Laura Christy LLC*, 17 Civ. 00553 (GHW)

Dear Judge Woods:

We write respectfully on behalf of Defendants in the above-referenced action in response to Plaintiffs' letter to the Court, dated April 5, 2024 ("Pl. Let."). Plaintiffs request that Your Honor clarify the status their claims under the federal Fair Labor Standards Act ("FSLA claims") by entering a conditional order of dismissal that permits Plaintiffs to reinstitute those claims if *Defendants* are successful on appeal. *See* Pl. Let. at 1. That "heads I win, tails you lose" approach is simply Plaintiffs' latest effort to distort the final judgment rule in their favor. It is a blatant resort to piecemeal litigation, which is a structural taboo in the law of federal procedure. And, contrary to Plaintiffs' arguments, *see* Pl. Let. at 3, Second Circuit precedent does not support their "riskless" strategy.

Respectfully, the Court should dismiss the FSLA claims unconditionally as moot. If the Court instead enters Plaintiffs' proposed conditional order, the Second Circuit will almost certainly reject it, derailing the appeal for a second time.

### ARGUMENT

Although Plaintiffs concede that "their FLSA claims are moot in light of the [New York Labor Law] verdict," they erroneously argue that those same claims "currently remain alive." Pl. Let. at 2. It does not work that way; a live claim cannot be a little bit moot. By definition, moot claims "are no longer live." *Tansai v. New Alliance*

*Bank*, 786 F.3d 195, 198 (2d Cir. 2015) (internal quotation marks omitted), *cert. denied* 577 U.S. 1118 (2016).

That rule fundamentally distinguishes *Purdy v. Zeldes*, 337 F.3d 253 (2d Cir. 2003), a decision upon which Plaintiffs mistakenly rely in seeking a conditional dismissal. In neither *Purdy* nor any of its progeny did the district court conditionally dismiss *moot* claims. Those cases all involved claims that were still actionable when dismissed. *See, e.g.*, *Purdey*, 337 F.3d at 257 (voluntary dismissal of live negligence claim); *see also Whitebox Relative Value Partners LP v. Transocean Ltd.*, 2022 WL 288183, at *1 n.3, *2 (2d Cir. Feb. 1, 2022) (summary order) (voluntary dismissal of live securities claims); *S.E.C. v. Gabelli*, 653 F.3d 49, 56 (2d Cir. 2011) (voluntary dismissal of live disgorgement claim), *reversed on other grounds Gabelli v. S.E.C.*, 586 U.S. 442 (2013).

But were this Court to apply *Purdy* here, as urged by Plaintiffs, it would radically transform a conditional dismissal into a means by which a party can resurrect dead claims.[1] And given the essential role of the final judgment rule in federal appellate litigation, the Second Circuit has already cautioned against "extend[ing] the narrow [*Purdy*] exception" beyond its original scope. *Gabelli*, 653 F.3d at 56.[2] Plaintiffs are wrong. *Purdy* does not revive the lifeless, and the Court should not be misled down that path.

In addition, strictly on its own terms, *Purdy* does not apply to this case. There, the Second Circuit justified its ruling with a very specific rationale. The Court reasoned that the plaintiff's conditional dismissal of a claim was sufficiently final to support appellate jurisdiction "because the plaintiff [ran] the *risk* that if his appeal [was] unsuccessful, his case [came] to an end." *Gabelli*, 653 F.3d at 56 (applying *Purdy* (emphasis added)). Stated otherwise, "[o]nly if [the plaintiff's] entire case was revived on appeal could the dismissed claim spring back to life." *Scottsdale Ins. Co.*, 88 F.4th at 380 (applying *Purdy*).

---

[1] Because Plaintiffs' unprecedented proposal seeks to reinstitute moot claims, it may have unforeseen consequences under Article III's "case or controversy" requirement.

[2] The Second Circuit has also recently noted that *Purdy* is in tension with decisions by numerous other federal courts of appeals and with subsequent Supreme Court teaching. *See Scottsdale Ins. Co. v. McGrath*, 88 F.4th 369, 379 n.9 (2d Cir. 2023).

But unlike in *Purdy*, Plaintiffs' proposed conditional dismissal is riskless. Under its terms, Plaintiffs could "reinstate their FSLA claims if, but only if, the judgment on the broader NYLL claims is reversed or vacated as a result of Defendants' pending appeal." Pl. Let. at 1. In other words, Plaintiffs' FLSA claims would "spring back to life" under their proposed conditional order if *Defendants win their appeal and the judgment is vacated*. *Scottsdale Ins. Co.*, 88 F.4th at 380.

The conditional dismissal approved in *Purdy* is thus completely at odds with the conditional dismissal that Plaintiffs seek now. There, the dismissal's validity turned on the plaintiff's *successful* appeal. If the plaintiff could revive his other claims on appeal, the Second Circuit reasoned, allowing him also to litigate his voluntarily dismissed claim on remand would raise no finality concerns. *See Purdy*, 337 F.3d at 258.

But here, Plaintiffs want to revive their moot FLSA claims only if they *lose* on appeal.[3] They want to use a conditional dismissal as an insurance policy against their possible defeat in the Second Circuit, as they likely believe that it would give them a second chance to litigate their wage and hour claims in federal court. "Such a ploy cannot be tolerated," however, "because it would work an end-run around the final judgment rule, in violation of the long-recognized federal policy against piecemeal appeals." *Scottsdale Ins. Co.*, 88 F.4th at 379 (internal quotation marks omitted). Nor is it warranted in the interests of justice. Even if Plaintiffs lose in the Second Circuit, they would still be permitted to relitigate their state law labor claims[4] in state court.

---

[3] Plaintiffs incorrectly cite *Bridgeport Music, Inc. v. TufAmerica, Inc.*, 2023 WL 5917635 (S.D.N.Y. Sep. 10, 2023) in support of their request for a conditional dismissal. *See* Pl. Let. at 3. In *Bridgeport Music*, the district court granted a voluntary dismissal of the plaintiffs' live claims, provided that those claims could be revived only if the defendants *won* their appeal from the court's dismissal of their *counterclaims*. *See Bridgeport Music, Inc.*, 2023 WL 5917635, at *10. Thus, the plaintiffs in *Bridgeport Music* sought to revive their affirmative claims only if, on appeal, the defendants successfully revived their own case. By doing so, the plaintiffs ran the risk that their litigation against the defendants would "come[] to an end." *Purdy*, 337 F.3d at 258. Here, Plaintiffs' proposed conditional dismissal is specifically designed to assure that Plaintiffs can continue, not end, their litigation.

[4] Plaintiffs concede that the state law claims are "broader" than the FLSA claims, which is consistent with this Court's recognition that New York law "is substantially more favorable in many regards than the federal law." Pl. Let. at 1, 2 (internal quotation marks omitted).

<mark>NEAL S. COMER</mark>

Hon. Gregory H. Woods
April 12, 2024

## CONCLUSION

The Second Circuit remanded this case because Plaintiffs have played fast and loose with the final judgment rule. First, they sought to enforce their judgment before it was final. Now – after securing a Rule 54(b) certification from this Court – they are continuously trying to bend the law to hedge their appellate exposure. Doubtless, the conditional dismissal sought by Plaintiffs will be met with heightened disapproval in the Court of Appeals.

The Court should therefore enter an order unconditionally dismissing the FSLA claims as moot.

Respectfully submitted,

*/s/ Neal S. Comer*

Neal S. Comer

Cc: All counsel by ECF