JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

| | |
|---|---|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Phone (212) 688-5640 |
| Josef Nussbaum | Fax (212) 688-2548 |
| Lucas C. Buzzard | www.jk-llp.com |
| Michael DiGiulio | |
| Leah M. Seliger | |

April 12, 2024

**VIA ECF**

Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:   *Zivkovic v. Laura Christy LLC, et al.,*
>         **No.: 17-cv-553 (GHW)**

Dear Judge Woods,

We represent Plaintiffs in the above referenced action. We write in response to Defendants' letter dated April 5, 2024, which set forth their position as to the disposition of Plaintiffs' FLSA claims. *See* ECF Dkt No. 554 (Defs.' Letter).

A review of Defendants' letter reveals that the parties are in complete agreement about the current status of Plaintiffs' FLSA claims. First, both parties agree that the Court should enter an order dismissing Plaintiffs' FLSA claims as moot. *See* Defs' Letter at 1. Second, the parties agree that the *reason* Plaintiffs' FLSA claims are now moot is because of "the rule against double recovery." *Id.* at 2. As Defendants' put it: "A jury has already compensated plaintiffs for all of defendants' alleged wage and notice violations under the New York Labor Law ("NYLL") and therefore relief under the FSLA [sic] for the same alleged injuries can no longer be given and is no longer needed." *Id.* at 2 (internal quotation marks omitted). Third, the parties agree that it is Plaintiffs' "favorable NYLL judgment [that] moots their FLSA claims." *Id.* at 1.

Thus, the only daylight between the parties' respective positions as to the disposition of Plaintiffs' FLSA claims is Plaintiffs' request that the order dismissing those claims as moot be conditioned on the judgment on the NYLL claims being affirmed on appeal. But this proposed disposition makes perfect sense, as Defendants' own reasoning demonstrates. Defendants agree that the only reason Plaintiffs' FLSA claims are now moot is because the "jury has already compensated" Plaintiffs' under the NYLL for all the relief to which they would be entitled under the FLSA. Defs.' Letter at 2. It necessarily follows that if the jury verdict and judgment as to the NYLL claims is overturned on appeal, the condition rendering Plaintiffs' FLSA claims moot would no longer exist. In other words, if the jury verdict and judgment as to the NYLL claims is disturbed on appeal, that verdict and judgment would: (a) no longer provide Plaintiffs the full relief to which they may otherwise be entitled under the FLSA, and (b) no longer create the possibility

for double recovery under both statutes.[1] Accordingly, for all the reasons set forth in Plaintiffs' April 5 letter, the Court should enter an order dismissing Plaintiffs' FLSA claims as moot without prejudice to reinstating those claims if but only if the partial judgment as to the NYLL claims is reversed or vacated on appeal. *See* ECF Dkt. No. 553 (Pls.' Letter) & Ex. A (Proposed Order).

Finally, Plaintiffs must briefly comment on the internal inconsistencies of Defendants' April 5 letter.  As discussed above, in the first portion of their letter, Defendants both admit and affirmatively argue that it is Plaintiffs' *favorable verdict and judgment* on the NYLL claims and the rule against double recovery that moot Plaintiffs' FLSA claims. Defs.' Letter at 1-3. In the second portion of their letter, however, Defendants change tack, arguing that "plaintiffs mooted the FLSA claims by abandoning them" prior to trial and, in Defendants' telling, both parties understood that "*a trial* solely on plaintiffs' NYLL claims would moot their FSLA [sic] claims." *Id.* at 3-4. This is nonsensical. The mere fact that the parties agreed to a trial on only the NYLL claims does not render the FLSA claims moot. What renders them moot is (as Defendants themselves argue in the first part of their April 5 letter): (a) the jury's *verdict* in favor of the Plaintiffs on their NYLL claims, and (b) the fact that the NYLL provides Plaintiffs with all the recovery to which they would have been entitled under the FLSA. By contrast, if the jury had ruled in Defendants' favor on the NYLL claims, there would be no mootness issue because Plaintiffs' possible recovery under the FLSA would not have been subsumed into their NYLL award. In other words, it is the favorable *outcome* of the trial on the NYLL claims that mooted Plaintiffs' FLSA claims, not the fact that the parties agreed to submit only the NYLL claims to the jury.

Despite Defendants' confusing protestations, therefore, there is nothing nefarious or inconsistent between Plaintiffs' positions that (a) they never "abandoned" their FLSA claims prior to trial and (b) their recognition that their FLSA claims became moot *after a favorable verdict* on the NYLL claims because of the bar against double recovery.

We thank the Court for its attention to this matter.

Respectfully,

_/s/Lucas C. Buzzard_____
Lucas C. Buzzard

---

[1] The converse is also true. If *Plaintiffs* prevail on Defendants' appeal, and the verdict and judgment on the NYLL claims is affirmed by the Second Circuit, then the FLSA claims will remain moot and there will be no possibility of reinstating those claims.