```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PAVLE ZIVKOVIC, on behalf of himself and others  :
similarly situated,                              :
                                                 :
                              Plaintiff,         :     1:17-cv-553-GHW
                                                 :
             -against-                           :     ORDER
                                                 :
LAURA CHRISTY, LLC d/b/a Valbella, LAURA         :
CHRISTY MIDTOWN, LLC, DAVID                      :
GHATANFARD, and GENCO LUCA,                      :
                                                 :
                              Defendants.        :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/6/2024

GREGORY H. WOODS, United States District Judge:

WHEREAS, in their Complaint in this action, Plaintiffs originally brought claims of minimum wage and overtime underpayments pursuant to both the Fair Labor Standards Act (the "FLSA") and the New York Labor Law (the "NYLL") (Dkt No. 1);

WHEREAS the parties stipulated prior to trial that only Plaintiffs' NYLL claims would be submitted to the jury (Dkt No. 253 at 7 ("the Parties agreed that for the purposes of trial, only Plaintiffs' New York Labor Law wage and hour claims will be tried"));

WHEREAS, as a result, the Court understood that, as a result of the parties' stipulation, Plaintiffs' FLSA claims would be resolved through the trial—namely, that if Plaintiffs prevailed with respect to their NYLL claims, their FLSA claims would be dismissed, and that if Plaintiffs lost with respect to their NYLL claims, their FLSA claims would be dismissed without the opportunity for a retrial with respect to the FLSA claims alone;

WHEREAS Plaintiffs' NYLL claims were tried to a jury and, on April 11, 2022, the jury rendered a verdict in favor of the Subclasses that the Court certified on November 13, 2018 (Dkt. No. 283);

WHEREAS on July 4, 2023, the Court entered a partial judgment in favor of the Subclasses on the NYLL claims consistent with the verdict rendered by the jury and against Defendants Laura Christy LLC, Laura Christy Midtown LLC, and David Ghatanfard, jointly and severally (Dkt. No. 424);

WHEREAS the Court's July 4, 2023 partial judgment did not contain a disposition as to Plaintiffs' FLSA claims (Dkt. No. 424);

WHEREAS Defendants appealed the Court's July 4, 2023 partial judgment;

WHEREAS, in an opinion entered on March 5, 2024, the United States Court of Appeals for the Second Circuit (the "Court of Appeals") remanded the matter to this Court "so that the court may clarify the record as to the status of the federal Fair Labor Standards Act claims," (Dkt. No. 548);

WHEREAS the Court requested letter briefing from the parties on this issue (Dkt. Nos. 550, 551, 553, 554, 555, 556, 558) and conducted a conference with the parties on April 26, 2024;

WHEREAS Plaintiffs' FLSA claims remain pending, having never been dismissed or otherwise adjudicated;

WHEREAS Plaintiffs have moved pursuant to Fed. R. Civ. P. 41(a)(2) to conditionally dismiss their FLSA claims as moot in light of the judgment in their favor on the NYLL claims without prejudice to reinstatement if but only if the judgment in their favor on the NYLL claims is reversed or otherwise vacated on appeal;

WHEREAS Plaintiffs cannot recover "twice under both the FLSA and NYLL for the same injury," *Hengjin Sun v. China 1221, Inc.*, No. 12 Civ. 7135 (RJS), 2016 WL 1587242, at *2 (S.D.N.Y. Apr. 19, 2016) (Sullivan, J.) (internal citations omitted), and Plaintiffs' damages award on their NYLL claims subsumed any award to which they may have been entitled under the FLSA, *see Hernandez v. Jrpac Inc.*, No. 14 CIV. 4176 (PAE), 2016 WL 3248493, at *31 (S.D.N.Y. June 9, 2016) ("Plaintiffs' damages award under the NYLL necessarily will subsume their award under the FSLA, both because of the higher minimum wage that governed during certain periods and because of the longer period covered by the NYLL."); and

WHEREAS the Court has considered the five factors that the Court of Appeals has directed district courts to consider when addressing a motion for voluntary dismissal under Rule 41(a)(2) to the extent that they are applicable: "(1) the plaintiff's diligence in bringing the motion; (2) any undue vexatiousness on plaintiff's part; (3) the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; (4) the duplicative expense of relitigation; and (5) the adequacy of plaintiff's explanation for the need to dismiss." *Podlin v. Ghermezian*, 2014 WL 3844629, at *1 (S.D.N.Y. July 29, 2014), aff'd, 601 F. App'x 31 (2d Cir. 2015) (quoting *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir.1990));

NOW, THEREFORE, it is HEREBY ORDERED that Plaintiffs' motion for conditional dismissal of their still-pending FLSA claims pursuant to Fed. R. Civ. P. 41(a)(2) is GRANTED.

It is further ORDERED that that Plaintiffs' FLSA claims are dismissed in light of the jury verdict and judgment in favor of Plaintiffs on their NYLL claims. *See Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 500 (S.D.N.Y. 2017), *aff'd*, 752 F. App'x 33 (2d Cir. 2018) ("Although these two burden-shifting schemes impose similar requirements, an employee may not receive a double recovery of back wages under both the FLSA and [the] NYLL.").

It is further ORDERED that Plaintiffs' FLSA claims may be reinstated if, but only if, the judgment in Plaintiffs' favor on the NYLL claims is reversed or otherwise vacated by the Second Circuit on appeal. *See Purdy v. Zeldes*, 337 F.3d 253, 257 (2d Cir. 2003); *Bridgeport Music, Inc. v. TufAmerica, Inc.*, No. 19 CIV. 01764 (PGG), 2023 WL 5917635, at *9–10 (S.D.N.Y. Sept. 10, 2023).

The conditional dismissal of the FLSA claims ordered here is consistent with the Court's understanding of the effect and intent of the parties' stipulation regarding the trial of only Plaintiffs' NYLL claims—namely that trial of the NYLL claims would simplify the issues to be presented to the jury and not have a substantive adverse impact on the positions of any party with respect to Plaintiffs' wage and hour claims. During a conference held by the Court on April 26, 2024, counsel for the defendants took the position that dismissal of the FLSA claims by this Court now would deprive the Court of subject matter jurisdiction to hear any retrial of the claims in this case in the event of a remand. That result would be inconsistent with the Court's understanding of the intent and effect of the parties' stipulation to try only the NYLL claims.

The Court hopes that this order sufficiently clarifies the record regarding the status of Plaintiffs' FLSA claims, as directed by the Court of Appeals, and stands ready to provide any further clarification.

SO ORDERED.

Dated: May 6, 2024  
New York, New York

GREGORY H. WOODS  
United States District Judge