JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas Buzzard
Michael DiGiulio
Leah Seliger

45 Broadway, Suite 320
New York, NY 10006
Phone (212) 688-5640
Fax (212) 981-9587
www.jk-llp.com

August 23, 2026

**VIA ECF**

Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: *Zivkovic v. Laura Christy LLC, et al*,**
**No.: 17 CV 553 (GHW)(GWG)**

Dear Judge Woods,

We represent Plaintiffs and the Fed. R. Civ. P. Rule 23 Subclasses ("Plaintiffs") in the above-referenced matter. We write to respectfully inform the Court that the chapter 7 trustees in both Defendants Laura Christy Midtown LLC's ("LCM") and David Ghatanfards' bankruptcy cases have reached settlements with those debtors. Accordingly, Plaintiffs(/judgment-creditors) in this case can now expect to receive a portion of the proceeds of those settlements. In light of the anticipated recovery, Plaintiffs respectfully request that the Court schedule a conference to discuss Plaintiffs' anticipated motion(s) regarding the administration and disbursement of the settlement proceeds as outlined below.

By way of brief background, in April 2022, a class action trial was held in this matter at the conclusion of which the jury returned a verdict in favor of Plaintiffs. Dkt. No. 283. Thereafter, a partial judgment was entered on July 3, 2023. Dkt. No. 424. Shortly after the trial, Plaintiffs submitted a proposal to the Court as to how the judgment should be apportioned among Subclass Members. Dkt. No. 316. Plaintiffs also commenced the process of seeking the Court's approval to engage a claims administrator to administer the distribution of any amounts of the judgment that were recovered. *Id*. As the judgment was never paid and there were not any funds to distribute to the Subclass Members, neither the distribution process nor the selection of a claims administrator was ever finalized.

Between May 2022 and November 2023, Plaintiffs engaged in significant judgment collections efforts and on October 26, 2023 the Court entered an Order attaching significant assets

relating to the judgment-debtors. Shortly thereafter, in mid-November 2023, Defendants LCM and Ghatanfard filed for chapter 11 bankruptcy protection thereby staying all judgment collections efforts. *See* Dkt. No. 537. In April 2024, LCM's and Ghatanfard's respective bankruptcy cases were both converted to chapter 7 proceedings. (A copy of the conversion orders are attached here as Exhibit A.) In May 2026, the chapter 7 trustees in both bankruptcy cases reached a global settlement with both Defendant-debtors pursuant to Fed. R. Bankr. P. § 9019 under which the judgment-creditors in this case will be entitled to recover a portion of the judgment they are owed. (A copy of the settlement agreement in the bankruptcy cases is attached as Exhibit B.). The bankruptcy court held two approval hearings relating to this settlement and finally entered an order approving the settlement on August 13, 2026. (A copy of the bankruptcy court's approval order is attached here as Exhibit C.)

In light of this settlement and the subclass's anticipated recovery, Plaintiffs respectfully request that the Court schedule a conference to discuss the administration of the settlement and closing of this case. Specifically, Plaintiffs intend to request that the Court (1) adopts a specific apportionment of the judgment (*i.e.,* what percent of the judgment is attributable to each Class Member and Class Counsel) consistent with the verdict and award of attorneys' fees, (2) appoints a claims administrator to administer the disbursement of funds, (3) sets a schedule and plan of disbursement, and (d) dismisses the case.

As outlined above, while the Court entered a judgment in favor of the Subclasses in general, the particular amounts that each Subclass Members is entitled to from that judgment were never determined. On June 8, 2022, our office submitted to the Court calculations of the percentages of the damages that each individual Subclass Member was entitled to from the Judgment. Dkt. No. 316. Plaintiffs propose to use those calculations to determine the *pro rata* share that each judgment creditor will be entitled to recover from the bankruptcy settlement proceeds.

Next, Plaintiffs intend to seek the Court's approval to appoint a claims administrator to administer payments to Subclass Members. The administrator would be responsible for, *inter alia*: (a) setting up an account to receive funds allocated by the trustees; (b) searching for and confirming Subclass Members' current addresses; (c) preparing and mailing checks to class members; and (d) addressing requests from class members relating to lost checks or the issuance of new checks. Plaintiffs anticipate that the administrator will be responsible for all aspects of the distribution of the damages award to Subclass Members.

Finally, Plaintiffs intend to seek the Court's guidance and approval as to the mechanics and schedule of the disbursement the bankruptcy settlement proceeds such as, for example, the timing of payments, acceptable methods for searching for Subclass Members' most up to date contact information, and redistribution of any unclaimed funds. Plaintiffs are prepared to submit a proposed schedule for disbursement prior to any conference should the Court deem it more expedient.

We remain at the Court's convenience to discuss any of the foregoing matters and we thank the Court for its attention to this matter.

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

s/ *Josef Nussbaum*

Josef Nussbaum
45 Broadway, Suite 320
New York, NY 10006
Tel: (212) 688-5640

cc: All counsel of record (via ECF)