# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>DAVOUD GHATANFARD a/k/a<br>DAVID GHATANFARD,<br><br>Debtor. | Chapter 7<br>Case No. 23-22840 (SAB) |
| In re:<br><br>LAURA CHRISTY MIDTOWN LLC,<br><br>Debtor. | Chapter 7<br>Case No. 23-22845 (SAB) |
| YANN GERON, Chapter 7 Trustee of the Estate of Davoud Ghatanfard a/k/a David Ghatanfard,<br><br>Plaintiff,<br><br>-against-<br><br>ROSEY KALAYJIAN and HAMPTONS CONSULTING SERVICES LLC,<br><br>Defendants. | Adv. Pro. No. 25- 07032 (SAB) |

**SETTLEMENT AGREEMENT**

This settlement agreement (the "Settlement Agreement") is made by and between Yann Geron (the "Ghatanfard Trustee"), as chapter 7 trustee of the estate of Davoud Ghatanfard a/k/a David Ghatanfard ("Ghatanfard"), an above-captioned debtor (the "Ghatanfard Debtor"), and Albert Togut (the "LCM Trustee" and together with the Ghatanfard Trustee, the "Trustees"), as chapter 7 trustee of the estate of Laura Christy Midtown LLC ("LCM"), an above-captioned debtor (the "LCM Debtor" and together with the Ghatanfard Debtor, the "Debtors"), on the one hand, and Ghatanfard, Rosey Kalayjian ("Kalayjian"), Hamptons Consulting Services LLC ("HCS"), and

Valbella at the Park, LLC ("VATP," and together with Ghatanfard, Kalayjian, and HCS, the "Settling Defendants") on the other (collectively, the Trustees and the Settling Defendants are the "Parties"), in full and final resolution of any and all claims between the Parties, hereby agree as follows:

## RECITALS

a. The Class Action, Judgment, and Successor Liability Action

***WHEREAS***, on or about January 25, 2017, a group of employees (the "Class") sued LCM and Ghatanfard, among others, in the United States District Court for the Southern District of New York (the "Class Action District Court") in an action entitled *Zivkovic v. Laura Christy Midtown LLC et. al* bearing index number 17-00553 (the "Class Action"). In or about April 2022, a jury trial was held and a verdict in favor of the Class Action plaintiffs was entered. On or about June 22, 2022, a judgment was entered against the Debtors and related entities and in favor of the Class Action plaintiffs in the amount of $5,092,017.85 plus interest, fees and costs (the "Judgment"); and

***WHEREAS***, the full amount of the Judgment, plus interest, remains due and owing, and, as further detailed below, the Class Action plaintiffs have filed timely proofs of claim in each of the Ghatanfard and LCM bankruptcy cases in the amount of the Judgment plus interest through the respective petition dates; and

***WHEREAS***, in August 2022, the Class commenced an action in the United States District Court for the Southern District of New York (the "Successor Liability Action District Court") against VATP entitled *Zivkovic et ano v. Valbella at the Park,* LLC, Case No.: 22-cv-07344-AS (the "Successor Liability Action"), asserting that VATP is the "alter ego" or successor of the LCM Debtor and that VATP should be liable for the Judgment.

***WHEREAS***, on July 5, 2023, at the request of the Class, the Class Action District Court issued a TRO against Kalayjian that temporarily restrained her from transferring, encumbering, removing, or dissipating, without prior District Court approval, (i) funds or other assets in Kalayjian's name or for Kalayjian's benefit with certain limited exception for ordinary course living expenses, and (ii) Kalayjian's ownership interest in insider entity Oak Grove Road LLC ("OGR"); and

***WHEREAS***, in October 2023, the Class Action District Court granted the Class's motion for attachment against Kalayjian, extending the terms of the TRO (the "Attachment Order"); and

b. The Debtors' Bankruptcy Proceedings

***WHEREAS***, on November 13, 2023, the Ghatanfard Debtor filed a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and

***WHEREAS***, on November 13, 2024, the United States Trustee filed a Notice Appointing Yann Geron as the Subchapter V Trustee of the Ghatanfard Debtor estate; and

***WHEREAS***, on November 14, 2023, the LCM Debtor filed a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code in the Bankruptcy Court; and

***WHEREAS***, on November 14, 2023, the United States Trustee filed a Notice Appointing Yann Geron as the Subchapter V Trustee of the LCM Debtor estate; and

***WHEREAS***, on April 11, 2024, the Bankruptcy Court entered an order in each Debtor's case converting such case to one under Chapter 7 of the Bankruptcy Code; and

***WHEREAS***, on April 29, 2024, the Ghatanfard Trustee was appointed as the interim chapter 7 trustee of the Ghatanfard Debtor's bankruptcy estate, he has since qualified and is currently serving as permanent chapter 7 trustee of the Ghatanfard Debtor's estate; and

***WHEREAS***, on April 29, 2024, the LCM Trustee was appointed as the interim chapter 7 Trustee of the LCM Debtor's bankruptcy estate, he has since qualified and is currently serving as permanent chapter 7 trustee of this estate; and

***WHEREAS***, Ghatanfard's bankruptcy schedules list his 100% ownership interest in LCM, his 10% ownership interest in OGR, and his 50% ownership interest in real property located at 56 Oak Grove Road, Southampton, New York 11968 (the "Southampton Property"); and

