# JOSEPH & KIRSCHENBAUM LLP

Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas Buzzard
Michael DiGiulio
Leah Seliger

45 Broadway, Suite 320
New York, NY 10006
Phone (212) 688-5640
Fax (212) 981-9587
www.jk-llp.com


August 25, 2026

**VIA ECF**

Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:** ***Zivkovic v. Laura Christy LLC, et al*, No.: 17 CV 553 (GHW)(GWG)**

Dear Judge Woods,

We represent Plaintiffs and the Fed. R. Civ. P. Rule 23 Subclasses ("Plaintiffs") in the above-referenced matter. We write to (1) briefly respond to Defendant David Ghatanfard's ("Defendant") letter from earlier today, and (2) to request a short adjournment of the August 28, 2026 conference.

Simply put, Defendant's position in the letter (ECF No. 588)—that the Bankruptcy Court should decide issues relating to the distribution of funds between Class Members—contradicts the Bankruptcy Court's approval of the Settlement Agreement, which is very clear on this point. The settlement agreement in the bankruptcy cases specifically contemplates that *this* Court will review and decide applications by Class Counsel to appoint a claim administrator in this case as well as issues relating to disbursement of money owed to the judgment-creditors here. Specifically, paragraph 16 of the settlement agreement (attached as Exhibit A) explicitly states that "Upon the Bankruptcy Court's approval of this Settlement Agreement, the Class Representative shall apply to the Class Action District Court to appoint a third-party claims administrator and disburse the funds via that claims administrator." Ex. A at pg. 13. As the Bankruptcy Court approved the settlement, the remainder of ¶ 16 is triggered.

In addition, the undersigned can represent that, at the Fed. R. Bankr. P. § 9019 settlement approval hearing, the bankruptcy court explicitly opined that issues relating to how and when proceeds of the settlement related to this case would be disbursed would be decided by this Court.

Accordingly, Defendant's opposition should be disregarded and the conference Plaintiffs requested should proceed.

While the teleconference should proceed, Plaintiffs respectfully request that the Court adjourn the August 28, 2025 date due to a conflict with the undersigned's schedule. If the request is granted, the undersigned is available to appear on both Monday August 31, 2026 or Tuesday September 1, 2026 at a rescheduled teleconference. However, if the Court would prefer to leave the conference as scheduled, one of my partners will be available to cover for me. This is Plaintiffs' first request of adjournment of this conference.

We thank the Court for its attention to this matter.

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

s/ *Josef Nussbaum*

Josef Nussbaum
45 Broadway, Suite 320
New York, NY 10006
Tel: (212) 688-5640

cc: All counsel of record (via ECF)