HARRINGTON OCKO & MONK LLP
ATTORNEYS-AT-LAW

81 Main Street, Suite 215 | White Plains, NY 10601
Tel: 914.686.4800 | Fax: 914.686.4824

MICHAEL W. FREUDENBERG, PARTNER
mfreudenberg@homlegal.com

November 3, 2026

**Via ECF**
Honorable Gregory H. Woods
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: Zivkovic v. Laura Christy LLC, et al, 17 CV 553 (GHW)

Dear Judge Woods:

We are counsel to Valbella At the Park, LLC ("VATP"), the non-party that funded and paid the settlement amount in this action. We write to oppose Plaintiffs' letter motion [Dkt. No. 600] seeking to redistribute all unclaimed funds resulting from uncashed checks to class members to other class members who have cashed their settlement checks and thus have already been paid in full their allocated settlement amount. For the reasons below, a second distribution to already-compensated claimants is discouraged by controlling Second Circuit law and would confer an inequitable windfall. VATP respectfully requests that the Court instead order the unclaimed residue returned to VATP as the source of the funds.

At the outset, we believe that it is premature at this time to make a determination on the distribution of potential unclaimed settlement funds without first a determination that there are in fact unclaimed funds, as well as the amount of such unclaimed funds. We respectfully submit that such determination should await future receipt of such information from the Claims Administrator.

During the settlement process, including the drafting of the Settlement Agreement, VATP and Defendants have taken the position that any unclaimed funds should be returned back to the party that funded the settlement. VATP has in fact funded the settlement. VATP, while not a party to this action and having engaged in no wrongdoing, did fund the settlement due to the costs and uncertainty of continued litigation in the alleged successor liability action (*Zivkovic et v. Valbella At The Park, LLC*, Case No.: 22-cv-07344 (AS) which has now been resolved. VATP's funding of the settlement has greatly benefitted the class by making the settlement fund available for distribution and bringing the within litigation to a resolution.

A district court has "broad discretionary powers" over "the distribution of any unclaimed class action fund," and "must make a context-specific, discretionary determination" in choosing among the recognized options — reversion to the payor, redistribution to claiming members, escheat, or cy pres.

*Ahmed v. City of New York*, No. 17-CV-3044 (SHS), 2026 WL 2676406 (S.D.N.Y. Sept. 11, 2026).

## I. A second distribution to already-paid claimants results in a windfall

The Second Circuit has squarely rejected the pro rata redistribution of unclaimed funds to class members who have come forward. In *Van Gemert v. Boeing Co.*, 739 F.2d 730 (2d Cir. 1984), the court held that giving unclaimed funds to claiming class members "would seriously jeopardize the superior equitable interests of the non-claiming class members" and is contrary to circuit precedent condemning fluid recovery. *Van Gemert v. Boeing Co.*, 739 F.2d 730, 736 (2d Cir. 1984). The claiming members' "superior equitable interest" argument fails because the superior equitable interest belongs to the *non-claiming* members, not to those who have already received 100% of their allocation under the Settlement Agreement. *Van Gemert v. Boeing Co.*, 739 F.2d 730, 737–738 (2d Cir. 1984). In *Van Gemert*, the Second Circuit affirmed the return of unclaimed class action judgment funds to the defendant Boeing, subject to conditions. The court found reversion appropriate because, like in the case at bar, Boeing had acted without malice or bad faith, and where, as here, the action was private rather than public enforcement.

No evidence was submitted at trial that any member of the Class suffered any pecuniary loss from the omission of the Defendant providing them with a proper Tip Credit Notice. A basic principle of compensatory damages is that a claimant who has recovered his or her full recognized loss is not entitled to more. Distributing the residue "to claimants in excess of recognized loss amounts does not compensate the harmed; it provides a windfall." *Williams v. Block.One*, No. 20-CV-2809 (LAK), 2025 WL 673300 (S.D.N.Y. Mar. 3, 2025) Where "all class members submitting claims have already been fully compensated for their damages by prior distribution," a further individual distribution would "overcompensat[e] claimant class members at the expense of absent class members." *Williams v. Block.One*, No. 20-CV-2809 (LAK), 2025 WL 673300 (S.D.N.Y. Mar. 3, 2025) Courts in this Circuit accordingly decline to route unclaimed funds to claiming members precisely because doing so "would result in those class members receiving a windfall" *Augustin v. Jablonsky*, 819 F. Supp. 2d 153, 177 (E.D.N.Y. 2011).

