JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas C. Buzzard
Michael DiGiulio
Leah M. Seliger

45 Broadway, Suite 302
New York, NY 10006
Phone (212) 688-5640
Fax (212) 688-2548
www.jk-llp.com

November 5, 2026

**VIA ECF**

Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

***Re:*** ***Zivkovic v. Laura Christy LLC, et al.,***
**No.: 17-cv-553 (GHW)**

Dear Judge Woods,

We represent Plaintiffs and the Fed. R. Civ. P. Rule 23 Subclasses ("Plaintiffs") in the above referenced action. We write in brief response to the November 3, 2026 letter from Valbella at the Park, LLC ("VATP") opposing Plaintiffs' proposal to redistribute any unclaimed funds to judgment creditors who cashed their initial settlement checks. For the reasons discussed below and in Plaintiffs' moving letter, VATP's opposition should be rejected and Plaintiffs' distribution proposal adopted.

At the outset, it bears emphasizing that VATP's premise that a redistribution to judgment creditors would lead to a windfall is entirely misguided. The judgment-creditors here are owed a judgment of more than $5 million. VATP has agreed to settle creditors' claims in both bankruptcies for $3.5 million collectively. Plaintiffs anticipate that, after payments of professional fees to the trustees and their respective counsel in both bankruptcies and payments to other creditors, the judgment creditors here will receive less than $2 million, *i.e.*, less than 40% of what the judgment creditors are entitled to pursuant to the judgment. Thus, the proposition that a redistribution of unclaimed funds would lead to a "an inequitable windfall" is absurd on its face and should be rejected.

Not surprisingly, the cases VATP relies on for their position completely miss the mark. First, *Van Gemert v. Boeing Co.* relied upon by VATP involved a situation where the court was faced with the question of redistribution in a situation where the fund to be distributed to class members consisted of "the total amount" of a *judgment*, "plus accrued post judgment interest." 739 F.2d 730, 732 (2d Cir. 1984). The claiming class members in that case thus received the full amount to which they were entitled from a judgment, and therefore any excess they received in a redistribution would be a true windfall – providing claiming class members *more* than they would otherwise be entitled under the judgment itself. As Plaintiffs explained in their October 20, 2026

letter, the Second Circuit reads the *Van Gemert* line of cases as prohibiting the redistribution of unclaimed funds on a pro rata basis to beneficiaries who "already recovered their losses in full." *In re Agent Orange Product Liability Litigation*, 818 F.2d 179, 185 (2d Cir. 1987) (citing *Van Gemert v. Boeing Co.*, 553 F.2d 812, 815 (2d Cir. 1977)); *see* ECF Dkt No. 600 at 4.[1]

Here, the distribution involves the creation of a fund that is much lower than the Court's $5,092,017.85 partial judgment. There is thus no risk that redistribution would cause claimants to receive more than they would be entitled to if the entire judgment amount had been distributed, as was the danger in *Van Gemert*. Indeed, the Second Circuit has specifically: (1) recognized that when it comes to the "distribution of *settlement* proceeds" (as opposed to total judgment proceeds), "some 'fluidity' is permissible," *Agent Orange*, 818 F.2d at 185 (emphasis added, quotation omitted); and (2) urged district courts to consider redistribution to participating beneficiaries where damages remain available, *see Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 434-36 (2d Cir. 2007) (instructing the district court to consider whether excess funds should be redistributed to class members as a treble damages award under the Clayton Act, even where those class members had been "fully compensated for their actual losses"). And Plaintiffs have already represented that they will ensure that any redistribution is capped at the amount that claimants of the initial distribution would have been entitled to if the entire judgment were distributed. *See* ECF Dkt no. 600 at 4.

Next, VATP's assertion that the trial evidence did not establish that class members received "any pecuniary loss" is simply another, absurd attempt to undermine the validity of this Court's partial judgment. Plaintiffs are not going to waste any further ink or the Court's time relitigating claims the jury resolved Plaintiffs' favor nearly five years ago or the damages the jury awarded. Suffice it to say that VATP's reasoning is preposterous on its face. Even if VATP were right that the trial evidence did not establish any "pecuniary loss" (it is not right), acceptance of its half-baked theory would mean that no class member should ever be entitled to any portion of any judgment that does not involve compensatory damages because, in that case, they would receive more than their "actual losses." Again, the Circuit has already dealt with this issue and urged courts to consider redistribution where any *damages* remain unpaid (even where claimants had already been "fully compensated for their actual losses"). *Masters*, 473 F.3d at 434-36.

Finally, VATP cites a series of inapposite cases in support of its argument that reversion of unclaimed funds to VATP is "equitable." First, in *Ahmed v. City of New York*, there had *already been* a pro rata redistribution to claiming class members and the question was whether the funds remaining after that redistribution should either be returned to the defendant or distributed in *cy pres* to non-profit organizations. *See* 2026 U.S. Dist. LEXIS 205488, at *6-7 (S.D.N.Y. Sept. 11, 2026). Second, *Mba v. World Airways, Inc.*, involves the question of whether the court properly approved of a class settlement agreement in which *the parties* agreed that any unclaimed funds

[1] Indeed, many of VATP's cited cases arise from the same situation as in *Van Gemert* – where the proposed redistribution would net claiming class members more than they would otherwise be entitled under a judgment. *See Augustin v. Jablonsky*, 819 F. Supp. 2d 153, 158, 176-77 (E.D.N.Y. 2011) (awarding "general damages" to a class of "$500 per strip search" following a bench trial and the refusing to adopt a redistribution scheme under which claiming class members would receive more than that amount).

would revert to the defendant. 369 Fed. App'x 194, 197-98 (2d Cir. 2010) (holding that the reversion clause did not "render[] the settlement unreasonable").[2]

Here, the Court is not being asked to approve a settlement in which the parties have agreed to such reversion. The settlement agreement has already been finalized and approved via the Bankruptcy Court and the judgment remains what it always was. The sole question that remains is the most equitable way to distribute the bankruptcy proceeds. For all the reasons set forth in Plaintiffs' October 20 letter, the Court should exercise its discretion to ensure that those who had judgment entered in their favor years ago receive the maximum possible benefit from the settlement through redistribution of any excess funds to claiming judgment creditors.

We thank the Court for its attention to this matter. We are available for a conference at the Court's convenience if the Court would like to discuss any of the above.

Respectfully,

_*/s/Lucas C. Buzzard*_________
Lucas C. Buzzard

---

[2] This is the same situation as was present in *Rosario v. Valentine Ave. Disc. Store, Co.*, 2016 WL 11671338 (E.D.N.Y. Mar. 3, 2016).