***WHEREAS***, Kalayjian owns the remaining 50% of the Southampton Property; and

***WHEREAS***, on October 21, 2025, the Bankruptcy Court entered an order modifying the automatic stay and authorizing the LCM Trustee to retain special counsel to pursue the Successor Liability Action on behalf of the LCM Debtor's estate; and

***WHEREAS***, by complaint dated November 13, 2025, the Ghatanfard Trustee commenced an adversary proceeding, Adv. Pro. No. 25- 07032−shl, against Kalayjian and HCS seeking to recover alleged fraudulent transfers made by Ghatanfard to these defendants (the "Kalayjian Adversary Proceeding"); and

***WHEREAS***, on December 22, 2025, Kalayjian and HCS answered the Ghatanfard Trustee's complaint denying liability and asserting various other defenses to the claims alleged in the Kalayjian Adversary Proceeding complaint; and

***WHEREAS***, the Kalayjian Adversary Proceeding is pending; and

c. Claims Filed Against the Debtors' Estates

***WHEREAS***, the following proofs of claim have been filed against the Ghatanfard Debtor:

| Claim No. | Claimant | Priority | Amount |
|---|---|---|---|
| 1 | Wooster 76 LLC | General, Unsecured | $187,375.05 |
| 2 | Wilmington Savings Fund Society, FSB | Secured (against the Southampton Property) | $2,120,941.21 |
| 3 | Pavle Zivkovic, as Class Representative | General, Unsecured | $6,463,767.38 |

| | | | |
|---|---|---|---|
| 4 | Pavle Zivkovic, Individually | General, Unsecured | $242,500.00 |
| 5 | Penachio Malara, LLP | Chapter 11 Administrative | $100,000.00 |
| 6 | Valbella at the Park, LLC | General, Unsecured | $928,509.85 |

***WHEREAS,*** on April 23, 2024, the Ghatanfard Debtor objected to claim nos. 3 and 4 filed by Pavle Zivkovic, on behalf of the Class and individually (together, the "Ghatanfard Employee Claims"), which claim objections are pending (together, the "Ghatanfard Claim Objections"); and

***WHEREAS***, the following proofs of claim have been filed against the LCM Debtor:

| Claim No. | Claimant | Priority | Amount |
|---|---|---|---|
| 1 | New York State Department of Labor | Priority | $897.43 |
| 2 | Pavle Zivkovic, as Class Representative | General, Unsecured | $6,464,177.53 |
| 3 | Pavle Zivkovic, Individually | General, Unsecured | $492,500.00 |
| 4 | Internal Revenue Service | Priority | $5,311.01 |
| 4 | Internal Revenue Service | General, Unsecured | $656.29 |
| 5 | New York State Department of Taxation &Finance | Priority | $200.05 |
| 5 | New York State Department of Taxation &Finance | General, Unsecured | $13.92 |
| 6 | Yann Geron, as Chapter 7 Trustee of the Estate of David Ghatanfard | General, Unsecured | Unliquidated |

***WHEREAS,*** on April 23, 2024, the LCM Debtor objected to claim nos. 2 and 3 filed by Pavle Zivkovic, on behalf of the Class and individually (together, the "LCM Employee Claims"), which claim objections are pending (together, the "LCM Claim Objections"); and

***WHEREAS***, as a result of extended good-faith arms' length negotiations, the Parties have agreed to resolve all claims asserted, or which could have been asserted, by the Trustees against the Settling Defendants on the terms and conditions set forth herein. This Settlement Agreement is intended to constitute a global resolution and settlement of any and all claims, causes of action and disputes of any kind between the parties and their affiliated persons, parties and legal entities.

***NOW, THEREFORE***, in consideration of the mutual promises and covenants set forth

herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties as follows:

1. Incorporation of Recitals. The above recitals, including all accompanying footnotes, are incorporated herein in their entirety.

2. Bankruptcy Court Approval Required. This Settlement Agreement is subject to and conditioned upon entry of an order of the Bankruptcy Court approving the terms of this Settlement Agreement (the "Approval Order"). This Settlement Agreement shall be binding on the Parties upon execution, and each of the Parties shall support entry of the Approval Order. If this Settlement Agreement is not approved by the Bankruptcy Court for any reason, this Settlement Agreement shall be deemed null and void, and the Parties shall return to the state they were in prior to the Settlement Agreement, including the return of the Settlement Payment as such term is defined in ¶ 3 below, along with accrued interest.

3. Settlement Payment. Within 14 business days following execution of this Settlement Agreement (the "Payment Due Date"), time being of the essence, the Settling Defendants shall together pay to the Trustees a total of $3,500,000, payable $1,750,000 each to the Ghatanfard Trustee and to the LCM Trustee (the "Settlement Payment") in accordance with wire transfer information to be provided to counsel for the Settling Defendants by each of the Trustees. The payment(s) of the Settlement Payment into the Ghatanfard and LCM segregated interest- bearing estate accounts maintained by the Trustees are deemed permissible and shall not constitute a violation of the TRO and Order of Attachment issued by the District Court. The parties to the District Court Action stipulate and agree to have the TRO and Order of Attachment vacated upon the Effective Date as a result of this Settlement Agreement. The Settlement Amount will be held by the Trustees in segregated interest-bearing estate accounts until the Effective Date (defined

below). In the event the Bankruptcy Court approves the Settlement, the interest earned and accrued on the Settlement Payment while the Settlement Payment remains in escrow shall be paid over to the Trustees. Alternatively, in the event the Bankruptcy Court does not approve of the Settlement Agreement, the Settlement Payment plus any interest earned and accrued on the Settlement Payment while the Settlement Payment remains in escrow shall be paid over to Settling Defendants within 10 business days of the Bankruptcy Court order disapproving of the Settlement Agreement.