Plaintiffs' proposal is the very "fluid recovery" the Second Circuit has condemned. *Augustin v. Jablonsky*, 819 F. Supp. 2d 153, 177 (E.D.N.Y. 2011). The unclaimed residue does not belong to the claiming members, whose allocated settlement interest has been satisfied in full. *Williams v. Block.One*, No. 20-CV-2809 (LAK), 2025 WL 673300 (S.D.N.Y. Mar. 3, 2025)) Plaintiff's letter motion to redistribute should be denied.

## II. Reversion of the residue to [Payor] is the equitable disposition.

Here, where a second distribution should be off the table, the equities favor returning the residue to innocent party VATP as the payor of the settlement fund that resulted in the monies to be available to the class. Just weeks ago, in *Ahmed v. City of New York*, No. 17-CV-3044 (SHS), 2026 WL 2676406 (S.D.N.Y. Sept. 11, 2026), the Court confronted competing proposals for an unclaimed settlement residue and ordered the funds returned to the payor rather than distributed to the plaintiffs'

designees. *Ahmed v. City of New York*, No. 17-CV-3044 (SHS), 2026 WL 2676406 (S.D.N.Y. Sept. 11, 2026). The Second Circuit has long recognized that "a court of equity" may return an unclaimed fund to the party that supplied it, and that the contrary proposition — that unclaimed funds may *never* revert to the payor — is "untenable." *Van Gemert v. Boeing Co.*, 739 F.2d 730, 737 (2d Cir. 1984).

In *MBA v. World Airways*, 369 F. App'x 194 (2d Cir. 2010), the Second Circuit affirmed approval of a class settlement under which unclaimed portions of the settlement fund would be returned to the defendant airline. The Court held that unclaimed portions of a class action fund in a private action may properly be returned to the defendant, and that the district court did not abuse its discretion in refusing to restructure the settlement to avoid the reversion.

In *Rosario v. Valentine Ave. Disc. Store, Co.*, No. 10CV5255ERKLB, 2016 WL 11671338 (EDNY Mar. 3, 2016), Magistrate Judge Bloom's Report and Recommendation provided for reversion of unclaimed funds to the defendants, concluding that it was fair and adequate. The Report also noted that courts in the Second Circuit "have approved FLSA and NYLL settlements where funds revert to defendants. *Hart v. RCI Hospitability Holdings, Inc.*, No. 09 Civ. 3043 (PAE), 2015 WL 1061501 (S.D.N.Y. Sept. 22, 2015); *Lizondro-Garcia v. Kefi LLC*, No. 12 Civ. 1906 (HBP), 2014 WL 4996248, at *1 (S.D.N.Y. Oct. 7, 2014); *Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. 41 (E.D.N.Y. 2010).

Reversion is especially appropriate where retention of the funds by innocent party VATP "would serve little deterrent purpose because the payor acted, here VATP, without malice or bad faith." *Ahmed v. City of New York*, No. 17-CV-3044 (SHS), 2026 WL 2676406 (S.D.N.Y. Sept. 11, 2026). Here, payor VATP funded the settlement without any admission or adjudication of wrongdoing, and the deterrent and remedial aims of the litigation have already been fully served: every claiming class member has recovered his or her full recognized share of the Settlement Fund. *Ahmed v. City of New York*, No. 17-CV-3044 (SHS), 2026 WL 2676406 (S.D.N.Y. Sept. 11, 2026).

VATP respectfully requests that the Court (i) deny Plaintiffs' motion to redistribute the unclaimed funds to claiming class members who have received 100% of their allocated share of the settlement funds; and (ii) order that the yet to be determined amount of unclaimed funds from the Settlement Fund revert to VATP.

We thank the Court for its kind attention to this matter.

Respectfully yours,
s/ Michael W. Freudenberg
Michael W. Freudenberg

cc: Counsel of Record (via ECF)