4. Payment Default in Making the Settlement Payment. In the event the Settlement Payment is not received by the Trustees by the Payment Due Date, time being of the essence, the Trustees shall be authorized to serve a written notice of default with respect to the payment default ("Payment Default") by email to the respective undersigned counsel to the Settling Defendants. The Settling Defendants shall have five business days to cure such Payment Default (the "Payment Default Cure Period"). If the Payment Default is not cured within the Payment Default Cure Period, time being of the essence, the full Settlement Payment amount shall accrue interest at the rate of 15% *per annum* ($1,438.36 *per diem*), compounding weekly, and the Settlement Payment shall increase by this amount for each day's delay in payment after the Payment Due Date until the full Settlement Payment is received by the Trustees.

5. Application for Court Approval. Within seven (7) business days following receipt in full of the Settlement Payment, the Trustees shall jointly seek an Approval Order from the Bankruptcy Court, pursuant to Bankruptcy Rule 9019, on notice to all known creditors and parties in interest, including all presently known individual members of the Class (each, a "Class Member"). By agreeing to this Settlement Agreement, the Settling Defendants consent to the jurisdiction of the Bankruptcy Court to interpret and enforce the Settlement Agreement.

6. Wilmington Savings Fund Society, FSB ("WSFS") Claim. Ghatanfard and Kalayjian are the fee simple owners of the Southampton Property and as such are legally responsible for the payment of the mortgage on the Southampton Property held by Wilmington Savings Fund Society, FSB ("WSFS"). WSFS has filed proof of claim no. 1 as a secured creditor in the Ghatanfard Debtor's bankruptcy estate (the "Mortgage Claim"). Within 5 business days of the Settlement Agreement being fully executed, Ghatanfard and Kalayjian shall submit a declaration recognizing the validity of the underlying mortgage obligation on the Southampton Property and affirming their commitment to be solely responsible for all future payments relating to mortgage, and file a motion and/or seek Court approval causing the Mortgage Claim to either (i) be expunged against the Ghatanfard Debtor's estate, (ii) be withdrawn in its entirety, (iii) be reduced to $0, or (iv) have WSFS waive in writing its receipt of any distribution from the Ghatanfard Debtor's estate on account of the Mortgage Claim. Ghatanfard and Kalayjian shall use their best efforts to have the foresaid motion granted by the Bankruptcy Court, if such motion is filed.

7. Release of the Defendant Released Parties by the Trustees and the Debtors' Estates. Upon the later of (i) receipt in full of the Settlement Payment by the Trustees, (ii) filing of the aforementioned motion concerning the WSFS Mortgage Claim, its reduction to $0, or waiver by WSFS of receipt of any distribution from the Ghatanfard Debtor's estate on account of the Mortgage Claim, (iii) entry of the Approval Order in each of the Debtors' bankruptcy cases and such orders becoming final and non-appealable orders, and (iv) the passage of 91 calendar days following the Trustees' receipt of the Settlement Payment (the "Effective Date"), the Trustees and the Debtors' Estates, the Class Representative on behalf of himself individually and on behalf of the Class and all Class Members, and each of their successors, assigns and predecessors

(collectively, the "Trustee Releasors"), hereby release and forever discharge (i) the Settling Defendants and all of their respective heirs, administrators, successors, assigns, representatives, insurers, attorneys, owners, shareholders, members, officers, directors, employees, agents, and all persons, companies, or affiliates acting by, through and under or in concert with any of them (the "Released Defendants") and (ii) Laura Christy LLC d/b/a/ Valbella Meatpacking, Genco Luca, Valbella at the Park LLC, Alpine Pike Investments LLC, Oak Grove Road LLC, Hamptons Consulting Services LLC, Robert Daleo, Rosey Kalayjian, David Ghatanfard, and all of their respective heirs, administrators, successors, assigns, representatives, insurers, attorneys, agents, and all persons, companies, or affiliates acting by, through and under or in concert with any of them (collectively the "Released Affiliates" and together with the Released Defendants, the "Defendant Released Parties"), from any and all actions, causes of action, accounts, suits, debts, dues, charges, sums of money, complaints, claims, counterclaims, liabilities, obligations, promises, agreements, controversies, damages, expenses, and demands whatsoever, in law or equity, that the Trustee Releasors ever had, now has or hereafter can, shall or may have, against the Defendant Released Parties, that has or could have been asserted against the Released Parties, whether known or unknown, by reason of any matter, cause, or thing whatsoever, including but not limited to claims and causes of action arising under sections 502, 541, 542, 544, 548, 550, and 551 of the Bankruptcy Code, from the beginning of the world to the Effective Date, provided that the foregoing release shall not limit nor be deemed to limit the rights of the Trustees to enforce this Settlement Agreement in accordance with its terms. This Release also includes the release of any and all claims arising under the TRO and Order of Attachment including the previous motion filed by the Trustees and Class alleging violations by Rosey Kalayjian, Oak Grove Road LLC and Hamptons Consulting Group LLC of the terms of the TRO and Order of Attachment and seeking

findings of contempt and sanctions, including claims, if any, against Rosey Kalayjian, Oak Grove Road LLC and Hamptons Consulting Group LLC and claims that such parties lack a full right of ownership, possession and control over monies in their accounts other than the Settlement Payment.

8. Release of Claims of Trustee, Class and Class Members to Claims of their Rightful Ownership of Disputed Assets. Upon the Effective Date, the releases described in paragraph 7 above also includes the release of any and all claims by the Trustees, the Class and the Class Members that, with the exception of the Settlement Payment, they have any claim to have or retain any ownership of any assets which were part of the judgment enforcement action(s) and fraudulent conveyance action(s) in which the Trustees, Class or Class Members otherwise claimed an interest in such property.

9. Release of the Trustees and the Debtors' Estates by the Settling Defendants. Upon the Effective Date, the Defendant Released Parties and all of their respective heirs, administrators, successors, assigns, representatives, insurers, attorneys, agents, and all persons, companies, or affiliates acting by, through and under or in concert with any of them (collectively, the "Settling Defendant Releasors"), hereby release and forever discharge the Trustees, their professionals, and the Ghatanfard and LCM estates and all of their respective heirs, administrators, successors, assigns, representatives, insurers, attorneys, owners, shareholders, members, officers, directors, employees, agents, and all persons, companies, or affiliates acting by, through and under or in concert with any of them (the "Trustee Released Parties"), from any and all actions, causes of action, accounts, suits, debts, dues, charges, sums of money, complaints, claims, counterclaims, liabilities, obligations, promises, agreements, controversies, damages, expenses, and demands whatsoever, in law or equity, that the Settling Defendant Releasors ever had, now has or hereafter

can, shall or may have, against the Trustee Released Parties, that has or could have been asserted against the Trustee Released Parties, whether known or unknown, by reason of any matter, cause, or thing whatsoever, including but not limited to any and all claims, including those arising under Section 502(h) of the Bankruptcy Code for or on account of the Settlement Payment. The Settling Defendants Releasors shall not file any proofs of claim in the Debtors' cases as a result of the Settlement Payment.

10. Mutual Releases by the Counsel for the Class, the Class, Class Representative and Settling Defendants. Upon the Effective Date, Counsel for the Class, the Class, and the Class Representative, each individually and collectively on behalf of all Class Members, hereby releases and forever discharges the Defendant Released Parties from any and all actions, causes of action, suits, debts, dues, charges, sums of money, complaints, claims, counterclaims, liabilities, obligations, promises, agreements, controversies, damages, expenses, and demands whatsoever, in law or equity, that the Class Representative ever had, now has or hereafter can, shall or may have, against the Defendant Released Parties relating to or arising from the Class Action, the Judgement, the Successor Liability Action, the Adversary Proceeding, or the Debtors' bankruptcy cases. Upon the Effective Date, the Defendant Released Parties hereby release the Class Representative, the Class Members, counsel to the Class, and all of their respective heirs, administrators, successors, assigns, representatives, insurers, attorneys, agents, and all persons, companies, or affiliates acting by, through and under or in concert with any of them (collectively, the "Class Released Parties") from any and all actions, causes of action, suits, debts, dues, charges, sums of money, complaints, claims, counterclaims, liabilities, obligations, promises, agreements, controversies, damages, expenses, and demands whatsoever, in law or equity, that the Settling Defendants ever had, now has or hereafter can, shall or may have, against the Class Released

Parties relating to or arising from the Class Action, the Judgment, the Successor Liability Action, the Adversary Proceeding, or the Debtors' bankruptcy cases.

11. Dismissal of Adversary Proceeding. Upon the Effective Date, the Kalayjian Adversary Proceeding shall be deemed dismissed with prejudice, and within five business days of the Effective Date, the Ghatanfard Trustee, Kalayjian and HCS shall file a stipulation of dismissal with prejudice of the Kalayjian Adversary Proceeding in the form annexed hereto as Exhibit A, to be "So Ordered" by the Bankruptcy Court, with prejudice and with each side bearing its own costs.

12. Dismissal of Successor Liability Action. Within five (5) business days of the Effective Date, the LCM Trustee and VATP shall file a stipulation of dismissal of the Successor Liability Action in the Successor Liability Action in the District Court, in the form annexed hereto as Exhibit B with each side bearing its own costs. Such dismissal shall be with prejudice, with each side bearing its own costs.

13. Lifting of the TRO and Attachment Order. Within five (5) business days of the Effective Date, the Class Representative and Settling Defendants shall file a stipulation in the Class Action District Court requesting that the Class Action District Court vacate the TRO and Attachment Order against Kalayjian any other entities or persons subject to the TRO and Attachment Order, and order the return to Class counsel of any and all monetary undertakings required in connection with the TRO and Attachment Order.

14. Resolution of Proofs of Claim. Upon the Effective Date, (i) the Ghatanfard Debtor shall file a notice of withdrawal of the Ghatanfard Claim Objections, (ii) the LCM Debtor shall file a notice of withdrawal of the LCM Claim Objections; (iii) proof of claim no. 6 filed against the LCM Debtor by the Ghatanfard Trustee shall be deemed automatically withdrawn without further action or order of the Bankruptcy Court; and (iv) proof of claim no. 6 filed against the

Ghatanfard Debtor by VATP shall be deemed automatically withdrawn without further action or order of the Bankruptcy Court. The Debtors and the Settling Defendants shall not file any further or other objections to allowance of the Ghatanfard Employee Claims or the LCM Employee Claims.

15. Payment of Settlement Amounts. Upon the Effective Date, the Settlement Payment shall be released from the Trustees' segregated estate accounts into the general estate accounts and may be disbursed by the Trustees in the usual course and pursuant to the Trustees' final reports, as approved by the Bankruptcy Court.

16. District Court Class Action. Upon the Bankruptcy Court's approval of this Settlement Agreement, the Class Representative shall apply to the Class Action District Court to appoint a third-party claims administrator and disburse the funds via that claims administrator ("Claims Administrator"). Each Party reserves all rights to argue in the District Court regarding the method of calculation of individual awards of the Class members, the claim distribution mechanisms, and the treatment of any surplus. Each Party further agrees that immediately following the District's Court's decision with respect to the distribution process, the Claims Administrator shall disburse the payments in accordance with such decision, and each Party waives their rights to appeal the District Court's decision on these matters. After all amounts are disbursed by the Claims Administrator, (a) the parties in the District Court Class Action shall file a stipulation of dismissal with prejudice of the District Court Class Action, in the form annexed hereto as Exhibit C with each side bearing its own costs, and (b) the parties in the District Court Class Action and Counsel for the Class as Judgment Creditors shall file a Satisfaction of Judgment obtained in the District Court Class Action in the form annexed hereto as Exhibit D.

17. Confidential Materials Received by the Ghatanfard Trustee from Kalyajian. Upon the Effective Date, the Ghatanfard Trustee and his professionals shall destroy all confidential materials provided to them pursuant to the Stipulation for the Exchange and Production of Confidential Documents between the Ghatanfard Trustee and Kalayjian, which was "So Ordered" on October 29, 2025.

18. Entire Agreement/No Oral Modification. This Settlement Agreement constitutes the entire agreement between the Parties with respect to its subject matter and supersedes all prior agreements and undertakings between the Parties relating to the subject matter hereof. There are no other covenants, promises, agreements, conditions or understandings, either oral or written, express or implied, between the Parties, except for this Settlement Agreement with respect to its subject matter. The terms of this Settlement Agreement are contractual and not merely recitals. This Settlement Agreement may not be modified, amended, altered, changed or waived, except in writing and duly executed by all Parties and, to the extent necessary, upon Court approval.

19. Representation by the Parties. The Parties acknowledge that they are entering into this Settlement Agreement knowingly and voluntarily and that the consideration received by each of them is fair and adequate. The Parties represent and acknowledge that they have conferred with and are represented by or have been given the opportunity to confer with or be represented by, independent legal counsel of their choice with respect to this Settlement Agreement and all matters covered by or related to its subject matter. The Parties declare that they fully understand all the terms and provisions of this Settlement Agreement and regard the same to be fair and reasonable.

20. Authority of Signatories. The Parties hereby warrant and represent that the individual signing this Settlement Agreement on their behalf are duly authorized, have the requisite authority, and have taken all actions necessary, to execute and deliver this Settlement Agreement

on behalf of the respective Party as a legally binding agreement, subject to approval by the Bankruptcy Court.

21. Successors and Assigns. All rights of each Party hereunder shall inure to the benefit of their respective successors and assigns, and all obligations of each Party hereunder shall bind the successors, assigns, heirs, administrators, executors and legal representatives and estate of each Party.

22. Non-Reliance and Construction. The Parties have decided to execute this Settlement Agreement based on information developed independently and not in reliance on representations of any other Party. The Parties agree that each of them has had a full opportunity to participate in the drafting of this Settlement Agreement and, accordingly, any claimed ambiguity shall be construed neither for nor against any Party.

23. No Waiver. No failure or delay by either Party in exercising any right, power, or privilege under this Settlement Agreement or applicable law shall operate as a waiver by that Party of any such right, power or privilege.

24. Severability. The invalidity, illegality, or unenforceability of any provision of this Settlement Agreement shall not affect any other provision of this Settlement Agreement, which Settlement Agreement shall remain in full force and effect and shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

25. Counterparts. This Settlement Agreement may be executed in one or more counterparts, each of which shall constitute an original, and all of which shall constitute a single and identical agreement. It shall not be necessary, in making proof of this Settlement Agreement, to produce or account for more than one complete set of counterparts. Any signature delivered by a party via e-mail or telecopier transmission shall be deemed an original signature hereto.

Dated: New York, New York
May 4, 2026

GERON LEGAL ADVISORS LLC
*Attorneys for Yann Geron, Chapter 7 Trustee of the estate of Davoud Ghatanfard*

By: ______________________________
Yann Geron, Esq.
Nicole N. Santucci, Esq.
Alejandro J. Urquides, Esq.
370 Lexington Avenue, Suite 1208
New York, New York 10017
(646) 560-3224
ygeron@geronlegaladvisors.com
nsantucci@geronlegaladvisors.com
aurquides@geronlegaladvisors.com

Dated: New York, New York
__________, 2026

TOGUT, SEGAL & SEGAL LLP
*Attorneys for Albert Togut, Chapter 7 Trustee of the estate of Laura Christy Midtown LLC*

By: ______________________________
Neil Berger, Esq.
Eitan E. Blander, Esq.
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
neilberger@teamtogut.com
eblander@teamtogut.com

Dated: New York, New York
__________, 2026

PAVLE ZIVKOVIC
Individually and as Class Representative

By: ______________________________
Pavle Zivkovic

Dated: New York, New York
May 5, 2026

PENACHIO MALARA LLP
*Attorneys for Ghatanfard*

By: ______________________________
Anne Penachio
245 Main Street, Suite 450
White Plains, New York 10601
(914) 946-2889
anne@pmlawllp.com

Dated: New York, New York
__________, 2026

GERON LEGAL ADVISORS LLC
*Attorneys for Yann Geron, Chapter 7 Trustee of the estate of Davoud Ghatanfard*

By: ________________________________

Yann Geron, Esq.
Nicole N. Santucci, Esq.
Alejandro J. Urquides, Esq.
370 Lexington Avenue, Suite 1208
New York, New York 10017
(646) 560-3224
ygeron@geronlegaladvisors.com
nsantucci@geronlegaladvisors.com
aurquides@geronlegaladvisors.com

Dated: New York, New York
May 5, 2026

TOGUT, SEGAL & SEGAL LLP
*Attorneys for Albert Togut, Chapter 7 Trustee of the estate of Laura Christy Midtown LLC*

By: [signature]

Neil Berger, Esq.
Eitan E. Blander, Esq.
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
neilberger@teamtogut.com
eblander@teamtogut.com

Dated: New York, New York
__________, 2026

PAVLE ZIVKOVIC
Individually and as Class Representative

By: ________________________________
Pavle Zivkovic

Dated: New York, New York
__________, 2026

PENACHIO MALARA LLP
*Attorneys for Ghatanfard*

By: ________________________________

Anne Penachio
245 Main Street, Suite 450
White Plains, New York 10601
(914) 946-2889
anne@pmlawllp.com

Dated: New York, New York
__________, 2026

GERON LEGAL ADVISORS LLC
*Attorneys for Yann Geron, Chapter 7 Trustee of the estate of Davoud Ghatanfard*

By: ________________________________
Yann Geron, Esq.
Nicole N. Santucci, Esq.
Alejandro J. Urquides, Esq.
370 Lexington Avenue, Suite 1208
New York, New York 10017
(646) 560-3224
ygeron@geronlegaladvisors.com
nsantucci@geronlegaladvisors.com
aurquides@geronlegaladvisors.com

Dated: New York, New York
__________, 2026

TOGUT, SEGAL & SEGAL LLP
*Attorneys for Albert Togut, Chapter 7 Trustee of the estate of Laura Christy Midtown LLC*

By: ________________________________
Neil Berger, Esq.
Eitan E. Blander, Esq.
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
neilberger@teamtogut.com
eblander@teamtogut.com

Dated: New York, New York
May 4, 2026

PAVLE ZIVKOVIC
Individually and as Class Representative

By: ________________________________
Pavle Zivkovic

Dated: New York, New York
__________, 2026

PENACHIO MALARA LLP
*Attorneys for Ghatanfard*

By: ________________________________
Anne Penachio
245 Main Street, Suite 450
White Plains, New York 10601
(914) 946-2889
anne@pmlawllp.com

Dated: New York, New York
5 · 1, 2026

ROSEY KALAYJIAN, Individually

By: Rosey Kalayjian
Rosey Kalayjian

Dated: New York, New York
5 · 1, 2026

VALBELLA AT THE PARK LLC

By: Rosey Kalayjian
Rosey Kalayjian

Dated: New York, New York
5 · 1, 2026

HAMPTONS CONSULTING GROUP LLC

By: Rosey Kalayjian
Rosey Kalayjian

**ACCEPTED AND AGREED TO SOLEY AS TO PARAGARPHS 3, 8, 10, 16, and 19:**

Dated: New York, New York
__________, 2026

JOSEPH & KIRSCHENBAUM, LLP
*Attorneys for the Class Representative and Class Action Plaintiffs*

By: ______________________________
D. Maimon Kirschenbaum
Josef Nussbaum
Lucas Buzzard
32 Broadway Ave., Suite 601
New York, New York 10004
(212) 688-5640
maimon@jk-llp.com
jnussbaum@jk-llp.com
lucas@jk-llp.com

Dated: New York, New York
__________, 2026

ROSEY KALAYJIAN, Individually

By: ________________________________
Rosey Kalayjian

Dated: New York, New York
__________, 2026

VALBELLA AT THE PARK LLC

By: ________________________________
Rosey Kalayjian

Dated: New York, New York
__________, 2026

HAMPTONS CONSULTING GROUP LLC

By: ________________________________
Rosey Kalayjian

**ACCEPTED AND AGREED TO SOLEY AS TO PARAGARPHS 3, 8, 10, 16, and 19:**

Dated: New York, New York
May 4, 2026

JOSEPH & KIRSCHENBAUM, LLP
*Attorneys for the Class Representative and Class Action Plaintiffs*

By: ________________________________
D. Maimon Kirschenbaum
Josef Nussbaum
Lucas Buzzard
32 Broadway Ave., Suite 601
New York, New York 10004
(212) 688-5640
maimon@jk-llp.com
jnussbaum@jk-llp.com
lucas@jk-llp.com

# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
__________________________________________X

In re: Chapter 7

DAVOUD GHATANFARD a/k/a
DAVID GHATANFARD, Case No. 23-22840-sab

Debtor.
__________________________________________X
YANN GERON, Chapter 7 Trustee of the Estate of
Davoud Ghatanfard a/k/a David Ghatanfard, Adv. Pro. No. 25-07032-sab

Plaintiff,
-against-

ROSEY KALAYJIAN AND HAMPTONS
CONSULTING SERVICES LLC,
Defendants.
__________________________________________X

**[PROPOSED] ORDER APPROVING STIPULATION OF DISMISSAL**

Upon consideration of the Stipulation of Dismissal executed by the parties in the above-captioned adversary proceeding, and good cause appearing therefor, it is hereby:

ORDERED that the adversary proceeding, Adv. Pro. No. [25-07032-sab], is dismissed WITH prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), made applicable herein by Rule 7041 of the Federal Rules of Bankruptcy Procedure; and it is further

ORDERED that each party shall bear its own costs and attorneys' fees.

SO ORDERED.

Dated: ___________________, 2026

___________________________________

HON. SHIREEN A. BARDAY
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_______________________________________X

| | |
|---|---|
| In re: | Chapter 7 |
| DAVOUD GHATANFARD a/k/a<br>DAVID GHATANFARD, | Case No. 23-22840-sab |
| Debtor. | |
| YANN GERON, Chapter 7 Trustee of the Estate of Davoud Ghatanfard a/k/a David Ghatanfard, | Adv. Pro. No. 25-07032-sab |
| Plaintiff, | |
| -against- | |
| ROSEY KALAYJIAN AND HAMPTONS CONSULTING SERVICES LLC,<br>Defendants. | |

_______________________________________X

**STIPULATION OF DISMISSAL**

Plaintiff YANN GERON, Chapter 7 Trustee of the Estate of Davoud Ghatanfard a/k/a David Ghatanfard ("Plaintiff") and Defendants ROSEY KALAYJIAN AND HAMPTONS CONSULTING SERVICES LLC ("Defendants"), by their undersigned counsel, hereby stipulate as follows:

1. The Parties have settled all claims and disputes in the above-captioned adversary proceeding.

2. Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), made applicable by Fed. R. Bankr. P. 7041, the Parties stipulate to dismissal of this adversary proceeding WITH PREJUDICE, each party to bear its own costs and attorneys' fees.

3. The Parties request the Court "SO ORDER" this Stipulation.

GERON LEGAL ADVISORS LLC

By: ________________________________
Yann Geron
Nicole N. Santucci
Jeannette Litos
Alejandro Urquides
*Attorneys for Plaintiff YANN GERON, Chapter 7 Trustee of the Estate of Davoud Ghatanfard a/k/a David Ghatanfard*
370 Lexington Avenue, Suite 1208
New York, New York 10017
(646) 560-3224
ygeron@geronlegaladvisors.com
jlitos@geronlegaladvisors.com
aurquides@geronlegaladvisors.com

Dated: New York, New York
April ____, 2026

HARRINGTON, OCKO & MONK, LLP

By: ________________________________
Kevin J. Harrington
*Attorneys for Defendants ROSEY KALAYJIAN and HAMPTONS CONSULTING SERVICES LLC*
81 Main Street, Suite 215
White Plains, NY 10601
(914) 686-4800
kharrington@homlegal.com
mfreudenberg@homlegal.com

Dated: White Plains, New York
April ___, 2026

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

ALBERT TOGUT, NOT INDIVIDUALLY BUT SOLELY IN HIS CAPACITY AS THE CHAPTER 7 TRUSTEE OF THE ESTATE OF LAURA CHRISTY MIDTOWN, LLC,

Plaintiff,

v.

VALBELLA AT THE PARK, LLC,

Defendant.

---------------------------------------------------------------X

Case No. 22-cv-07344 (AS)

**STIPULATION OF VOLUNTARY DISMISSAL PURSUANT TO F.R.C.P. 41(a)(1)(A)(ii)**

IT IS HEREBY STIPULATED AND AGREED by and between the parties and their respective counsel that the above-captioned action is voluntarily dismissed, with prejudice, against Defendant VALBELLA AT THE PARK, LLC pursuant to the Federal Rules of Civil Procedure 41(a)(1)(A)(ii).

Dated: White Plains, New York
March _____, 2026

JOSEPH & KIRSCHENBAUM LLP

By: ___________________________
Josef Nussbaum
*Attorneys for Plaintiff*
ALBERT TOGUT, NOT INDIVIDUALLY BUT SOLELY IN HIS CAPACITY AS THE CHAPTER 7 TRUSTEE OF THE ESTATE OF LAURA CHRISTY MIDTOWN, LLC
45 Broadway, Suite 320
New York, NY 10006
(212) 688-5640
jnussbaum@jk-llp.com

HARRINGTON, OCKO, & MONK, LLP

By: ___________________________
Kevin J. Harrington
Michael W. Freudenberg
*Attorneys for Defendant*
VALBELLA AT THE PARK, LLC
81 Main Street, Suite 215
White Plains, NY 10601
(914) 686-4800
kharrington@homlegal.com
mfreudenberg@homlegal.com

TO: Counsel of Record (via ECF)

# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_______________________________________X

PAVLE ZIVKOVIC, on behalf of himself and others similarly situated,

Plaintiff,

v.

LAURA CHRISTY LLC d/b/a VALBELLA, LAURA CHRISTY MIDTOWN LLC, DAVID GHATANFARD, and GENCO LUCA,

Defendants.

_______________________________________X

Case No. 17-cv-00553 (GHW)

**STIPULATION OF VOLUNTARY DISMISSAL PURSUANT TO F.R.C.P. 41(a)(1)(A)(ii)**

IT IS HEREBY STIPULATED AND AGREED by and between the parties and their respective counsel that the above-captioned action is voluntarily dismissed, with prejudice, against Defendants LAURA CHRISTY LLC d/b/a VALBELLA, LAURA CHRISTY MIDTOWN LLC, and DAVID GHATANFARD, pursuant to the Federal Rules of Civil Procedure 41(a)(1)(A)(ii).

IT IS HEREBY FURTHER STIPULATED AND AGREED that this stipulation may be executed in counterparts, each of which shall constitute an original, but all taken together shall constitute a single document.

Dated: White Plains, New York
March ____, 2026

JOSEPH & KIRSCHENBAUM LLP

By: ____________________________
Josef Nussbaum
*Attorneys for Plaintiff*
PAVLE ZIVKOVIC
45 Broadway, Suite 320
New York, NY 10006
(212) 688-5640
jnussbaum@jk-llp.com

NEAL S. COMER, Attorney at Law

By:_______________________________
Neal S. Comer
*Attorneys for Defendants*
LAURA CHRISTY LLC d/b/a
VALBELLA, LAURA CHRISTY
MIDTOWN LLC, and
DAVID GHATANFARD
81 Main Street, Suite 205
White Plains, NY 10601
(914) 683-5400

comeresq@aol.com

HAROLD, SALANT, STRASSFIELD & SPIELBERG

By: ______________________________

Leonard I. Spielberg
Neal S. Comer
*Attorneys for* Defendant
LAURA CHRISTY MIDTOWN LLC
81 Main Street, Suite 205
White Plains, NY 10601
(914) 683-2500
lenspielberg@aol.com

TO:

Counsel of Record (via ECF)

# Exhibit D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_______________________________________________X

PAVLE ZIVKOVIC, on behalf of himself and others similarly situated,

Plaintiff,

v.

LAURA CHRISTY LLC d/b/a VALBELLA, LAURA CHRISTY MIDTOWN LLC, DAVID GHATANFARD, and GENCO LUCA,

Defendants.
_______________________________________________X

Case No. 17-cv-00553 (GHW)

**SATISFACTION OF JUDGMENT**

(**VERSION 1)**

I, Josef Nussbaum, being duly sworn, state:

1. I am a member of the firm of JOSEPH & KIRSCHENBAUM LLP, attorneys for Plaintiff/Judgment Creditor, PAVLE ZIVKOVIC, on behalf of himself and others similarly situated ("Plaintiff/Judgment Creditor") in this action.

2. On July 4, 2023, Judgment was entered in the above-captioned action in favor of Plaintiff/Judgment Creditor and against Defendants LAURA CHRISTY LLC d/b/a VALBELLA, LAURA CHRISTY MIDTOWN LLC, and DAVID GHATANFARD, jointly and severally ("Defendants")

3. The Judgment has been fully paid and satisfied, and the Clerk of the Court is hereby authorized and directed to mark the Judgment as SATISFIED.

Dated: White Plains, New York
March ____, 2026

JOSEPH & KIRSCHENBAUM LLP

By: ______________________________
Josef Nussbaum
*Attorneys for Plaintiff*

PAVLE ZIVKOVIC, on behalf
of himself and others similarly
situated
45 Broadway, Suite 320
New York, NY 10006
(212) 688-5640
jnussbaum@jk-llp.com

STATE OF NEW YORK )
) ss.:
COUNTY OF ________________ )

On the _____ day of ____________, 2026 before me personally came Josef Nussbaum, to me known and known to be a member of the firm of JOSEPH & KIRSCHENBAUM LLP, attorneys for Plaintiff/Judgment Creditor, PAVLE ZIVKOVIC, on behalf of himself and others similarly situated in the above-entitled action, and to be the same person described in and who executed the within satisfaction of judgment and acknowledged to me that he executed the same.

________________________________________
Notary Public

(**<u>VERSION 2)</u>**

WHEREAS, a Judgment was entered in the above action on the 4th day of July, 2023, in favor of the SUBCLASSES ________________________________________ and against Defendants LAURA CHRISTY LLC d/b/a VALBELLA, LAURA CHRISTY MIDTOWN LLC, and DAVID GHATANFARD, jointly and severally, in the amount of $5,092,017.85, plus <u>post-judgment</u> interest from the 22nd day of June, 2022, _____ with costs to be taxed, and costs in the

amount of $___________ having been taxed on the _____ day of ______________, _____, and said judgment with interest and costs thereon having been fully paid, and it is certified that there are no outstanding executions with any Sheriff or Marshall,

THEREFORE, full and complete satisfaction of said judgment is hereby acknowledged, and the Clerk of the Court is hereby authorized and directed to make an entry of the full and complete satisfaction on the docket of said judgment.

Dated: White Plains, New York
March ____, 2026

JOSEPH & KIRSCHENBAUM LLP

By: ___________________________
Josef Nussbaum
*Attorneys for Plaintiff*
PAVLE ZIVKOVIC, on behalf of himself and others similarly situated
45 Broadway, Suite 320
New York, NY 10006
(212) 688-5640
jnussbaum@jk-llp.com

STATE OF NEW YORK )
) ss.:
COUNTY OF _______________ )

On the _____ day of ____________, 2026 before me personally came Josef Nussbaum, to me known and known to be a member of the firm of JOSEPH & KIRSCHENBAUM LLP, attorneys for Plaintiff, PAVLE ZIVKOVIC, on behalf of himself and others similarly situated in the above-entitled action, and to be the same person described in and who executed the within satisfaction of judgment and acknowledged to me that he executed the same.

____________________________________
Notary Public